# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

TRACY BROWN, NANCY YANNI BRUMFIELD, DAVID ALEXANDER CARLSON, WENDY MARIE MCDONALD, FAITH DE ABREU, KOSSI ADJAVON, FRANCISCO AGUINAGA, ELNINO ALBIOLA, LARRY ANDREW ALBRECHT, REUBEN ALDANA, JASON RICHARD ALEXANDER, AMARILIS ALEXANDER, KYLA ALLEN, DARREN SCOTT ALMAZAN, JAMES BRIAN ALMOND, OLIVERIO ALVARADO, MICHAEL ANTHONY ALVAREZ, HELOYSE AVILA AMARO, STEPHEN F. AMREIN, GAGE ALAN ANDERSON, TYLER ANDERSON, MICHELLE ANDERSON, DANIEL RICHARD ANDREW, BRYAN JAMES ANGELLE, KENNETH ARCHULETTA, JUDITH ASHCRAFT, ROBERT BARRY BACA, CAROL LIN BAILEY, KEVIN BALDWIN, ANTHONY GONSALVES BALELO III, GEORGINE P. BANKS, TRAVIS LEE BARNETT, KATIE BARRINGTON, THOMAS RICHARD BARTEL, CHEREE BARTLETT, CLIFFORD BATTISTA, ANDREW JACOB BAUER, SONIA BAZZI, WILLIAM JOHN BECKER, ROSEMARIE BEDOYA, LORI MARIE BEHAN, LISA CAROL BELKE, JEFFERY BENNETT, CHARLES ADAM BENSON, KATHLEEN DUFFY BERNSTEIN, KENNETH ORLEANS BINEY, MELVIN BINSTOCK, CHERI TIFFANY BLAIR, AMY BRIDIER-DELETTRE, LISA BOARD, MIRELLA URSZULA BOGDAN, DORIAN BOLIAUX, HOLLY DIANE BOLLING, TIANA-RAE BORDENAVE, STEVEN BRANKIN, GARY BRANSKY, ERIN DAVID BREEN, VALERIE A. BRIDGES, DARLENE LEE BRIGANDI, CYNTHIA BROADBELT, LOIS BROCK, MICHAEL BRONOWSKI, MARJORIE ALESE BROSAM, DAVID ANDREW

Case No. _____

**JURY TRIAL DEMANDED**

BROWN, JOANNA JOY BROWN, MICHAEL PATRICK BROWN, TIMOTHY M. BRUCE, SANDRA BRYNER, GEORGE W. BURGER, MICHAEL BURNY, JAMES THOMAS BUTLER, TAHMANEEYAH BUTLER, RAYMOND LEROY BYERS, ROSLYN BYRNE, JOHN GARRY CADET, PHILL CADY, MERRI CAMERON CALDWELL, ALLISON CALE, DEMETRIO CAMACHO JR, CESSELY A. CAMEL, THOMAS PATRICK CAMPBELL, NICOLO CANDELA, EDWARD CANTU, ISBOSET CARAFFA JR., THOMAS PATRICK CARLOW, JESUS CARREON, STEVEN JAY CARTY, KELLI JEAN CARVER, AUGUSTO J. CAVACAS, GUY CAVALLARO, JOSEPH ALAN CHAIET, HELENA HURSAK CHATEAU, BRANDON MICHAEL CHEBNY, CARMELA CHRESTA, JOHN A CICERO, JOHN M. CICERO, KANISHA CLARK, NATHAN CLARK, LINDA CLARKE, RONDA CLEMONDS, JOSE COBOS, TINA R. COHENOUR, MATTHEW JOHN COMLISH, JOHN LEE CONN, FRANCES ORTIZ CONTRERAS, DAVID CONTRERAS, SETH HENRY COPPERSMITH, TATYANA VLADIMIROVNA CORBEL, TIMOTHY JOE CORBIN, STACEY-ANN COROB, MARTIN JAMES COTE, APRILLE COURSIN, MARY ANN COUSINS, LARRY JOSEPH COX, MADELEINE CRANEY, JOHN JOSEPH CROIX, DENNIS LEON CROWL, ELZBIETA CZARNECKI, EUGENIA D'AMBRA, JASON ROBERT DAVENPORT, DAPHNE A DAVIS, JANE L DEBUS, STEVEN VINCENT DEFILY, JOANNE HIPOLITO DEJANO, JAMES CHRISTOPHER DEMPSEY, LOUIS JOHN DEROSA, SUSAN DEVOY, JOHN DEXTER, TIMOTHY ERIC DIETZ, JENIFER DIGIOVANNI, JOHN VINCENT DIPRIMA, DOREEN DIZ, BRYANT F. DOCKRAY III, JENNY LEE DOLIN, MARGARET ALANA DORMAN,

2

MAKARIOS MITRI DORO, MICHAEL SCHAUN DRAB, TIMOTHY BRYAN DRAIN, GARY JAMES DUDEK, MARK ANTHONY DUGGINS, BRIAN DULONG, WILLIAM DAVID DUNCAN, LINDA A. DUTKO, STEPHEN J. DUTKO, KATHY DYGA, RYAN DOUGLAS EADES, DOWALD L. ECO, MELIZA A. EDEJER, ALICIA MAE EDMONDSON, DAVID BRIAN EIRICK, ABDELOUAHAB ELOUIRKHANI, MARC EMBRY, SHANNON JEAN ENGASSER, GARIT ENGHOLM, LISA ROBIN ERICKSON, DORIT ANNEMARIE JOHANNA ERNST, PABLO E. ESPADA, SUZANNE EAGLE ESPER, KEVIN W. ESTES, MARIA LOURDES ESTRADA, RONALD JOE EVANS, ROB MATTHEW FABICK, DEAN MICHAEL FAELLACI, BROOKE FAIR, ROBERT FALCON, BRANDON FALLIS, MICHAEL JOSEPH FANT, TANIA FARIA, JOEL FELTENBERGER, HECTOR FERNANDEZ, ANITA FERRAO, ASSUNTA FERRARA, GARY FETTER, ROBERT FIELDS, CYNTHIA ANN FLASPOHLER, BETTY FLEMING, LUIS ARMANDO FLORES, JOSEPH FOLEY, ELLEN M. FORREST, SYLVIE FORREST, DAVID ALAN FRANCE, ANA MARIA FRANCO, PRECIOUS JOY FRASIER, ESTATE OF GREG JAMES FREEMAN, CURT J. FREUND, YVES TOMMY FUHRMANN, RORY JAY GABRIEL, GERALD J. GAIMO, TRACY GAITAN, NANCY GANNON, CHARLOTTE LOUISE GARCIA, CHRISTOPHER PAUL GATES, JAMES GATESMAN, STACIE GATZ, WENDY GENTRY, MARTIN GERHARD, CHRISTIE GERHARD, JOHN CHRISTOPHER GIANOS, JENNIE GILBERT, KRISTINE GIORDANO, CHRISTIAN GIRONA, TAMARA A GLADYSHEVA, APRIL JOY GLANDT, DIANE C. GLIM, ROY CHU GOCUAN, KELLYN MARIE GOEKEN, RICHARD GOELLER, VENIAMIN ANANYEVICH

3

GONCHAROV, STUART GORDON, MARIE ELIZABETH GORHAM, ANDREA KAYE GORTER, MARIANNE GOTSOULIA, AMBER GRAHAM, LISA JOY GREELEY, KAREN LYNN GREEN, CATHERINE GREENLEE, BRIAN GREER, JOHN F. GREGUS, PAULA GRESHAM, BONNIE GRIFFIN, SHELLY DENICE GRISSOM, MICHAEL RYAN GROSS, KARYN A. GRUBER, DENNIS B. GRZESIAK, JOHNNY PIERRE GUECAMBURU, ARNOLDO G. GUERRA, ROBERT EUGENE GUETZOW, MATTHEW GUTIERREZ, FRANKLIN GUZMAN, DAVID LAWRENCE GWYNN, JOSEPH C. HADDAD, ZACH HADLEY, DANIEL PATRICK HAGAN, MARYELLEN HAHN-BONGIOVANNI, MICHAEL EDWARD HAJNOS, EDIE FRANCES HALL, DEAN ALLAN HALVERSON, KEITH RANDALL HAMAKER, JINTANA HAMPTON, ALI FAVERO HANDY, PETER CARL HANEGAN, LISA HANEY, MR. GREGORY JOHN HANOUW, MELISSA HARDING, ROSILYN HARLAN, ANGELA HARPER, CHARICE DAWN HARRELL, CHARLES MILLER HARRELL, KEVIN HARRINGTON, NILS HART, STARLENE HART, GISSELLE HARTSFIELD, BEVERLY LYNN HAVENS, GREGORY JOSEF HELI, RONALD E. HENCEY, MARIAH MARTANAE CHARON HENDERSON, LAKIA HENDRICKS, ELSA HENRIQUEZ, ANGEL M. HERNANDEZ, PAUL MATTHEW HERNANDEZ, SERGIO HERNANDEZ, KIMBERLY ANJANETTE HERRING, MARK HEVERLY, MAILE LOK HEWETT, MR. TERRY BARNES HIGHT, TARYN HILDRETH, JON HILL, DARREL HILL, KRISTIE THI HOANG, LESLI MARLO HOBEK, LEMUEL DAVID HOGAN, LARA BRISTINE HOGANS, GLENNA MARIE HOLCOMB-ROBERTS, BRIAN KEITH HOLTANE, TAMMY JO HOOK,

4

MARGRET HOPPE, NICHOLAS HOWE, LONNIE HOWELL, ROXANNE MAE HOYE, MICHAEL GERARD HUDGINS, MARCY HUGGINS, RICHARD ALTON HUME, FRANCIA P. HURTADO, LISA HUTCHINS, JENNIFER LYNN IIAMS, ERIC M. IMHOFF, MATTHEW T. IMHOFF, TARIQ KNRUKMA JABRI, JOSHUA L. JACKSON, ROBERT JOHN JACKSON, TESSA JACQUES, MARYANN JAMIESON, LORRAINE JARRETT, MARY THERESE JEAN, ADAM JELONEK, BETSY MARIE JENKINS, JAMES JAY JENNELLE, JEFFREY SCOTT JESKIE, EDWIN DE JESUS, CAROLINA JOHARTCHI, CHRISTOPHER JOHNSON, DARCI DEE JOHNSON, JEANNE JOHNSON, KEITH ERIC JOHNSON, MARKEYTA JOHNSON, MECHELLE JOHNSON, THERON EUGENE JOHNSON, ANTHONY EDWARD JONES, DAVID E. JONES, MICHAEL JONES, PENNY KAIGHEN, WILLIAM GEORGE KAMMERER, ROBERT VICTOR KAMPA, DAVID R. KARNS, THOMAS J. KATCHISIN JR, DANIEL RICHARD KAUTEN, EDWARD KELLEY, DAVID ARTHUR KELLY, CHAD KEMP, TIMOTHY PATRICK KENNEDY, GLEN KENNETH KIEFT, JENNIFER M. KIERNAN, JUSTIN PHILIP KING, SUSAN KLASSEN, LINDA KAY KLINGBERG, TIMOTHY LEE KNIGHT, GEORGE ANTON KOHLMANN, BRIAN JOSEPH KOLBERG, RONALD STEVEN KOMIN, WIKTOR KOPACZ, RONA KORY, STEVEN J. KOSIK, ANASTASIA KOURKOULOS, RICHARD EMMET KRANZ, DANIEL KULCHYTSKY, LOUIS KULCHYTSKY, FRANK CHRISTOPHER KUZEL, MICHELE LADD, CESAR LAGARES, LINDA LAHENS, MARK ALLEN LAIR, LISA LALKOWSKI, DONNA SUE LANTZ, ANDREW J. LARSON, JULIE W LATHAM, STEPHANIE A. LAX, ROMEO LEAL,

5

SUSAN LYNN LEE, BRADY H. LEFLER, ANDREW WILLIAM LEMKE, JOHN STEVEN LENDE, TERRY LEE LEPARD II, SHAWN KENNETH LEWIN, NEAL LINCH, RYAN RUGEL LONG, GLEN LOSURDO, MARTIN DAVID LOUTHAN, MARISSA LOVINGFOSS, EVA LOWE, PATRICK LUCCO, GEOFFREY SCOTT LUNA, ERIK LUPO, ALANA WILLIAMS LYNCH, LOREN MACK, FRANK MACUMBER, SHAWN MAHONEY, JOSE MAISONET, BRIAN MALEK, JOHN CHRISTOPHER MALLORY, MIO MANITA, ANDREW MARMORATO, MARC MARONEY, JORGE MARQUES, PEDRO LUCAS MARTINEZ, MATTHEW XAVIER MARTINEZ, MICHELE MARTINEZ, ANA ESTHER MARTINEZ, MARIA LUISA MARTIRE-PITTMAN, MARILYN MARTYRES, NATHAN PAUL MATTOS, TIMOTHY MICHAEL MATUSZEWSKI, LAUREN MCCAULEY, TYLER MCCAULEY, NANCY IRENE MCCLOY, DENISE WIEDERKEHR MCDONALD, ELAINE MCDONNELL, KURT RICHARD MCGARY, MARK GERARD MCKENZIE, MICHAEL JOHN MCNAMARA, NELSON MEDINA, AMY MICHELLE MEES, MARGIE LU MEIER, LENNY MEJIA-BRADFORD, BLANCA LISSETT MELENDEZ, BILLIE ARLENE MELHORN, MS. GALE MARIE MELLACI, TODD R. MERRILL, LOUIS MEYER, JEANNA MICHAELS, GEORGE MICHALOS, GABRIELLA SAN MIGUEL, JOSEPH CHARLES MILLER, LILLIAN YUK YIN MILLER, PAUL ROBERT MILLER, ROBERT DANIEL MILLER, RONALD MICHAEL MILLER, MATTHEW CHARLES MILLWARD, KYLE ANDREW MINARIK, SHAHANNAH GEMORA MIRANDA, PIOTR TOMASZ MOJAK, BRENDA MONTES, DANA MOONEY, BRENT ELERY MOORE, SCOTT ERIC MOORE, JEFFREY STEPHEN MOREDICH, JULIO MOREL, ANGEL INFANTE MOREL,

6

BETHZAMAVETH MORENO, JOSE J. MORENO, BRADLEY MORRIS, KRISTIN MORRIS, TOMMY RAY MORRIS, COLDRIDGE MARCUS MORRIS, LINDSAY MOSER, KURT WILLIAM MUELLER, ANGELA V. MUHAMMAD, ELLERY MULLINS, SHARI MARIE MUND, DAVID MYERS, ALVA NARDINE, DANIEL NASTYN, PATRICIA NEEDHAM, REBECCA JUNE NEHLSEN, KURT NELSON, JONATHAN FORCE NEWCOMB, SHARON NIELSEN, KIM NO-KE, SOFIA CORTEZ NOLTE, DALE R. NORDHAUSEN, ERIC ROBERT NORDHEIM, DEAN NORDSTROM, NELSON JOSE NOVO, ANGELIQUE MONTEIRO NUNEZ, ERIN MARY O'BRIEN, ISRAEL MICHAEL OCHOA, MOLLI DUSKIN OLIVER, DONNA KAYE OLSON, CARLOS ESTEBAN ORDONEZ, AGUSTIN OROPEZA, JORGE A. ORTIZ, JAMES RONALD ORWIG, CARLA OSORTO, JOSEPH A. OTOYA, CHRISSY MARY PAGUANDAS, SERGEY PALAMARCHUK, DANA MARIE PALSGRAF, JACQUELINE PANICK, SARA PANTON, JOSEPH MARIO PARKER, MICHAEL D. PARRISH, YENNY PASCACIO, L. KARLENE PATTENAUDE, CHRISTIAN BALTAZAR ESTRADA PAZ, DARCI RENE PENNINGTON, VICTORIA RAE PENNINGTON-SORENSEN, CECILIA YVONNE PEREZ, TERESA DEJESUS PEREZ, SARAH LA PERLE, ELBIA PESANTES, OLWYN PETERS, AMY THERESA PETROV, DAVID LANCE PETTYJOHN, ALEXANDRA PLASCENCIA, LEAF BERNARD PLESTED, OAK WARREN PLESTED, TIMOTHY M. PLEVNIAK, LUIS DE JESUS MEJIA POLANCO, BRENDA POWER, MELANIE POWERS, KAREN LYNN PROCTOR, YVONNE EVLYN QUANDT, ANNA QUARTUCCIO, SELENA QUICK, MICHELE ELVIRE RACHAL, THOMAS RADZIEWICZ,

CLYDE JOSEPH AMOS RAEL, JUANITA LUCILLE RAEL, MICHAEL RAGUCCI, JORDAN RAKESTRAW, LISA RAUCCI, WILLIAM LEE RAUN, GREGORY A RAYMER, CASSANDRA REGALADO, ADAM JAMES RESENDEZ, SIAOSI VI AFOA, LISA K. REYNOLDS, STACY JO ANNA REYNOLDS, ROGER JOSEPH REZAC, SHANTA RHEAMS, JOHN SCOTT RICHEY, JENNIFER LABRITT RIEVERT, JORGE RINCON, ELIZABETH DYER RING, LUIS ENRIQUE RIVERA, MICHELLE ROBINSON, NORBERT ROCK, GILBERT RODRIGUEZ, JENIFFER RODRIGUEZ, TALIBAH E'JAAZ RODRIGUEZ, LONNA KAYE RODRIQUEZ, TRIVIE RODRIGUEZ, ANDREA JANE ROHLF, STEVEN MITCHELL ROPA, TOD BARCLAY ROSENTHAL, RICK STEVEN RUBIN, JESUS JOSE RUIZ, LORENA ALVAREZ RUIZ, DEAN RICHARD RUMFOLA, PETER SABATINI, CARLTON SALLIS, LOUIS GEORGE SAMARAS, DONALD D. SANDERS, ERIN MARIE SANDERS, HEGE SANFORD, NIDIA SANTANA, LEONELA SANTIAGO, EDUARDO MANUEL SARRICO, MARGARET SCALISE, KIRBY SCHAUB, WALTER DAVID SCHAUB, KARL SCHEELE, BRIAN KEITH SCHERTZ, FREDERICK SCHRAM, JASON MCLAIN SCHROEDER, JOHN L. SCHUETT, DANIEL A. SCHULTZ, DAVID EVAN SCOTT, JENNIFER JAYNE SCOTT, GLENDA SUE SCOTT, JAMES EDWARD SEITZ, TERESA LYNN SELF, TERRI DAWN SERENE, TERI ANN SERPICO, JACQUES VAN SETERS, GRACE KAM SHAM, SALY MAHER SHAWKY, PETER SHEARER, KATHERINE ANN SHEPPARD, AKYTA KARI LYNGHOLM SHERWOOD, HELENA NELLIE SHOUP-RUBY, MARK SHULMAN, ANDRZEJ SICZEK, DEBBIE SIEBENTHAL, CHRISTOPHER DANIEL SIEMER, CATIA RAQUEL SILVA, KENT JEFFREY

8

SIMNITT, TORY SIMS, SKOBEL A. SKOBELEV, TIMOTHY JOHN SKOLAR, AGNIESZKA SKORUT, JEFFREY JOHN SLADKO, MITCHELL PATRICK SCOTT SLATER, TRACY SLUSHER, BRANDON EDWARD SMITH, DEWAUN SMITH, JAMES DAVID SMITH, JULIA SMITH, KURT EDWARD SMITH, MARY THEREASE SMITH, MELISSA ANN SMITH, THEODORE JOHN SNYDER, JODY KAY SOARES, MATTHEW J. SORTWELL, ROOSEVELT SERGIO CHONG SOSA, TELMA SOUSA, CLIFTON SPENCE, VERNON FRANK STAMM JR., RHONDA MICHELLE STANELLE, KAREN LAURAE STANLEY, CORY STEELE, CRAIG STEELE, GIUSEPPE STEFANESE, JOHN STEFANOU, LAUREN STEIGERWALT, COLLEEN MARIE STEVENS, BRYON RAY STEWART, DANIEL TRAVIS STONE, LORI LYNN STOUT, SHAUNA MARIE STOVALL, CHRISTA MARIE STRANG, VICTOR STEVE SUAREZ, NANCY LEE SWINGLE, TOSHIHIDE TAKEKOSHI, BRANDI WILSON TALBOT, GRACE TALKINGTON, BRUNO TARDIF, PAMELA RENE TASSONE, STEPHANIE TATMAN, SYLVIA TATMAN, COURTNEY LUMMUS TATUM, LEMUEL THOMAS, LISA ANN THOMPSON, TAMMY DENISE THOMPSON, EVELYN TIMMONS, KELLI KUULEILANI TIMOTEO, TIMOTHY TOBIAS, WILLIAM L. TOLBERT, RACHEL TORRES, RICHARD TORRES, RAMONA ANTONIA TOUCHTON, ROBERT CHARLES TREIBER, VLADIMIR TRIPOLSKI, STEVEN BLAIR TRIPP, KATE TROCHIMIUK, TOM THANH TRUONG, SETH ADAM TURNBOUGH, JAMES TUTEN, ADRIANNA UBALLE, AMI UEHARA, KATHLEEN LEHANE URBANEK, SERGIO VALADEZ, MARIA VALENCIA, JUAN VALOIS, BRENDA VARELA, DANIEL VASQUEZ, VIVIANA

9

DELLA VECCHIA, WENDEE RENAE
VELDKAMP, MANUEL FELIPE VELEZ,
MARIKO IMAI VENEMA, PATRICK A.
DEL VICARIO, DEBORA VIEGO,
CHERISE MARIE VILLAR, KAILEIGH
BREANNE VINCENT, JORETH
WAGNER, MELISSA WAGONER-
VANDALL, BRADLEY DOUGLAS
WALLACE, ROBIN WALLNER, KELLY
WALLS, JAMES WALTON, CALEY
WARD, BEVERLY WATSON, AMANDA
MAE WATTERS, BRIAN CARL WATTS,
MICHAEL JEROME WEBER, BOBBI
MCCULLOCH WELLS, SHIRLEY K.
WELLS, DEIRDRE DENISE WESTON,
JENNIFER LYNN WHITAKER,
BERNADETTE WHITNEY, ERIK
WERNER WICHMANN, MARGO RAE
WICK, KEVIN DALE WICKSTROM,
MICHELLE WILLIAMS, ROBERT PAUL
WILLIAMSON, DANIEL M. WILLIS,
JERRY DEAN WILLS, BARBARA WILLS,
KAWEHILANI WILLS, NAOMI
WILSHIRE, NATASHA WINTERS,
DIONNE NADINE WITT, VOLA
WOMACK, POOI KEUN WONG,
JENNIFER KAY WOODBURN, DANA L.
WOODWARD, JAMIE WRIGHT,
JOSEPH WRIGHT, WILLIAM WRIGHT,
MARIA WYNN, DAVID YODER, STEVEN
DUANE YOUNG, THOMAS AARON
YOUNG, KWOK FAI YUEN, JASON
ANTHONY ZAREMBA, ROBERT JOHN
ZERR, MARY ELIZABETH
ZIMMERMAN, MICHAEL ZSILAVETZ,

*Plaintiffs,*

v.

UNITED AIRLINES, INC.,

*Defendant.*

10

**COMPLAINT**

1. Plaintiffs complain as follows against Defendant United Airlines, Inc. ("United").

2. Beginning in the summer of 2021, United Airlines' began a strategic, company-wide campaign to coerce its employees to violate their religious beliefs and ignore their health. To accomplish this goal, United refused to provide any reasonable accommodations to its mandate that its employees receive one of the COVID-19 vaccines (the "Mandate"). United's CEO stated publicly that all unvaccinated employees would be terminated by the end of September. When United finally realized that it would be forced to follow Title VII and the ADA, it instead, told *every* employee who requested an accommodation—whether the employee requested a religious or medical accommodation and whether or not the employee was "customer facing"—that they would be placed on indefinite, unpaid leave: effectively terminated. As the Fifth Circuit confirmed in subsequent litigation, that decision caused immediate and significant harm by creating a "crisis of conscience." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *9 (5th Cir. Feb. 17, 2022). Worse, United imposed this pressure campaign merely so that it could advertise a 100% vaccination rate after deciding that marketing was more important than its employees' civil rights.

3. From the outset, United's CEO Scott Kirby made clear that he would not allow United to provide any reasonable accommodations to its vaccine mandate, despite United's legal obligations to do so. Mr. Kirby did not believe any such accommodations were necessary because, in his mind, United employees were making up their beliefs and "all [of a] sudden decid[ing] I'm really religious." That disdain for United employees of faith flowed directly from Kirby to those in Human Resources charged with reviewing

11

accommodation requests who followed their CEO's lead and openly criticized the faith and medical conditions of employees seeking accommodations.

4.      This was all part of United's campaign to coerce compliance and ignore United's legal obligations to provide reasonable accommodations.  That is no doubt why United designed a purposefully vague and coercive accommodation process, imposed unreasonable and arbitrary deadlines, subjected employees to hostile and invasive questions criticizing their beliefs and health, and failed to engage in any discussion with employees about their job duties or the types of accommodations that would allow the employees to continue working.  The specifics did not matter, since United had already decided to offer only the accommodation of indefinite, unpaid leave.  This universal accommodation plan sent a clear punitive message to coerce employees: acquiesce or be functionally terminated.

5.      Only after Plaintiffs filed a lawsuit did United start making changes for some employees.  But even then, employees could not escape United's coercion.  Rather, United adopted a uniform discriminatory approach, dividing everyone who requested accommodations into just two groups: (1) those placed on indefinite, unpaid leave, consisting mostly of employees United deemed customer facing; and (2) all other "accommodated" employees, whom United subjected to a draconian masking-and-testing accommodation, which required wearing a respirator at all times, even while sitting alone, and taking frequent tests for COVID-19, even while on vacation or extended leaves of absence (including FMLA and sick or occupational leave).  Because "accommodated" employees were required to wear respirators, it was easy for other employees to identify and harass them.  Making clear that the masking-and-testing accommodation was

12

intended to still be coercive, Kirby demanded that this policy sound "very serious" and impose harsh consequences, including immediate termination for any infraction.

6.     Plaintiffs are a group of 677 employees and former employees of United who requested or tried to request a religious and/or disability accommodation from United's Mandate and against whom United discriminated or retaliated because of Plaintiffs' religious beliefs or disabilities.

7.     This group comprises workers from all areas of the company, various locations, and various work groups—all who were either terminated, forced to resign/retired under duress, coerced into taking the vaccine, put on unpaid leave, or treated worse in their employment by punitive accommodations and other changes in their terms of employment once the airline determined that it could change course and allow some unvaccinated employees to continue working (but only after Plaintiffs in the *Sambrano v. United Airlines* case obtained a temporary restraining order halting United's coercion plan).

8.     What they all have in common is that United could have accommodated their religious beliefs or disability but purposefully chose to discriminate against them.

9.     In fact, rather than complying with its obligations under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), United initially responded uniformly to all employees who requested an accommodation from the Mandate by informing the employees (including Plaintiffs) that they would be effectively terminated—placed on indefinite unpaid leave—unless they violated their faith or risked their health by receiving the COVID-19 vaccine.

10.     For those able to navigate United's onerous and flawed online accommodation request system (ironically named "Help Hub"), the ultimate reward—

unless one acquiesced to the Mandate—was either functional termination, *i.e.*, indefinite unpaid leave; forced early retirement (under the threat of losing certain retirement benefits); punitive masking and testing; or demotion or other employment limitations.

11.     For those who failed to run United's procedural gauntlet—for any reason, including system failures on United's end—the penalty was actual termination or forced retirement, unless one acquiesced to the Mandate.

12.     There was no legitimate business justification for these actions. Contrary to United's pretextual goal of "safety," the "real reason for the vaccine mandate and indefinite unpaid leave policy [wa]s 'virtue signaling' and 'currying political favor.'" *Sambrano v. United Airlines*, 45 F.4th 877, 879 (5th Cir. 2022) (Ho, J., concurring in denial of rehearing en banc).  Indeed, it subsequently became clear that United implemented the Mandate as part of a marketing campaign, rather than in pursuit of safety.  Of course, United's other goal was to use the threat of termination (functional or actual) to coerce and intimidate its employees to abandon their sincerely held religious beliefs and health concerns by receiving the COVID-19 vaccine.

13.     United's actions left Plaintiffs, like many other United employees, with the same crisis of conscience creating the impossible choice of either receiving the COVID-19 vaccine—at the expense of their religious beliefs and health—or losing their livelihoods. In doing so, United violated Title VII and the ADA by failing to engage in an individualized interactive process to provide reasonable accommodations, and also by retaliating against employees who engaged in protected activity.

14.     As a result of United's actions, some former and current United employees were forced to seek relief from the courts on September 21, 2021, when they filed their initial complaint in the federal district court for the Northern District of Texas on behalf

14

of a putative class (the "*Sambrano* Case" or "*Sambrano*") and subsequently sought a preliminary injunction against United. *See* USDC No. 4:21-CV-1074, ECF No. 1. The *Sambrano* court subsequently certified a class consisting of "all employees United deemed customer-facing who received an accommodation due to a sincerely held religious beliefs and who were put on unpaid leave." *Id.*, ECF No. 263 at 41. Plaintiffs here are not members of that certified class.

15. Shortly after the *Sambrano* action was initiated, United and the *Sambrano* plaintiffs entered an agreement whereby United agreed to delay implementation of the Mandate in order to allow the parties to participate in a preliminary injunction hearing. United violated that agreement by immediately terminating many of the Plaintiffs here. In the interim, United determined that most employees—except pilots—could be allowed to work if they complied with a draconian masking-and-testing regimen (although many were still severely restricted in what they could do or how much they were allowed to work). The discriminatory masking-and-testing option was not given, however, to anyone unable to complete the Help Hub process before the company's self-imposed deadline back at the end of August 2021. United continued to press forward with the vaccinate or terminate approach for those employees.

16. After the preliminary injunction hearing, the district court denied the *Sambrano* plaintiffs' request for preliminary injunctive relief, and all pilots and flight attendants who were granted an accommodation were effectively terminated in November 2021 when United placed them on indefinite unpaid leave with no benefits or access to retirement funds. Those employees remained on unpaid leave until March 28, 2022, after the Fifth Circuit reversed the district court in *Sambrano*, holding that the *Sambrano* plaintiffs were being irreparably harmed through United's "coerc[ion] to

violate their religious convictions." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *6 (5th Cir. Feb. 17, 2022).[1] Yet other employees continued to labor under undue and unnecessary restrictions if they chose to remain unvaccinated.

17. United's uniform refusal to provide reasonable accommodations caused severe harm. Hundreds of United employees, including some Plaintiffs, were terminated beginning just prior to the Thanksgiving and Christmas holidays in 2021. These employees lost not only their income and access to health insurance, but they also lost training cycles, currency, skills, seniority, vacation accrual, sick leave accrual, use of accrued travel privileges, retirement benefits, credit for future profit sharing and bonuses, as well as many other important career and professional benefits to include even their federal law enforcement credentials. And they endured the emotional stress of not knowing if or when they would ever be permitted to return to work.

18. Further, hundreds of other United employees, including some Plaintiffs, after being threatened repeatedly with indefinite unpaid leave, were forced to give up their positions and accept significantly less lucrative or less senior positions, including positions with no union protections. Like their co-workers who were forced out of work, these employees lost income, schedules, overtime opportunities, and benefits that they had accrued through countless years of working at United.

19. Some employees, including some Plaintiffs, facing indefinite unpaid leave took the drastic step of retiring early to avoid being placed on indefinite unpaid leave or to preserve retirement benefits, while others resigned and gave up years of seniority in order to start over at a different airline.

---

[1] Accordingly, even United's decision to bring employees back to work, after forcing them on indefinite unpaid leave for months, was driven by litigation—not safety.

20. Some employees, including some Plaintiffs, were singled out by United and subjected to the Company's punitive masking-and-testing "accommodation."

21. Others still were forced to violate their faith or risk their health by acquiescing to the Mandate to provide for themselves and their families.

22. Through all of these actions, United discriminated and retaliated against those employees whose faith or health precluded them from receiving a COVID-19 vaccine. And, in doing so, United created a work environment where these employees have been subject to continued harassment from colleagues and management because of their faith and health.

**PARTIES**

**A.    Plaintiffs**

23. Each of the Plaintiffs named below were given the false choice of either violating their faith or suffering an adverse employment action. These Plaintiffs fall into at least one of the following groups: (1) those who were terminated for refusal to take the COVID-19 vaccine; (2) those who were demoted for refusal to take the COVID-19 vaccine; (3) those who were forced to retire early for refusal to take the COVID-19 vaccine; (4) those who were subjected to United's punitive masking-and-testing protocol for refusal to take the COVID-19 vaccine; (5) those who took the COVID-19 vaccine under duress; and (6) those who were forced to take unpaid leave and forced to use their accrued sick time to effectively maintain a paycheck, albeit one much smaller than their rightful salary.

24. Ater making a charge against United with the EEOC, Plaintiffs have been issued Right to Sue letters. These Plaintiffs were previously included in one of the putative classes in *Sambrano*—now on appeal to the Fifth Circuit—but were not certified as a class. Their recourse now is to file suit, pending potential reversal of the district

court's determination of their class status in *Sambrano*, and then either join any class ultimately certified there or proceed in this case.

25. Plaintiff Tracy Brown, resident of Tarrant County, TX, serves as a Customer Service Representative for United Airlines, based in Dallas/Ft. Worth.

26. Plaintiff Nancy Yanni Brumfield, resident of Tarrant County, TX, serves as a Customer Service Representative for United Airlines, based in Dallas/Ft. Worth.

27. Plaintiff David Alexander Carlson, resident of Tarrant County, TX, serves as a Customer Service Representative for United Airlines, based in Dallas/Ft. Worth.

28. Plaintiff Wendy Marie McDonald, resident of Tarrant County, TX, serves as a Customer Service Representative for United Airlines, based in Dallas/Ft. Worth.

29. Plaintiff Faith De Abreu, resident of Los Angeles County, Los Angeles, CA, serves as a Flight Attendant for United Airlines, based in Los Angeles.

30. Plaintiff Kossi Adjavon, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

31. Plaintiff Francisco Aguinaga, resident of Cook County, IL, serves as a Building Maintenance Mechanic for United Airlines, based in Chicago.

32. Plaintiff Elnino Albiola, resident of Cook County, IL served as a Lead Ramp Serviceman for United Airlines, based in Chicago.

33. Plaintiff Larry Andrew Albrecht, resident of McHenry County, IL, serves as a Ramp Serviceman for United Airlines, based in Chicago.

34. Plaintiff Reuben Aldana, resident of Fairfax County, VA, serves as a Customer Service Representative for United Airlines, based in Dulles, VA.

35. Plaintiff Amarilis Alexander, resident of Cook County, IL serves as a Customer Service Representative for United Airlines, based in Chicago.

36. Plaintiff Jason Richard Alexander, resident of Guadalupe County, TX, serves as a Pilot for United Airlines, based in San Francisco, CA.

37. Plaintiff Kyla Allen, resident of Barnstable County, MA, serves as a Flight Attendant for United Airlines, based in Newark.

38. Plaintiff Darren Scott Almazan, resident of Williamson County, TX, serves as a Ramp Service Agent for United Airlines, based in Austin.

39. Plaintiff James Brian Almond, resident of Montgomery County, TX, serves as a Captain for United Airlines, based in Houston.

40. Plaintiff Oliverio Alvarado, resident of Harris County, TX serves as an Avionics Technician for United Airlines, based in Houston.

41. Plaintiff Michael Anthony Alvarez, resident of Contra Costa County, CA, serves as an Avionics Shop Technician for United Airlines, based in San Francisco.

42. Plaintiff Heloyse Avila Amaro, resident of Williamson County, TX, serves as a Customer Service Representative for United Airlines, based in Austin.

43. Plaintiff Stephen Amrein, resident of Montgomery County, TX, serves as a Pilot for United Airlines, based in Houston.

44. Plaintiff Gage Alan Anderson, resident of Logan County, OK, serves as a Pilot for United Airlines, based in Houston.

45. Plaintiff Tyler Anderson, resident of New York County, NY, served as a National Sales Manager for United Airlines, based in Chicago.

46. Plaintiff Michelle Margaret Anderson, resident of Ocean County, NJ, served as a Customer Service Representative for United Airlines, based in Newark.

47. Plaintiff Daniel Richard Andrew, resident of Cook County, IL, serves as a Ground Service Technician for United Airlines, based in Chicago.

48. Plaintiff Bryan James Angelle, resident of Harris County, TX serves as a Ramp Service Agent for United Airlines, based in Houston.

49. Plaintiff Kenneth Archuletta, resident of Weld County, CO, serves as an Aircraft Mechanic for United Airlines, based in Denver.

50. Plaintiff Judith Ashcraft, resident of San Diego County, CA, served as a Flight Attendant for United Airlines, based in Los Angeles.

51. Plaintiff Robert Barry Baca, resident of Adams County, CO, served as a Ramp Service Agent for United Airlines, based in Denver.

52. Plaintiff Carol Lin Bailey, resident of Montgomery County, TX, serves as a Field Operations Support Supervisor for United Airlines, based in Houston, and works remotely from home.

53. Plaintiff Kevin Baldwin, resident of Hamilton County, IN, serves as a Lead Technician for United Airlines, based in Chicago.

54. Plaintiff Anthony Gonsalves Balelo III, resident of Alameda County, CA, serves as a Powerplant Technician for United Airlines, based in San Francisco.

55. Plaintiff Georgine Banks, resident of Maricopa County, AZ, serves as a Flight Attendant for United Airlines, based in Phoenix.

56. Plaintiff Travis Lee Barnett, resident of Jefferson County, CO, serves as a Pilot Instructor for United Airlines, based in Denver.

57. Plaintiff Katie Barrington, resident of Cook County, IL, serves as a Flight Attendant for United Airlines, based in Chicago.

58. Plaintiff Thomas Richard Bartel, resident of Cook County, IL, serves as a Pilot for United Airlines, based in Chicago.

59.     Plaintiff Cheree Bartlett, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

60.     Plaintiff Clifford Nicholas Battista, resident of Denver County, CO, served as a Ramp Service Employee for United Airlines, based in Denver.

61.     Plaintiff Andrew Jacob Bauer, resident of Putnam County, FL served as a Pilot for United Airlines.

62.     Plaintiff Sonia Bazzi, resident of Wayne County, MI, served as a Customer Service Supervisor for United Airlines, based in Houston.

63.     Plaintiff William John Becker, resident of Williamson County, TX, serves as a Pilot for United Airlines, based in San Francisco.

64.     Plaintiff Rosemarie Bedoya, resident of Montgomery County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

65.     Plaintiff Lori Marie Behan, resident of Lake County, IL, serves as a Flight Attendant for United Airlines, based in Chicago.

66.     Plaintiff Lisa Carol Belke, resident of Lake County, IL serves as a Flight Dispatcher for United Airlines, based in Arlington Heights.

67.     Plaintiff Jeffery Bennett, resident of Tulsa County, OK, served as a Customer Service Representative for United Airlines, based in Tulsa.

68.     Plaintiff Charles Adam Benson, resident of Brevard County, FL, served as a Ramp Service Agent for United Airlines.

69.     Plaintiff Kathleen Duffy Bernstein, resident of Cook County, IL, served as the O'Hare Base Business Manager for Flight Operations at United Airlines, based in Chicago.

70.     Plaintiff Kenneth Orleans Biney, resident of Harris County, TX, served as a Ramp Service Agent for United Airlines.

71.     Plaintiff Melvin Binstock, resident of Morgan County, Co, served as aN Aviation Maintenance Technician for United Airlines, based in Denver.

72.     Plaintiff Cheri Tiffany Blair, resident of Los Angeles County, CA, serves as a Customer Service Representative for United Airlines, based in Los Angeles.

73.     Plaintiff Lisa Devetta Board, resident of Tulsa County, OK, served as a Customer Service Representative for United Airlines, based in Tulsa.

74.     Plaintiff Mirella Urszula Bogdan, resident of Kane County, IL, serves as a Customer Service Representative for United Airlines, based in Chicago.

75.     Plaintiff Dorian Boliaux, resident of Volusia County, FL, serves as a Flight Attendant for United Airlines based in Newark.

76.     Plaintiff Holly Diane Bolling, resident of El Paso County, CO, serves as a Flight Attendant for United Airlines, based in Denver.

77.     Plaintiff Tiana-Rae Bordenave, resident of Hawaii County, HI, serves as a Flight Attendant for United Airlines, based in San Francisco.

78.     Plaintiff Steven Brankin, resident of Broomfield County, CO, serves as a Ramp Service/Move Team employee for United Airlines, based in Denver.

79.     Plaintiff Gary Bransky, resident of Montgomery County, TX, serves as a GSE Technician for United Airlines, based in Houston.

80.     Plaintiff Erin David Breen, resident of Marion County, IN, serves as a Flight Simulator Technician for United Airlines, based in Denver.

81.     Plaintiff Valerie Bridges, resident of Harris County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

22

82. Plaintiff Amy Bridier-Delettre, resident of Culpepper County, VA, served as a Flight Attendant for United Airlines, based in Dulles.

83. Plaintiff Darlene Lee Brigandi, resident of Orange County, CA, serves as a Flight Attendant for United Airlines, based in Los Angeles.

84. Plaintiff Cynthia Rochow Broadbelt, resident of Los Angeles County, CA, served as a Flight Attendant for United Airlines, based in Los Angeles.

85. Plaintiff Lois Brock, resident of Loudoun County, VA, serves as a Customer Service Lead for United Airlines, based in Dulles, VA.

86. Plaintiff Michael Bronowski, resident of Polk County, FL, served as a Pilot for United Airlines, based in Newark.

87. Plaintiff Marjorie Alese Brosam, resident of Jackson County, MO, serves as a Customer Service Representative for United Airlines, based in Kansas City.

88. Plaintiff David Andrew Brown, resident of Benton County, AR, serves as a Pilot for United Airlines, based in Chicago.

89. Plaintiff Joanna Joy Brown, resident of El Paso County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

90. Plaintiff Michael Patrick Brown, resident of El Paso County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

91. Plaintiff Timothy Bruce, resident of Wayne County, MI, serves as a Pilot for United Airlines, based in Chicago.

92. Plaintiff Sandra Bryner, resident of Larimer County, CO, serves as a Flight Attendant for United Airlines, based in Denver.

93. Plaintiff George Burger, resident of Clermont County, OH, serves as a Pilot for United Airlines, based in Newark, NJ.

94. Plaintiff Michael Burny, a resident of Los Angeles County, CA, serves as a Sales Manager for United Airlines, based in Los Angeles.

95. Plaintiff James Thomas Butler, resident of Contra Costa County, CA, serves as an Avionics Technician for United Airlines, based in San Francisco.

96. Plaintiff Tahmaneeyah Baht Israel Butler, resident of Fulton County, GA, served as a Customer Service Representative for United Airlines, based in Atlanta.

97. Plaintiff Raymond LeRoy Byers, resident of Flathead County, MT, serves as a Pilot for United Airlines, based in San Francisco.

98. Plaintiff Roslyn Gene Byrne, resident of Maricoop County, AZ, served as a Flight Attendant for United Airlines, based in Phoenix.

99. Plaintiff John Garry Cadet, resident of Harris County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

100. Plaintiff Phill Cady, resident of Montgomery County, TX, served as a Lead Aircraft Maintenance Technician for United Airlines, based in Houston.

101. Plaintiff Merri Cameron Caldwell, resident of Charleston County, SC, serves as a Flight Attendant for United Airlines, based in Washington, DC.

102. Plaintiff Allison Cale, resident of Clark County, NV, served as a Flight Attendant for United Airlines, based in Denver.

103. Plaintiff Demetrio Camacho Jr, resident of Caldwell County, TX serves as a Ramp Service Agent for United Airlines, based in Austin.

104. Plaintiff Cessely Camel, of Montgomery County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

105. Plaintiff Thomas Patrick Campbell, resident of Brunswick County, NC, serves as a Lead Aircraft Maintenance Technician for United Airlines, based in Dulles, VA.

106. Plaintiff Nicolo Candela, resident of Utah County, UT, serves as a Pilot for United Airlines, based in San Francisco.

107. Plaintiff Edward Cantu, resident of Montgomery County, TX serves or served as a Aircraft Maintenance Technician for United Airlines, based in Houston.

108. Plaintiff Isboset Caraffa Jr, resident of Cuyahoga County, OH, serves as a Ramp Services Move-Team Operator for United Airlines, in Cleveland.

109. Plaintiff Thomas Patrick Carlow, resident of San Diego County, CA, serves as a Pilot for United Airlines, based in San Francisco.

110. Plaintiff Jesus Carreon, resident of Harris County, TX serves as a Customer Service Representative for United Airlines, based in Houston.

111. Plaintiff Steven Jay Carty, resident of Montgomery County, TX, serves as an Aircraft Technician for United Airlines, based in Houston.

112. Plaintiff Kelli Jean Carver, resident of Bexar County, TX, serves as a Ramp Service Agent for United Airlines, based in San Antonio.

113. Plaintiff Augusto Cavacas, resident of Union County, NJ, serves as an Aircraft Technician for United airlines based in Newark.

114. Plaintiff Guy Cavallaro, resident of Broward County, FL, serves as a Customer Service Representative for United Airlines, based in Newark, NJ.

115. Plaintiff Joseph Alan Chaiet, Resident of Clark County, NV, serves as a Ramp Service Employee for United Airlines, based in Las Vegas.

116.     Plaintiff Helena Hursak Chateau, resident of Queens County, NY, served as a Customer Service Representative for United Airlines based in Newark.

117.     Plaintiff Brandon Michael Chebny, resident of Adams County, CO, serves as an Aircraft Maintenance Assistance Manager for United Airlines, based in Denver.

118.     Plaintiff Carmela Chresta, resident of Custer County, CO, serves as a Flight Attendant for United Airlines, based in Denver.

119.     Plaintiff John A Cicero, resident of Arapahoe County, CO serves as a Ramp Serviceman for United Airlines, based in Denver.

120.     Plaintiff John Cicero, resident of Contra Costa, CA, serves as a Jet Engine Mechanic for United Airlines, based in San Francisco.

121.     Plaintiff Kanisha Clark, resident of Passiac County, NJ, serves as a Ramp Agent for United Airlines, based in Newark.

122.     Plaintiff Nathan John Clark, resident of Jeffersonq County, CO, served as a Ramp Service Employee for United Airlines, based in Denver.

123.     Plaintiff Linda Clarke, resident of Monmouth County, NJ, served as a Flight Attendant for United Airlines, based in Newark.

124.     Plaintiff Ronda Clemonds, resident of Harris County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

125.     Plaintiff Jose Cobos, resident of Osceola County, FL, served as a Senior Supervisor of Quality Control based in Orlando.

126.     Plaintiff Tina Cohenour, resident of Arapahoe County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

127.     Plaintiff Matthew John Comlish, resident of Fulton County, GA, serves as a Pilot for United Airlines, based at Dulles, VA.

128. Plaintiff John Lee Conn, resident of Frederick County, VA, serves as a Ground Service Equipment Mechanic for United Airlines, based in Dulles, VA.

129. Plaintiff Frances Ortiz Contreras, resident of Maricopa County, AZ, serves as a Flight Attendant for United Airlines, based in Phoenix.

130. Plaintiff David Contreras, resident of Kane County, IL, serves as a Ramp Service Agent for United Airlines, based in Chicago.

131. Plaintiff Seth Henry Coppersmith, resident of Ottawa County, MI, serves as a Pilot for United Airlines, based in Chicago.

132. Plaintiff Tatyana Vladimirovna Corbel, resident of Arapahoe County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

133. Plaintiff Timothy Joe Corbin, resident of Harris County, TX, serves as a Pilot for United Airlines, based in Houston.

134. Plaintiff Stacey-Ann Corob, resident of Los Angeles County, CA, serves as a Customer Service Representative for United Airlines, based in Los Angeles.

135. Plaintiff Martin James Cote, resident of Adams County, CO, serves as a Pilot and Flight Instructor for United Airlines, based in Denver.

136. Plaintiff Aprille Coursin, resident of Arapahoe County, CO, serves as a Ramp Supervisor for United Airlines, based in Denver.

137. Plaintiff Mary Ann Cousins, resident of Orange County, Fl, serves as a Flight Attendant for United Airlines, based in Chicago.

138. Plaintiff Larry Joseph Cox, resident of Berkeley County, WV, serves as a Ground Service Equipment Mechanic for United Airlines, based in Dulles, VA.

139. Plaintiff Madeleine Craney, resident of Los Angeles County, CA, served as a Ramp Service Agent for United Airlines, based in Los Angeles.

140.    Plaintiff John Joseph Croix, resident of DuPage County, IL, serves as an Aviation Maintenance Technician for United Airlines, based in Chicago.

141.    Plaintiff Dennis Leon Crowl, resident of Arapahoe County, CO, serves as a Ground Support Equipment Mechanic for United Airlines, based in Denver.

142.    Plaintiff Elzbieta Czarnecki, resident of Passaic County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

143.    Plaintiff Eugenia  D'Ambra, resident of Midlesex County, NJ, served as a Customer Service Representative for United Airlines, based in Newark.

144.    Plaintiff Jason Robert Davenport, resident of Lawrence County, PA, serves as a Facilities Service Technician for United Airlines, based in Cleveland.

145.    Plaintiff Daphne A Davis, resident of Maricopa County, AZ, served as a Flight Attendant for United Airlines, based in Newark.

146.    Plaintiff Jane L Debus, resident of Arapahoe County, CO, serves as a Flight Attendant for United Airlines, based in Denver.

147.    Plaintiff Steven Vincent DeFily, resident of DeKalb County, IL, served as a Ramp Servicemen for United Airlines.

148.    Plaintiff Joanne Hipolito Dejano, resident of Clark County, NV, served as a Flight Attendant for United Airlines, based in San Francisco.

149.    Plaintiff James Christopher Dempsey, resident of Hillsborough County, FL, served as a Pilot, for United Airlines, based in Newark.

150.    Plaintiff Louis John DeRosa, resident of Hudson County, NJ serves as a Customer Service Representative for United Airlines, based in Newark.

151.    Plaintiff Susan Devoy, resident of Harris County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

28

152.     Plaintiff John Dexter, resident of Lake County, IL, serves as a Flight Dispatcher for United Airlines, based in Arlington Heights.

153.     Plaintiff Timothy Eric Dietz, resident of Matanuska-Susitna Borough Wasilla, AK, served as a Pilot for United Airlines based in San Francisco.

154.     Plaintiff Jenifer Digiovanni, resident of Cook County, IL, served as a Flight Attendant for United Airlines based in Chicago.

155.     Plaintiff John Vincent DiPrima, resident of Morgan County, IN, serves as an Aircraft Maintenance Technician for United Airlines, based in Chicago.

156.     Plaintiff Doreen Diz, resident of Pinal County, AZ, serves as a Flight Attendant for United Airlines based in Denver, CO.

157.     Plaintiff Bryant Dockray III, resident of San Jacinto County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

158.     Plaintiff Jenny Lee Dolin, resident of Lake County, IL, served as a Flight Attendant for United Airlines based in Chicago, IL.

159.     Plaintiff Margaret Alana Dorman, resident of Travis County, TX, serves as a Customer Service Representative for United Airlines, based in Austin.

160.     Plaintiff Makarios Mitri Doro, resident of Wayne County, MI serves as an Aircraft Maintenance Technician for United Airlines, based in Detroit.

161.     Plaintiff Michael Schaun Drab, resident of Harris County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

162.     Plaintiff Timothy Bryan Drain, resident of Shasta County, CA, served as a Lead Aircraft Technician for United Airlines, based in San Francisco.

163.     Plaintiff Gary James Dudek, resident of Monroe County, MI, serves as an Aircraft Maintenance Technician for United Airlines, based in Detroit.

29

164. Plaintiff Mark Anthony Duggins, resident of Denver County, CO, serves as a Ramp Service Lead for United Airlines, based in Denver.

165. Plaintiff Brian DuLong, resident of King County, WA, served as an Aircraft Technician for United Airlines, based in Boston, MA.

166. Plaintiff William David Duncan, resident of Broomfield County, CO, serves as a Pilot and Flight Instructor for United Airlines based in Denver.

167. Plaintiff Linda Dutko, resident of Somerset County, NJ, serves as an Assistant Manager of Zone Control for United Airlines, based in Newark.

168. Plaintiff Stephen Dutko, resident of Somerset County, NJ, serves as an Assistant Manager for the Move Team for United Airlines, based in Newark.

169. Plaintiff Kathy Dyga, resident of Boulder County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

170. Plaintiff Ryan Douglas Eades, resident of Summit County, OH, served as a Flight Attendant for United Airlines.

171. Plaintiff Dowald Eco, resident of Dupage County, IL, serves as a Customer Service Representative for United Airlines, based in Chicago.

172. Plaintiff Meliza Edejer, resident of Alameda County, CA serves as a Storekeeper for United Airlines, based in San Francisco.

173. Plaintiff Alicia Mae Edmondson, resident of Arapahoe County, CO serves as a Pilot and Flight Instructor for United Airlines, based in Denver.

174. Plaintiff David Brian Eirick, resident of Dupage County, IL, served as a Ramp Service Agent for United Airlines in Chicago.

175. Plaintiff Abdelouahab Elouirkhani, resident of Middlesex County, NJ serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

30

176. Plaintiff Marc Daniel Embry, resident of Monroe County, FL, served as a Pilot for United Airlines, based in Houston.

177. Plaintiff Shannon Jean Engasser, resident of Contra Costa County, CA, serves as a Flight Attendant for United Airlines, based in San Francisco.

178. Plaintiff Garit Engholm, resident of Arapahoe County, CO, served as a Customer Service Representative for United Airlines, based in Denver.

179. Plaintiff Lisa Robin Erickson, resident of Montgomery County, TX, served as a Flight Attendant for United Airlines, based in Houston.

180. Plaintiff Dorit Annemarie Johanna Ernst, resident of Bexar County, TX, serves as a Ramp Service Agent for United Airlines, based in San Antonio.

181. Plaintiff Pablo Espada, resident of Montgomery County, TX, served as a Customer Service Representative for United Airlines.

182. Plaintiff Suzanne Eagle Esper, resident of Elbert County, CO, served as a Flight Attendant for United Airlines, based in San Francisco.

183. Plaintiff Kevin Estes, resident of Montgomery County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston, TX.

184. Plaintiff Maria Lourdes Estrada, resident of Arapahoe County, CO, serves as a Utility Specialist for United Airlines, based in Denver.

185. Plaintiff Ronald Joe Evans, resident of Harris County, TX, serves as an Aircraft Technician for United Airlines, based in Houston.

186. Plaintiff Rob Matthew Fabick, resident of Trumbull County, OH, serves as Facility Maintenance Technician for United Airlines, based in Chicago,IL.

187. Plaintiff Dean Michael Faellaci, resident of Clare County, Michigan, serves as an Aircraft Maintenance Technician for United Airlines, based in Chicago.

31

188. Plaintiff Brooke Fair, resident of Comal County, TX, serves as a Flight Attendant for United Airlines, based in San Francisco.

189. Plaintiff Robert Falcon, resident of Northampton County, PA, serves as a Ramp Service Employee for United Airlines, based in Newark.

190. Plaintiff Brandon Cody Fallis, resident of Montgomery County, TX, served as a Aircraft Maintenance Technician for United Airlines, based in Houston.

191. Plaintiff Michael Joseph Fant, resident of Denver County, CO, serves as a Fleet Training Specialist for United Airlines, based in Denver.

192. Plaintiff Tania Faria, resident of Middlesex County, NJ, served as a Customer Service Representative for United Airlines, based in Newark.

193. Plaintiff Joel Feltenberger, resident of Montgomery County, TX, serves as a Ground Service Equipment Technician for United Airlines, based in Houston.

194. Plaintiff Hector Fernandez, resident of Middlesex County, NJ, serves as a Ramp Service Employee for United Airlines, based in Newark.

195. Plaintiff Anita Ferrao, resident of Lee County, FL, serves as a Flight Attendant for United Airlines, based in San Francisco.

196. Plaintiff Assunta Ferrara, resident of Bronx, NY, serves as a Lead Customer Service Representative for United Airlines, based in LaGuardia.

197. Plaintiff Gary Fetter, resident of Stroudsburg, PA, serves as an Aircraft Maintenance Technician at United Airlines, based in Newark.

198. Plaintiff Robert Fields, resident of Harris County, TX, served as a Ramp Service Employee for United Airlines, based in Houston.

199. Plaintiff Cynthia Ann Flaspohler, resident of Pinellas County, FL, serves as a Customer Service Representative for United Airlines, based in Tampa.

200.    Plaintiff Betty Fleming, resident of Union County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

201.    Plaintiff Luis Armando Flores, resident of San Mateo County, CA, served as an Aircraft Maintenance Technician for United Airlines.

202.    Plaintiff Joseph Foley, resident of Brevard County, FL, serves as an Aircraft Maintenance Technician for United Airlines, based in Orlando.

203.    Plaintiff Ellen Forrest, resident of Fairfax County, VA, serves as a Customer Service Representative for United Airlines in Dulles, VA.

204.    Plaintiff Sylvie Forrest, resident of Los Angeles County, CA, serves as a Flight attendant for United Airlines, based in San Francisco.

205.    Plaintiff David Alan France, resident of Montgomery County, TX, serves as a Pilot for United Airlines, based in Houston.

206.    Plaintiff Ana Maria Franco, resident of Union County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

207.    Plaintiff Precious Joy Frasier, resident of Cook County, IL, serves as a Customer Service Representative for United Airlines, based in Chicago.

208.    Plaintiff Estate of Greg James Freeman, resident of Highlands County, FL, served as a Pilot for United Airlines, based in Orlando.

209.    Plaintiff Curt Freund, resident of Cook County, IL serves as a Flight Dispatcher for United Airlines, based in Arlington Heights.

210.    Plaintiff Yves Tommy Fuhrmann, resident of Fairfax County, VA, serves as a Pilot for United Airlines, based in Dulles, VA.

211.    Plaintiff Rory Jay Gabriel, resident of Polk County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

33

212.     Plaintiff Gerald Gaimo, Jr, resident of Warren County, NJ, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

213.     Plaintiff Tracy Gaitan, resident of Orange County, CA, serves as an Account Manager for United Airlines, based in Los Angeles.

214.     Plaintiff Nancy Gannon, resident of Essex County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

215.     Plaintiff Charlotte Louise Garcia, resident of Harris County, TX, served as a Customer Service Representative for United Airlines, based in Houston.

216.     Plaintiff Christopher Paul Gates, resident of Arapahoe County, CO served as a Pilot and Instructor/Evaluator for United Airlines based in Denver.

217.     Plaintiff James Gatesman, resident of DuPage County,IL,serves as an Aviation Maintenance Technician for United Airlines, based inChicago.

218.     Plaintiff Stacie Gatz, resident of Adams County, CO, serves as a Ramp Service Agent for United Airlines, based in Denver.

219.     Plaintiff Wendy Gentry, resident of Solano County, CA, served as a Customer Service Representative for United Airlines.

220.     Plaintiff Martin Gerhard, resident of Montgomery County, Texas, TX, serves as a Pilot for United Airlines, Houston.

221.     Plaintiff Christie Gerhard, resident of Montgomery County, TX, employed as a Flight Attendant for United Airlines, Houston.

222.     Plaintiff John Christopher Gianos, resident of Georgetown County, SC, serves as a Flight Attendant for United Airlines, based in Newark.

223.     Plaintiff Jennie Gilbert, resident of Sutton County, TX, serves as a Flight Attendant for United Airlines, based in San Francisco.

34

224. Plaintiff Kristine Giordano, resident of Broomfield County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

225. Plaintiff Christian Girona, resident of Hudson County, NJ, serves as a Ramp Service Agent for United Airlines, based in Newark.

226. Plaintiff Tamara A Gladysheva, resident of Fairfax County, VA, serves as a Customer Service Representative for United Airlines, based in Dulles, VA.

227. Plaintiff April Joy Glandt, resident of Adams County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

228. Plaintiff Diane Glim, resident of Will County, IL, serves as a Customer Service Representative for United Airlines, based in Chicago.

229. Plaintiff Roy Chu Gocuan, resident of Contra Costa County, CA serves as a Flight Attendant for United, based in San Francisco.

230. Plaintiff Kellyn Marie Goeken, resident of Arvada, CO, serves as a Ramp Service Agent for United Airlines, based in Denver, CO.

231. Plaintiff Richard Goeller, resident of Allegheny County, PA, serves as a Pilot for United Airlines, based in Cleveland.

232. Plaintiff Veniamin Ananyevich Goncharov, resident of Adams County, CO, serves as Customer Service Representative for United Airlines, based in Denver.

233. Plaintiff Stuart Gordon, resident of Osceola County, FL serves as an Aircraft Maintenance Technician for United Airlines, based in Orlando.

234. Plaintiff Marie Elizabeth Gorham, resident of Jefferson County, CO, serves as a Pilot for United Airlines, based in Denver.

235. Plaintiff Andrea Kaye Gorter, resident of Lincoln County, MN, served as a Customer Service Representative for United Airlines.

236. Plaintiff Marianne Gotsoulia, resident of Nassau County, NY, serves as a Flight Attendant for United Airlines, based in Newark.

237. Plaintiff Amber Graham, resident of Duval County, FL, served as a Passenger Service Agent for United Airlines.

238. Plaintiff Lisa Joy Greeley, resident of Knox County, TN, serves as a flight attendant for United Airlines, based in Dulles, VA.

239. Plaintiff Karen Lynn Green, resident of Jefferson County, CO, served as a full Flight Attendant for United Airlines, based in Denver.

240. Plaintiff Catherine Greenlee, resident of Montgomery County, TX, served as a Flight Attendant for United Airlines, based in Houston.

241. Plaintiff Brian Greer, resident of Harris County, TX, served as a Ramp Service Employee for United Airlines, based in Houston.

242. Plaintiff John Gregus, III, resident of Middlesex County, NJ, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

243. Plaintiff Paula Gresham, resident of Harris County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

244. Plaintiff Bonnie Michelle Griffin, resident of Boone County, KY, served as a Aircraft Dispatcher for United Airlines, based in Chicago.

245. Plaintiff Shelly Denice Grissom, resident of Denver County, CO, serves as a Ramp Service Employee for United Airlines, based in Denver.

246. Plaintiff Michael Ryan Gross, resident of Polk County, TX, serves as a Ramp Service Employee for United Airlines, based in Houston.

247. Plaintiff Karyn Gruber, resident of Beltrami County, MN, served as a Flight Attendant for United Airlines, based in Chicago.

248. Plaintiff Dennis Grzesiak, resident of Kane County, IL, serves as a Ground Service Equipment Mechanic for United Airlines, based in Chicago.

249. Plaintiff Johnny Pierre Guecamburu, resident of San Mateo County, CA, served as a Ramp Service Employee for United Airlines.

250. Plaintiff Arnoldo Guerra, resident of Mongomery County, TX, served as an Aircraft Maintenance Technician for United Airlines, based in Houston.

251. Plaintiff Robert Eugene Guetzow, resident of Cameron County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

252. Plaintiff Matthew Gutierrez, resident of Harris County, TX served as a Customer Service Representative for United Airlines in Houston.

253. Plaintiff Franklin Guzman, resident of Bergen County, NJ, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

254. Plaintiff David Lawrence Gwynn, resident of Solano County, CA, serves as an Aircraft Maintenance Technician for United Airlines, based in San Francisco.

255. Plaintiff Joseph Haddad, resident of Hudson County, NJ, serves as a Field Planner for United Airlines, based in Newark.

256. Plaintiff Zach Blair Hadley, resident of Liberty County, TX, served as a Ramp Service Employee for United Airlines, based in Houston.

257. Plaintiff Daniel Patrick Hagan, resident of ManateeCounty, FL, serves as a Customer Service Representative for United Airlines, based in Tampa.

258. Plaintiff Maryellen Hahn-Bongiovanni, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

259. Plaintiff Michael Edward Hajnos, resident of Hays County, TX, serves as a Pilot for United Airlines, based in Houston.

260. Plaintiff Edie Frances Hall, resident of Montgomery County, TX, served as a Flight Attendant for United Airlines.

261. Plaintiff Dean Allan Halverson, resident of Washington County, TX, serves as a Pilot for United Airlines, based in Houston.

262. Plaintiff Keith Randall Hamaker, resident of Harris County, TX, serves as an Assistant Manager of Inflight Base Operations for United Airlines, based in Houston.

263. Plaintiff Jintana Hampton, resident of Lake County, FL, served as a Flight Attendant for United Airlines based in Orlando.

264. Plaintiff Ali Favero Handy, resident of Clark County, NV, serves as a Lead Ramp Agent for United Airlines, based in Las Vegas.

265. Plaintiff Peter Carl Hanegan, resident of Brazoria County, TX serves as an Aviation Maintenance Technician for United Airlines, based in Houston.

266. Plaintiff Lisa Haney, resident of Prince William County, VA, serves as a Customer Service Representative for United Airlines, based in Dulles, VA.

267. Plaintiff Gregory John Hanouw, resident of Arapahoe County, CO, serves as Customer Service Representative for United Airlines, based in Denver.

268. Plaintiff Melissa Harding, resident of Maui County, HI, served as a flight attendant for United Airlines, based in San Francisco.

269. Plaintiff Rosilyn Harlan, resident of Arapahoe County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

270. Plaintiff Angela Harper, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

271. Plaintiff Charice Dawn Harrell, resident of Orange County, TX, serves as a Baggage Resolution Agent for United Airlines, based in Houston.

38

272.    Plaintiff Charles Miller Harrell, resident of Arapahoe County, CO, serves as a Ramp Service Agent for United Airlines, based in Denver.

273.    Plaintiff Kevin Harrington, resident of Hamilton County, IN, serves as an Aircraft Maintenance Technician for United Airlines, based in Chicago.

274.    Plaintiff Nils Hart, resident of Los Angeles County, CA, serves as an Avionics Technician for United Airlines, based in Los Angeles.

275.    Plaintiff Starlene Rae Hart, resident of Kootenai County, ID, served as a Flight Attendant for United Airlines, based in San Fracisco.

276.    Plaintiff Gisselle Hartsfield, resident of King County, WA, serves as a Flight Attendant for United Airlines, based in Houston.

277.    Plaintiff Beverly Lynn Havens, resident of Polk County, TX, served as a Flight Attendant for United Airlines.

278.    Plaintiff Gregory Josef Heli, resident of San Joaquin County, CA, served as a Pilot for United Airlines, based in San Francisco.

279.    Plaintiff Ronald Hencey, resident of St Lucie County, FL, served as a Pilot for United Airlines, based in Denver.

280.    Plaintiff Mariah Martanae Charon Henderson, resident of Hayes County, TX, serves as a Lead Customer Service Representative for United Airlines, based in Austin.

281.    Plaintiff LaKia Hendricks, resident of Travis County, TX, serves as a Lead Ramp Service Employee for United Airlines, based in Austin.

282.    Plaintiff Elsa Henriquez, resident of Osceola County, FL, serves as a Customer Service Representative for United Airlines, based in Orlando.

283. Plaintiff Angel Hernandez, resident of Johnson County, IN, serves as an Aircraft Maintenance Technician for United Airlines, based in Chicago, IL.

284. Plaintiff Paul Matthew Hernandez, resident of Susquehanna County, PA, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

285. Plaintiff Sergio Hernandez, resident of Arapahoe County, CO, serves as an Aircraft Maintenance Technician for United Airlines, based in Denver.

286. Plaintiff Kimberly Anjanette Herring, resident of Harris County, Houston, TX, serves as Customer Service Representative for United Airlines, based in Houston.

287. Plaintiff Mark Heverly, resident of Alameda County, CA, serves as an Aircraft Inspector for United Airlines, based in San Francisco.

288. Plaintiff Maile Lok Hewett, resident of Harris County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

289. Plaintiff Terry Barnes Hight, resident of Montgomery County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

290. Plaintiff Taryn Noelle Hildreth, resident of Humboldt County, CA, served as a Flight Attendant for United Airlines, based in San Fracisco.

291. Plaintiff Jon Hill, resident of Solano County, CA, serves as an Aircraft Maintenance Technician for United Airlines, based in San Francisco.

292. Plaintiff Darrel Hill, resident of Weld County, CO serves as a Ground Service Equipment Mechanic for United Airlines in Denver.

293. Plaintiff Kristie Thi Hoang, resident of Denver County, CO, serves as Lead Customer Service Representative for United Airlines, based in Denver, CO.

294. Plaintiff Lesli Marlo Hobek, resident of Montgomery County, TX, served as a Pilot for United Airlines, based in Newark.

295. Plaintiff Lemuel David Hogan, resident of Harris County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

296. Plaintiff Lara Bristine Hogans, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

297. Plaintiff Glenna Marie Holcomb-Roberts, resident of Harris County, TX, serves as a Customer Service Representative, for United Airlines, based in Houston.

298. Plaintiff Brian Keith Holtane, resident of Hendricks County, IN, serves as an Aircraft Maintenance Technician for United Airlines, based in Chicago.

299. Plaintiff Tammy Jo Hook, resident of Harris County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

300. Plaintiff Margret Hoppe, resident of Orange County, CA, serves as a Flight Attendant for United Airlines, based in Los Angeles.

301. Plaintiff Nicholas Howe, resident of Harris County, TX, serves as a Ramp Service Employee for United Airlines, based in Houston.

302. Plaintiff Lonnie Howell, resident of Montgomery County, TX, serves as an Aircraft Maintenance Technician for United Airlines, based in Houston.

303. Plaintiff Roxanne Mae Hoye, resident of Montgomery County, TX served as a Flight Attendant for United Airlines, based in Houston.

304. Plaintiff Michael Gerard Hudgins, resident of Montgomery County, TX, serves as an Aircraft Quality Control Inspector for United Airlines, based in Houston.

305. Plaintiff Marcy Huggins, resident of Harris County, TX, served as a Customer Service Representative for United Airlines, based in Houston.

306. Plaintiff Richard Alton Hume, resident of Arapahoe County, CO, serves as a Ramp Service Agent for United Airlines, based in Denver.

307. Plaintiff Francia Hurtado, resident of Miami-Dade County, FL, served as a Customer Service Representative for United Airlines in Chicago.

308. Plaintiff Lisa Ann Hutchins, resident of Las Vegas County, NV, served as a Flight Attendant for United Airlines, based in Los Angeles.

309. Plaintiff Jennifer Lynn Iiams, resident of Snohomish County, WA, served as a Ramp Service Agent for United Airlines, based in Tulsa, OK.

310. Plaintiff Eric Imhoff, resident of Jefferson County, CO, serves as a Facility Maintenance Technician for United Airlines, based in Denver.

311. Plaintiff Matthew Imhoff, resident of Jefferson County, CO, serves as a Ground Service Equipment Technician for United Airlines, based in Denver, CO.

312. Plaintiff Tariq Knrukma Jabri, resident of Essex County, NJ, serves as a Ramp Service Agent for United Airlines, based in Newark.

313. Plaintiff Joshua Jackson, resident of Denver County, CO, served as a Ramp Service Agent for United Airlines, based in Denver.

314. Plaintiff Robert John Jackson, resident of Adams County, CO, serves as a Flight Simulator Technician for United Airlines, based in Denver.

315. Plaintiff Tessa Jacques, resident of Nassau County, NY, serves as a Flight Attendant for United, based in Newark.

316. Plaintiff Maryann Jamieson, resident of Clark County, Nevada serves as a Station Operations Representative for United Airlines, based in Las Vegas, NV.

317. Plaintiff Lorraine Jarrett, resident of Houston TX, served as a Customer Service Representative for United Airlines in Houston.

318. Plaintiff Mary Therese Jean, resident of Cook County, IL, served as a Flight Attendant for United Airlines, based in Chicago, IL.

42

319.    Plaintiff Adam Jelonek, resident of Morris County, NJ, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

320.    Plaintiff Betsy Marie Jenkins, resident of Madison County, VA, served as a Customer Service Representative for United Airlines, based in Dulles, VA.

321.    Plaintiff James Jay Jennelle, resident of Lee County, FL, serves as a Pilot for United Airlines, based in Chicago.

322.    Plaintiff Jeffrey Scott Jeskie, resident of Montgomery County, TX, serves as a Pilot for United Airlines, based in Houston.

323.    Plaintiff Edwin De Jesus, resident of Union County, NJ, served as a Flight Attendant for United Airlines, based in Newark.

324.    Plaintiff Carolina Johartchi, resident of Harris County, TX, serves as a Baggage Performance Agent for United Airlines, based in Houston.

325.    Plaintiff Christopher Johnson, resident of Travis County, TX, serves as a Lead Ramp Service Agent for United Airlines based in Austin.

326.    Plaintiff Darci Dee Johnson, resident of Washington County, OK, serves as a Customer Service Representative for United Airlines, based in Tulsa.

327.    Plaintiff Jeanne Johnson, resident of Williamson County, TN, serves as a Flight Attendant for United Airlines, based in Chicago.

328.    Plaintiff Keith Eric Johnson, resident of Adams County, CO, served as a Flight Simulator Technician for United Airlines, based in Denver.

329.    Plaintiff Markeyta Johnson, resident of Harris County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

330.    Plaintiff Mechelle Johnson, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

331.    Plaintiff Theron Eugene Johnson, resident of Harris County, TX, serves as a Pilot for United Airlines, based in Houston.

332.    Plaintiff Anthony Edward Jones, resident of Maricopa County, AZ, served as a Pilot for United Airlines, based in San Francisco.

333.    Plaintiff David Jones, resident of McHenry County, IL, serves as a Ramp Serviceman for United Airlines, based in Chicago.

334.    Plaintiff Michael Jones, resident of Montgomery County, TX, serves as a Ramp Service employee for United Airlines, based in Houston, TX.

335.    Plaintiff Penny Renee Kaighen, resident of Sacramento County, CA, served as a Senior Coordinatior for United Airlines, based in Sacramento.

336.    Plaintiff William George Kammerer, III, resident of Allegheny County, PA, serves as a Pilot for United Airlines, based in Newark.

337.    Plaintiff Robert Victor Kampa, resident of Clark County, NV, serves as a Pilot for United Airlines, based in San Francisco.

338.    Plaintiff David Karns, resident of Brevard County, FL, serves as a Pilot for United Airlines, based in Newark.

339.    Plaintiff Thomas Katchisin Jr, resident of Middlesex County, NJ, serves as a Ramp Service Employee for United Airlines, based in Newark.

340.    Plaintiff Daniel Richard Kauten, resident of Belvidere, IL, served as a Customer Service Representative for United Airlines, based in Chicago.

341.    Plaintiff Edward Kelley, resident of Solano County, CA, served as a Plant Maintenance HVAC Mechanic for United Airlines based in San Francisco.

342.    Plaintiff David Arthur Kelly, resident of Douglas County, CO, serves as a Pilot for United Airlines, based in Denver.

44

343. Plaintiff Chad Kemp, resident of Stake County, OH, serves as an Aircraft Maintenance Technician for United Airlines, based in Cleveland.

344. Plaintiff Timothy Patrick Kennedy, resident of Jefferson County, CO, serves as a Ground Support Equipment Mechanic for United Airlines, based in Denver.

345. Plaintiff Glen Kenneth Kieft, resident of Montgomery County, TX, serves as an Aircraft Maintenance Technician for United Airlines, based in Houston.

346. Plaintiff Jennifer Kiernan, resident of Hillsborough County, FL, served as a Flight Attendant for United Airlines, based in Tampa FL.

347. Plaintiff Justin Philip King, resident of Lyon County, NV, serves as a Pilot for United Airlines, based in San Francisco.

348. Plaintiff Susan Klassen, resident of El Dorado County, CA, served as a Customer Service Representative for United Airlines, based in Sacramento.

349. Plaintiff Linda Kay Klingberg, resident of Miami-Dade County, FL, served as a Flight Attendant for United Airlines.

350. Plaintiff Timothy Lee Knight, resident of Ashe County, NC, served as a Pilot for United Airlines, based in Chicago.

351. Plaintiff George Anton Kohlmann, resident of Harris County, TX, served as a Pilot for United Airlines based in San Francisco.

352. Plaintiff Brian Joseph Kolberg, resident of Osceola County, FL, served as a Ramp Service Agent for United Airlines.

353. Plaintiff Ronald Steven Komin, resident of Lake County, IL, served as a Flight Dispatcher for United Airlines.

354. Plaintiff Wiktor Kopacz, resident of Morris County, NJ, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

355.   Plaintiff Rona Maria Kory, resident of Harris County, TX, served as a Flight Attendant for United Airlines, based in Houston.

356.   Plaintiff Steven Kosik, resident of Adams County, CO, served as a Flight Simulator Technician for United Airlines, based in Denver.

357.   Plaintiff Anastasia Kourkoulos, resident of Pinellas County, FL, serves as a Customer Service Representative for United Airlines, based in Tampa.

358.   Plaintiff Richard Emmet Kranz, resident of Monmouth County, NJ serves as a Flight Attendant for United Airlines, based in Newark.

359.   Plaintiff Daniel Kulchytsky, resident of Cook County, IL, serves as an Aircraft Maintenance Technician for United Airlines, based in Chicago.

360.   Plaintiff Louis Kulchytsky, resident of Will County, IL, serves as a Ground Service Technician for United Airlines at Chicago.

361.   Plaintiff Frank Christopher Kuzel, resident of Kane County, IL, serves as Ramp Service Agent for United Airlines, based in Chicago.

362.   Plaintiff Michele Lee Ladd, resident of Tulsa County, OK, served as a Flight Attendant for United Airlines, based in Dulles.

363.   Plaintiff Cesar Lagares, resident of orange county Fl, serves as a Ramp Service Agent for United Airlines, based in Orlando.

364.   Plaintiff Linda Lahens, resident of Union County, NJ, serves as a Costumer Service Representative for United Airlines, based in Newark.

365.   Plaintiff Mark Allen Lair, resident of Arapahoe County, CO, serves as a Lead Ramp Service Employee for United Airlines, based in Denver.

366.   Plaintiff Lisa Kay Lalkowski, resident of Summit County, OH, served as a Flight Attendant for United Airlines, based in Cleveland.

367. Plaintiff Donna Sue Lantz, resident of Douglas County, CO, serves as a Fleet Technical Instructor for United Airlines, based in Denver.

368. Plaintiff Andrew Larson, resident of Arapahoe County, CO, serves as a Move Team employee for United Airlines based in Denver.

369. Plaintiff Julie W Latham, resident of Jefferson County, CO, served as Flight Attendant for United Airlines, based in Denver, Co.

370. Plaintiff Stephanie Lax, resident of Loudoun County, VA, serves as a Lead Customer Service Representative for United Airlines, based in Dulles, VA.

371. Plaintiff Romeo Leal, resident of Harris County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

372. Plaintiff Susan Lynn Lee, resident of Wayne County, MI, serves as a Flight Attendant for United Airlines, based in Dulles, VA.

373. Plaintiff Brady Lefler, resident of Rogers County, OK, serves as an Aircraft Maintenance Technician for United Airlines, based in Denver.

374. Plaintiff Andrew William Lemke, resident of Jefferson County, MO, served as a Flight Attendant for United Airlines.

375. Plaintiff John Steven Lende, resident of Adams County, CO, served as a Flight Attendant for United Airlines in Denver.

376. Plaintiff Terry Lee Lepard II, resident of Harris County, TX served as a Storekeeper at the time of the mandate and now serves as Stores Supervisor of United Airlines, based in Houston, TX.

377. Plaintiff Shawn Kenneth Lewin, resident of Morris County, NJ, serves as an Aircraft Technician for United Airlines, based in Newark, NJ.

378. Plaintiff Neal Linch, resident of Montgomery County, TX, served as a Pilot for United Airlines, based in Guam.

379. Plaintiff Ryan Rugel Long, resident of El Paso County, CO, served as a Flight Instructor for United Airlines, based in Denver, CO.

380. Plaintiff Glen Losurdo, resident of Boulder County, CO, serves as a Flight Attendant for United Airlines, based in Denver.

381. Plaintiff Martin David Louthan, resident of El Paso County, CO, served as a Captain for United Airlines, based in San Francisco, CA.

382. Plaintiff Marissa Lovingfoss, resident of Weber County, UT served as a Flight Attendant for United Airlines, based in San Francisco, California.

383. Plaintiff Eva Lowe, resident of Cuyahoga County, OH, serves as a Flight Dispatcher for United Airlines, based in Chicago.

384. Plaintiff Patrick Lucco, resident of Hartford County, CT, serves as a Pilot for United Airlines, based in Newark.

385. Plaintiff Geoffrey Scott Luna, resident of Los Angeles County, CA, served as a Ramp Operations Supervisor for United Airlines.

386. Plaintiff Erik Lupo, resident of Morris County, NJ, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

387. Plaintiff Alana Williams Lynch, resident of Lorain County, OH, serves as a Flight Attendant for United Airlines, based in Cleveland.

388. Plaintiff Loren Mack, resident of Essex County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

389. Plaintiff Frank MacUmber, resident of Westminster County, CO, served as a Customer Service Representative for United Airlines in Denver.

48

390.     Plaintiff Shawn Mahoney, resident of Erie County, NY, serves as an Aircraft Maintenance Technician for United Airlines, based in Cleveland.

391.     Plaintiff Jose Maisonet, resident of Hudson County, NJ, serves as an Aviation Maintenance Technician for United Airlines, based in Newark.

392.     Plaintiff Brian Malek, resident of Boulder County, CO, serves as a pilot for United Airlines, based in Denver.

393.     Plaintiff John Christopher Mallory, resident of Cook County, IL, served as a Flight Dispatcher for United Airlines, based in Chicago, IL.

394.     Plaintiff Mio Manita, resident of Honolulu County, HI, serves as a Customer Service Representative for United Airlines, based in Honolulu.

395.     Plaintiff Andrew Marmorato, resident of Lyndhurst, NJ, serves as an Aircraft Move Team Employee for United Airlines, based in Newark.

396.     Plaintiff Marc Maroney, resident of Cook County, IL, serves as a Technical Operations Maintenance Line Planner for United Airlines, based in Chicago.

397.     Plaintiff Jorge Marques, resident of Essex County, NJ, served as a Ramp Service Agent for United Airlines at Newark Airport.

398.     Plaintiff Matthew Xavier Martinez, resident of Harris County, TX, serves as an Aircraft Maintenance Technician for United Airlines, based in Houston.

399.     Plaintiff Michele Martinez, resident of Wake County, NC, served as a Customers Service Representative for United Airlines, based in Raleigh.

400.     Plaintiff Ana Esther Martinez, resident of Los Angeles County, CA, serves as a Customer Service Representative for United Airlines, based in Los Angeles.

401. Plaintiff Pedro Lucas Martinez, resident of Hudson County, New Jersey, serves as a Lead Line Technician for United Airlines, based in Newark International Airport.

402. Plaintiff Maria Luisa Martire-Pittman, resident of Hancock County, WV, serves as a Customer Service Representative for United Airlines, based in Pittsburg.

403. Plaintiff Marilyn Rose Martyres, resident of Guilford County, NC, served as a Flight Attendant for United Airlines, based in Chicago.

404. Plaintiff Nathan Paul Mattos, resident of Solano County, CA, serves as a Powerplant Technician for United Airlines, based in San Francisco.

405. Plaintiff Timothy Michael Matuszewski, resident of Broward County, FL, served as a Senior Manager of Air Traffic Operations for United Airlines in Chicago.

406. Plaintiff Lauren McCauley, resident of Maricopa County, AZ, serves as a Flight Attendant for United Airlines, based in Phoenix.

407. Plaintiff Tyler McCauley, resident of Maricopa County, AZ, serves as a Flight Attendant for United Airlines, based in PHX.

408. Plaintiff Nancy Irene McCloy, resident of Cook County, IL, serves or as a Flight Attendant for United Airlines, based in Chicago.

409. Plaintiff Denise Wiederkehr McDonald, resident of Jefferson County, CO, served as a Pilot for United Airlines, based in Denver.

410. Plaintiff Elaine McDonnell, resident of Cape May County, NJ, served as a Flight Attendant for United Airlines, based in Newark.

411. Plaintiff Kurt Richard McGary, resident of Jefferson County, CO, serves as a Ramp Service Agent for United Airlines, based in Denver.

412.    Plaintiff Mark Gerard Mckenzie, resident of Lexington County, SC, serves as a Pilot for United Airlines, based in Washington, DC.

413.    Plaintiff Michael John McNamara, resident of Arapahoe County, CO, serves as a Ramp Service Agent for United Airlines, based in Denver.

414.    Plaintiff Nelson  Medina, resident of Seminole County, FL, served as a Pilot for United Airlines, based in Orlando.

415.    Plaintiff Amy Michelle Mees, resident of Greene County, MO, serves as a Flight Attendant for United Airlines based in San Francisco.

416.    Plaintiff Margie Lu Meier, resident of Broward County, FL, serves as a Flight Attendant for United Airlines, based in Chicago.

417.    Plaintiff Lenny Mejia-Bradford, resident of Travis County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

418.    Plaintiff Blanca Lissett Melendez, resident of Harris County, TX, works as a Customer Service gate Representative for United Airlines, based in Houston.

419.    Plaintiff Billie Arlene Melhorn, resident of Orange County, CA, served as a Flight Attendant for United Airlines, based in Los Angeles.

420.    Plaintiff Gale Marie Mellaci, resident of Ocean County, NJ, serves as a Flight Attendant for United Airlines, based in Newark.

421.    Plaintiff Todd Merrill, resident of Hendricks County, IN, serves as an Aviation Maintenance Technician for United Airlines, based in Chicago, IL.

422.    Plaintiff Louis Meyer, resident of cook County, IL, serves as a Building Maintenance Mechanic for United Airlines, based in Chicago.

423.    Plaintiff Jeanna Michaels, resident of Richland County, SC, served as a Customer Service Representative for United Airlines, based in Chicago.

51

424. Plaintiff George Michalos, resident of Nassau County, NY, serves as an Aircraft Technician for United Airlines, based in Newark.

425. Plaintiff Gabriella San Miguel, resident of Harris County, TX, served as a Safety Advocate for United Airlines, based in Houston.

426. Plaintiff Joseph Charles Miller, resident of New Haven County, CT, serves as a Pilot for United Airlines, based in Newark.

427. Plaintiff Lillian Yuk Yin Miller, resident of Honolulu, HI, serves as Customer Service Representative for United Airlines in Honolulu.

428. Plaintiff Paul Robert Miller, resident of Sheboygan County, WI, serves as a Pilot for United Airlines, based in Chicago.

429. Plaintiff Robert Daniel Miller, resident of Arapahoe County, CO, served as a Ground Service Equipment Lead Mechanic for United Airlines, based in Denver.

430. Plaintiff Ronald Michael Miller, resident of Arapahoe County, CO, served as a Ground Equipment Technician for United Airlines.

431. Plaintiff Matthew Charles Millward, resident of San Mateo County, CA, served as a Ramp Service Agent for United Airlines, based in San Francisco.

432. Plaintiff Kyle Andrew Minarik, resident of Burlington County, NJ, serves as a Pilot for United Airlines, based in Newark.

433. Plaintiff Shahannah Gemora Miranda, resident of Miami-Dade County, FL, serves as a Customer Service Representative of United Airlines, based in Miami.

434. Plaintiff Piotr Tomasz Mojak, resident of Cook County, IL, serves as a Customer Service Representative for United Airlines, based in Chicago.

435. Plaintiff Brenda Montes, resident of Harris County, TX, serves as a Customer Service Representative-Interpreter for United Airlines, based in Houston.

436. Plaintiff Dana Mooney, resident of Denton County, TX, serves as a Station Operations Representative for United Airlines, based in Dallas/Ft.

437. Plaintiff Brent Elery Moore, resident of Montgomery County, TX, is a Pilot for United Airlines, based in Houston.

438. Plaintiff Scott Eric Moore, resident of Weld County, CO, serves as a Pilot Instructor for United Airlines, based in Denver.

439. Plaintiff Jeffrey Stephen Moredich, resident of Sumter County, FL, serves as an Aircraft Maintenance Technician for United Airlines, based in Tampa.

440. Plaintiff Julio Morel, resident of Bergen County, NJ, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

441. Plaintiff Angel Infante Morel, resident of Brooklyn NY, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

442. Plaintiff Bethzamaveth Moreno, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

443. Plaintiff Jose Moreno, resident of Orange County, CA, serves as a Pilot for United Airlines, based in Los Angeles.

444. Plaintiff Bradley Morris, resident of Columbiana County, OH, serves as a Pilot for United Airlines, based in Chicago.

445. Plaintiff Kristin Morris, resident of Douglas County, CO, served as Lead Customer Service Representative for United Airlines, based in Denver.

446. Plaintiff Tommy Ray Morris, resident of Harris County, TX, serves as a Pilot for United Airlines, based in Houston.

447. Plaintiff Coldridge Marcus Morris, resident of Passaic County, NJ, served as an Aircraft Maintenance Technician for United Airlines based in Newark.

53

448. Plaintiff Lindsay Moser, resident of Weld County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

449. Plaintiff Kurt William Mueller, resident of Montgomery County, TX, serves as an Aircraft Maintenance Technician for United Airlines, based in Houston.

450. Plaintiff Angela Muhammad, resident of Montgomery County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

451. Plaintiff Ellery Mullins, resident of Hawkins County, served as a Ground Service Technician for United Airlines, based in Dulles, VA.

452. Plaintiff Shari Marie Mund, resident of Arapahoe County, CO, serves as a Customer Service Representative for United Airlines based in Denver.

453. Plaintiff David Myers, resident of Harris County, TX, served as a Customer Service Representative for United Airlines, based in Houston.

454. Plaintiff Alva Nardine, resident of Middlesex County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

455. Plaintiff Daniel Nastyn, resident of Brevard County, FL, serves as a Lead Aircraft Maintenance Technician for United Airlines, based in Orlando.

456. Plaintiff Patricia Mary Needham, resident of Eagle County, CO, served as a Flight Attendant for United Airlines, based in Denver.

457. Plaintiff Rebecca June Nehlsen, resident of Clark County, NV, serves as a Flight Attendant for United Airlines, based in Las Vegas.

458. Plaintiff Kurt Eric Nelson, resident of Northampton County, PA, served as a Pilot for United Airlines, based in Newark.

459. Plaintiff Jonathan Force Newcomb, resident of Hunterdon County, NJ, serves as a Pilot for United Airlines, based in Newark.

54

460. Plaintiff Sharon Nielsen, resident of Union County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

461. Plaintiff Kim No-ke, resident of Pinellas County, FL, serves as a Customer Service Representative for United Airlines, based in Tampa.

462. Plaintiff Sofia Cortez Nolte, resident of Waller County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

463. Plaintiff Dale Nordhausen, resident of Kane County, IL, serves as a Pilot for United Airlines, based in Chicago.

464. Plaintiff Eric Robert Nordheim, resident of Harris County, TX, serves as a Pilot for United Airlines, based in Houston.

465. Plaintiff Dean Nordstrom, resident of Douglas County, CO, served as a Ramp Serviceman for United Airlines.

466. Plaintiff Nelson Jose Novo, resident of Charleston County, SC, serves as a Pilot for United Airlines, based in Newark.

467. Plaintiff Angelique Monteiro Nunez, resident of Los Angeles County, CA, serves as a Customer Service Representative for United Airlines, based in Los Angeles.

468. Plaintiff Erin Mary O'Brien, resident of Henrico County, VA, serves as a Flight Attendant for United Airlines, based in Dulles, VA.

469. Plaintiff Israel Michael Ochoa, resident of San Benito County, CA, serves an Aircraft Maintenance Technician for United Airlines, based in San Francisco.

470. Plaintiff Molli Duskin Oliver, resident of Los Angeles County, CA, serves as a Flight Attendant for United Airlines, based in Los Angeles.

471. Plaintiff Donna Kaye Olson, resident of Warren County, MO, served as a Customer Service Representative for United Airlines, based in St.

472.    Plaintiff Carlos Esteban Ordonez, resident of Montgomery County, TX, serves as a Ramp Service Agent for United Airlines, based in Houston.

473.    Plaintiff Agustin Oropeza, resident of Osceola County, FL, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

474.    Plaintiff Jorge Ortiz, resident of Galveston County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

475.    Plaintiff James Ronald Orwig, Resident of Sumner County, TN, serves as a Aircraft Maintenance Technnicianfor United Airlines, based in Nashville.

476.    Plaintiff Carla Osorto, resident of Union County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

477.    Plaintiff Joseph Otoya, resident of Harris County, TX, serves as a Ramp Service Employee for United Airlines, based in Houston.

478.    Plaintiff Chrissy Mary Paguandas, resident of Prince William County, VA, serves as a Customer Service Representative for United Airlines, based Dulles, VA.

479.    Plaintiff Sergey Palamarchuk, resident of Adams County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

480.    Plaintiff Dana Marie Palsgraf, resident of Pasco County, FL, serves as a Flight Attendant for United Airlines, based in Tampa.

481.    Plaintiff Jacqueline Panick, resident of Ocean County, NJ, serves as a Flight Attendant for United Airlines, based in Newark.

482.    Plaintiff Sara Panton, resident of Harris County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

483.    Plaintiff Joseph Mario Parker, resident of Montgomery County, TX, served as a Tactical Maintenance Planner/Line Maintenance Planner for United Airlines.

484.    Plaintiff Michael Parrish, resident of Island County, WA, serves as a Pilot for United Airlines, based in San Francisco.

485.    Plaintiff Yenny Pascacio, resident of Kings County, NY serves as a Customer Service Representative for United Airlines, based in Newark, NJ.

486.    Plaintiff L Karlene Pattenaude, resident of Cook County, IL, served as a Flight Attendant for United Airlines, based in Chicago.

487.    Plaintiff Christian Baltazar Estrada Paz, resident of Cook County, IL, serves as Ramp Service Agent for United Airlines, based in Chicago.

488.    Plaintiff Darci Rene Pennington, resident of Adams County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

489.    Plaintiff Victoria Rae Pennington-Sorensen, resident of Weld County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

490.    Plaintiff Cecilia Yvonne Perez, resident of Adams County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

491.    Plaintiff Teresa DeJesus Perez, resident of Harris County, TX, is a Customer Service Representative for United Airlines, based in Houston.

492.    Plaintiff Sarah La Perle, resident of Travis County, TX, serves as a Ramp Service Agent for United Airlines, based in Austin.

493.    Plaintiff Elbia  Pesantes, resident of Montgomery County, TX, served as a Customer Service Representative for United Airlines, based in Houston.

494.    Plaintiff Olwyn Peters, resident of Essex County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

495.    Plaintiff Amy Theresa Petrov, resident of Los Angeles County, CA, served as a Customer Service Representative for United Airlines, based in San Francisco.

496. Plaintiff David Lance Pettyjohn, resident of Hendricks County, IN, serves as a Facilities Maintenance Technician for United Airlines, based in Chicago, IL.

497. Plaintiff Alexandra Plascencia, resident of Los Angeles County, CA, serves as a Customer Service Representative for United Airlines, based in Los Angeles.

498. Plaintiff Leaf Bernard Plested, resident of Cass County, ND, serves as a Pilot for United Airlines, based in Chicago.

499. Plaintiff Oak Warren Plested, resident of Crow Wing County, MN, serves as a Pilot for United Airlines, based in Denver.

500. Plaintiff Timothy Plevniak, resident of Manassas, VA, served as a Lead Ramp Serviceman for United Airlines.

501. Plaintiff Luis Mejia Polanco, resident of Montgomery County, TX, serves as a Storekeeper for United Airlines, based in Houston, TX.

502. Plaintiff Brenda Power, resident of Arapahoe County, CO, served as a Customer Service Representative for United Airlines, based in Denver.

503. Plaintiff Melanie Powers, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

504. Plaintiff Karen Lynn Proctor, resident of Placer County, CA, served as a Customer Service Representative for United Airlines, based in Sacramento.

505. Plaintiff Yvonne Evlyn Quandt, resident of Washington County, WI, served as a Flight Attendant for United Airlines.

506. Plaintiff Anna Quartuccio, resident of Walton County, FL, serves as a Flight Attendant for United Airlines, based in Dulles, VA.

507. Plaintiff Selena Quick, resident of Orange County, FL, serves as a Flight Attendant for United Airlines, based in Orlando.

508. Plaintiff Michele Elvire Rachal, resident of Riverside County, CA, served as a Customer Service Representative.

509. Plaintiff Thomas Radziewicz, resident of Bergen County, NJ, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

510. Plaintiff Clyde Joseph Amos Rael, resident of Elbert County, CO, serves as an Aircraft Maintenance Technician for United Airlines, based in Denver.

511. Plaintiff Juanita Lucille Rael, resident of Elbert County, CO, serves as an Aircraft Maintenance Technician for United Airlines, based in Denver.

512. Plaintiff Michael Ragucci, resident of Palm Beach County, FL, served as a Pilot for United Airlines, based in Newark.

513. Plaintiff Jordan Rakestraw, resident of Bastrop County, TX, served as a Flight Attendant for United Airlines, based in San Fracisco.

514. Plaintiff Lisa Raucci, resident of Cook County, IL, serves as a Ramp Service Agent for United Airlines, based in Chicago.

515. Plaintiff William Lee Raun, resident of Medina County, OH, serves as an Aircraft Maintenance Technician for United Airlines, based in Cleveland.

516. Plaintiff Gregory A Raymer, resident of El Paso County, CO, serves as a Ramp Service Agent for United Airlines, Colorado Springs.

517. Plaintiff Cassandra Regalado, resident of Cook County, IL, serves as a Customer Service Representative for United Airlines, based in Chicago.

518. Plaintiff Adam James Resendez, resident of Adams County, CO, serves as a Ramp Service Employee for United Airlines, based in Denver, CO.

519. Plaintiff Siaosi Vi Afoa, resident of Clark County, NV, serves as a Ramp Service Agent for United Airlines, based in Las Vegas.

520. Plaintiff Lisa Reynolds, resident of Harris County, TX, serves as an Airport Support Desk Agent for United Airlines, based in Houston.

521. Plaintiff Stacy Jo Anna Reynolds, resident of Orange County, CA, served as a Flight Attendant for United Airlines, based in Denver.

522. Plaintiff Roger Joseph Rezac, resident of Washington, DC, serves as an Aircraft Maintenance Technician for United Airlines, based in Dulles, VA.

523. Plaintiff Shanta Rheams, resident of CollinCounty, TX, serves as a Customer Service Representative for United Airlines, based in Dallas/Ft. Worth.

524. Plaintiff John Scott Richey, resident of El Paso County, CO, served as a Fleet Technical Instructor at United Airlines, based in Denver.

525. Plaintiff Jennifer LaBritt Rievert, resident of Clark County, NV, serves as a Flight Attendant for United Airlines, based in Las Vegas.

526. Plaintiff Jorge Rincon, resident of Mercer County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

527. Plaintiff Elizabeth Dyer Ring, resident of Harris County, TX, serves as a Ramp Service Employee for United Airlines, based in Houston.

528. Plaintiff Luis Enrique Rivera, resident of Essex County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

529. Plaintiff Michelle Robinson, resident of Fort Bend County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

530. Plaintiff Norbert Rock, resident of Kane County, IL, serves as a Pilot for United Airlines based in Chicago.

531. Plaintiff Gilbert Rodriguez, resident of Orange County, FL, serves as an Aircraft Maintenance Technician for United Airlines, based in Orlando.

532. Plaintiff Jeniffer Rodriguez, resident of Hudson County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark, NJ.

533. Plaintiff Talibah E'jaaz Rodriguez, resident of Hudson County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

534. Plaintiff Lonna Kaye Rodriquez, resident of Arapahoe County, CO, served as a Customer Service Representative for United Airlines, based in Denver.

535. Plaintiff Trivie Rodriguez, resident of Adamas County, CO, served as a Ramp Service Employee for United Airlines, based in Denver.

536. Plaintiff Andrea Jane Rohlf, resident of Jefferson County, CO, serves as a Pilot Instructor for United Airlines, based in Denver, CO.

537. Plaintiff Steven Mitchell Ropa, resident of Cook County, IL, served as a Ramp Service Employee for United Airlines.

538. Plaintiff Tod Barclay Rosenthal, resident of Douglas County, CO, served as a Pilot for United Airlines, based in Denver, CO.

539. Plaintiff Rick Steven Rubin, resident of Ventura County, CA, served as a Pilot for United Airlines, based in San Francisco.

540. Plaintiff Jesus Jose Ruiz, resident of Harris County, TX, serves as a Pilot for United Airlines, based in Houston.

541. Plaintiff Lorena Alvarez Ruiz, resident of Hudson County, NJ, serves as a Flight Attendant for United Airlines, based in Newark.

542. Plaintiff Dean Richard Rumfola, resident of Adams County, CO, serves as a Pilot for United Airlines, based in Denver.

543. Plaintiff Peter Sabatini, resident of Orange County, FL, serves as a Lead Aircraft Maintenance Technician for United Airlines, based in Orlando.

544. Plaintiff Carlton Eemerson Sallis, resident of Cook County, IL, served as a Ramp Service Employee for United Airlines, based in Chicago.

545. Plaintiff Louis George Samaras, resident of Arapahoe County, CO, serves as an Aircraft Maintenance Technician for United Airlines, based in Denver.

546. Plaintiff Donald Sanders, resident of Harris County, TX, serves as a Storekeeper for United Airlines, based in Houston.

547. Plaintiff Erin Marie Sanders, resident of Orange County, CA, serves as a Flight Attendant for United Airlines, based in Los Angeles.

548. Plaintiff Hege Gjorstad Sanford, resident of Jefferson County, CO, served as a Flight Attendant for United Airlines, based in Denver.

549. Plaintiff Nidia Santana, resident of Hillsborough County, FL, served as a Customer Service Representative for United Airlines, based in Tampa.

550. Plaintiff Leonela Santiago, resident of Maui County, HI, serves as an Aircraft Maintenance Technician for United Airlines, based in Maui.

551. Plaintiff Eduardo Manuel Sarrico, resident of Somerset County, NJ, serves United as an Aircraft Maintenance Technician, based in Newark.

552. Plaintiff Margaret Scalise, resident of Allegheny County, PA, serves as a Flight Attendant for United Airlines, based in Dulles, VA.

553. Plaintiff Kirby Schaub, resident of Lake County, FL, serves as a Flight Attendant for United Airlines, based in Orlando.

554. Plaintiff Walter David Schaub, resident of Lake County, FL, serves as a Flight Attendant for United Airlines, based in Orlando.

555. Plaintiff Karl John Scheele, resident of Denton County, TX, served as a Aircraft Maintenance Technician for United Airlines, based in Dallas/Ft.Worth.

556. Plaintiff Brian Keith Schertz, resident of Hamilton County, TN, served as a Fleet Technical Instructor for United Airlines, based in Denver, CO.

557. Plaintiff Frederick James Schram, resident of Marquette County, MI, served as a Aircraft Maintenance Technician for United Airlines, based in Chicago.

558. Plaintiff Jason McLain Schroeder, resident of Kenosha County, WI, serves as a Pilot United Airlines, based in Chicago, IL.

559. Plaintiff John Schuett, resident of Waukesha County, WI, served Pilot for United Airlines, based in Chicago.

560. Plaintiff Daniel Schultz, resident of Hood County, TX served as a Pilot for United Airlines, based in Houston.

561. Plaintiff David Evan Scott, resident of Boone County, IL, serves as an Aircraft Maintenance Technician for United Airlines, based in Chicago.

562. Plaintiff Jennifer Jayne Scott, resident of Kenosha County, WI, serves as Flight Dispatcher for United Airlines, based in Chicago.

563. Plaintiff Glenda Sue Scott, resident of Gallatin County, MT, serves as a Flight Attendant for United Airlines, based in San Francisco.

564. Plaintiff James Edward Seitz, resident of Morgan County, IN, served as Line Maintenance Avionics Aircraft Technician for United Airlines.

565. Plaintiff Teresa Lynn Self, resident of Pasco County, FL, serves as a Customer Service Representative for United Airlines, based in Tampa.

566. Plaintiff Terri Dawn Serene, resident of Loudoun County, VA, serves as a Customer Service Representative for United Airlines, based at Dulles, VA.

567. Plaintiff Teri Ann Serpico, resident of Clark County, NV, serves as a Customer Service Representative for United Airlines, based in Las Vegas.

568. Plaintiff Jacques van Seters, resident of Yigo, Guam, serves as a Pilot for United Airlines, based in Guam.

569. Plaintiff Grace Kam Sham, resident of Monmouth County, NJ, serves as Customer Service Representative for United Airlines, based in Newark.

570. Plaintiff Saly Maher Shawky, resident of Westchester County, NY, served as a Flight Attendant for United Airlines.

571. Plaintiff Peter Shearer, resident of Beaver County, PA, serves as a Ramp Service Agent for United Airlines, based in Pittsburgh.

572. Plaintiff Katherine Ann Sheppard, resident of Adams County, CO, served as a Customer Service Representative for United Airlines based in Denver.

573. Plaintiff Akyta Kari Lyngholm Sherwood, resident of Larimer County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

574. Plaintiff Helena Nellie Shoup-Ruby, resident of Fairfax County, VA, serves as a Flight Attendant for United Airlines, based in Dulles, VA.

575. Plaintiff Mark Shulman, resident of Adams County, CO, serves as a Utility Specialist for United Airlines, based in Denver.

576. Plaintiff Andrzej Siczek, resident of Morris County, NJ, served as an Aircraft Maintenance Technician and Quality Control Inspector for United Airlines based in Newark, NJ.

577. Plaintiff Debbie Siebenthal, resident of Marin County, CA, serves as a Flight Attendant for United Airlines, based in San Francisco.

578. Plaintiff Christopher Daniel Siemer, resident of Orange County, CA, served as a Ramp Service Employee for United Airlines.

64

579. Plaintiff Catia Raquel Silva, resident of Somerset County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

580. Plaintiff Kent Jeffrey Simnitt, resident of Bexar County, TX, serves as a Pilot for United Airlines, based in Houston.

581. Plaintiff Tory Sims, resident of Osceola County, FL, serves as an Aircraft Maintenance Technician for United Airlines, based in Orlando.

582. Plaintiff Skobel Skobelev, resident of Cook County, IL, serves as a Customer Service Representative for United Airlines, based in Chicago.

583. Plaintiff Timothy John Skolar, resident of Kane County, IL, serves as a Ground Service Equipment Technician for United Airlines, based in Chicago.

584. Plaintiff Agnieszka Skorut, resident of Denver County, CO, serves as a Flight Attendant for United Airlines, based in Denver.

585. Plaintiff Jeffrey John Sladko, resident of Clark County, WA, serves as a Pilot for United Airlines, based in San Francisco.

586. Plaintiff Mitchell Patrick Scott Slater, resident of Douglas County, CO, serves as a Ramp Service Agent for United Airlines, based in Denver.

587. Plaintiff Tracy Slusher, resident of Jefferson County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

588. Plaintiff Brandon Edward Smith, resident of Montgomery County, TX serves as a Supervisor of Airport Operations for United Airlines based in Houston.

589. Plaintiff Dewaun Smith, resident of Cook County, IL, serves as a Ramp Serviceman for United Airlines, based in Chicago.

590. Plaintiff James David Smith, resident of Harris County, TX, serves as a Lead Storekeeper for United Airlines, based in Houston.

591. Plaintiff Julia Smith, resident of St Claire County, IL, served as a Customer Service Representative for United Airlines.

592. Plaintiff Kurt Edward Smith, resident of Montgomery County, TX, serves as a Pilot for United Airlines, based in Houston.

593. Plaintiff Mary Therease Smith, resident of Adams County, CO, serves as a Ramp Service Employee for United Airlines, based in Denver.

594. Plaintiff Melissa Ann Smith, resident of Bastrop County, TX, serves as a Lead Customer Service Representative for United Airlines, based in Austin.

595. Plaintiff Theodore John Snyder, resident of Hernando County, FL, serves as a flight attendant for United Airlines, based in San Francisco.

596. Plaintiff Jody Kay Soares, resident of Ottawa County, MI, served as a Flight Attendant for United Airlines, based in Newark.

597. Plaintiff Matthew Sortwell, resident of San Diego County, CA, served as a Lead Customer Service Representative for United Airlines, based in San Diego.

598. Plaintiff Roosevelt Sergio Chong Sosa, resident of Osceola County, FL, serves as an Aircraft Move Team Agent for United Airlines, based in Newark.

599. Plaintiff Telma Sousa, resident of Union County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

600. Plaintiff Clifton Spence, resident of Essex County, NJ, serves or served as a Ramp Service Agent for United Airlines, based in Newark.

601. Plaintiff Vernon Frank Stamm Jr, resident of Monroe County, PA served as a Lead Ramp Service Agent for United Airlines.

602. Plaintiff Rhonda Michelle Stanelle, resident of Adams County, CO serves as a Ramp Serviceman for United Airlines, based in Denver.

66

603. Plaintiff Karen Laurae Stanley, resident of Honolulu County, HI, served as a Flight Attendant for United Airlines, based in San Francisco.

604. Plaintiff Cory Steele, resident of Bonneville County, ID served as a Flight Attendant for United Airlines, based in Denver.

605. Plaintiff Craig Steele, resident of Orange County, CA, serves as a Move Team Employee for United Airlines, based in Los Angeles.

606. Plaintiff Giuseppe Stefanese, Jr, resident of Morris County, NJ, serves as an Aircraft Maintenance Technician for United Airlines, based in Newark.

607. Plaintiff John Stefanou, resident of Burlington County, NJ, serves as a Flight Attendant for United Airlines, based in Newark.

608. Plaintiff Lauren Steigerwalt, resident of Maricopa County, AZ, served as a Flight Attendant for United Airlines, based in San Francisco.

609. Plaintiff Colleen Marie Stevens, resident of Lake County, IL, serves as a Flight Attendant for United Airlines, based in Chicago.

610. Plaintiff Bryon Ray Stewart, resident of Fauquier County, VA, serves as a Pilot for United Airlines, based at Dulles, VA.

611. Plaintiff Daniel Travis Stone, resident of Porter County, IN, serves as an Aircraft Maintenance Controller for United Airlines, based in Chicago.

612. Plaintiff Lori Lynn Stout, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

613. Plaintiff Shauna Marie Stovall, resident of Elbert County, CO, served as a Ramp Service Agent for United Airlines, based in Denver.

614. Plaintiff Christa Marie Strang, resident of Walton County, FL, served as a Pilot for United Airlines, based in Dulles, VA.

67

615. Plaintiff Victor Steve Suarez, resident of Union County, NJ, serves as a Ramp Agent for United Airlines based in Newark.

616. Plaintiff Nancy Lee Swingle, resident of Weld County, CO, served as a Customer Service Representative for United Airlines, based in Denver.

617. Plaintiff Toshihide Takekoshi, resident of Strafford County, New Hampshire, serves as a Flight Attendant for United Airlines, currently based in Newark.

618. Plaintiff Brandi Wilson Talbot, resident of Montgomery County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

619. Plaintiff Grace Talkington, resident of Taney County, MO, served as a Flight Attendant for United Airlines.

620. Plaintiff Bruno Tardif, resident of Stanislaus County, CA, serves as an Aircraft Maintenance Technician for United Airlines, based in San Francisco.

621. Plaintiff Pamela Rene Tassone, resident of Pima County, AZ, serves as Customer Service Representative for United Airlines, based in Phoenix.

622. Plaintiff Stephanie Tatman, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

623. Plaintiff Sylvia Tatman, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

624. Plaintiff Courtney Lummus Tatum, resident of Montgomery County, TX, serves as a Pilot for United Airlines, based in Houston.

625. Plaintiff Lemuel Thomas, resident of Harris County, TX, serves as a Supervisor of Airport Operations for United Airlines, based in Houston.

626. Plaintiff Lisa Ann Thompson, resident of Monroe County, NY, served as a Customer Service Representative for United Airlines, based in Pittsburgh.

627.     Plaintiff Tammy Denise Thompson, resident of Harris County, TX, served as a Flight Attendant for United Airlines, based in Houston.

628.     Plaintiff Evelyn Timmons, resident of Montgomery County, TX, served as a Customer Service Representative for United Airlines, based in Houston.

629.     Plaintiff Kelli Kuuleilani Timoteo, resident of Honolulu County, HI, serves as a Customer Service Representative for United Airlines, based in Honolulu.

630.     Plaintiff Timothy Tobias, resident of Alameda County, CA, serves as an Aircraft Maintenance Technician for United Airlines, based in San Francisco.

631.     Plaintiff William Tolbert, Jr, resident of Victoria County, TX, serves as a Lead Aircraft Maintenance Technician for United Airlines, based in Houston.

632.     Plaintiff Rachel Torres, resident of Adams County, CO, serves as a Ramp Service Agent for United Airlines, based in Denver.

633.     Plaintiff Richard A. Torres, resident of New York County, NY, served as a Move Team for United Airlines, based in Newark.

634.     Plaintiff Ramona Antonia Touchton, resident of Harris County, TX, served as a Customer Service Representative for United Airlines, based in Houston.

635.     Plaintiff Robert Charles Treiber, Resident of Cuyahoga County, OH, serves as a Facility Maintenance Lead Technician for United Airlines, based in Cleveland.

636.     Plaintiff Vladimir Tripolski, resident of San Mateo County, CA, serves as a Lead Base Specialty Hydraulic Mechanic for United Airlines, based in San Francisco, CA.

637.     Plaintiff Steven Blair Tripp, resident of Travis County, TX, served as a Customer Service Representative based in Austin.

638.     Plaintiff Kate Trochimiuk, resident of Somerset County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

639. Plaintiff Tom Thanh Truong, resident of Pasco County, FL, served as a Ramp Serviceman for United Airlines.

640. Plaintiff Seth Adam Turnbough, resident of Kane County, IL, serves as a Pilot for United Airlines, based in Chicago.

641. Plaintiff James Daniel Tuten, resident of Douglas County, CO, served as a Pilot for United Airlines, based in Denver.

642. Plaintiff Adrianna Uballe, resident of Denton County, TX, served as a Flight Attendant for United Airlines.

643. Plaintiff Ami Uehara, resident of Harris County, TX, serves as Customer Service Representative for United Airlines, based in Houston.

644. Plaintiff Kathleen Lehane Urbanek, resident of Cuyahoga County, OH, serves as a Flight Attendant for United Airlines, based in Chicago.

645. Plaintiff Sergio Valadez, resident of Ventura County, CA, serves as a Move Team Employee for United Airlines, based in Los Angeles.

646. Plaintiff Maria Valencia, resident of Union County, NJ, served as a Customer Service Representative for United Airlines, based in Newark.

647. Plaintiff Juan Valois, resident of Orange County, FL, serves as an Aircraft Maintenance Technician for United Airlines, based in Orlando.

648. Plaintiff Brenda Varela, resident of Loudoun County, VA, serves as a Customer Service Agent for United Airlines, based in Dulles, VA.

649. Plaintiff Daniel Vasquez, resident of Riverside County, CA, served as a Lead Ramp Service Employee for United Airlines, based in Los Angeles.

650. Plaintiff Viviana Della Vecchia, resident of Hudson County, NJ, serves as a Customer Service Representative for United Airlines, based in Newark.

651. Plaintiff Wendee Renae Veldkamp, resident of Denver County, CO, served as a Ramp Service Agent for United Airlines, based in Denver.

652. Plaintiff Manuel Felipe Velez, resident of Bastrop County, TX, serves as a Ramp Service Agent for United Airlines, based in Austin.

653. Plaintiff Mariko Imai Venema, resident of Ottawa County, MI, serves as a Flight Attendant for United Airlines, based in Denver.

654. Plaintiff Patrick Del Vicario, resident of Morris County, NJ, serves as an Aircraft Technician for United Airlines, based in Newark.

655. Plaintiff Debora Viego, resident of Pinellas County, FL, serves as a Customer Service Representative for United Airlines, based in Tampa.

656. Plaintiff Cherise Marie Villar, resident of Kootenai County, ID, serves as a Flight Attendant for United Airlines, based in San Francisco.

657. Plaintiff Kaileigh Breanne Vincent, resident of Brazos County, TX, serves as a Flight Attendant for United Airlines, based in Denver.

658. Plaintiff Joreth Wagner, resident of Harris County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

659. Plaintiff Melissa Wagoner-Vandall, resident of Hocking County, OH, serves as a Customer Service Representative for United Airlines, based in Houston.

660. Plaintiff Bradley Douglas Wallace, resident of Frederick County, Maryland serves as a Ground Service Equipment Technician for United Airlines, based in Dulles, VA.

661. Plaintiff Robin Wallner, resident of Lake County, IL, served as a Customer Service Representative for United Airlines, based in Chicago.

71

662.    Plaintiff Kelly Anne Walls, resident of Montgomery County, PA, served as a Flight Attendant for United Airlines, based in Newark.

663.    Plaintiff James Walton, resident of Montgomery County, TX, serves as a Customer Service Representative for United Airlines, based in Houston.

664.    Plaintiff Caley Ward, resident of Pima County, AZ, serves as a Flight Attendant for United Airlines, based in Phoenix.

665.    Plaintiff Beverly Watson, resident of Cook County, IL, served as a Customer Service Representative for United Airlines, based in Chicago.

666.    Plaintiff Amanda Mae Watters, resident of Union County, NJ, served as a Flight Attendant for United Airlines, based in Newark.

667.    Plaintiff Brian Carl Watts, II, resident of Will County, IL, serves as a Flight Dispatcher for United Airlines, based in Chicago.

668.    Plaintiff Michael Jerome Weber, resident of Hood County, TX, served as a Pilot for United Airlines, based in Denver.

669.    Plaintiff Bobbi McCulloch Wells, resident of Dare County, NC, serves as a Flight Attendant for United Airlines, based in Newark.

670.    Plaintiff Shirley Wells, resident of Lee County, FL, served as a Customer Service Representative for United Airlines, based in Fort Myers.

671.    Plaintiff Deirdre Denise Weston, resident of Los Angeles County, CA, serves as a Customer Service Representative for United Airlines based in Los Angeles.

672.    Plaintiff Jennifer Lynn Whitaker, resident of Jackson Township in Ocean County, NJ, served as a Flight Attendant for United Airlines, based in Newark.

673.    Plaintiff Bernadette Whitney, resident of Jefferson County, CO, serves as a Customer Service Representative for United Airlines, based in Denver.

72

674. Plaintiff Erik Werner Wichmann, resident of Maricopa County, AZ, served as a Pilot for United Airlines.

675. Plaintiff Margo Rae Wick, resident of Cumberland County, TN, serves as a Customer Service Representative for United Airlines, based in Houston.

676. Plaintiff Kevin Dale Wickstrom, resident of El Paso County, TX served as a Pilot for United Airlines, based in Los Angeles.

677. Plaintiff Michelle Patina Williams, resident of Essex County, NJ, served as a Flight Attendant for United Airlines, based in Newark.

678. Plaintiff Robert Paul Williamson, resident of Harris County, TX, serves as a Storekeeper for United Airlines, based in Houston.

679. Plaintiff Daniel Willis, resident of Will County, IL, serves as a Flight Dispatcher for United Airlines, based in Arlington Heights.

680. Plaintiff Jerry Dean Wills, resident of Kane County, IL, serves as an Aircraft Maintenance Technician for United Airlines, based in Chicago.

681. Plaintiff Barbara Wills, resident of Kane County, IL, serves as a Line Maintenance Planner for United Airlines, based in Arlington Heights.

682. Plaintiff Kawehilani Wills, resident of King County, WA, served as a Flight Attendant for United Airlines, based in Denver.

683. Plaintiff Naomi Wilshire, resident of Arapahoe County, CO, serves at United as a Customer Service Representative for United Airlines, based in Denver.

684. Plaintiff Natasha Winters, resident of Manatee County, FL, serves as a Customer Service Representative for United Airlines, based in Tampa.

685. Plaintiff Dionne Nadine Witt, resident of Clark County, NV serves as a Fleet Service Employee for United Airlines, based in Las Vegas.

686. Plaintiff Vola Womack, resident of MontgomeryCounty, TX, serves as a Flight Attendant for United Airlines, based in Houston.

687. Plaintiff Pooi Keun Wong, resident of Prince William County, VA, served as a Flight Attendant for United Airlines.

688. Plaintiff Jennifer Kay Woodburn, resident of Harris County, TX, serves as a Flight Attendant for United Airlines, based in Houston.

689. Plaintiff Dana Woodward, resident of Guilford County, NC, served as an Aircraft Inspection Assistant Manager for United Airlines, based in Greensboro.

690. Plaintiff Jamie Wright, resident of Bexar County, TX, serves as a Pilot for United Airlines, based in Houston.

691. Plaintiff Joseph Wright, III, resident of Liberty County, TX, serves as a Pilot for United Airlines, based in Guam.

692. Plaintiff William Robert Wright, resident of Morgan County, IN, served as a Aircraft Maintenance Technician for United Airlines, based in Nashville.

693. Plaintiff Maria Wynn, resident of San Joaquin County, CA, serves as a Flight Attendant for United Airlines, based in San Francisco.

694. Plaintiff David Yoder, resident of Greenville County, SC, served as a Ramp Serviceman for United Airlines, based in Orlando.

695. Plaintiff Steven Duane Young, resident of Los Angeles County, CA, serves as an Aircraft Maintenance Technician for United Airlines, based in Los Angeles.

696. Plaintiff Thomas Aaron Young, resident of Hillsborough County, FL, serves as a Ramp Service Agent for United Airlines, based in Tampa.

697. Plaintiff Kwok Fai Yuen, resident of Middlesex County, NJ, serves as Aircraft Maintenance Technician for United Airlines, based in Newark.

74

698.    Plaintiff Jason Anthony Zaremba, resident of Harris County, TX, serves as an Aircraft Maintenance Technician for United Airlines, based in Houston.

699.    Plaintiff Robert John Zerr, resident of Jefferson County, CO, serves as a Pilot and Instructor for United Airlines, based in Denver.

700.    Plaintiff Mary Elizabeth Zimmerman, resident of Montgomery County, TX, served as a Flight Attendant for United Airlines, based in Houston.

701.    Plaintiff Michael Zsilavetz, resident of Middlesex County, NJ, serves as an Aircraft Maintenance Technician/Quality Control Inspector for United Airlines, based in Newark.

**B.    Defendant**

702.    Defendant United Airlines is a Delaware corporation with its principal place of business in Chicago, Illinois.

JURISDICTION AND VENUE

703.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5(f)(3).

704.    Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

705.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events complained of herein occurred in this District and Division.

706.    This case challenges United's refusal to grant reasonable accommodations to its Mandate as required under Title VII and the ADA.  On information and belief, several activities and occurrences related to the development of the Mandate and the determination for how to respond to accommodation requests occurred in this District,

and in Texas more broadly. Indeed, United's Chief Executive Officer ("CEO"), Scott Kirby, lives in Dallas, and has at office at DFW. And given the significance of United's vaccine policy, and Mr. Kirby's personal involvement in the development and communication of that policy, it is implausible that Mr. Kirby would *not* have engaged in that decision making while at his residence in Dallas.

707. Addtionally, one of United's seven hubs is in Houston, Texas. United also maintains a large corporate office in Houston, Texas, including payroll operations for the company, training facilities, and a large maintenance facility.

708. Moreover, United's actions were felt by Plaintiffs in this District, and this is where the unlawful employment practices occurred. Each time Plaintiffs who reside in this District accessed United's electronic databases—including Help Hub—they were asked whether they want to withdraw their request for a reasonable accommodation. Similarly, Plaintiffs received United's constant e-mail reminders about the vaccine mandate while located in this District.

## FACTUAL ALLEGATIONS

### A. The COVID-19 Pandemic and Response

709. By Spring 2020, the novel coronavirus SARS-CoV-2, which can cause the disease COVID-19, spread rapidly around the world.

710. Around this same time, United began implementing certain mitigation procedures for its workforce, including several of the following requirements for its employees: wear United-issued masks, gloves, and, for some, eye protection; maintain distance from others; and participate in temperature checks prior to starting any shift or work assignment. United also began increasing the cleaning regimens of its aircraft—

spraying cabins with an anti-viral spray between flights—and it upgraded its aircraft HEPA filters to prevent the spread of COVID-19.

711. Since then, at least four separate COVID-19 vaccines have been developed and authorized or licensed for use in the United States. The Food and Drug Administration ("FDA") issued an Emergency Use Authorization ("EUA") for the Pfizer-BioNTech vaccine on December 1, 2020. One week later, the FDA issued a second EUA for the Moderna COVID-19 vaccine. The FDA also issued an EUA for the Johnson & Johnson COVID-19 vaccine on February 27, 2021. And, more recently, the FDA issued an EUA for the Novavax COVID-19 vaccine on July 13, 2022. The Pfizer-BioNTech vaccine received FDA approval for use in a slightly altered form on August 23, 2021, and is said to be produced as Comirnaty—a form legally distinct from the EUA version. The Moderna vaccine, Spikevax, has also since received FDA approval.

712. Subsequent to the development of the vaccines, the Delta and Omicron variants of COVID-19 spread around the world. Considering those variants, the accompanying increases in transmissibility of the virus, and the significant waning of the vaccines' efficacy, the FDA began recommending booster shots in addition to the initial vaccine regimens proposed.

713. The CDC also subsequently recognized that a prior COVID-19 infection provides protection superior to a vaccine alone. Tomás M. León et al., *Morbidity & Mortality Wkly. Rep., COVID-19 Cases and Hospitalizations by COVID-19 Vaccination Status and Previous COVID-19 Diagnosis—California and New York, May–November 2021*, CDC (Jan. 28, 2022) ("CDC Report"), https://www.cdc.gov/mmwr/volumes/71/wr/mm7104e1.htm?s_cid=mm7104e1_w

(noting that "[b]y early October [of 2021], persons who survived a previous infection had lower case rates than persons who were vaccinated alone").

714.     Not only has the CDC confirmed this, but additional studies have shown that the effectiveness of the COVID-19 vaccines wane significantly over time.  *See* Sarah A. Buchan et al., *Estimated Effectiveness of COVID-19 Vaccines Against Omicron or Delta Symptomatic Infection and Severe Outcomes* tbl. 2, JAMA Netw. Open (Sept. 22, 2022),        https://jamanetwork.com/journals/jamanetworkopen/fullarticle/2796615 (Table 2); Christian Holm Hansen et al., *Vaccine effectiveness against SARS-CoV-2 infection with the Omicron or Delta variants following a two-dose or booster BNT162b2 or mRNA-1273 vaccination series: A Danish cohort study* tbl., medRxiv [preprint] (Dec. 23, 2021), https://www.medrxiv.org/content/10.1101/2021.12.20.21267966v3.

715.     According to the CDC's previous recommendation, to be "Up to Date" or current with COVID-19 vaccinations, an individual must have received "the most recent booster dose recommended for you by CDC."  CDC, *Stay Up to Date with Vaccines: When Are You Up to Date?*  (Jan. 25, 2023), https://www.cdc.gov/covid/vaccines/stay-up-to-date.html?CDC_AAref_Val=https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html[2].  For adults, this is a two-shot regimen of the Pfizer, Moderna, or Novavax vaccine or a one-shot dosage of the Johnson & Johnson vaccine, followed by a booster after the primary series of either the Pfizer or Moderna vaccine. Previously, CDC recommended adults over 50 years old receive a second booster at least four months after the first booster.  *Id.*

---

[2] To be up to date, the webpage currently includes getting the "the 2024–2025 COVID-19 vaccine" for "[e]veryone ages 6 months and older," regardless of prior vaccination status. *Id.*

B.      United's Vaccine Mandate

716.    On August 6, 2021, United's CEO Scott Kirby announced that all employees would be required to receive a COVID-19 vaccine within five weeks of the FDA's granting full approval of a vaccine, or five weeks after September 20, 2021, whichever came first.

717.    As noted, the FDA approved Pfizer's COVID-19 Comirnaty vaccine on August 23, 2021.

718.    Accordingly, United employees were told they must receive at least the first dose of a COVID-19 vaccine by September 27, 2021.

719.    Employees were required to upload a copy of their proof of vaccination to a United database called Flying Together by September 27, 2021.  *See* Thomas Pallini, *United is the first US airline to require all employees be vaccinated against COVID-19*, Bus. Insider (Aug. 6, 2021), https://www.businessinsider.com/united-requiring-us-employees-get-covid-19-vaccine-2021-8.

720.    Employees who did not upload a copy of their vaccination record showing a COVID-19 vaccination or who were not granted an "accommodation" by United were terminated.

721.    United's Mandate was absolute and uniform—there was no alternative for periodic testing, mask wearing, or social distancing, even for employees who already had COVID-19 and still enjoyed immunity from the disease, despite EEOC guidance suggesting that these alternatives are appropriate accommodations.  *See What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws: Vaccinations-Overview, ADA, Title VII, and GINA,* EEOC (May 15, 2023), https://www.eeoc.gov/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#K.    Rather, every domestic United employee was forced to

choose vaccination or termination. Or, as discussed below, employees who were "accommodated" for religious or medical reasons could choose what they believed would be several years of unpaid leave without benefits: effectively, termination.[3]

722. United's policy contrasted with the Federal Government's announcement that the Department of Labor was developing a rule to require certain large employers to mandate vaccination *or* periodic testing for its employees in compliance with the EEOC's recommendations. United did not offer the option of periodic testing, either in general or for employees who received an accommodation.

723. The policy from United also differed substantially from the European Union's digital COVID-19 certificate, which—at least at the time—considered the following as equivalent: (1) a COVID-19 vaccine; (2) a negative COVID-19 test; or (3) a previous recovery from COVID-19. *See EU Digital COVID Certificate*, European Comm'n, https://www.consilium.europa.eu/en/policies/coronavirus-pandemic/eu-digital-covid-certificate/#how (last visited Sept. 23, 2024).

724. Through this policy, United ignored the CDC's recognition that naturally occurring immunity from COVID-19 was at least as strong as vaccine-induced immunity. *See* CDC Report *supra*.

725. When United announced its Mandate, it stated that employees could request accommodations for either religious or health reasons. *See* Daniella Genovese, *United Airlines vaccine mandate driven by delta variant, hospitalization data, CEO Scott Kirby says,* FoxBusiness (Aug. 10, 2021),

---

[3] As it turned out, the unpaid leave lasted approximately four months—ending shortly after the Fifth Circuit's determination that United had irreparably harmed its employees in the *Sambrano* case. *Sambrano v. United Airlines, Inc.*, 2022 WL 486610, at *6 (5th Cir. Feb. 17, 2022), *reh'g denied,* 45 F.4th 877 (2022).

https://www.foxbusiness.com/lifestyle/united-ceo-scott-kirby-pushed-vaccine-mandate-driven-by-hospitalization-data. That was in line with Equal Employment Opportunity Commission ("EEOC") guidance on private employers issuing such mandates. *See What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* §§ K.1 & K.2.*, EEOC (May 28, 2021), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws.

726. Under United's mandate, employees were required to receive either the Pfizer, Moderna, or Johnson & Johnson vaccine. As United did not mandate booster shots, many United employees had not received a COVID-19 vaccine in a year or longer at the same time United was putting unvaccinated employees out of work. Those vaccinated but unboosted employees were thus not in full compliance with CDC standards. Even more curious, United continued to require the outdated initial COVID-19 vaccines for all employees and new hires, preventing newly hired pilots and other employees, who were exempt from the mandate under Title VII or the ADA (such as some Plaintiffs here), from starting work unless they acquiesced to the manate even after other exempt employees were brought back to work.

C.     **United's Campaign to Pressure Employees**

727. In the days leading up to United's August 31, 2021 deadline for submitting accommodation requests, United's CEO Mr. Kirby threatened employees "to be very careful about" requesting such accommodations. He stated that there would be very "few people that get through the medical and religious exemption process"—describing such employees derisively as "all [of a] sudden decid[ing] 'I'm really religious.'" *Sambrano*, 2022 WL 486610, at *9. Mr. Kirby warned those employees to be very careful because

they were "putting [their] job[s] on the line" if they requested such accommodations. *See id.*

728. In addition to Mr. Kirby's threats, United placed substantial and unconscionable pressure on its employees. For instance, as just one example, in early-September 2021, United mailed postcards to all employees who had not yet provided proof of vaccination.

729. Those postcards stated that the employee had not uploaded proof of vaccination and repeated in bold text: "Unvaccinated employees without a reasonable accommodation will be separated from United." As these postcards were not sent in an envelope, United effectively broadcast its employees' medical information to all who saw the postcards, allowing a wide range of individuals outside United to also exert pressure on the employee.

730. According to United, the Mandate was aimed at increased safety. *See* Leslie Josephs, *United will require its U.S. employees to be vaccinated, a first for country's major airlines*, CNBC (Aug. 6, 2021), https://www.cnbc.com/2021/08/06/united-airlines-vaccine-mandate-employees.html. Yet United did not require any passenger flying on its planes, or interacting with its staff, to be vaccinated. *See* David Koenig, *United Airlines will require US employees to be vaccinated*, AP News (Aug. 6, 2021), https://apnews.com/article/united-airlines-vaccine-mandate-employees-frontier-e8eef8e8f11d4924b81768484e5401a1. Nor did it require its employees from other countries to receive the COVID-19 vaccine, even though those employees work alongside United crews from the United States. *Id.*

731. The Mandate also did not apply to regional airline partners that fly United customers on shorter routes that feed United's mainlines. Employees from these partners

82

work alongside United employees in the terminals and on the ramp, share employee cafeterias, and their pilots and flight attendants deadhead on United mainline flights. Likewise, United pilots and flight attendants are often scheduled to deadhead on these regional aircraft. *See* Josephs, *supra.*

732. And the Mandate did not apply to pilots or flight attendants from other airlines allowed to ride in the "jumpseats" of United aircraft. In the case of pilots, the jumpseat is located in the cockpit somewhat between the United flight officers' seats in extreme proximity to both United pilots. In the case of flight attendants, their jumpseats are generally in the cabin with passengers, and next to seats for the flight attendants who are working the flight. Further, United concurrently relaxed its requirement for flight attendants to wear gloves and eye protection that was introduced early in the COVID-19 pandemic, and United discontinued the "deep" cleaning disinfectant spraying inside the aircraft after each flight, as was the policy at the outset of the pandemic.

733. Likewise, many employees deemed "non-customer facing" who work in hangars or in operational rolls rountely intereacted with United's vendors and contractors who—though they worked in close proximity to United employees—were not subject to United's arbitrary mandate.

734. Despite United's suggestion that vaccination was necessary to keep its workforce safe, United was simultaneously telling consumers that the inside of a United airplane was one of the safest places to be during the pandemic—not because of vaccines, but because of cabin airflow and pressurization.

735. United's actions thus confirmed that the Mandate was not aimed at safety, but rather at pressuring employees like Plaintiffs to forsake their religious beliefs and health by receiving the COVID-19 vaccine to support a marketing campaign.

**D.      Federal Law Prohibits Religious and Disability Discrimination and Retaliation**

736.    Title VII prohibits United from discriminating against employees based on their religion.  This "include[s] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business."  42 U.S.C. § 2000e(j).

737.    In other words, "[a]n employer has the statutory obligation to make reasonable accommodations for the religious observances of its employees, but is not required to incur undue hardship."  *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 273 (5th Cir. 2000).

738.    Title VII also prohibits United from retaliating against an employee for engaging in protected activity.  *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004).

739.    Similarly, under the ADA, United may not "discriminate against a qualified individual on the basis of disability."  *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017).

740.    Such discrimination includes "fail[ing] to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless . . . the accommodation would impose an undue hardship.'"  *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013).

741.    Additionally, the ADA makes it unlawful to retaliate against an employee for seeking an accommodation.  *See* 42 U.S.C. § 12203(a).

84

**E.  United's Accommodation Request System**

742.  As part of its so-called Reasonable Accommodation Process ("RAP"), United created an online system through its "Help Hub" to allow employees to request accommodations from the Mandate based on religious beliefs or medical reasons.

743.  However, United did not allow employees to submit requests based on both religious and medical reasons.  United's reporting system permitted employees to request either a religious or medical exemption, but not both.  As a result, employees were forced to declare which accommodation they desired, without the opportunity to submit requests for both.  This resulted in United declaring many medical exemption requests invalid and then not allowing the employee to submit again for a religious accommodation.

744.  Nevertheless, Some creative employees were able to imbed requests in the body of their uploaded documents, thereby circumventing United's attempt to prevent individual employees from submitting both a medical and a religious accommodation request.  But these innovative employees soon learned that without any interactive process, United unilaterally interpreted all such "dual requests" as requests solely for medical accommodations, disregarding the employees' religious convictions.  The process was not interactive, as is recommended by EEOC guidance.  In fact, United treated all medical exemptions the same, in the end.  If one were a customer facing employee, they were granted unpaid leave.  Those remaining were subject to the draconian respirator and testing regime, without regard to their individual medical situation.

745.  United required all employees to submit requests for accommodation by August 31, 2021.

746. After that date, employees were not permitted to submit accommodation requests to United through Help Hub. In fact, religious requests received after August 31, 2021, were automatically denied as untimely.[4] In other words, any employee with a religious basis who was unable to complete the process by August 31, 2021, was left without a mechanism to request an accommodation from United. Such employees were forced either to receive the vaccine or be terminated.

747. When United announced the Mandate, many employees, including some plaintiffs, were on company approved leaves of absence (maternity, disability, occupational injury, voluntary reduction in force to help staffing during the pandemic downturn, Famly and Medical Leave, etc.). Some who managed to learn about the deadline attempted to apply for accommodations by the deadline. Some successfully submitted their requests prior to the deadline. Others either did not know about the Mandate, or believed that they would merely apply when they returned from approved leave, as no information was formally sent to those on approved leaves. To their disbelief, most who applied upon their return from leave were deemed untimely and denied or subjected to intense scrutiny/coercion. Somer were terminated even though they were off property at the time of the Mandate and were scheduled to be off property throughout. The individual employee's situation, religious beliefs, and medical condition did not matter. The goal was 100% vaccinated at all costs.

---

[4] United did subsequently grant certain medical accommodation requests that came in after the company's arbitrary deadline, and a few employees who were on company approved leaves of absence when the Mandate was rolled out eventually received the "accommodation" of forced, unpaid leave without benefits.

### F.       United's Responses to Accommodation Requests

748.    Once employees were able to submit RAP requests, United continued its campaign to dissuade employees from completing the RAP process.  This pressure came from co-workers, managers, and company leadership.

749.    At first, United began a dissuasion campaign though rumor and inuendo. United's managers propagated the notion that only those who had letters, on official church letterhead from an recognized denomination, would be considered for a religious accommodation, causing many who had submitted religious accommodation requests to wrongly rescind those requests.  At the same time, the various unions were also propagating the notion that if one were to apply for an accommodation or engage in the process, the employee would likely be terminated, or never fly again.

750.    Then, once the deadline to submit requests passed, United subjected the employee to probing questions about the legitimacy of either the religious belief or medical condition requiring an accommodation.

751.    This included questions aimed at harassing and manipulating employees requesting religious accommodations, including: "Are you aware if any vaccines or medications you have previously received were created, researched, tested or otherwise involved the use of stem cells," and if so, "please explain why receiving such vaccines or medications were not a violation of your sincerely held belief."  Also, United asked: "What about your religious belief prevents you from getting the COVID vaccines, but not taking other types of medicine;" "Have you received vaccinations in the past;" and "Do you currently take or have you taken medications of any kind (over the counter or prescription)?"

752. Similarly, for employees requesting medical accommodations, United subjected them to repeated and invasive requests for medical records and supporting statements from medical providers, many of whom were unable to keep up with United's repeated requests, leaving employees without all the (voluminous) information United was requesting.

753. In a further effort to dissuade employees from requesting accommodations, United also asked individuals (on a short 3-day timeline, often over holidays or weekends, or while employees were out of the country without Internet access, some on flying assignments) for pastoral or third-party letters attesting to the employees' religious beliefs. The requirement for a pastoral letter as substantiation for an employee's sincerely held religious beliefs was implemented by United early in the review process. This was later replaced by the requirement for a letter to be provided by a third party who could attest to an employee's sincerely held religious beliefs. However, United failed to announce this revised attestation policy widely, and many employees were dissuaded from submitting religious accommodation requests out of a fear that they would not be able to obtain a formal letter from a pastor.

754. As noted, when United requested additional information, it often did so with unreasonable timeframes. United's online portal, Help Hub, regularly failed to alert employees when additional information was requested. In fact, employees stopped receiving email notifications when updates were available, causing some employees to miss United's artificially imposed deadlines for providing additional requested information. Moreover, many United employees are not required to check their United email while they are not working. Further, many United employees fly international routes where they lack reliable internet access during the trip. These factors limited the

ability of many United employees to respond to United's questions on United's accelerated and arbitrary timeline.

755. Once any questions were answered and any requested documents were submitted, United failed to engage further with the employee. The company did not ask for or suggest any possible accommodation alternatives to the Mandate issued on August 6, 2021. Some United employees assumed that United's silence meant that their requests were denied and, due to fear of lost income, they felt compelled to betray their faith and/or health by receiving the COVID-19 vaccine.

756. On September 9, 2021, United began "granting" requests for accommodation, announcing that for any accommodation request it granted, the employee would be placed on indefinite unpaid leave starting October 2, 2021, with no company-paid benefits, no access to their retirement benefits, and no planned return date. Many were told that if their mandatory retirement date transpired during the upaid leave, they would lose the benefits they had accrued over a lifetime. Others were told that because they could not retire once on unpaid leave, and because they may never be recalled, they were effectively forfeiting those benefits. *See* Ailsa Chang et al., *United Airlines CEO On the Decision To Put Unvaccinated Employees On Leave In October*, NPR (Sept. 10, 2021), https://www.npr.org/2021/09/10/1036039856/united-airlines-ceo-on-the-decision-to-put-unvaccinated-employees-on-leave-in-oc. This announcement caused many United employees to rescind their accommodation requests out of a fear of lost income, health insurance, and retirement benefits.

757. Other requests for accommodation were denied as being either untimely under United's self-imposed August 31, 2021 submission deadline or due to other

arbitrary reasons, such as an employee's failure to respond within three or five days to requests for substantiation of religious beliefs or additional medical documentation.

758. For customer-facing employees (including pilots, flight attendants, and some customer service representatives), United stated that the period of unpaid leave would last "until the risk of COVID is low enough that [United] deem[s] it safe" or until the pandemic "meaningfully" subsides.

759. For non-customer-facing employees (including aircraft technicians, ramp personnel, employees who performed their jobs from home, and other service representatives), the period of unpaid leave was set to last "for some period of time while [United] work[s] out all the details [and] the logistics" of mitigation measures, which United stated may or may not include testing requirements and requiring unvaccinated employees to wear vaccine identification badges. *See* Chang et al., *supra* ¶ 756.

760. In announcing these rules, United ignored the interactive process. United did not explain why one group of employees may be able to come back to work with mitigation measures in place, while another group would not be able to do so. For example, United did not explain why employees in non-customer-facing positions are at less risk of infection despite still interacting with other employees, vendors, and contractors. The same is true for other types of customer service representatives who could have worked remotely or relied on other mititagating elements (such as working behind a plexiglass shield in an airport).

761. United likewise did not explain why pilots and flight attendants could not be accommodated even though they fly in an environment that United's CEO Mr. Kirby boasted to a congressional committee "is the safest place that you can be indoors," including places like an intensive care unit or operating room. S. Comm. on Com., Sci., &

Transp., *Airline Oversight Hr'g*, C-SPAN, at 56:24 (Dec. 15, 2021) ("Oversight Hr'g"), https://www.c-span.org/video/?516667-1/airline-oversight-hearing. Further, Mr. Kirby explained that, because of the airflow within planes, sitting next to a passenger in a United plane is equivalent to sitting 15 feet from the person in a typical building. *Id.* at 56:42. United itself boasted of the advanced air filtration system in its planes that make it "virtually impossible for one person to transmit COVID to another" on a United flight.

762. As United explained in its marketing materials, it partnered with the Cleveland Clinic to study the safety of its aircraft during the COVID-19 pandemic. And United points its customers to the results of that study, as well as a Department of Defense study, "showing that aircraft cabins are among the safest of public indoor environments." In fact, United tells its customers that, "even when the plane is full, on average only 0.003% of infected air particles could enter the breathing zone of seated, masked passengers[.]"

763. United also did not explain why its distinctions did not include any consideration for employees who have previously recovered from COVID-19 and therefore possess antibodies that may provide them with protection against future COVID-19 infection at rates similar to (or greater than) vaccination. United further failed to explain why it would allow pilots from other airlines to ride in the cockpit with United flight officers even though those other pilots would not be required to have a COVID-19 vaccination. Nor did United explain why its non-U.S. employees were not required to be vaccinated, even though crew members from outside the U.S. often work together on flights with U.S. crew members. The same is true for the regional aircrews that fly shorter routes for United. What United did do was rely on arbitrary line-drawing rather than

engaging in the interactive process with each employee who requested an accommodation.

764. Instead, United promised unpaid leave to any "accommodated" employee with no end date in sight. Further intending to coerce employees to abandon their faith and risk their health by receiving the COVID-19 vaccine, United stated that the period of unpaid leave could last up to 72 months (*i.e.*, up to 6 years).[5] United also told those who were facing unpaid leave that upon return, if their current position had been filled, they may not have a job at United to which they could return.

765. United informed "accommodated" employees that, while on unpaid leave, some may lose company seniority and accrued travel benefits, they may not use accrued sick leave or vacation time, they do not accrue any sick leave or vacation time, and they must pay their own medical insurance premiums—both the employee's share and United's usual share. Subsequently, those receiving a medical accommodation were allowed to use their own earned sick time pay to offset the loss of income from working their job. This opportunity was not afforded those with religious accommodations, demonstrating further discrimination against the faithful.

766. Any employee whose accommodation request was denied and who did not take the vaccine was terminated. This included those prevented from having their request

---

[5] After the initial filing of the *Sambrano* lawsuit, during an agreed-upon stay of injunctive relief taking place prior to a scheduled preliminary injunction hearing, United determined that the non-customer facing employees could be returned to work under an oppressive masking and testing protocol, while the customer-facing service representatives were given some opportunities for work, but their normal schedules and ability to work overtime were severely altered. Moreover, many of these customer-facing service representatives were removed from union jobs, and union protections, and placed into new roles where they worked alone, isolated in small spaces equivalent to closets. Yet, they were still subject to the punitive masking and testing protocols. The lack of union representation in these new roles created a significant fear of retaliation.

92

approved because of United's faulty process, even though the company was on notice of the employee's need for an accommodation. And that included many who suffered adverse reactions to the first dose of a two-part vaccine. Even though they could not physically receive the second dose, they were threatened and even terminated for not meeting the arbitrary vaccine deadline.

### G. United's Punitive and Reactionary Masking-and-Testing Protocol

767. As mentioned above, after the initial filing of the *Sambrano* lawsuit, United responded by imposing a harsh masking-and-testing "accommodation" for employees it deemed non-customer-facing.[6] This group included over a thousand employees with jobs ranging from airport operations (both above the wing and below the wing) to those who worked in catering.

768. United made clear that it's reactionary masking-and-testing regimen had nothing to do with an individualized assessment of anyone's job. Rather, masking and testing was imposed only because of the *Sambrano* litigation. An internal document revealed in that case states: "*As a result of the current litigation*, on Friday we communicated to non-vaccinated employees the requirement that N95/KN95 mask be worn in all United locations . . . . We are evaluating additional safety measures that could be implemented as part of reasonable accommodation plans depending on the outcome of this week's injunction hearing."

---

[6] Additionally, United allowed certain employees within this group to work briefly in different roles, but the new roles were clear demotions. For example, Plaintiffs were moved from roles such as gate agents to non-customer facing roles—Agent on Demand—where their job duties changed and they were penalized with reduced hours, overtime opportunities, shift differentials, and pay.

769.    However, United ensured that this new policy was also punitive. Regarding masks, "accommodated" employees could not wear the cloth masks worn by others—they had to wear N95/KN95 respirators *at all times* unless actively taking bites of food or drinking. This was true even while eating alone outside—which they were required to do irrespective of weather and even when (as they often were) surrounded by dirty conditions of the ramp where planes are located. Masking-and-testing was also required whether an employee's particular job involved night or day shifts, involved limited interactions with other employees, or was primarily outdoors. And accommodated employees had to wear respirators regardless of social distancing any time on airport property including while alone in the employee parking lot unloading their luggage or arriving at work. Further, this policy contradicted United's earlier guidance from August 2021 that employees, vaccinated and unvaccinated, need not wear masks outdoors. Astonishingly, United even told accommodated employees to wear these respirators while on *personal* travel, a mandate they did not require of their customers traveling on these same planes.

770.    Kirby made clear that the masking-and-testing accommodation was intended to be excessive, as he wanted the policy to "sound[] very serious to [employees]. Masks at all times (including outdoors) and *automatic termination* for violating the policy." HR had to remind Kirby that his proposed termination policy would violate the employees' collective bargaining agreements. Kirby acquiesced (slightly) and allowed just one warning before termination.[7] Similarly, Kate Gebo, United's Executive VP of HR, later pursued "remov[ing] discipline from everyone who has been vaccinated but has a

---

[7] Even the warning was severe, where an accommodated employee caught not wearing a respirator would receive a warning that "remain[ed] in effect *for eighteen (18) months*."

mask warning in the record." Of course, United did not make such offers to "accommodated" employees with mask violations. As a result, several Plaintifs were terminated for minor infractions of United's draconian masking and testing policy.

771. At this same time, United also ignored federal requirements that it provide training, medical evaluations, and fit testing to ensure the employees were properly trained on wearing the respirators. Nor were employees provided the required breaks to remove the respirator to replenish oxygen levels. Only after the policy was implemented did United's safety team scramble to come up with *some form* of the "training" that is required for respirators to broadcast to all employees, but United also told employees that no training was necessary because the policy was voluntary, as employees had "a choice to stay at home" on unpaid leave or "get vaccinated[.]" The lack of required medical evaluation, fit testing, training, and oxygen breaks had real-life consequences, with employees experiencing headaches and dizziness from wearing a respirator for so long. Employees were physically harmed from the policy including one litigant who asphyxiated and fell, breaking bones, and one who passed out in the belly of an airplane in the Texas heat, sending him face first down a belt loader and resulting in him scraping his face on the ramp surface. This approach led the State of Virginia to fine United for not providing the proper training. United also received multiple inquiries from OSHA about this respirator policy.

772. In addition to respirators, United implemented harsh testing requirements on these "accommodated" employees. United required them to take COVID-19 tests twice a week, even when on vacation or immediately after recovering from COVID. Once again, many in HR recognized the absurdity of this requirement, asking: "If someone's camping, we're really going to require them to test?" Indeed, even a litigant who was off property

on Family and Medical leave was required to upload his twice-a-week tests while away from United, recovering from surgery. Another employee who was sent to a temporary duty assignment where no test kits were available was terminated, due to no fault of his own, for not being able to acquire tests while holed up in a company provided hotel, without transportation. He tried to order test kits online, but at that time, test kits were scarce. United had a testing facility available at his home base, but not at the temporary duty station. In other words, United assigned him to a location without facilities or the available tests, then terminated him for noncompliance.

773. And, even when United's Medical Director, Pat Baylis, explained that employees who recently recovered from COVID-19 should not be required to test twice a week, as they might still test positive but were not contagious under CDC guidelines, HR overruled Baylis and insisted that these employees continue testing and stay out of work. HR explained that United was ignoring CDC guidance because it was part of the "whole RAP issue," and United applied a uniform policy for all "accommodated" employees, who were too numerous to track. HR acknowledged that these employees might continue to test positive for months after recovering from Covid, but they were still "being pulled from service."

774. Discipline for those who missed a test was just as severe as it was for those who made any small infraction regarding the respirator-at-all-times policy. United gave employees who missed just one test a termination warning and terminated those who missed any further tests, even when they could not acquire test kits while away from their bases on temporary assignments, were on vacation, or were on extended leaves as detailed above.

### H.    Plaintiffs' Accommodation Requests

775.    Plaintiff Tracy Brown:  In August 2021, Ms. Brown notified United of her religious convictions that she must respect all human life.  Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make her complicit in the act of abortion, thereby violating her conviction to respect all human life as taught by her faith.  On September 12, 2021, United acknowledged Ms. Brown's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Brown only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Brown to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Brown suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

776.    Plaintiff Nancy Yanni Brumfield:  In September 2021, Ms. Brumfield desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief, taught by the Catholic Church that she must refuse a medical intervention, including a vaccination, if her religious conscience leads her to that decision. Anything not morally obligatory, according to the Catholic Church, must be voluntary. Her faith-based assessment of whether the benefits of a medical

intervention outweigh the potential risks, are to be respected unless they contradict authoritative Catholic moral teachings. Per her faith, she is morally required to obey her conscience and beliefs. Ms. Brumfield was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Brumfield's desire to also acquire the religious accommodation. In September 2021, United granted Ms. Brumfield's request for Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Brumfield only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Brumfield to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed.) Additionally, Ms. Brumfield suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

777. Plaintiff David Alexander Carlson: In August 2021, Mr. Carlson notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that ingesting products made or developed from aborted

98

babies is a sinful act, as abortion is murder, and is in violation of his religious beliefs. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would be a sin. In September 2021, United acknowledged Mr. Carlson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United the company determined that it could accommodate Mr. Carlson only by a masking/ testing regime that was intended to be punitive. Indeed, rather than wearing the mask that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Carlson to wear an N-95 respirator that the company knew was not suited for extend wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as the OSHA violation later showed). Additionally, Mr. Carlson suffered harassment /ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

778. Plaintiff Wendy Marie McDonald: In August 2021, Ms. McDonald notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is murder. Because the vaccine is derived from aborted fetal tissue cell lines, she knew she could not ingest the product as she could not be deemed complicit in this sinful act. In September 2021, United acknowledged Ms. McDonald's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United the company determined that it could accommodate Ms. McDonald only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the mask that had been

provided by the company for the previous 18 months of the pandemic, United forced Ms. McDonald to wear an N-95 respirator that the company knew was not suited for extend wear (especially when working as a Customer Service Representative) and which the company did not provide guidance / training on wearing (as the OSHA violation later showed). Additionally, Ms. McDonald suffered harassment /ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

779. Plaintiff Faith De Abreu:  In August 2021, Ms. De Abreu notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that it is strongly offensive to God to ingest a product derived from aborted fetal tissue cell lines. The ingredients used for the vaccine would contaminate the perfect body God created, with its God-given natural immunity, so Ms. De Abreu could not ingest this in her body. In August 2021, United acknowledged Ms. De Abreu's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. De Abreu employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. De Abreu was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. De Abreu acquiesced and took the vaccine. This was an especially pointless violation of Ms. De Abreu's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least

as strong as vaccine-induced immunity. Moreover, Ms. De Abreu would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

780.    Plaintiff Kossi Adjavon:  In August 2021, Mr. Adjavon notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he could not go against his conscience and the convictions of the Holy Spirit.  He believes his body is the temple of the Holy Spirit, and he cannot participate in harmful practices that could injure his body or soul. Mr. Adjavon believes it is unethical and immoral to ingest a product derived from aborted fetal tissue cell lines because he believes the process to be an exploitation of innocent human lives. He also believes the requirement to be reminiscent of the beast system ideology and a forerunner to the implementation of the mark of the beast spoken of in the book of Revelations in the Bible. On September 9, 2021, United acknowledged Mr. Adjavon's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Adjavon only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Adjavon to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Adjavon suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company

101

activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

781.    Plaintiff Francisco Aguinaga:  In September 2021, Mr. Aguinaga notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that recognizes abortion as sinful. Injection of the Covid-19 vaccine would violate his religious beliefs as he understands that the vaccine was derived using aborted human fetal tissue cell lines.  In October 2021, United acknowledged Mr. Aguinaga's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Aguinaga only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Aguinaga to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Building Maintenance Mechanic) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Aguinaga suffered harassment/ridicule/embarrassment etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Aguinaga had just recovered from COVID-19 and therefore possessed natural immunity (as demonstrated in a provided antibodies test) that was shown to be at least as strong as vaccine-induced immunity.

102

782.     Plaintiff Elnino Albiola:  In September 2021, Mr. Albiola notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief his body is the temple of GOD and keeping it holy to the best of his ability is his duty as a Christian. Taking the COVID-19 vaccine with its associated impurities is not aligned with this religious duty to keep his body holy. In September 2021, United acknowledged Mr. Albiola's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Albiola, only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Albiola, to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Ramp Serviceman) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Albiola suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participation regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

783.     Plaintiff Larry Andrew Albrecht:  In August 2021, Mr. Albrecht notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief in the sanctity of life.  Because the vaccine used cell lines originating from aborted children in his manufacturing, development, and/or testing, the product is not compatible with Mr. Albrecht's faith, as he cannot ingest or benefit from products derived from using aborted fetal cell lines. On September 10, 2021, United

acknowledged Mr. Albrecht's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Albrecht only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Albrecht to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Serviceman) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Albrecht suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

784. Plaintiff Reuben C. Aldana: In September, 2021, Mr. Aldana notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held belief that, as a Christian who believes that the Scriptures are the authoritative word of God, he believes they teach him the ways of God. He believes that it is his responsibility and requirement to protect the physical integrity and safety of his body against unclean food and anything foreign that might defile his body. He believes that his body was perfectly made by God. Therefore, ingesting products derived from unclean sources such as aborted fetal tissue cell lines and/or natural DNA or synthetic DNA/mRNA would violate his promise to God. On September 9, 2021, United acknowledged Aldana's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that

104

it could accommodate Aldana only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Aldana to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Aldana suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Aldana had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

785. Plaintiff Amarilis Alexander: In September 2021, Ms. Alexander notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple and ingesting the vaccine goes against her faith as it contains many impurities. She is commanded to not ingest anything that could damage her body physically or pollute her temple. On September 9, 2021, United acknowledged Ms. Alexander's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Alexander only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Alexander to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service

105

Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Alexander suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participation regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

786. Plaintiff Jason Richard Alexander: In September 2021, Mr. Alexander notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is morally and religiously wrong. The COVID-19 vaccines utilize fetal cell lines that are descended from fetal tissue, taken from elective abortions, in their development or testing. Mr. Alexander cannot be complicit in this violation of his religious faith. On September 23, 2021, United acknowledged Mr. Alexander's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Alexander employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Alexander was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Alexander acquiesced and took the vaccine. This was an especially pointless violation of Mr. Alexander's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Mr. Alexander would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

106

787.    Plaintiff Kyla A. Allen:  In August, 2021, Ms. Allen desired to notify United of her religious conflict with receiving a COVID-19 vaccine.  This was due to the sincerely held religious belief that the vaccine is in opposition to her deeply held religious belief that her body is a temple. She believes that God has given her the miracle of life, and she has faith God will make her well and protect her. It is through prayer and contemplation that she finds purpose and direction. Her faith has guided her to maintain a healthy mind, body, and spirit. She believes it is a sin to defile her body with "unclean" substances. The use of fetal materials related in any way to the development of the vaccine is unclean and therefore it is clearly a violation of her faith.  Allen was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Allen's desire to also acquire a religious accommodation. In fact, when contacting a United Human Resource Representative, she was explicitly told she could not request both accommodations.  In early September, 2021, United granted Allen's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Allen employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Allen was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Allen's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity, as indicated by her physician, that was shown to be at least as strong as vaccine-induced immunity. Moreover, Allen

107

would have been willing to mask and test regularly for COVID to show that she was not a danger to their coworkers (as allowed by other airlines).

788. Plaintiff Darren Scott Almazan: On August 25, 2021, Mr. Almazan notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that innocent life is sacred and begins in the womb. It is well documented that the vaccine was derived from aborted fetal cell lines as part of development and testing. Thus, participating in a vaccine that uses aborted fetuses is against his religion and sincerely held beliefs because he believes that being complicit in the act of abortion is a sin. On September 10, 2021, United acknowledged Mr. Almazan's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Almazan only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Almazan to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Almazan suffered. harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

789. Plaintiff James Brian Almond: In August 2021, Mr. Almond notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that taking a vaccine that is in any way tied to abortion, whether it be

in its testing or development, goes against the belief that one may not do evil even if good comes from it. He could not, in good conscience, take a vaccine that is even remotely involved in the abortion of a child. He believes that every procured abortion murders an innocent person and could not benefit from his destruction. On September 13, 2021, United acknowledged Mr. Almond's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Almond employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Almond was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Almond acquiesced and took the vaccine. This was an especially pointless violation of Mr. Almond's faith. Moreover, Mr. Almond would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

790. Plaintiff Oliverio Alvarado: On September 1, 2021, Mr. Alvarado notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his religious beliefs as a practicing Catholic Christian. He believes in the Bible and follows God. As such, it is his moral duty to refuse the use of medical products, including certain vaccines, which are created using human cell lines derived from abortion fetuses. He believes his body is the temple of God and the Holy Spirit. It is his God-given responsibility to preserve the physical and spiritual integrity of his body. To that end, he opposes all vaccines that use DNA, RNA, mRNA, and any other derived from of DNA that could alter his God-given body. On September 12, 2021, United acknowledged Mr. Alvarado's sincerely held religious belief but promised only the unreasonable

109

accommodation of unpaid leave. A temporary restraining order against United kept Mr. Alvarado employed for some time. Still, once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Alvarado was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Alvarado acquiesced and took the vaccine. Moreover, Mr. Alvarado would have been willing to mask and test regularly for COVID-19 to show that he was not dangerous to his co-workers (as was allowed by other airlines).

791. Plaintiff Michael Anthony Alvarez: On August 25, 2021, Mr. Alvarez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a Christian, he is made in the image of God. He cannot ingest any product made developed, tested, or created from aborted fetal tissue. He believes that abortion is murder and that life begins at conception. Therefore, benefiting from abortion or murder is sinful. On September 8, 2021, United acknowledged Mr. Alvarez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Alvarez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Alvarez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Avionics Shop Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Alvarez suffered

harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

792. Plaintiff Heloyse Avila Amaro: In August,2021, Ms. Amaro notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body belongs to God. Because the vaccine was derived from human fetal tissue cells line from abortions, ingesting the vaccine would make her complicit in the act of abortion, a sin. On September 13, 2021, United acknowledged Ms. Amaro's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Amaro only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Amaro to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Amaro suffered harassment/ridicule etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Amaro had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

111

793. Plaintiff Stephen Amrein: In August 2021, Mr. Amrein notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, in being vaccinated with any of the COVID-19 vaccines, he would be cooperating with and complicit in abortion – the ending of an innocent human life – for the use in a pharmaceutical for money gain, and that would constitute a sin against God and a violation of His Commandments for which he would be held morally accountable by God. He is a practicing member of the St. Anthony of Padua Catholic Church. As a faithful Catholic, he cannot, according to the Church tenets on conscience, use any product that takes its origin in abortion. This decision is based on the teachings of Jesus Christ his Lord and Savior and the Holy Spirit who reigns within him. Mr. Amrein also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On December 20, 2021, United granted Mr. Amrein's request for a Medical Accommodation. United also acknowledged his religious beliefs, but determined, without input from Mr. Amrein, that they would only grant the Medical Accommodation, discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Amrein employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Amrein was forced to endure unpaid leave until such time that United decided to recall all customer facing employees they put out of work. This was an especially pointless violation of Mr. Amrein's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Mr. Amrein would

112

have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

794. Plaintiff Gage Alan Anderson: In August 2021, Mr. Anderson notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God created his body as a temple of God, and he is not to defile the temple by what he puts into his body. Subjecting (defiling) his body to evil methods and unclean ingredients, to include aborted fetus cell tissue, is against the will of God and his own will. On September 8, 2021, United acknowledged Mr. Anderson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Anderson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Anderson was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Anderson acquiesced and took the vaccine. Moreover, Mr. Anderson would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

795. Plaintiff Tyler Anderson: In Fall of 2021, Mr. Anderson notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that in the state of faith, his body is his temple which he protects day in and day out. In his faith, taking a life is a sin. He could not in good faith inject the foreign substance into the holy temple knowing that it was derived from aborted fetal tissue. Leaning into the notion that his body is his temple, and taking a life is a sin, he was and is highly against ingesting the vaccine. Mr. Anderson was able to submit a request for a

Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Anderson's desire to also acquire a religious accommodation. In September 2021, United granted Mr. Anderson's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Anderson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Anderson was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Anderson's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Anderson would have been willing to mask and test regularly for COVID to show that he was not a danger to his coworkers (as allowed by other airlines).

796. Plaintiff Michelle Anderson: In Fall of 2021, Ms. Anderson notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United

114

forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

797. Plaintiff Daniel Richard Andrew: In August 2021, Mr. Andrew notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God is his Creator. With God as his Creator, Mr. Andrew is an image of him. His cells, blood and DNA are Him. Mr. Andrew will not presume to alter His creation. Mr. Andrew also believes that human life starts at conception and ends at death. Using or being a part of anything murdered goes against all his sincerely held religious beliefs. Mr. Andrew would not want to violate any Commandments. Because the vaccine was derived using aborted fetal tissue cell line, he believes ingesting the product would make him complicit in the act of murder. In

115

September 2021, United acknowledged Mr. Andrew's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Andrew only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Andrew to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Service Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Andrew suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

798. Plaintiff Bryan James Angelle: In August 2021, Mr. Angelle notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that Mr. Angelle believes his body belongs to God and is the temple of the Holy Spirit, and that innocent life is sacred to God, from conception, to birth, to natural death. Mr. Angelle's beliefs focus on spiritual and natural harmony to achieve unity with the divine and natural world and enhance his life force, or Holy Spirit, bestowed by Jah (God). To take the vaccine would be against his deeply held beliefs and would be perceived as a violation of the natural and spiritual laws he adheres to. Mr. Angelle firmly believes that the COVID-19 vaccine, given its research, development, testing, and composition, conflicts with his religious principles and the natural laws of Jah (God). On September 10, 2021, United acknowledged Mr. Angelle's sincerely held

religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Angelle only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Angelle to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Angelle suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees- steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Angelle had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

799. Plaintiff Kenneth Archuletta: In August 2021, Mr. Archuletta notified United of his religious conflict with receiving a COVID-19 vaccine. Mr. Archuletta believes that innocent life is sacred to God, from conception, to birth, to natural death. The development and the testing of the vaccine using aborted fetal tissue goes against his deep-seated Christian beliefs. He believes that taking a vaccine developed with or containing fetal tissue would be sinning and compromising his relationship with God. On September 29, 2021, United acknowledged Mr. Archuletta's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr.

117

Archuletta only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Archuletta to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Mechanic) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Archuletta suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights Indeed, United would not even consider that Mr. Archuletta had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

800. Plaintiff Judith Ashcraft: On August 23, 2021, Ms. Ashcraft notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that, as a Christian, and based on Biblical tenets, she cannot use any product which is complicit in abortion in any way. Since the COVID-19 vaccines used aborted fetal cell tissue and/or fetal tissue lines in its development/testing, she cannot use them. Ms. Ashcraft believes her body belongs to God and is the temple of the Holy Spirit. On September 9, 2021, United acknowledged Ms. Ashcraft's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Ashcraft employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Ashcraft was forced into retirement under duress. Indeed, Human Resources Absence Manager Carlos Rivera

118

Torres notified Ms. Ashcraft that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Ashcraft would have been willing to test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

801. Plaintiff Robert Barry Baca: In August 2021, Mr. Baca notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs found in the Catechism of the Catholic church. Mr. Baca's life, his mind, and his soul are gifts from God. He must protect those gifts. The Catechism states his religious conscience is binding. He could not ignore his conscience and ingest the vaccine for fear of violating the Catechism. Mr. Baca's parish Priest and the Bishop of Colorado confirmed this duty of conscience as stated in the Catechism and issued a signed letter stating such. On September 29, 2021, United acknowledged Mr. Baca's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Baca only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Baca to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Baca suffered harassment/ridicule/etc. at work, was forced to eat isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully

119

taken to punish the exercise of religious rights. Eventually, due to the ongoing hostile work environment, Mr. Baca retired under duress.

802. Plaintiff Carol Lin Bailey: In August 2021, Ms. Bailey intended to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that it would be sinful to ingest products derived from aborted fetal cell lines, making her complicit in loss of life or abortion (a sin). In September 2021, United acknowledged Ms. Bailey's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Bailey employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Bailey was forced to either take the vaccine (at the cost of her religious belief) or forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Bailey acquiesced and took the vaccine. This was an especially pointless violation of Ms. Bailey's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Even though she worked remotely from home, she was forced to vaccinate a mere eight days before the mandate was dropped.

803. Plaintiff Kevin Baldwin: In August 2021, Mr. Baldwin notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief as a Christian that the Blood of Jesus Christ is flowing through his veins, is sacred, and cannot be tainted by products derived from aborted fetal tissue cell lines. In early September 2021, United acknowledged Mr. Baldwin's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal

120

action was taken against United, the company determined that it could accommodate Mr. Baldwin only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Baldwin to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Baldwin suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

804. Plaintiff Anthony Gonsalves Balelo III: In August 2021, Mr. Balelo notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his God would not want him to defile his body, blood, and lungs with biological substances or chemicals. It is against his beliefs to have a biological substance injected into his body. He believes his blood is sacred, and life is found in the blood. Because the vaccine was derived from aborted fetal tissue cell lines, and because his salvation was bought and paid for by the blood of Jesus Christ, Mr. Baleo believes he cannot taint his blood with these vaccines. He believes innocent life is sacred to God from conception, to birth, to natural death. His religious beliefs prohibit him from participating in or benefiting from an abortion, no matter how remote in time that abortion occurred. These substances are considered unclean (not kosher) in the bible, and he believes he is not to put them in his body because his body is the temple of the Holy Spirit. On September 13, 2021, United acknowledged Mr. Balelo's sincerely held religious

121

belief for the Covid-19 vaccine only, but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Balelo for the COVID-19 vaccine only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Balelo to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Power Plant Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Balelo suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

805.    Plaintiff Georgine Banks:  In August 2021, she notified United of her religious conflict with receiving a COVID-19 vaccine. She is a Christian and has very deep religious and spiritual beliefs in Jesus Christ, including pro-life and anti-abortion beliefs. Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product violates her religious and spiritual beliefs and would make her complicit in that sinful act. On August 30, 2021, Ms. Banks filed for a religious RAP which was originally denied. However, on November 4, 2021, United reversed their decision and accepted Ms. Banks's religious exemption request, but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Banks employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Banks was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position

122

where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Banks acquiesced and took the vaccine. Ms. Banks would have been willing to test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

806. Plaintiff Travis Lee Barnett: In August 2021, Mr. Barnett notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the acceptance of the vaccines would be considered sinful based on the fact that fetal stem cell lines from aborted babies were used in either the initial development and/or testing. By receiving the vaccines derived from fetal tissue lines, Mr. Barnett believed he would be complicit in the act of abortion. Mr. Barnett believes that abortion is murder and is strictly prohibited in the Bible. Mr. Barnett also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 15, 2021, United granted Mr. Barnett's request for a Medical Accommodation. United refused to acknowledge his Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Barnett employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Barnett was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Barnett's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Barnett would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

807.    Plaintiff Katie Barrington:  In early September 2021, Ms. Barrington desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs against abortion. She believes God says that it is wrong to end an innocent life and that life begins at conception. Given that the vaccine used aborted fetal cells in its development, manufacture, and/or testing, it is the product of abortion. Ms. Barrington could not violate her faith and ingest the product. Ms. Barrington was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Barrington's desire to also acquire a religious accommodation. In September 2021, United granted Ms. Barrington's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Barrington employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Barrington was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Ms. Barrington would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

808.    Plaintiff Thomas Richard Bartel:  On August 30, 2021, Mr. Bartel notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the lifelong, uninterrupted, and sincerely held religious beliefs. Mr. Bartel has always practiced a holistic, Christian-based approach to medicine that is founded in Biblical

124

scriptures. Because the vaccines are derived from fetal cell lines which originated from aborted fetuses, ingesting the vaccine would be a sincere violation of Mr. Bartel's religious beliefs. On September 11, 2021, United acknowledged Mr. Bartel's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Bartel employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Bartel was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Bartel acquiesced and took the vaccine. This was an especially pointless violation of Mr. Bartel's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity. Moreover, Mr. Bartel would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

809. Plaintiff Cheree Bartlett: On August 23, 2021, Ms. Bartlett notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God, in his creation, gave men everything they needed to survive and resist diseases. Because the vaccine was derived from aborted fetal tissue cell lines, Ms. Bartlett cannot ingest the product as doing so would be defiling her body which she believes is the temple of the Most High God. On September 9, 2021, United acknowledged Ms. Bartlett 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Bartlett only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been

125

provided by the company for the previous 18 months of the pandemic, United forced Ms. Bartlett to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Bartlett suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

810.    Plaintiff Clifford Battista:  In Fall of 2021, Mr. Battista notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs.  While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the

vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

811.    Plaintiff Andrew Jacob Bauer:  On October 7, 2021, while on an approved Company Leave of Absence, Mr. Bauer attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through his Chief Pilots Office. After multiple contacts with various individuals representing the Chief Pilots office,  Bauer again notified his religious conflict through the United Help Hub system in January 2022. This was due to the sincerely held religious belief that his body is a temple of the Holy Spirit, given to him by God. Accepting this man-made experimental inoculation that could possibly alter his God given immune system derived from aborted human fetal tissue cell lines and natural/synthetic  DNA/mRNA and defile his temple, would be an affront to God. Through no fault of  Bauer, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept  Bauer in his Company Leave of Absence status for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption.  Bauer was fired on March 7, 2022. This was especially unreasonable since  Bauer had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity and was no threat to any employee while away from work on

leave. Moreover, Bauer would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines). The attempt on October 7, 2021 and again in January 2022 to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Bauer's need for an accommodation, which was denied without any process.

812. Plaintiff Sonia Bazzi: In August 2021, Ms. Bazzi notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held Muslim beliefs that she is unable to ingest a substance that may potentially harm her and her ability to follow the laws of her Creator. Ms. Bazzi could not clearly discern, with all available data, the safety of the substances in the COVID vaccine. Her faith dictates she must not blindly follow man's guidance. Rather, she must submit herself entirely to Allah, and as a believer, she shall receive healing and mercy. It is ultimately up to God to decide what harms or protects her. To place her faith elsewhere would violate her obligations as a Muslim, and would potentially deprive her of Allah's healing and mercy. In September 2021, United acknowledged Ms. Bazzi's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Bazzi only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Bazzi to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Supervisor) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Bazzi suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed

128

to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

813. Plaintiff William John Becker: On August 25, 2021, Mr. Becker notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held Christian and Catholic beliefs. He has devoted his life to learning from and listening to the Spirit of God as it speaks to his soul. His soul is where his conscience lives. With this deeply informed and sure judgment in conscience, he could not ingest the vaccines because they were derived from fetal tissue cell lines from aborted human beings. On August 26, 2021, United acknowledged Mr. Becker's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Becker employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Becker was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Becker acquiesced and took the vaccine. This was an especially pointless violation of Mr. Becker's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Becker would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

814. Plaintiff Rosemarie Bedoya: In August 2021 Ms. Bedoya notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that human life is sacred to God, from conception, to birth, to natural

129

death. Understanding that vaccines were manufactured, developed, and/or tested using aborted fetal cells, ingesting such a product would cause her to consciencely violate tenets of her faith. Ms. Bedoya also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 17, 2021, United granted Ms. Bedoya's request for a Medical Accommodation. United also acknowledged her religious beliefs, but determined, without input from Ms. Bedoya, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Bedoya only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Bedoya to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Bedoya suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious right. Indeed, United would not even consider that Ms. Bedoya had just recovered from COVID-19 in August of 2021 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

815. Plaintiff Lori Marie Behan: In September 2021, Ms. Behan notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely

130

held religious belief that life begins at conception. All life is a gift from God in every stage. Her faith dictates that elective abortion is the intentional killing of human life. Vaccine development using aborted fetal cells exploits the innocent human beings who were aborted and violates Ms. Behan's religious beliefs. Additionally, Ms. Behan has complete faith in God, in the body He created for her, and in its perfect design. She believes that taking the vaccine would be an expression of her lack of faith with her God and with her God given immune system. On September 17, 2021, United acknowledged Ms. Behan's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Behan employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Behan was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not help to provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Behan acquiesced and took the vaccine. This was an especially pointless violation of Ms. Behan's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Behan would have been willing to test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

816.    Plaintiff Lisa Carol Belke:  In September 2021, Ms. Belke notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief against abortion, an act which violates the right to the gift of life. Ms. Belke cannot take ingest a product that takes its origin in abortion. She cannot knowingly participate in the process to use such a product that dishonors and disregards the lives of

131

the unborn. In September 2021, United acknowledged Ms. Belke's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Belke only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Belke to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Flight Dispatcher) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Belke suffered from harassment/ridicule/etc. at work, was forced to eat alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

817. Plaintiff Jeffery Bennett: In September 2021, Mr. Bennett notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he has a moral duty to refuse medical products created using human cell lines derived from abortion and that his body is the Temple of the Holy Spirit. He believes he is compelled by his faith to protect all life and that abortion is murder. On September 9, 2021, United acknowledged Mr. Bennett's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Bennett only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Bennett to wear an N-95 respirator that the company

knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Bennett suffered harassment/ridicule/etc. at work, was forced to eat alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Bennett had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

818.     Plaintiff Charles Adam Benson:  In August 2021, Mr. Benson attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief that, since these vaccines use HEK 293 from aborted fetal cell lines in different segments of development, and that abortion is strongly against his religious beliefs, ingesting the product would be a direct conflict with his religious convictions. Through no fault of Mr. Benson, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Benson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Benson was terminated. This was especially unreasonable since Mr. Benson had already recovered from COVID- 19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Benson would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on

133

August 19, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Benson's need for an accommodation, which was denied without any process.

819.    Plaintiff Kathleen Duffy Bernstein:  In August 2021, Ms. Duffy Bernstein notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs regarding the use of aborted fetal tissue cell lines in the testing, development, and or manufacturing of the vaccines. Ms. Duffy Bernstein believes that ingesting the product violates her sincere religious beliefs regarding the sanctity and protection of pre-born children. As a Catholic, Ms. Duffy Bernstein believes God is her creator, and that life begins at conception and ends with natural death as determined only by God. It is her religious belief that abortion is murder and in violation of the Ten Commandments. On September 21, 2021, United acknowledged Ms. Duffy Bernstein's sincerely held religious belief but promised only the unreasonable accommodation of indefinite unpaid personal leave. A temporary restraining order against United kept Ms. Duffy Bernstein employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Duffy Bernstein was forced to retire under duress.  Indeed, her Supervisor, Captain Jim Bono, notified Ms. Duffy Bernstein that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Duffy Bernstein would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

820.    Plaintiff Kenneth Orleans Biney:  On October 1, 2021, Mr. Biney attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the

United Help Hub system. This was due to the sincerely held religious belief that the Scriptures are the true, living words of God. These sacred scriptures discuss the Mark of the Beast as any sign of distinction which people will be deceived into taking, not realizing it signifies allegiance to a power opposed to God. This Mark is also explicitly linked to the inability to buy or sell without it. Based on these parallels, Mr. Biney sincerely believes the ingesting the vaccine would be the equivalent to accepting the Mark of the Beast, which is explicitly forbidden in his faith, as it goes against God's will. Accepting the Mark results in severe spiritual consequences, including exclusion from the Book of Life and eternal damnation. Through no fault of Mr. Biney's, United deemed the attempt to notify the company unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Biney employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Biney was fired. Indeed, his supervisor notified Mr. Biney that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company.  Moreover, Mr. Biney would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on October 1, 2021, attempt to notify United of his sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Biney's need for an accommodation, which was denied without any process.

821.    Plaintiff Melvin Binstock:  In Fall of 2021, Mr. Binstock notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs.  While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation

135

of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

822. Plaintiff Cheri Tiffany Blair: In August 2021, Ms. Blair notified United of her Religious conflict with receiving a Covid-19 Vaccine. This was due to her sincerely held religious belief that her body is a Temple and her faith obligates her to properly care for it. She cannot partake in any vaccine that could possibly jeopardize or disrupt the health of her body. Ms. Blair believes that taking the vaccine would be an expression of her lack of faith in her God-given immune system. In September 2021, United Airlines

136

acknowledged Ms. Blair's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United Airlines, the company determined that it could accommodate Ms. Blair only by a testing and masking regime that was intended to be punitive. Indeed, rather than wearing masks that had been provided by the company for the previous 18 months of the pandemic, United Airlines forced Ms. Blair to wear a N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as it's OSHA violation later showed). Additionally, Ms. Blair suffered harassment/ridicule/etc. at work, was forced to eat outside, alone isolated from co-workers and was not allowed to participate in regular company activities. All this was part of United Airlines continued coercion against unvaccinated employees–steps purposely taken to punish the exercise of religious rights.

823. Plaintiff Amy Bridier-Delettre:  In Fall of 2021, MS. Bridier-Delettre notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs.  While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered

137

harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

824. Plaintiff Lisa Board: In Fall of 2021, Ms. Board notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in

138

regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

825. Plaintiff Mirella Urszula Bogdan: In August 2021, Ms. Bogdan notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she is unable ingest any product derived from any aborted fetal cell lines. She believes her body is God's temple and it would be a sin to defile her body in any way. On August 18, 2021 United acknowledged Ms. Bogdan's sincerely held religious belief but ultimately promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Bogdan only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Bogdan to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Bogdan suffered harassment/ridicule/etc. at work, was forced

139

to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Bogdan had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

826. Plaintiff Dorian Boliaux: In August 2021, Ms. Boliaux notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a follower of Jesus Christ and the Trinity, her body is the temple of the Holy Spirit and He lives within her. Being baptized by one Spirit, she believes she is part of the body (family) of Christ. She also believes that all human lives are sacred, starting at conception. She believes she must refrain from ingesting products derived from aborted fetal cell lines. Doing so, she believes, would cause her to sin against God by being complicit in the act of taking a life. On September 17, 2021, United acknowledged Ms. Boliaux's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Boliaux employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Boliaux was forced to either take the vaccine (at the cost of her religious beliefs) or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Boliaux acquiesced and took the vaccine. This was an especially pointless violation of Ms. Boliaux's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Boliaux would

140

have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

827.    Plaintiff Holly Diane Bolling:  In August 2021, Ms. Bolling notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs that her body is the holy temple of God. Ms. Bolling believes that God is the giver of life and abortion is murder. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make her complicit in the act of abortion. On September 12, 2021, United acknowledged Ms. Bolling 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Bolling employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Bolling was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Bolling acquiesced and took the vaccine. This was an especially pointless violation of Ms. Bolling's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Ms. Bolling would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

828.    Plaintiff Tiana-Rae Bordenave:  In September 2021, Ms. Bordenave notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life is sacred from the point of conception. Because the vaccine was derived from aborted fetal tissue cell lines, and her faith opposes abortion,

Ms. Bordenave's religious beliefs compel her to refrain from ingesting these products. She believes she must also avoid possible harm to her body, which is the temple of God. In September 2021, United acknowledged Ms. Bordenave's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Bordenave employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Bordenave was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Bordenave acquiesced and took the vaccine. This was an especially pointless violation of Ms. Bordenave's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Bordenave has been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

829. Plaintiff Steven Brankin: In August 2021, Mr. Brankin notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief grounded in the Catholic moral code. He believes it is against his Catholic moral code of truth to benefit from abortion in any way. Because the vaccine was derived from aborted fetal cell tissue lines, Mr. Brankin believes ingesting the product would make him complicit in the act which would violate his faith. On September 10, 2021, United acknowledged Mr. Brankin's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Brankin only by a

142

masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Brankin to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service/Move Team employee), and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Brankin suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

830. Plaintiff Gary Bransky: In August 2021, Mr. Bransky notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he knows that he is not his own and must honor God with his body, which is a temple for the Holy Spirit. He believes God created him exactly as he should be and that purposefully ingesting products that could make fundamental changes to the RNA of the body God created is sinful. Further, he religiously objects to ingesting any product derived from fetal tissue cell lines. On September 10, 2021, United acknowledged Mr. Bransky's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Bransky only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Bransky to wear an N- 95 respirator that the company knew was not suited for extended wear (especially when working as a GSE Technician), and which the company did not

143

provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Bransky suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Bransky had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

831. Plaintiff Erin David Breen: In August 2021, Mr. Breen notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief to place his trust for his well-being, both physically and spiritually, in God not man. Mr. Breen relied on and trusted in his faith to keep his body safe while being required to work as an "essential employee" during the early part of the pandemic. He believes his faithful meditation guided him to the answer that the vaccine was not something that should become a part of him. It is impossible to disregard the spiritual guidance God provided to Mr. Breen as he was forced to choose between compliance/convenience and fear for his mortal body, or the choice to remain true to his spirit and faithful to God. Mr. Breen places his trust in God. On September 19, 2021, United acknowledged Mr. Breen's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Breen only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Breen to wear an N-95 respirator that the company knew

144

was not suited for extended wear (especially when working as a Flight Simulator Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Breen suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

832. Plaintiff Valerie Bridges: In August 2021, Ms. Bridges desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is sacred, holy and the temple of God. Her faith requires her to be responsible and to protect and keep her body from harm. By taking a vaccine that was derived from aborted fetal tissue cell lines, while holding the religious belief that abortion is murder, she would be defiling and harming her temple, which is a sin against God and violates her faith. Ms. Bridges was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Bridges' desire to also acquire a religious accommodation. On September 21, 2021, United granted Ms. Bridges request for a Medical Accommodation but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Bridges employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Bridges was forced to endure unpaid leave until such time that United decided to recall

145

all customer-facing employees they put out of work. Moreover, Ms. Bridges would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

833. Plaintiff Darlene Lee Brigandi: In August 2021, Ms. Brigandi notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs Ms. Brigandi holds as a Roman Catholic Christian that voluntary abortion is a sin. Therefore, her religious beliefs do not support voluntary abortion or the use of products derived from aborted fetal tissue cell lines. In September 2021, United acknowledged Ms. Brigandi's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Brigandi employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Brigandi was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Brigandi acquiesced and took the vaccine. This was an especially pointless violation of Ms. Brigandi's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Brigandi would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

834. Plaintiff Cynthia Broadbelt: In Fall of 2021, Ms. Broadbelt notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged

146

her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.  Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

835.    Plaintiff Lois Brock:  In August 2021, Ms. Brock notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that because the Covid vaccine was derived from aborted fetal cell lines, and because God creates every life and each is precious to him, she could not be complicit

147

in sacrificing lives for her benefit. On September 9, 2021, United acknowledged Ms. Brock's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Brock only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Brock to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Lead) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Brock suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Brock had just recovered from COVID- 19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

836. Plaintiff Michael Bronowski: In Fall of 2021, Mr. Bronowski notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain

148

employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

837. Plaintiff Marjorie Alese Brosam: In August 2021, Ms. Brosam notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief and as a woman of faith that she opposes abortion. Her belief is that life begins at conception and that life is God's most beautiful creation. She believes that developing a product derived from aborted baby parts is wrong in the eyes of God, and she could not be complicit in that act. On September 9, 2021, United acknowledged Ms. Brosam's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Brosam only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the

149

masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Brosam to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Brosam suffered harassment/ridicule/etc. at work, was forced to eat alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Brosam had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

838. Plaintiff David Andrew Brown: In September 2021, Mr. Brown notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that vaccines developed from aborted fetuses are the result of murder, and God gave him free will to choose not to be complicit in the sin of murder. Ingesting a product derived from murdering babies would make him complicit in that act. On September 9, 2021, United acknowledged Mr. Brown's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Brown employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Brown was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Brown acquiesced and took the vaccine. This was an especially pointless violation of Mr.

150

Brown's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Brown would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers.

839.  Plaintiff Joanna Joy Brown:  In August 2021, Ms. Brown notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body belongs to God and is the temple of his Holy Spirit. Ms. Brown believes that innocent life is sacred to God, from conception, to birth, to natural death.  Because the vaccine is derived from aborted fetal tissue cell lines, and Ms. Brown is commanded to not participate in or benefit from abortion, no matter how remote, she cannot ingest the product.  On September 9, 2021, United acknowledged Ms. Brown's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Brown only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Brown to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Brown suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Brown had just recovered from COVID-19 and

151

therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

840.   Plaintiff Michael Patrick Brown:   In August 2021, Mr. Brown notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body belongs to God and is a temple of His Holy Spirit.   Additionally, he holds strong pro-life convictions.   Mr. Brown believes that innocent life is sacred to God, from conception, to birth, to natural death. He cannot take the COVID-19 vaccine as aborted fetal cell tissue was used in their development, ignoring the sacred value of life. On September 9, 2021, United acknowledged Mr. Brown's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Brown only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Brown to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Brown suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Brown had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

152

841. Plaintiff Timothy Bruce: In September 2021, Mr. Bruce notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life is sacred and was created by God. Mr. Bruce firmly believes that life begins at conception, within the womb, and that abortion is the taking of human life, equating it to murder, which is forbidden by God. Being that the covid-19 vaccination is derived from tissues from an aborted baby, he was/is unable to partake in the medical procedure. Mr. Bruce also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 27, 2021, United granted Mr. Bruce's request for a Medical Accommodation. United refused to acknowledge his Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Bruce employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Bruce was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Bruce's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Bruce would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

842. Plaintiff Sandra Bryner: In August 2021, Ms. Bryner notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief and her faith in the Word of God. She believes her body belongs to God and is the Temple of his Holy Spirit. She believes a clear implication of this doctrine is

153

that one's health is a matter of stewardship, and that God places that responsibility on the individual only—no one else. As such, it was her determination that because she was made in God's image, she did not have a right to change God's work by ingesting the vaccine. On September 3, 2021, United acknowledged Ms. Bryner's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Bryner employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Bryner was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Bryner acquiesced and took the vaccine. This was an especially pointless violation of Ms. Bryner's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Bryner would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

843. Plaintiff George Burger: In August 2021, Mr. Burger notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is the temple of the Holy Ghost and therefore he, as an individual, maintains autonomy over this vessel. To be forced or coerced to undergo any medical procedure or insert any foreign substance into one's body, is contrary to the divine law and the natural law. Specifically, only the ordinary means of survival, such as food and drink, are required to be taken. His faith commands him to believe that any extraordinary means of survival, such as a medical procedure or medication, cannot be forced or required by anyone. To consent to such extraordinary means would be a sin

154

against God's commandment not to kill, because it could potentially harm the body violating the temple of the Holy Ghost. Mr. Burger also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 10, 2021, United granted Mr. Burger's request for a Medical Accommodation. United refused to acknowledge his Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Burger employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Burger was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Burger would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

844. Plaintiff Michael Burny: In August 2021, Mr. Burny notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that, as a practicing Roman Catholic, he rejects not only abortion, but any connection whatsoever to abortion, as a core element of his sincerely held religious belief. The Covid shots use abortion-derived cell lines in the development, production or testing of their product, and for this reason alone, taking any of the Covid shots would violate his sincerely held religious belief. On September 25, 2021, United acknowledged Burny's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Burny only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company

155

for the previous 18 months of the pandemic, United forced Burny to wear an N-95 respirator that the company knew was not suited for extended wear (especially as a Sales Manager) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Burny suffered harassment at work, was singled out and excluded from some in-person team meetings with co-workers, only being allowed to join such meetings virtually, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

845. Plaintiff Benjamin Burow: In August 2021, Mr. Burow notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a Christian, he believes that life begins at conception and ends at natural death. Because the vaccine is derived from aborted fetal tissue cell line, ingesting such substances would make him complicit in the murder of those aborted children which is a sin against his God. On September 9, 2021, United acknowledged Mr. Burow's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Burow employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Burow was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Burow acquiesced and took the vaccine. Moreover, Mr. Burow would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

156

846. Plaintiff James Thomas Butler: On August 26, 2021, Mr. Butler notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that he cannot participate, directly or indirectly, condone or otherwise be complicit in the taking of innocent human life. Mr. Butler also believes he is created in the image of God and is precious in God's eye. He is commanded that he cannot defile his body as that would be a direct sin against God. Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product would make him complicit in the taking of innocent life and the defiling of his own body. On September 10, 2021, United acknowledged Mr. Butler's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Butler only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Butler to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Avionics Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Butler suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

847. Plaintiff Tahmaneeyah Butler: In Fall of 2021, Ms. Butler notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged

157

her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.  Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

848.  Plaintiff Raymond LeRoy Byers:  On August 27, 2021, Mr. Byers notified United Airlines of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life starts at conception, and that he must cherish the lives of the unborn. Mr. Byers could not choose for his own benefit, the killing of the

158

unborn. Since the COVID-19 vaccine was derived from aborted fetal tissue cells, he believed he could not ingest the product because doing so would make him complicit in the act of abortion. Mr. Byers also included in a letter from his family doctor stating that he had recently recovered from COVID-19 and had the antibodies in his system. On September 8, 2021 Mr. Byers received notice from United that his Religious Accommodation request was converted to a Medical Accommodation. The notice requested additional medical documentation. Prior to Mr. Byers providing any medical documentation, on September 10, 2021, United Airlines granted a Medical Accommodation to Mr. Byers without acknowledging his sincerely held religious beliefs and without further input. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Byers employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Byers was forced endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Byers's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Byers would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

849.    Plaintiff Roslyn Byrne:  In Fall of 2021, Ms. Byrne notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs.  While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could

accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

850.    Plaintiff John Garry Cadet:  In August 2021, Mr. Cadet notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that it was wrong to inject a product developed with or containing aborted fetal tissues. God gave him the gift of life and body. Mr. Cadet believes he has a religious duty to protect this gift from God from the impurities of the COVID-19 vaccine. On August 25, 201, Mr. Cadet submitted a Reasonable Accommodation request through the United Airlines employee website, Help Hub. On September 4, 2021, Mr. Cadet received a

160

response to his submission stating that his sincere belief seemed to be generic words taken off the internet. Mr. Cadet was able to secure a third-party supporting letter within three days to provide written documentation by someone who was aware of his sincerely held religious belief and who acknowledged that what Mr. Cadet submitted in his statement was his true belief. On September 10, 2021 United finally acknowledged Mr. Cadet's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Cadet only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Cadet to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Cadet suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

851. Plaintiff Phill Cady: In August 2021, Mr. Cady notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that aborted fetal tissue cell usage in the design, research, and production of medicines and vaccines and other pharmaceuticals is in direct violation with his strongly and closely held religious beliefs in the sanctity of life. On September 7, 2021, United acknowledged Mr. Cady's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against

161

United kept Mr. Cady employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Cady was forced into retirement under duress. Indeed, through United company email from United Management, Mr. Cady was told he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Cady would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

852. Plaintiff Merri Cameron Caldwell: In August 2021, Ms. Caldwell desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held Christian religious beliefs which require her to follow Biblical commands. She has a moral duty to refuse the use of medical products, including certain vaccines, that are derived from aborted human fetal tissue cell lines. Also, she believes her body is the Temple of the Holy Spirit and is compelled to protect it from defilement. Her beliefs regarding the sanctity of human life conflict directly with any requirement to inject abortion-tainted vaccines into her body. Ms. Caldwell was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Caldwell's desire to also acquire a religious accommodation. In September 2021, United granted Ms. Caldwell's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Caldwell employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had

162

an exemption. Ms. Caldwell was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Caldwell's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Caldwell would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

853.    Plaintiff Allison Cale:  In September 2021, Ms. Cale attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief that in being vaccinated with the COVID-19 vaccines, which were developed using fetal tissue cells, she would be cooperating with and complicit in abortion–the ending of an innocent human life which is a violation of her faith. Through no fault of Ms. Cale, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Ms. Cale employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Cale was fired.  Indeed, her Supervisor, Donna Havens, notified Ms. Cale that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Cale had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Cale would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). The attempt on September 19, 2021, to notify United of the sincerely

163

held religious belief in conflict with the vaccination requirement put United on notice of Ms. Cale's need for an accommodation, which was denied without any process.

854. Plaintiff Demetrio Camacho Jr: In September, 2021, Mr. Camacho notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief of the Native American Indigenous Temple that non-consensual and/or forced vaccinations without patient or parental consent are not in line with traditional, indigenous religious values, doctrine and covenants with God and the Great Spirit. On September 3, 2021, United acknowledged Mr. Camacho's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Camacho only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Camacho to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Camacho suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

855. Plaintiff Cessely Camel: In August 2021, Ms. Camel notified United of her RAP religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that Jesus Christ is her savior and her body is a sacred temple of God. She believes she must honor her body as a sacred vessel, taking care in the spiritual and

164

in the physical realm. Because the vaccines were derived from human aborted fetal cell lines, she cannot inject them as she presents herself as a living sacrifice to Jesus Christ. Doing so, she believes would be an abomination. Ms. Camel also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. In September 2021, United granted Ms. Camel's request for a Medical Accommodation. United also acknowledged her religious requests, but determined, without input from Ms. Camel, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Camel only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the mask that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Camel to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Camel suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Camel had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be as strong as vaccine-induced immunity.

856.   Plaintiff Thomas Patrick Campbell:  In August 2021, Mr. Campbell notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the

sincerely held Catholic religious belief because that he must follow his moral conscience. Campbell suffered a near-death experience. As a result, he believes that because God gave him a second chance, it is his duty to protect his body from both physical and emotional sin. It is his duty to protect his body, God's vessel, from all things impure including vaccines derived from aborted fetal tissue cell lines, natural and synthetic DNA/mRNA, animal byproducts and other impurities that could have a profound effect on his health. In September 2021, United acknowledged Campbell 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Campbell only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Campbell to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Campbell suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

857. Plaintiff Nicolo Candela: In August 2021, Mr. Candela notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief regarding abortion. The CDC vaccine information explicitly stated that it was derived using aborted fetal tissue cell lines. Mr. Candela believes that if he were to use any product which was developed using babies killed for science, he would by default,

166

be a party to this wicked practice. God is the author of all life, so this would be violating God's will. Mr. Candela would not be able to ingest this product going forward, if booster shots were mandated, nor would he be able to ingest any other similarly derived product. In August, 2021, United refused to acknowledged Mr. Candela's sincerely held religious belief. They said it was not needed as he had taken the COVID vaccine in June, 2021. Mr. Candela restated his wish to keep his religious beliefs and associated objections on file with United. United management refused, claiming they did not have the ability to keep exemptions "on file," denying Mr. Candela the freedom to exercise his religious rights. Mr. Candela had already contracted and recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Mr. Candela would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

858. Plaintiff Edward Cantu: In August, 2021, Mr. Cantu notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious pro-life beliefs. Because Mr. Cantu understands that the vaccine was derived from aborted fetal tissue cell lines, and because his faith condemns abortion and the killing of innocent children, he considers ingesting the product a sin against God, his creator. Because he believes his body is a Holy temple of God, he cannot defile it with the sin of products derived from abortion. Indeed, he is commanded to not sin against God or violate his true word by condoning the act of abortion or being complicit in such evil. In early September, 2021, United acknowledged Mr. Cantu's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Cantu only by a masking/testing regime that was intended to be punitive. Indeed, rather than

167

wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Cantu to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Cantu suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Cantu had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

859. Plaintiff Isboset Caraffa Jr: On August 29, 2021, Mr. Caraffa notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held pro-life religious beliefs, and his Christian worldview that the Holy Scriptures are the word of God and provide him with a religious mandate to uphold and obey. He believes that God has declared in His word that Mr. Caraffa's body is a temple and he is called to care for it. Because the vaccines were derived from aborted human fetal tissue cell line, Mr. Caraffa's faith prohibits him from participating in or benefiting from an abortion, no matter how remote in time that abortion occurred. It is against his faith and his conscience to commit sin. Sin is anything that violates the will of God, as set forth in the Bible, and as impressed upon the heart of the believer by the Holy Spirit. Mr. Caraffa believes being complicit in these acts would be a sin and an affront to God. Mr. Caraffa submitted a medical RAP on August 20, 2021, which went unacknowledged. On September 10, 2021, United acknowledged and approved Mr. Caraffa's sincerely held

religious belief United and stated that he would not need the medical accommodation—one cancels the other. He was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Caraffa only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Caraffa to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Services Move-Team Operator) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Caraffa suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Caraffa had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

860. Plaintiff Thomas Patrick Carlow: In September 2021, Mr. Carlow notified United of his religious conflict with receiving a COVID-19 vaccine. He believes his body is a temple of the Lord and that it should not be violated. Further, he believes to willfully act against one's conscience is sinful. He believes every person is made in God's image. Part of being created in God's image is to be endowed with a conscience which is a God-given internal guide to moral decision making. He sincerely believes that no one should be forced to do something they believe is sinful and goes against their conscience. Doing so, he believes, is morally wrong. On September 10, 2021, United acknowledged Mr. Carlow's

169

sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Carlow employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Carlow was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where they could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Carlow acquiesced and took the vaccine. This was an especially pointless violation of Mr. Carlow's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Carlow would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

861.    Plaintiff Jesus Carreon:  In August 2021, Mr. Carreon notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is a sin. His belief does not allow the use of vaccines developed with the cell lines of aborted children. He believes doing so is a sin. His body is created by God, who made him resilient and capable of healing himself. In September 2021, United acknowledged Mr. Carreon's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Carreon only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Carreon to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service

170

Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Carreon suffered harassment/ridicule/ etc. at work, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Carreon had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

862.    Plaintiff Steven Jay Carty:  In September 2021, Mr. Carty notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs against abortion. Because the COVID vaccines were developed, tested, and/or manufactured with aborted fetus material, he cannot agree to ingest these vaccines as that would make him complicit with the act of abortion/murder which goes against his faith. On September 13, 2021, United acknowledged Mr. Carty's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Carty only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Carty to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Carty suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this

171

was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

863.    Plaintiff Kelli Jean Carver:  In August 2021, Ms. Carver notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs of being pro-life and that her body is the temple of the Holy Spirit of God within her. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product is in direct conflict with her sincerely held religious beliefs, and to take it would be a sin, jeopardizing her relationship with God and violating her conscience. On September 10, 2021, United acknowledged Ms. Carver's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Carver only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Carver to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provided guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Carver suffered harassment/ridicule/etc. at work, was forced to eat outside/alone isolated from co-workers, and was not allowed to participated in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

864.    Plaintiff Augusto Cavacas:  On August 25, 2021, Mr. Cavacas notified United of his Religious conflict with receiving a Covid-19 vaccine. This is due to the sincerely held pro-life religious beliefs. He believes his body was created in the image of God and is the

temple of the Holy Spirit. Because aborted fetal cell lines were used in the testing, development, and production of the vaccines, his faith, morals and ethical values prohibit him from participating or benefiting from abortion, no matter when that abortion occurred. It is against his faith to commit a sin that would violate the will of God, as detailed in the Bible, or being complicit in murder as is the case with abortion. On September 16, 2021, United acknowledged Mr. Cavacas' sincerely held religious belief but only promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Cavacas only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic. United forced Mr. Cavacas to wear an N- 95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Technician) in which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Cavacas suffered harassment/ridicule. At work, he was forced to eat outside/alone, isolated from coworkers and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposely taken to punish the exercise of religious rights.

865. Plaintiff Guy Cavallaro:  In October 2021, Mr. Cavallaro attempted to notify United of his conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that life begins at conception and ends at natural death.  Because the vaccines were derived from aborted fetal cells, ingesting the product would make him complicit in abortion which would be viewed as a grave sin.  Mr. Cavallaro was able to submit a request for a Medical Accommodation due to a health condition that rendered

173

him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Cavallaro's desire to also acquire a religious accommodation. In October 2021, United granted Mr. Cavallaro's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Cavallaro only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Cavallaro to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Cavallaro suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Cavallaro had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

866. Plaintiff Joseph Alan Chaiet: In August 2021, Mr. Chaiet notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief gained through teachings contained in the Holy Bible. He is opposed to blood pollution of any form made by man, and especially through animal serum or fetal tissue cells, as used in the development, testing, and manufacturing of various forms of

vaccinations and inoculations. This abomination of God's world is then injected into a person, with the intended purpose to forever corrupt the host body and change its nature. Mr. Chaiet would not kill an unborn child, and chooses not to be complicit in that act. In September 2021, United acknowledged Mr. Chaiet's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Chaiet only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Chaiet to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Chaiet suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

867. Plaintiff Helena Hursak Chateau: In August 2021, Ms. Hursak Chateau attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held Buddhist religious belief that she must practice non-harming, treating her body, heart and mind as a temple. As such, she does not believe in medical intervention due to her organic lifestyle. Violating her faith could cause negative karma. Through no fault of Hursak Chateau, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining

175

order against United kept Hursak Chateau employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Hursak Chateau was fired. Indeed, her Supervisor, Cesar Becerra, notified Hursak Chateau that she would lose their benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Hursak Chateau would have been willing to test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). The attempt on August 31, 2021 to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Hursak Chateau's need for an accommodation, which was denied without any process.

868. Plaintiff Brandon Michael Chebny: On August 23, 2021, Mr. Chebny notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to sincerely held religious beliefs that he is committed to upholding the teachings of God. In believing that his body is a temple belonging to God, the Holy Spirit lives in him and he must not commit sin such as inoculating his body with a substance that is or has been associated with the harm of innocent human life including aborted fetal tissue cell lines. On or about September 21, 2021, United acknowledged Mr. Chebny's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Chebny only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Chebny to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Assistance Manager) and which the company did not

176

provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Chebny suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Chebny had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

869. Plaintiff Carmela Chresta: In August 2021, Ms. Chresta notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the COVID-19 vaccines have used aborted fetal cells tissues or cell lines during the testing phase. This procedure is unethical. Based on her Catholic faith, she could not, in good conscience, benefit from the death of babies. On September 12, 2021, United acknowledged Ms. Chresta's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Chresta employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Chresta was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Chresta acquiesced and took the vaccine. Moreover, Ms. Chresta would have been willing to mask and test regularly for COVID-19 as a show that she was not a danger to her co-workers (as was allowed by other airlines).

870. Plaintiff John A Cicero: In August 2021, Mr. Cicero notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that there is a moral duty to refuse the use of medical products that are created using human cells derived from abortion. Mr. Cicero believes abortion is a sin, and he cannot participate in that sin. On September 13, 2021, United acknowledged Mr. Cicero's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Cicero only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Cicero to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Serviceman) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Cicero suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

871. Plaintiff John Cicero: In August 2021, Mr. Cicero notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a follower of Christ, God forbids him to allow foreign substances such as vaccines into his body that were derived from aborted fetal tissue cell lines, because abortion is tantamount to murder, a sinful act prohibited by his faith. On September 14, 2021, United acknowledged Mr. Cicero's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was

178

taken against United, the company determined that it could accommodate Mr. Cicero only by a masking and weekly testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Cicero to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Jet Engine Mechanic) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Cicero suffered harassment and ridicule/etc. at work, was forced to eat outside or alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees, steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Cicero had just recovered from and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

872. Plaintiff Kanisha Clark: In September 2021, Ms. Clark notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that Ms. Clark believes her body is the temple of the Holy Spirit, and that innocent life is sacred to God, from conception, to birth, to natural death. Ms. Clark believes that God commands she not be directly or indirectly involved in the taking of another life. Because the vaccine was derived of aborted human fetal tissue cell lines, she believes that ingesting the product would make her complicit in the act of abortion, the taking of another life and defile that temple. Additionally, Ms. Clark requested a medical accommodation due to pregnancy. In September, United acknowledged Ms. Clark's sincerely held religious belief but determined, without input from Ms. Clark, that they would only grant the Medical Accommodation. United promised only the unreasonable

179

accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Clark only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Clark to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Clark suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Clark had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. After the baby was born in March 2022, United terminated Ms. Clark's medical accommodation. Ms. Clark was again threatened with termination for being non-compliant with the vaccine mandate. Through much effort, Ms. Clark was able to acquire a religious accommodation for the remainder of the mandate period, likely because of legal rulings at that time and the recall of all who United had put out of work.

873. Plaintiff Nathan Clark: In Fall of 2021, Mr. Clark notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be

punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

874.    Plaintiff Linda Clarke:  In August 2021, Ms. Clarke notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that taking the vaccine, which was derived from aborted fetal cells, would be sinning against God. She believes abortion is a sin, and she cannot be complicit in any way.  On August 30, 2021, United acknowledged Ms. Clarke's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Clarke employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out

of a job even if they had an exemption. Ms. Clarke was forced into retirement under duress. Indeed, Vanessa in Human Resources notified Ms. Clarke that she would lose her benefits/retirement if she persisted in his religious belief and did not leave the company. This was especially unreasonable since Ms. Clarke had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Clarke would have been willing to test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

875. Plaintiff Ronda J. Clemonds: In August 2021, Ms. Clemonds notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is the living Temple of God. She believes that the clear teaching of the Bible indicates that mandatory vaccination is wrong, both from the un-Biblical coercive nature of it (God never compels us to do what He wants), as well as from the aspect of ingesting a possibly impure product. Maintaining a naturally healthy body is one of the ways in which she worships God. In September 2021, United acknowledged Clemonds' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Clemonds employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Clemonds was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Clemonds acquiesced and took the vaccine. This was an especially pointless violation of Clemonds' faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was

shown to be at least as strong as vaccine induced immunity. Moreover, Clemonds would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

876.   Plaintiff Jose Cobos:  In August 2021, Mr. Cobos attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to Mr. Cobos' sincerely held religious belief that the acceptance of vaccines on a healthy body are a betrayal of his Faith. He believes injecting foreign substances not naturally created corrupts the sanctity of his blood. Mr. Cobos believes that the use of aborted fetal tissue in the development of some of the vaccines, goes against the very core of his values.  He believes that  abortion is a sinful act, and innocent souls have died for the purpose of creating these products. He believes that his body was created in God's image, and it is the job of the Faith and God to heal.  Setting his trust in immunizations or anything other than his beliefs, disconnects him from his Faith. Through no fault of Mr. Cobos, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Cobos employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Cobos was fired.  Indeed, his Supervisor, Thomas Chicosky, notified Mr. Cobos that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. Cobos had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Cobos would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The

attempt on August 30, 2021 to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Cobos's need for an accommodation, which was denied without any process.

877. Plaintiff Tina Cohenour: In August 2021, Ms. Cohenour notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that no one should be forced to take a vaccine or anything else they feel could be detrimental to their health or spiritual well-being. She has a strong belief that God has created her body with an immune system that can fight off illnesses. She also believes that she was being convicted by God to trust that He will take care of her well-being. She believes that she would regret not trusting her God by taking this vaccine and therefore commit a sin against him. She attempted to apply for both a medical and religious accommodation, but because the medical accommodation was listed on the electronic form (without an option to apply for both at the same time) and because it was denied, she was told to reapply for the religious accommodation. On September 27, 2021, United acknowledged Ms. Cohenour's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Cohenour only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Cohenour to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Cohenour suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-

184

workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Cohenour had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity.

878.    Plaintiff Matthew John Comlish:  In September  2021, Mr. Comlish notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacres.  He strenuously objects to the unethical and unnecessary use of tissue, cells, or cell lines derived from voluntary abortions or human embryos in vaccine design, development and/or production.  On September 19, 2021, United acknowledged  Comlish's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept  Comlish employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption.  Comlish was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion,  Comlish acquiesced and took the vaccine. This was an especially pointless violation of  Comlish's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover,  Comlish would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

879.    Plaintiff John Lee Conn:  In August 2021, Mr. Conn notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

185

religious belief that his faith compels him to adhere to Divine Law and the principles laid out by the word of God. Because the vaccine used fetal tissue cells in development, testing, and/or manufacturing, using the product would make Mr. Conn unclean in God's eyes. On September 9, 2021, United acknowledged Mr. Conn's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Conn only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Conn to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Service Equipment Mechanic) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Conn suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

880. Plaintiff Frances Ortiz Contreras: In September 2021, Ms. Contreras notified United of her Religious conflict with receiving the COVID-19 vaccine. This was due to the sincerely held religious belief that Jesus is her Lord and Savior, and she believes His Spirit lives inside of her. She believes that her body belongs to God and is the temple of His Holy Spirit. The Holy Spirit has made it clear to her that she cannot defile her body, His Holy temple, with the COVID vaccine injection. It is against her faith and her conscience to commit sin and to disobey the guidance of the Holy Spirit. If she accepted the Covid shot, she would be sinning against the Lord Jesus Christ and sinning against

186

her conscience. On September 12, 2021, United acknowledged Ms. Contreras' sincerely held religious belief but promised only unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Contreras employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Contreras was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Contreras acquiesced and took the vaccine. This was an especially pointless violation of Ms. Contreras's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Contreras would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

881. Plaintiff David Contreras: On August 29, 2021 Mr. Contreras notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is the temple of God's Holy Spirit. As a Christian, Contreras, believes that the King James Bible is the preserved Word of God and is the final authority of the practice of his faith. He relies on the Holy Spirit of God and his own conscience to guide his decisions. Because he is commanded to protect and honor God's temple, he cannot defile his body with products derived from aborted fetal tissue cells lines or other unclean impurities. He is commanded by God's Word to be a good steward of his body which is why he also abstains from alcohol and other unclean substances. On September 29, 2021 United acknowledged Contreras 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave.

187

After legal action was taken against United, the company determined that it could accommodate Contreras only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Contreras to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Contreras suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Contreras had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

882. Plaintiff Seth Henry Coppersmith: In August 2021, Mr. Coppersmith notified United of his religious conflict with receiving a COVID-19 vaccine. This is due to the sincerely held religious belief as a born again Christian. He believes that ingesting any product derived from aborted fetal tissue cell lines is a sin. He believes he is made in the image and likeness of God, and human life starts at conception. The formation, protection and sanctity of life is sacred and a foundational part of his religious beliefs. Therefore, he could not violate his religious beliefs by using or ingesting anything containing or associated in any way with aborted fetus cell lines. Mr. Coppersmith also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 15, 2021, United granted Mr.

Coppersmith's request for a Medical Accommodation. United also acknowledged his religious beliefs, but determined, without input from Mr. Coppersmith, that they would only grant the Medical Accommodation, discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Coppersmith employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Coppersmith was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Coppersmith would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

883. Plaintiff Tatyana Vladimirovna Corbel: In August 2021, Ms. Corbel notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that by accepting vaccination she would doubt her God. She believes that God's creation does not need correction and modification. Receiving vaccination and God's command to keep her blood clean and pure completely contradict each other. It would contaminate not only the flesh, but also the Holy Spirit. She believes that her body belongs to God and God gives her clear commands on how to keep his property clean and Holy. Ingesting the product would go against her conscience; be a betrayal of her faith; be sinful; and put her relationship with God in jeopardy. On September 9, 2021, United acknowledged Ms. Corbel's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Corbel only by a masking/testing regime that was intended to be punitive. Indeed, rather than

189

wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Corbel to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative), and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Corbel suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

884. Plaintiff Timothy Joe Corbin: In August 2021, Mr. Corbin notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he must follow the commandments and directives from his Creator. He believes that his body is a temple of the Holy Spirit, and as such, his body does not belong to him, but rather it belongs to God. God also tells him that every life begins at conception, and that every life is precious. Because vaccines were derived using aborted fetal cells at some point in the design, development, testing, and/or manufacture, he believes ingesting any of these vaccines would put impurities in his body and would be a sin against God. Mr. Corbin also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 15, 2021, United granted Mr. Corbin's request for a Medical Accommodation. United also acknowledged his religious beliefs, but determined, without input from Mr. Corbin, that they would only grant the Medical Accommodation, discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Corbin employed for some

time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Corbin was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Corbin would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

885. Plaintiff Stacey-Ann Corob: In September 2021, Ms. Corob notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs as a lifelong Christian. She believes she cannot support the trafficking and commodification of human beings at all stages of life, born and pre-born. She cannot participate or accept practices that perpetuate and encourage the relationship between abortion, biomedical science, and human trafficking, no matter when that connection was initiated or how long a practice has been socially accepted. Doing so would be sinful. Because the vaccine was derived from aborted human fetal tissue cell lines, ingesting the product would make her complicit. In November 2021, United acknowledged Ms. Corob's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Corob only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Corbel to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative), and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Corob suffered

harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Corob had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

886. Plaintiff Martin James Cote: On or about August 26, 2021, Mr. Cote notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs which oppose abortion. He considered the use of aborted baby fetal cells during research, development, production and/or manufacturing of the vaccines to be morally objectionable and against his faith. He could not, in good conscience, receive a vaccine using aborted baby fetal cells in those processes. Mr. Cote also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On or about September 14, 2021, United granted Mr. Cote's request for a Medical Accommodation. United also acknowledged his religious requests, but determined, without input from Mr. Cote, that they would only grant the Medical Accommodation, discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Cote employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Cote was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Cote would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

192

887.   Plaintiff Aprille Coursin:  In August, 2021, Ms. Coursin notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she must follow her religious conscience, above all else. Her religious beliefs are pro-life, but because the vaccines used aborted fetal tissue cell lines in their development, testing, and/or manufacturing, she must not ingest the product. Her body is God's temple, and she will not defile His temple with the product of abortion. It is against her Godly views and she desires to live in His image. United acknowledged Ms. Coursin's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Coursin only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Coursin to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Supervisor) and which the company did not provide guidance/training on wearing. Additionally, Ms. Coursin suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Coursin had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

888.   Plaintiff Mary Ann Cousins:  In August 2021, Ms. Cousins notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she cannot have a substance injected into her body that she

193

believes is harmful to her body. As a Christian and follower of Jesus Christ, she believes her body is a temple of the Holy Spirit of God and she will not willingly do something that she believes would bring her harm. Also, as a Christian it is her sincerely held religious belief that life begins at conception, and abortion is murder. Because the vaccines were derived from aborted fetal cell lines, she cannot be complicit in the act of abortion. Ms. Cousins also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 15, 2021, United granted Ms. Cousin's request for a Medical Accommodation. United also acknowledged her religious beliefs, but determined, without input from Ms. Cousins, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Cousins employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Cousins was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Cousin's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity. Moreover, Ms. Cousins would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

889. Plaintiff Larry Joseph Cox: In August 2021, Mr. Cox notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life begins the moment of conception and all life is sacred. He believes that abortion is sinful and the use of aborted babies and their tissues for medical or commercial products violates is faith and moral beliefs. Because the vaccines were

194

derived from aborted fetal tissue cell lines, he cannot, in good faith, ingest the product. He also believes in that God almighty has provided him with all natural immunity that he should ever need. On September 15, 2021, United acknowledged Cox's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Cox only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Cox to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Service Equipment Mechanic) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Cox suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

890. Plaintiff Madeleine Craney: In August 2021, Ms. Craney notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs as a baptized Christian. She believes that her body is the living temple of the Holy Spirit. She must honor God through her body. She also believes in the sanctity of life and, therefore, cannot ingest any products derived from the aborted fetal tissue cells of another human or animal. She believes that God's grace will preserve her immune system which she is commanded to protect. On September 10, 2021, United acknowledged Ms. Craney's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against

195

United, the company determined that it accommodate Ms. Craney only by masking/testing that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Craney to wear an N-95 respirator that the company knew was not suited for extended wear, (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Craney suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

891. Plaintiff John Joseph Croix: In September 2021, Mr. Croix notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the use of fetal tissue cell lines in the development and production of vaccines is in violation of his belief that abortion is a sin. On September 5, 2021, United acknowledged Mr. Croix's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Croix only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Croix to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aviation Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Croix suffered harassment/ridicule/etc.

196

at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Croix had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

892.    Plaintiff Dennis Leon Crowl:  In August 2021, Mr. Crowl notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is murder and murder goes against God's  Commandments. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product is an abomination and a sin. Additionally, his body is the temple of the Holy Ghost and is owned by God.  He believes that man has no right to add anything to it that defiles it. On September 22, 2021, United acknowledged Mr. Crowl's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Crowl only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Crowl to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Support Equipment Mechanic) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Crowl suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was

197

part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

893.    Plaintiff Elzbieta Czarnecki:   In August 2021, Ms. Czarnecki desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the Catholic Church teaches that Moral Conscience is sacred to Catholic tenets, and must be obeyed as described in the Catechism. The Divine Law is the supreme rules of actions, and all that is, is a subject to the domain of law of God. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting such is contrary to her beliefs that every life is sacred. To Ms. Czarnecki it shows a profound disrespect for God's creation. Ms. Czarnecki submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Czarnecki's desire to also acquire a religious accommodation. On September 25, 2021, United granted Ms. Czarnecki's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Czarnecki only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Czarnecki to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Czarnecki suffered harassment/ridicule/etc. at work, was

198

forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

894. Plaintiff Eugenia D'Ambra: In Fall of 2021, Ms. D'Ambra notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was

199

shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

895. Plaintiff Jason Robert Davenport: In August 2021, Mr. Davenport notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is the temple of God. He believes it is his duty to protect this temple from all impurities. The COVID vaccines were developed and tested using aborted fetal cells, unclean in God's view. He believes taking that into his body would be a sin against God. On September 13, 2021, United acknowledged Mr. Davenport's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Davenport only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Davenport to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Facilities Service Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Davenport suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

896. Plaintiff Daphne A Davis: In September 2021, Ms. Davis notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that being forced to take the vaccine was the equivalent of taking the

mark of the Beast spoken of in the book of Revelations. Taking this "mark," as a Believer in Christ, would doom Ms. Davis to spend eternity in the Lake of Fire. She heard The Lord, whom she serves, speak to her spirit through daily life events and tell her not to participate in this vaccine as it is Luciferian and inspired by Satan. In September 2021, United acknowledged Ms. Davis's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Davis employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Davis was forced to retire under duress. Indeed, a Supervisor in Human Resources notified Ms. Davis that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. In fact, she suggested that Ms. Davis should "just quit." Moreover, Ms. Davis would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

897. Plaintiff Jane L Debus: In September 2021, Ms. Debus notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is the temple of the Holy Spirt. Because the vaccine was derived from aborted fetal tissue cell lines ingesting the product and its impurities is a sin. On September 10, 2021, United acknowledged Debus's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Debus employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had anexemption. Debus was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for their

family (an equally-important religious belief). As a result of United's coercion, Debus acquiesced and took the vaccine This was an especially pointless violation of Debus's faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Debus would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

898. Plaintiff Steven Vincent DeFily: In August 2021, Mr. DeFily attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief that does not condone abortion. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make him complicit in that act. Through no fault of Mr. DeFily, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. DeFily employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. DeFily was forced to retire under duress. Indeed, his Supervisor, Erik Carson, notified Mr. DeFily that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. DeFily would have been willing to test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on August 13, 2021, to notify United of his sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. DeFily's need for an accommodation, which was denied without any process.

899. Plaintiff Joanne Hipolito Dejano: In August 2021, Ms. Dejano notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her

sincerely held religious belief that life begins at conception. Because the vaccine was derived from aborted fetal tissue cell lines, receiving that vaccine would make her complicit in the act of abortion which violates her religious beliefs. On September 13, 2021, United acknowledged Ms. Dejano's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Dejano employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Dejano was forced to retire under duress. Indeed, she was told that she would lose her retirement benefits if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Dejano had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Dejano would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

900. Plaintiff James Christopher Dempsey: On August 19, 2021, Mr. Dempsey notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the his sincerely held religious belief regarding the sanctity of life and the fact that the vaccines were developed, manufactured, and/or tested using aborted fetal cells. Further he believes in the sanctity of his body as a temple of the Holy Spirit. Violating the Word of God by ignoring the leading of the Holy Spirit who lives in him, by ignoring his conscience, constitutes sin. He did not wish to commit sin. On September 13, 2021, United acknowledged Mr. Dempsey's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Dempsey employed for some time, but once it expired, the company

followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Dempsey was forced to retire under duress. Indeed, his Supervisor, Newark Chief Pilot Captain Fabian Garcia, notified Mr. Dempsey that he would be unable to retire while on unpaid leave, even if such leave extended beyond his scheduled retirement date of March 14, 2031. This was especially unreasonable since Mr. Dempsey had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Dempsey would have been willing to mask and test regularly for COVID as to a show that he was not a danger to his co-workers (as was allowed by other airlines).

901. Plaintiff Louis John DeRosa: On August 20, 2021. Mr. De Rosa notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that that life begins at conception and ends at natural death. Because the vaccine was derived from aborted fetal tissue cell lines, taking them would make him complicit in an action that offended his religious beliefs. Mr. De Rosa believes his body and mind are his temple and connection to God, yet many other ingredients reported in the vaccines could cause harm to his temple. The vaccines were deeply in conflict with Mr. DeRosa's genuine and sincerely held religious beliefs and if he permitted their use in his body, he would be held accountable by God and his bond with his creator would be broken. On September 9, 2021, United acknowledged Mr. De Rosa's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. De Rosa only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. De Rosa to wear an N-95

204

respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed.) Additionally, Mr. DeRosa suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

902. Plaintiff Susan Devoy: In August 2021, Ms. Devoy desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs against abortion. Because the vaccine was derived from fetal tissue cell lines, ingesting the product would make her complicit in the act. She believes that God commands no one commit murder, and that abortion is murder. Ingesting the product would have caused her to commit a grave sin against God. Unfortunately, due to the threats of being terminated and coercion by United, Ms. Devoy acquiesced and accepted the vaccine which rendered her medically injured. Under doctor's advice, she was unable to accept the second dose. She was able to submit a request for a Medical Accommodation, through much effort, at which time she also tried to notify United of her sincerely held religious belief which was even stronger after her injury as she viewed her injury as God's judgment. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Devoy's desire to also acquire a religious accommodation. In November 2021, United granted Ms. Devoy's request for a Medical Accommodation of only 6-months duration, after which she was told she would be terminated if she did not violate doctor's orders and accept the

205

second dose. She eventually was able to get an extension; however, United would not consider her desire for a Religious Accommodation which resulted in Ms. Devoy being held out of service several months longer than she would have been had they allowed her to submit a religious accommodation request. Moreover, Ms. Devoy would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

903.   Plaintiff John Dexter:  In August 2021, Mr. Dexter notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life is sacred from the moment of conception and killing that innocent life is murder and a violation of Scripture. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the produce would constitute such a violation making him complicit in the act. On September 11, 2021, United acknowledged Mr. Dexter's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Dexter only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Dexter to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Flight Dispatcher) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Dexter suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

206

904.    Plaintiff Timothy Eric Dietz:  In September 2021, Mr. Dietz notified United of his religious conflict with receiving the COVID-19 vaccine. This was due to his sincerely held religious belief that his body is a temple to God and the spiritual consequences of his decisions will last an eternity. Mr. Dietz's Pro-Life beliefs will not allow a substance derived from aborted fetal tissue cell lines to be injected into his body. In September 2021, United acknowledged Mr. Dietz' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Dietz employed for some time, but once it expired the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Dietz was forced to retire under duress.  Indeed, his Supervisor Captain Lawrence Ellis, notified Mr. Dietz that he would lose his benefits and retirement if he persisted in his religious beliefs and did not leave the company. This was especially unreasonable since Mr. Dietz had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover Mr. Dietz would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

905.    Plaintiff Jenifer Digiovanni:  In September 2021, Ms. Digiovanni notified United of her religious conflict with receiving a Covid 19 Vaccine. It is her religious belief that God has made her in his perfect image, and in following, God will provide for all her needs, including keeping her free from disease. Ms. Digiovanni believes her body is the temple of The Holy Spirit—God's temple. She cannot partake in any vaccine using fetal cell lines in any step of the production of the vaccines as that would contaminate the purity of God's temple. In accordance with God's law, and in order to remain in his religious favor, Ms. Digiovanni believes taking the COVID vaccine would go against her belief in

Christ. She has faith God will provide all healing. On September 13, 2021, United acknowledged Ms. Digiovanni's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Digiovanni employed for some time but once it expired the company followed thru on its promise to put unvaccinated workers out of a job if they had an exemption. Ms. Digiovanni was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Digiovanni acquiesced and took the vaccine. This was an especially pointless violation of Ms. Digiovanni's faith given the fact that she had already recovered from COVID and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Digiovanni would have been willing to test regularly for Covid as a show that she was not a danger to her coworkers (as was allowed by other airlines).

906. Plaintiff John Vincent DiPrima: On August 23, 2021, Mr. DiPrima notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life begins at conception and ends at natural death, therefore life is sacred. Additionally, he believes that because the body is a temple to the Holy Spirit and that if he is complicit in destroying the temple, he will be held accountable to God. Mr. DiPrima also firmly believes that abortion is murder, a violation of God's commandment not to murder. Because the COVID-19 vaccine was derived from aborted fetal tissue cell lines, obtained via an abortion, he could not cooperate with or be complicit with it. For all these reasons, Mr. DiPima is unable to ingest the vaccine. In September 2021, United acknowledged Mr. DiPrima's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken

against United, the company determined that it could accommodate Mr. DiPrima only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. DiPrima to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. DiPrima suffered harassment/ridicule/etc. at work, was forced to eat with a mask on between bites of food and drink, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

907. Plaintiff Doreen Diz: In August 2020, Ms. Diz notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is her temple. She believes that through prayer, she has received the Lord's word to stay pure and true to her beliefs. She believes in the sanctity of life and because the vaccine is derived from aborted fetal tissue cell lines, she cannot ingest the product for fear of being complicit in the sin of abortion. Diz also submitted a request for Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 10, 2021, United granted Diz's request for a Medical Accommodation. United also acknowledged her religious beliefs but determined, without input from Diz, that they would only grant the Medial Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Diz employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job

even if they had an exemption. Diz was forced to either take the vaccine (at the cost of their religious belief and at great risk to their health) or be forced into a position where they could not provide for their family (an equally important religious belief). As a result of United's coercion, Diz acquiesced and took the vaccine. This was an especially pointless violation of Diz's faith, given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Diz would have been willing to mask and test regularly for COVID to show that they were not a danger to their co-workers (as was allowed by other airlines).

908. Plaintiff Bryant Dockray III: In August 2021, Mr. Dockray attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. Mr. Dockray's faith tells him that ingesting a product derived from aborted fetal tissue cell lines would make him complicit in the act of murder, a mortal sin. Previously, in October 2020, United granted Mr. Dockray a medical accommodation to wear a face shield in lieu of wearing a mask due to skin irritation. When it came time to apply for a religious accommodation in lieu of the vaccine mandate, United told him that if he wanted to pursue a religious accommodation to avoid the vaccine mandate, he would be required to withdraw his granted medical accommodation for the face shield. United's Help Hub system was not designed to allow a person to submit both medical and religious accommodation requests which is discriminatory itself. Mr. Dockray was forced to either take the vaccine (at the cost of his religious belief and risking his medical health) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Dockray acquiesced and took the vaccine. This was an especially pointless violation of Mr. Dockray's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was

210

shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Dockray would have been willing to wear the plexi-glass face shield and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

909.    Plaintiff Jenny Lee Dolin:  On October 31, 2021, Ms. Dolin was recalled from COLA.  On October 14, 2021, in anticipation of her return, Ms. Dolin attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief opposing abortion and because the vaccine was created with, developed from, and/or included fetal cells, she could not ingest a product which would make her complicit in the act of abortion. Even though Ms. Dolin was on approved leave of absence at the time of the mandate, she was denied the opportunity to be granted a reasonable accommodation because it was past the company-imposed August 31, 2021 deadline. A temporary restraining order against United kept Ms. Dolin employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Dolin was forced to retire under duress. Indeed, her supervisor notified Ms. Dolin that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Dolin would have been willing to mask and test regularly for COVID to show she was not a danger to her co-workers (as was allowed by other airlines). The attempt on October 14, 2021 to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Dolin's need for an accommodation, which was denied without any process.

910.    Plaintiff Margaret Alana Dorman:  In October 2021, Ms. Dorman desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that pharmaceutical companies using fetal cell lines

211

derived from past abortions is a violation of the sacredness of life. Receiving the vaccination constitutes cooperation with and support of abortion, a blatant violation of Catholic doctrine. Ms. Dorman was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Dorman's desire to also acquire a religious accommodation. September 21, 2021, United granted Ms. Dorman's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Dorman only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Dorman to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Dorman suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Dorman had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

911. Plaintiff Makarios Mitri Doro: In August 2021, Mr. Doro notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief related to the aborted fetal cell tissues used in creating the vaccines. Mr. Duro religiously protests the murder of innocent babies to create vaccines. His faith also rejects the injection of someone else's body tissues into his body. Because the vaccine was derived from aborted fetal tissue cell lines, he could not ingest the product without violating his faith. On September 10, 2021, United acknowledged Mr. Doro's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Doro only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Doro to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). After being forced to wear the N-95 respirator, Mr. Doro began to retain fluid in his lungs and developed a rash. Additionally, Mr. Doro suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

912. Plaintiff Michael Schaun Drab: In September 2021, Mr. Drab notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God's natural immunity, by design, was the best defense for him. He believes that the necessary defenses designed in his human system

213

by God are sufficient to fight and sustain his health in most instances. Ingesting the vaccine would have violated Mr. Drab's conscience by not trusting God with his health. In addition, Mr. Drab believes that his body is a temple of the Holy Spirit so he is mindful of caring for his body, the temple. In September 2021, United acknowledged Mr. Drab's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Drab only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Drab to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Drab suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Drab had just recovered from COVID19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

913. Plaintiff Timothy Bryan Drain: On August 31, 2021, Mr. Drain notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs that prohibit a biological substance from being injected into his body. His blood is sacred and life is found in his blood. His own salvation was bought and paid for by the blood of Jesus Christ, and he cannot taint his own blood with vaccines, as it would violate his sincerely held Christian beliefs. In September 2021,

214

United acknowledged Mr. Drain's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Drain only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Drain to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Aircraft Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Drain suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

914. Plaintiff Gary James Dudek: In August 2021, Mr. Dudek notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief regarding the aborted fetal cell tissues used in the creation of the vaccines. Mr. Dudek religiously protests the murder of innocent children to create vaccines, as a violation of God's Commandments, or to have someone else's body tissues injected into him as he believes his body is a Temple of the Holy Spirit. On September 10, 2021, United acknowledged Mr. Dudek's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Dudek only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the

215

pandemic, United forced Mr. Dudek to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). In fact, after being forced to wear the N- 95 respirator, Mr. Dudek suffered from respiratory problems and face rashes. Additionally, Mr. Dudek suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

915. Plaintiff Mark Anthony Duggins: In August 2021, Mr. Duggins notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple of God, that should never be defiled. He believes that taking the vaccine would place him in direct violation of the Lord his God's teachings, and because he is accountable to answer to him this would be a terrible affront to his Lord. He believes he is to keep his body pure and undefiled. On September 13, 2021, United acknowledged Mr. Duggins' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Duggins only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Duggins to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Lead) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Duggins suffered harassment/ridicule at work,

216

was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Duggins had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

916. Plaintiff Brian J. DuLong: In September 2021, Mr. DuLong desired to notifyUnited of his religious conflict with receiving a COVID-19 vaccine. DuLong's long-held Catholic belief is that following his conscience is following Christ Himself. It is a very personal matter between him and his Creator. One role of his religious conscience is to alert him when he does something wrong (sin). Acting against one's conscience, therefore, is morally impermissible in the eyes of his Father, because sin is spiritual death. If DuLong were to ingest the vaccine, in opposition to his religious conscience (God's voice) that would be a sin against his Creator. DuLong was off work status and recovering from an on-the-job injury when the arbitrary window to apply for an accommodation ceased. DuLong, like many others, believed that he would be able to request reasonable accommodations upon return from leave. However, United's discriminatory system would not allow employees who missed the window, even though they were on various approved leaves of absence, to apply upon return.He was eventually able to submit a request for a Medical Accommodation, but because United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself, or any requests after September 1, 2021, he was eventually denied. Indeed, on or about September 18, 2021, United Airlines officially notified DuLong's that request was denied, and that he would be terminated for lack of

217

compliance with the mandate if he did not immediately take the vaccine, even though DuLong was still out on medical leave. Upon return from leave on November 1, 2021, and after using some vacation time, DuLong was forced into retirement under duress. Indeed, his Manager, Don Klingenberg notified DuLong that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, DuLong would have been willing to mask and test regularly for COVID to show that they were not a danger to their co-workers (as was allowed by other airlines).

917. Plaintiff William David Duncan: In August 2021, Mr. Duncan notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to Mr. Duncan's sincerely held religious belief that he believes his body belongs to God and is a temple for the Holy Spirit. Mr. Duncan believes the greatest gift from God is spiritual life through the Holy Spirit. Mr. Duncan also believes in the sanctity of innocent life, especially the lives of the unborn. Therefore, ingesting a product derived from aborted fetal tissue cell lines would make him complicit in violating the sanctity of innocent life. In September 2021, United acknowledged Mr. Duncan's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Duncan employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Duncan was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Duncan acquiesced and took the vaccine. Moreover, Mr. Duncan would have been willing

218

to test regularly for COVID to show he was not a danger to his co-workers (as was allowed by other airlines).

918. Plaintiff Linda Dutko: In August 2021, Ms. Dutko notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that as a baptized, practicing Catholic, the Roman Catholic Church teaches that a person may be required to refuse a medical intervention, including vaccination, if his or her Informed Conscience comes to this Sure Judgement. Based on her religious beliefs she has a moral duty to refuse the use of medical products that are derived from aborted human fetal tissue cell lines. On September 3, 2021, United acknowledged Ms. Dutko's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Dutko only by a masking and testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Dutko to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Assistant Manager of Zone Control in Airport Operations) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Dutko suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

919. Plaintiff Stephen Dutko: In August 2021, Mr. Dutko notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

religious belief that the Roman Catholic Church teaches that a person may be required to refuse a medical intervention, including vaccination, if his informed conscience comes to this sure judgement. His religious beliefs tell him there is a general, moral duty to refuse medical products, including these vaccines, if they are derived from aborted human fetal tissue cell lines. He believes ingesting these products contradicts Catholic moral teachings in The Catechism that tells him he has a right to act in conscience and in freedom so as personally to make moral decisions and must not be forced to act contrary to his conscience. He also believes it is his responsibility to his faith to not be prevented from acting according to his conscience, especially in religious matters. On September 3, 2021, United acknowledged Mr. Dutko's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Dutko only by a masking and testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Dutko to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Assistant Manager for the Move Team) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Dutko suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

920. Plaintiff Kathy Dyga: In August 2021, Ms. Dyga notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

religious belief that as a Catholic it is against her religion, Catholic teachings, and personal belief to ingest any product derived from aborted fetal tissue cell lines because she believes all life is precious. Abortion or death used to extend the lives of others is evil, selfish, and violates God's Commandment not to kill or be complicit in such an act. On September 14, 2021, United acknowledged Ms. Dyga's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Dyga only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Dyga to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Dyga suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. As a result of being forced to wear N-95 mask. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

921. Plaintiff Ryan Douglas Eades: In August 2021, Mr. Eades attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that his body is a temple of the Holy Spirit. Because the vaccine is derived from aborted human fetal tissue cell lines, he believes that ingesting the product violates his need to keep his temple pure. Through no fault of Mr. Eades, United deemed the attempt to notify the company

221

through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Eades employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Eades was fired. Indeed, United management notified Mr. Eades that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Eades would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on August 31, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Eades's need for an accommodation, which was denied without any process.

922. Plaintiff Dowald Eco: In August 2021, Mr. Eco notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple of God. He believes it is his duty to protect that temple. He also believes that intentional killing is gravely sinful and that abortion is murder. He believes that he cannot ingest products which were developed or derived from aborted fetal tissue cell linew without being complicit in the act. On September 8, 2021, United acknowledged Mr. Eco's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Eco only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Eco to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service

222

Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Eco suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Eco had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity.

923.    Plaintiff Meliza Edejer:  In August 2021, Ms. Edejer notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief as a baptized Roman Catholic that she has a religious, moral duty to refuse vaccines that are derived from aborted human fetal tissue cell lines.  To Ms. Edejer, the Catechism is clear that she should not be prevented from acting according to her conscience regarding religious matters. In September 2021, United acknowledged Ms. Edejer's religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate her by masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Edejer to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Storekeeper) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Edejer suffered harassment/ridicule/ etc. at work, was forced to eat alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion

223

against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Edejer had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

924. Plaintiff Alicia Mae Edmondson: In August 2021, Ms. Edmondson notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief as a baptized, Pro-Life Catholic. The use of any product derived from aborted human fetal tissue cell lines violates her religious convictions in opposition to abortion, and makes her complicit in the act, thereby violating her sincerely held religious beliefs. On September 9, 2021, United acknowledged Ms. Edmondson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Edmondson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Edmondson was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Edmondson acquiesced and took the vaccine. Moreover, Ms. Edmondson would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

925. Plaintiff David Brian Eirick: In August 2021, Mr. David Brian Eirick attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief that that God is the creator of all things, and he must keep bodily integrity pure. He

224

believes ingesting vaccines go against his Christian beliefs regarding his need to maintain purity, so as not to contaminate himself in the eyes of God. Through no fault of Mr. Eirick, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Eirick employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Eirick was forced to retire under duress. Indeed, his Supervisor, Vince Diaz, notified Mr. Eirick that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. Eirick had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Eirick would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on or about August 27, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Eirick's need for an accommodation, which was denied without any process.

926. Plaintiff Abdelouahab Elouirkhani: In August 2021, Mr. Elouirkhani notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that does not allow him to have any biological substance injected into his body that he cannot reverse, and that can have immediate and long-term effects. Mr. Elouirkhani must treat his body as a temple of God to obtain physical, emotional, and spiritual blessings. On September 13, 2021, United acknowledged Mr. Elouirkhani's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against

225

United, the company determined that it could accommodate Mr. Elouirkhani only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Elouirkhani to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Elouirkhani suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

927. Plaintiff Marc Embry: In Fall of 2021, Mr. Embry notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was

part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

928. Plaintiff Shannon Jean Engasser: In August 2021, Ms. Engasser notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief against ingesting any products that are derived from aborted fetal tissue cell lines. Doing so would make her complicit in the act of abortion and would violate her faith. On September 3, 2021, United acknowledged Ms. Engasser's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Engasser employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Engasser was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Engasser acquiesced and took the vaccine. Moreover, Ms. Engasser would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

227

929. Plaintiff Garit Engholm: In Fall of 2021, Mr. Engholm notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

930. Plaintiff Lisa Robin Erickson: On August 15, 2021, Ms. Erickson was able to submit a request for a Medical Accommodation due to a health condition that rendered

228

her unable to receive the vaccine. United Airlines did not make the Religious Accommodation available to Ms. Erickson, although she has sincerely held religious beliefs against ingesting products derived from aborted fetal cells lines. She believes that doing so would violate her Covenant with God and his command to honor the sanctity of Life. Ms. Erickson believes that she is created in the image of God and all life is sacred and precious to Him. She believes that the origin of the aborted fetal cells is from a life that God created, and introducing a vaccine derived through their use, into her body, would be an abomination in the eyes of God. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United Airlines provided no guidance as to how to notify the company of Ms. Erickson's desire to also acquire a Religious Accommodation. September 10, 2021, United granted Ms. Erickson's request for a Medical Accommodation without further input from Ms. Erickson. This promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Erickson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Erickson was forced to retire under duress. Indeed, United notified Ms. Erickson that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Erickson had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity.

931. Plaintiff Dorit Annemarie Johanna Ernst: In August 2021, Ms. Ernst notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is one of the gravest sins based on

229

respect for life and regarding children as a divine blessing. She believes that because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make her complicit in the sinful act of abortion. Ernst is not willing to risk her salvation by violating God's commandments. In early September 2021, United acknowledged Ernst's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ernst only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ernst to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ernst suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even reconsider after Ernst had recovered from COVID-19 in early 2022 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

932. Plaintiff Pablo Espada: In August 2021, Mr. Espada attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief that the vaccines used aborted fetal tissue cells in their development/testing/production which goes against what scriptures teach. He believes that by injecting this substance into one's body he would be partaking in the deaths of the unborn used for medical research. Through no

fault of Mr. Espada, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Espada employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Espada was fired.  Indeed, his Supervisor, Rico, notified Mr. Espada that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. Espada had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Espada would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on August 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Espada's need for an accommodation, which was denied without any process.

933.    Plaintiff Suzanne Eagle Esper:  In August 2021, Ms. Esper notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a baptized Catholic, her church teaches her to decline medical interventions if her informed conscience comes to this sure judgement. Because the vaccines were derived from aborted human fetal tissue cell lines, and because of her faith teachings that oppose abortion, she cannot be complicit in the act. Ms. Esper also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On or about September 13, 2021, United granted Ms. Esper's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the

231

unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Esper employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Esper was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Esper's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Esper would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

934. Plaintiff Kevin Estes: In August 2021, Mr. Estes notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs which led to Mr. Estes turning to God in prayer asking for direction regarding the vaccine requirement. As he prayed about what he should do, the Holy Spirit moved on his heart and conscience that he must not accept the product. If he were to go against the moving of the Holy Spirit, he would be sinning and jeopardizing his relationship with God and violating his conscience. Mr. Estes believes that our body is the temple of the Holy Spirit and that he is called to honor God and how he cares for his body. On September 15, 2021, United acknowledged Mr. Estes sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Estes only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Estes to wear an N-95 respirator that the company knew

232

was not suited for extended wear (especially when working outside as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Estes suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Estes had just recovered from COVID- 19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

935.    Plaintiff Maria Lourdes Estrada:  In September 2021, Ms. Estrada notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of the Holy Spirit. As such, she is commanded to honor God by keeping her body pure.  Because the vaccines were derived from aborted fetal tissue cell lines, ingesting the product would introduce impurities and defile God's temple.  She believes any product that takes origin in the vile abomination of abortion is sinful. Ms. Estrada is careful to not sin against God, or be complicit in the sins of others.  Therefore, she was unable to ingest the vaccine.  In September, 2021, United acknowledged Ms. Estrada's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Estrada employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Estrada was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Estrada

233

acquiesced and took the vaccine. Moreover, Ms. Estrada would have been willing to mask and test regularly for COVID to show that as a show that she was not a danger to her co-workers (as was allowed by other airlines).

936.   Plaintiff Ronald Joe Evans:  In August 2021, Mr. Evans notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he is specially created by God with a fully functioning immune system. The vaccines are designed to elicit an immune response which violates his uniqueness as created by God. Furthermore, the fact that the vaccines are derived from aborted fetal tissue cell lines violates his sincerely held religious belief in the sanctity of life. On September 13, 2021, United acknowledged Mr. Evans' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Evans only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Evans to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Evans suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

937.   Plaintiff Rob Matthew Fabick:  In August 2021, Mr. Fabick notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely

234

held religious belief that his body is God's temple of the Holy Spirit. He believes that because he is created in the image of God, receiving these vaccines would be a direct sin against God because they would violate the purity of his Temple. On September 10, 2021, United acknowledged Mr. Fabick's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Fabick employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Fabick was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Fabick acquiesced and took the vaccine. Moreover, Mr. Fabick would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

938. Plaintiff Dean Michael Faellaci: On August 7, 2021, Mr. Faellaci notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a Christian, taking the vaccine would defile his body which is the Temple of the Holy Ghost. Because the vaccine was derived from aborted human fetal tissue cell lines, and his right-to-life Biblical beliefs, he could not ingest the product without violating his faith. On September 10, 2021, United acknowledged Mr. Faellaci's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Faellaci only by a masking and testing regime that was intended to be punitive. Indeed, rather than wearing the cloth masks that had been provided by the company for the previous 18 months of the pandemic, United forced

Mr. Faellaci to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Faellaci suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

939. Plaintiff Brooke Fair: In August 2021, Ms. Fair intended to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that all human life is sacred from conception. Because the vaccine is derived from aborted fetal tissue cell lines, she believes it is immoral to benefit from the product and doing so would make her complicit in the act of taking another human life. Ms. Fair believes she is charged with upholding God's will regarding the sanctity of human life. Ms. Fair was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Fair's desire to also acquire a religious accommodation. At the end of October, 2021, United granted Ms. Fair's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Fair employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Fair was forced to endure unpaid leave until

236

such time that United decided to recall all customer-facing employees they put out of work. Moreover, Ms. Fair would have been willing to mask and test regularly for COVID to show she was not a danger to her co-workers (as was allowed by other airlines).

940. Plaintiff Robert Falcon: In August 2021, Mr. Falcon notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief as a Christian and the Catholic belief in therapeutic proportionality. Therapeutic proportionality is an analysis of whether the benefits of a medical intervention outweigh the undesirable side-effects and burdens affecting the integral good of a person, including spiritual, psychological, and bodily goods. Only the individual can make this determination for themselves. Mr. Falcon cannot ingest vaccine as it could affect his spiritual being. On September 10, 2021, United acknowledged Mr. Falcon's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Falcon only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Falcon to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Falcon suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

237

941.    Plaintiff Brandon Fallis:  In Fall of 2021, Mr. Fallis notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs.  While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

942.    Plaintiff Michael Joseph Fant:  In August 2021, Mr. Fant notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held

238

religious belief that are people all created in God's image and all life is sacred, including the lives of unborn children. Because the vaccine was derived from aborted fetal tissue cell lines, Mr. Fant believes it is an abomination to ingest those products into his body. On September 22, 2021, United acknowledged Mr. Fant 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Fant only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Fant to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Fleet Training Specialist) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Fant suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Fant had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

943. Plaintiff Tania Faria: In Fall of 2021, Ms. Faria notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be

punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

944. Plaintiff Joel Feltenberger: In August 2021, Mr. Feltenberger notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs. Mr. Feltenberger prayed to the Lord for direction. God moved his conscience not to ingest the vaccine. God has shown him the vaccines are derived from aborted human fetal tissue cell lines. Mr. Feltenberger's faith in Christ prevents him from condoning and benefiting from abortion, which in the eyes of the Lord, he believes is sin. God creates all life which is a gift from Him. Mr. Feltenberger cannot, in good faith, abandon his commitment to walk with Christ and receive this vaccine. On

240

September 10, 2021, United acknowledged Mr. Feltenberger's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Feltenberger only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Feltenberger to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Service Equipment Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Feltenberger suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

945. Plaintiff Hector Fernandez: In September 2021, Mr. Fernandez notified United of his religious conflict with receiving COVID-19 vaccine. This was due to the sincerely held religious belief that Christian teachings based on scripture inform him that his body is a temple of the Holy Spirit. He believes his faith provides strict requirements as to what he can ingest. Because the vaccine may contain substances of animal origin, swine or derivatives, and were derived using aborted fetal tissue cell lines, he believes knowingly ingesting the product would defile the temple of the Holy Spirit in violation of God's commands to him. On September 3, 2021, United acknowledged Mr. Fernandez' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Fernandez only by masking/testing regime that was intended

to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Fernandez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA Violation Lead showed). Additionally, Mr. Fernandez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Fernandez had just recovered from COVID-19, and therefore processed natural immunity that was shown to be at least as strong as the vaccine-induced immunity.

946. Plaintiff Anita Ferrao: In early September 2021, Ms. Ferrao was recalled from COLA and notified United of her religious conflict with receiving a Covid-19 vaccine. This was due to her sincerely held religious pro-life beliefs. She believes that her body is a temple made in God's image and she cannot do any harm to it. She also believes that innocent life is sacred to God from conception to birth to natural death. Ingesting any product that is developed, tested, and/or manufactured using aborted fetal cells would make her complicit in taking a life. Her sincerely held beliefs prohibit her from participating in or benefiting from an abortion, regardless of when the abortion occurred, as that is the taking of an innocent life. Even though Ms. Ferrao was on an approved leave of absence at the time of the mandate, she was denied the opportunity to be granted a reasonable accommodation because it was past the company imposed August 31, 2021, deadline. In early September 2021, United acknowledged Ms. Ferrao's sincerely held

242

religious belief but threatened termination due to the date lapse. Ms. Ferrao was forced to either take the vaccine (at the cost of her religious beliefs) or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Ferrao acquiesced and took the vaccine. Moreover, Ms. Ferrao would have been willing to mask and test regularly for Covid to show that she was not a danger to her co-workers (as was allowed by other airlines).

947. Plaintiff Assunta Ferrara: On August 23, 2021, Ms. Ferrara notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs as a devoted Christian Catholic. She prayed how to respond to the Covid-19 vaccine directive. Due to her Pro-Life stance and Christian beliefs, she believes her body belongs to God and is a temple of His Holy Spirit. She strongly believes that innocent life is sacred to God from conception, to birth and natural death. Because the vaccine was derived from aborted fetal tissue cell lines, she could not ingest the product. Ms. Ferrara's beliefs and faith in God are strong, and she upholds them to the highest power. On September 9, 2021, United acknowledged Ms. Ferrara's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Ferrara only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Ferrara to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Ferrara suffered harassment/ridicule/etc. at work, was forced to eat outside/alone,

isolated from co-workers, and was not allowed to participation regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

948. Plaintiff Gary Fetter: In August 2021, Mr. Fetter notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that ingesting products derived from aborted fetal cell lines, such as the COVID-19 vaccines, is immoral. His faith prevents him from being complicit in abortions, an act contrary to his faith. On September 9, 2021, United acknowledged Mr. Fetter's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Fetter only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Fetter to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Fetter suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Fetter had recently recovered from COVID-19 in and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

949.    Plaintiff Robert Fields:  In Fall of 2021, Mr. Fields notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs.  While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

950.    Plaintiff Cynthia Ann Flaspohler:  In August 2021, Ms. Flaspohler notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the

sincerely held religious belief that, pursuant to her Christian faith, her body is a temple of the Holy Spirit. She believes it is her God-given responsibility and requirement to protect the physical integrity of her body against unclean food and injections. The mandated vaccine violates her deeply held religious beliefs as she believes it is a mechanism for altering her body and is the equivalent of a prohibited "unclean food." As such, she believes that ingesting the product will cause harm to her conscience. She believes that the product will alter her body in a way that is not of God. Ms. Flaspohler also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 14, 2021, United granted Ms. Flaspohler's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Flaspohler only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Flaspohler to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Flaspohler suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

951.   Plaintiff Betty Fleming:  In August 2021, Ms. Fleming notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

religious beliefs that as a Christian, she believes life begins at conception and ends at natural death. She cannot, in any way, benefit from something that is derived from the remains of aborted fetuses (children). She believes that God will heal her and keep her safe from Covid-19. On September 9, 2021, United acknowledged Ms. Fleming's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Fleming only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Fleming to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Fleming suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Fleming had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

952. Plaintiff Luis Armando Flores: In September 2021, Mr. Flores attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief that, his body is the temple of the Holy Spirit. Therefore, he objects to intrusive foreign substances entering his body. He also believes that abortion is a sin, and ingesting a product derived

from aborted fetal tissue cell lines goes against his beliefs. Through no fault of Mr. Flores, United deemed his attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Flores employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Flores was fired on November 9, 2021. His supervisor notified Mr. Flores that he would lose his benefits/retirement if he persisted in his religious beliefs and did not leave the company. Moreover, Mr. Flores would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). Mr. Flores' attempt on September 27, 2021, to notify United of his sincerely held religious beliefs and need for an accommodation was denied without any process.

953.    Plaintiff Joseph Foley:  In August 2021, Mr. Foley notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life begins at conception and every part of that life, all the way to natural death is sacred to God. Each person's body is God's temple and belongs to God. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would constitute disobedience to the commandment to preserve life, resulting in an injury to his conscience and tacit participation in abortion, which is against Mr. Foley's religious beliefs. The Catechism instructs that following one's conscience is following Christ Himself. In all he does, he is obliged to follow faithfully what he knows to be just and right. On September 13, 2021, United acknowledged Mr. Foley's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Foley

248

only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Foley to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Mr. Foley suffered repeated instances of heat exhaustion wearing the N-95 respirator in the Florida heat. Additionally, Mr. Foley suffered harassment/ridicule/etc. at work, was forced to eat alone, isolated from co-workers, either outside in the heat or in a designated area of the hangar directly under a pigeon roost. He was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

954. Plaintiff Ellen Forrest: In August 2021, Ms. Forrest notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life begins at conception. Knowing that the vaccine was derived from aborted fetal tissue cell lines, Ms. Forrest could not ingest the product as doing so violated her sincerely-held religious beliefs against abortion. Ms. Forrest believes that abortion is murder at every stage. Ms. Forrest also believes that her body is her temple she cannot be forced to violate its sanctity. On September 21, 2021, United acknowledged Ms. Forrest's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Forrest only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Forrest to wear

an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Agent on Demand, Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Forrest suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Forrest had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

955.    Plaintiff Sylvie Forrest:  In September 2021, Ms. Forrest notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that. As a practicing Nichiren Buddhist she is a firm believer of what the Buddhist tenants regarding respect for all life.  Because the vaccine is derived from aborted fetal tissue cell lines,  ingesting the produce would show disrespect for her religion causing the accrual of negative karma in her life.  On September 8, 2021, United acknowledged Forrest's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Forrest employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Forrest was forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where she could not provide for her family an (equally-important religious belief.) As a result of United's coercion, Forrest acquiesced and took

the vaccine. Moreover, Forrest would have been willing to test regularly for COVID to show that she was not a danger to their co-workers (as was allowed by other airlines).

956. Plaintiff David Alan France: In August 2021, Mr. France notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief which opposes the use of aborted fetus cells for any purpose, including in the development, testing, and/or manufacturing of the vaccines. Mr. France believes that the use of aborted fetuses is unethical and wrong. Therefore, he is unable to ingest the product. On September 10, 2021, United acknowledged Mr. France's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. France employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. France was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. France acquiesced and took the vaccine. This was an especially pointless violation of Mr. France's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. France would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

957. Plaintiff Ana Maria Franco: In August 2021, Ms. Franco desired to notify United of her religious conflict with receiving COVID-19 vaccines. This was due to her sincerely held religious beliefs that acknowledges God as her Higher Power. Her faith and doctrine teach that human beings are created in the image of God and each individual

carries God's life-spark which provides the avenue for divine healing in her physical and emotional health. It is her personal philosophy, conviction, understanding, and spiritual belief system that prioritizes bodily autonomy and natural health practices without relying upon vaccines for the maintenance of her well-being. After much reflection, she gained discernment and placed her life and health are in God's hands, in line with her faith doctrine. On August 23, 2021, Ms. Franco was able to submit a request for a Medical Accommodation due to health conditions that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Franco's desire to also acquire a religious accommodation. On September 15, 2021, United granted Ms. Franco's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Franco only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Franco to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Franco suffered harassment/ridicule/etc. at work, was forced to eat outside alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights and medical agency.

252

958. Plaintiff Precious Joy Frasier: On August 30, 2021, Ms. Frasier notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that injecting substances into the body works against God's original intent. She believes that her body was created in the image and likeliness of God, meaning it will heal itself when given the proper "natural" produce and nutrition. Because the vaccine was derived from aborted fetal tissue cell lines, and because she does not believe in or support abortion, she is sure that ingesting the product would be sinful. On September 9, 2021, United acknowledged Ms. Frasier's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Frasier only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Frasier to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Frasier suffered harassment/ridicule/unfair work conditions/embarrassment etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

959. Plaintiff Estate of Greg James Freeman: In Fall of 2021, Mr. Freeman notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable

accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

960. Plaintiff Curt Freund: In August 2021, Mr. Freund notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief as an Orthodox Christian, he must protect his body by not ingesting any harmful substances, because his body is the temple of God. Mr. Freund also believes in the sanctity of life, specifically that life begins at conception, and that he must not endorse

the killing of human life in any way. Because the vaccine was derived from aborted fetal tissue cell lines, it would be a sin for Mr. Freund to benefit from the murder of innocent human life through COVID vaccine usage. On September 10, 2021, United acknowledged Mr. Freund's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Freund only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Freund to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Flight Dispatcher) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Freund suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

961. Plaintiff Yves Tommy Fuhrmann: On August 27, 2021, Mr. Fuhrmann notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that his body belongs to God, and that God had called him to avoid prescription or over-the-counter drugs and vaccines unless they are absolutely necessary, and instead to pursue natural health and healing, and to rely on and trust in God. After spending considerable time in prayer and scripture and seeking the guidance of the Holy Spirit, he came to the sincere belief that taking the COVID vaccine would be going against God, in part because he had already contracted COVID earlier that year and believed, as a result, that God had provided him with natural immunity. On

255

September 9, 2021, United granted Mr. Fuhrmann's request for a Religious Accommodation. On September 14, 2021, extraordinarily, Mr. Fuhrmann was able to contact United Human Resources to add a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United acknowledged his additional request but determined, without input from Mr. Fuhrmann, that they would only grant a single accommodation and changed Mr. Fuhrmann's accommodation from Religious to Medical, discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Fuhrmann employed for some time, but once it expired, the company followed through on its promise to deny unvaccinated employees the opportunity to work, even if they had an exemption. Mr. Fuhrmann was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees. This was an especially pointless violation of Mr. Fuhrmann's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Fuhrmann was willing to mask and test regularly for COVID to show that he was not a danger to his co-workers or anyone else, as was allowed by other airlines.

962. Plaintiff Rory Jay Gabriel: In August 2021, Mr. Gabriel notified United Airlines of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that Mr. Gabriel sees his physical body as a temple of the Holy Spirit living in him, and to receive a vaccine would defile that temple which would be a sin. Furthermore, he believes strongly that every life is sacred from the moment of conception and is made in the image of God for His glory. As such, he believes abortion is the sin of murder and that it would be a sin for him to receive a vaccine derived from

256

aborted fetal tissue cell lines. After much prayer and study of Scripture, Mr. Gabriel believes strongly that God does not want him to receive the COVID-19 vaccine and, therefore, cannot do so without sinning against God, as he is morally and eternally accountable before God for such a decision. On September 11, 2021, United acknowledged Mr. Gabriel's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Gabriel only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Gabriel to wear an N-95 respirator that the company knew was not suited for extended wear, (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Gabriel suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Gabriel had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

963. Plaintiff Gerald Gaimo: On August 24, 2021, Mr. Gaimo notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is his Temple of the Holy Spirit and it is his responsibility to protect his body from unclean food and injections and to keep it spiritually healthy. Based on his faith, he objected to taking this vaccine due to his belief that vaccines and their

257

additives are considered contaminants, from a biblical view, and that taking them will harm his Temple. On September 10, 2021, United acknowledged Mr. Gaimo's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Gaimo only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Gaimo to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Gaimo suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

964. Plaintiff Tracy Gaitan: In August 2021, Ms. Gaitan notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her body is a temple of the Holy Spirit and all life is sacred. Throughout her life, she has lived an alternative lifestyle in relation to her health and has sacrificed many medical conveniences to maintain health and sustain her body for the life given to her by her Creator. She believes human life begins at the time of conception. As a result, she believes she is unable to ingest a product derived from aborted fetal tissue cell lines. As a follower of God, doing so would violate that which he has given to her in His Word as stated in the Holy Bible. On August 30, 2021, United acknowledged Ms. Gaitan's sincerely held religious belief but promised only the unreasonable

accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Gaitan only by a masking regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Gaitan to wear an N-95 respirator that the company knew was not suited for extended wear (especially by an Account Manager), and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Gaitan suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

965. Plaintiff Nancy Gannon: In August 2021, Ms. Gannon notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a Temple. She believes that when someone is saved, the Holy Spirit comes to live inside of them. The divine instruction is to keep the temple pure and holy. For this reason, Gannon believes she cannot ingest any products derived from aborted fetal tissue cell lines as abortion is sinful and ingesting the product would be impure.

966. Plaintiff Charlotte Louise Garcia: In August 2021, Ms. Garcia desired to notify United of her religious conflict of receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her body is the temple of the Holy Spirit created in God's image. Because the vaccine was derived from aborted fetal tissue cell lines, she would be committing a sin if she were to support or ingest these products, as abortion is a sin. Ms. Garcia was able to submit a request for a Medical Accommodation due to a

259

health condition that rendered her unable to receive the vaccine. United's Help Hub System was not designed to allow a person to submit both Medical and Religious accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Garcia's desire to also acquire a religious accommodation. September 10, 2021, United granted Ms. Garcia's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Garcia only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the mask that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Garcia to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Garcia suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

967. Plaintiff Christopher Paul Gates: On September 5, 2021, Mr. Gates attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to his sincerely held pro-life religious beliefs. As a baptized Catholic, he believes life begins at conception, and is sacred to God. Mr. Gates' religious belief prohibits him from benefiting, in any form or reason, from abortion. As he understands that the vaccine was derived from aborted fetal tissue cell lines, he cannot ingest the product for fear of knowingly committing sin. Through no

fault of Mr. Gates, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Gates employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Gates was fired. Indeed, his Supervisor, Mr. George Gamaldi, notified Mr. Gates that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. Gates had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Gates would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers. The attempt on September 5, 2021, to notify United of his sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Gates' need for an accommodation, which was denied without any process.

968. Plaintiff James Gatesman: In August 2021, Mr. Gates mannotifiedUnited of his religious conflict with receiving a COVID-19 vaccine. Thiswas due to the sincerely held religious belief that abortion is murder and murder is sin. He believes that because the vaccine was derived from aborted fetal tissue cell lines, he cannot ingest the product without being complicit. He believes his faith prohibits him from participating in or benefiting from any abortion, no matter how remote in time that abortion occurred. Doing so would be a sin.On September 1st, 2021, United acknowledged Gatesmansincerely held religious belief but promised only the unreasonable accommodationof unpaid leave. A temporary restraining order against United kept Gatesmanemployed for some time, but once it expired, the company followedthrough on its promise to put unvaccinated workers out of a job even if

they had anexemption. Gatesmanwas forced to either takethe covid vaccine (at the cost of their religious belief) or be forced into a position where hecould notprovide for hisfamily (an equally importantreligious belief). As a result of United's coercion, Gatesmanacquiesced and took the vaccine. This was an especially pointless violation ofGatesman'sfaith given the fact that they had already recovered fromCOVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine inducedimmunity.Moreover, Gatesmanwould have been willing to mask and test regularly for COVID to show that he was not a danger to hisco-workers as was allowed by other airlines

969. Plaintiff Stacie Gatz: In August 2021, Ms. Gatz notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is both a sin and murder. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would be a sin and would violate Ms. Gatz' religious beliefs. In September 2021, United acknowledged Ms. Gatz sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Gatz only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Gatz to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Gatz suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was

part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

970.    Plaintiff Wendy Gentry:  In August 2021, Ms. Gentry notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief in that her body is a temple and she is required to keep that temple cleansed. God has bestowed on her the religious freedom of choice to do so. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would violate her temple and her faith.  On September 13, 2021, United acknowledged Ms. Gentry's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. On September 27, 2021, Ms. Gentry withdrew her religious exemption request solely due to the unreasonableness of the accommodation. On October 5, 2021, Ms. Gentry resubmitted her already-approved religious exemption submission. Through no fault of Ms. Gentry, United administratively denied the previously approved exemption request. A temporary restraining order against United kept Ms. Gentry employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Gentry was fired. Moreover, Ms. Gentry would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines). The attempt on October 5, 2021, to reassert her already approved sincerely held religious belief, in conflict with the vaccination requirement, put United on notice of Ms. Gentry's need for an accommodation, which was denied without any process.

971.    Plaintiff Martin Gerhard:  Gerhard notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious pro-life

263

belief that all life is sacred. As a Christian, he believes and follows the word of God as it is written in the Bible. Because the vaccine was derived from aborted fetal tissue cell lines, his faith prohibits him from participating or benefiting from an abortion, no matter how remote the abortion occurred, and therefore cannot ingest the product. Mr. Gerhard submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. In early September, 2021, United Airlines granted Mr. Gerhard's request for a Medical Accommodation but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Gerhard employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Gerhard was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Gerhard acquiesced and took the vaccine. Moreover, Mr. Gerhard would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

972. Plaintiff Christie Gerhard: Gerhard notified United of her religious conflict with receiving a COVID-19 vaccine. It is her firmly held belief that she cannot and will not use product that takes its origin in abortion. She will not participate in the process to use a product that violates the right to life and lives of the unborn. Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product would make her complicit. She believes and follows the word of God as written in the Bible. Her faith prohibits her from participating or benefiting from an abortion, no matter how remote the abortion occurred. Ms. Gerhard submitted a request for a Medical Accommodation

due to due to a health condition that rendered her unable to receive the vaccine. In early September, 2021, United Airlines granted Ms. Gerhard's request for a Medical Accommodation but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Gerhard employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Gerhard was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Gerhard acquiesced and took the vaccine. Moreover, Ms. Gerhard would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

973. Plaintiff John Christopher Gianos: In August 2021, Mr. Gianos notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that because the vaccine was derived from aborted human fetal tissue cells, and his belief that it is immoral to accept the benefit of a vaccine at the cost of another unborn human's life, he could not ingest the product. Additionally, he believes that God created all humans with a unique DNA. Injecting man-made or synthetic MRNA permanently alters God's original design. Mr. Gianos also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On August 21, 2021, United granted Mr. Gianos's request for a Medical Accommodation. United refused to acknowledge his Religious Accommodation request, but determined, without input from Mr. Gianos, that they would only grant the Medical Accommodation, discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary

restraining order against United kept Mr. Gianos employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Gianos was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Gianos would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines)

974.    Plaintiff Jennie Gilbert:  In August 2021, Ms. Gilbert notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief against the use medical products derived from aborted fetal tissue cell lines.  She believes that life begins at conception. Therefore, she could not be complicit in the taking of innocent life for medical advances. She believes that ingesting a product derived from the remains of an innocent, murdered child, in order to keep her job, is immoral. On September 3, 2021, United acknowledged Ms. Gilbert's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Gilbert employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Gilbert was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Gilbert acquiesced and took the vaccine. Moreover, Ms. Gilbert would have been willing to test regularly mask and test for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

266

975.    Plaintiff Kristine Giordano:  In August 2021, Ms. Giordano notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is immoral, and therefore, the COVID-19 vaccine is immoral due to the use of cell lines derived from aborted fetal tissue cells. On September 9, 2021, United acknowledged Ms. Giordano's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Giordano only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Giordano to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Giordano suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

976.    Plaintiff Christian Girona:  In August 2021, Mr. Girona notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held belief that because the vaccine was derived from aborted fetal tissue cell lines, and his faith teaches him that him that all life is precious and all babies deserve to live, it is sinful to God to ingest the product.  He believes body is made from God and as such, God has built in him a system to protect his health naturally.  In September 2021, United acknowledged Mr. Girona's sincerely held religious belief but promised only the

267

unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Girona only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Girona to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Girona suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

977. Plaintiff Tamara A Gladysheva: In September 2021, Ms. Gladysheva notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body does not truly belong to her. It belongs to God and must not be contaminated. She believes she is simply a caretaker of her body in this world, getting ready for the next life in the Holy Temple of God. Injecting any vaccines will jeopardize the integrity of her body and risk her eternal future in God's presence. On September 28, 2021, United acknowledged Ms. Gladysheva's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Gladysheva only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Gladysheva to wear an N-

95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Gladysheva suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees' steps purposefully taken to punish the exercise of religious rights.

978.   Plaintiff April Joy Glandt:  On August 16, 2021, Ms. Glandt notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred to God. She believes her body is God's temple and what she puts into it matters to God. She also believes that she cannot be complicit in the taking of another life. Because the vaccine was derived from aborted human fetal tissue cell lines, ingesting the product would make her complicit and the act which would be considered sinful. On September 16, 2021, United acknowledged Ms. Glandt 's sincerely held religious beliefs. After legal action was taken against United, the company determined that it could accommodate Ms. Glandt only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Glandt to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). As a result, On October 2, 2021, Ms. Glandt asphyxiated after seven (7) hours of wear. She tore her rotator cuff, cracked her clavicle, and tore her meniscus. The injuries prevented her from returning to work for one year. Prior to her resulting surgery, Ms.

Glandt suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

979. Plaintiff Diane Glim: In August 2021, Ms. Glim notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is the temple of the Holy Ghost and she is expected, by God, to be a good steward of it. She believes she cannot do anything that would bring harm to that temple. As a born-again Christian, she also believes life begins at conception. Because the vaccine was developed, tested, and/or manufactured with aborted fetal tissue cell lines, she believes ingesting the product is sinful. In September 2021, United acknowledged Ms. Glim's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Glim only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Glim to wear an N-95 respirator that the company knew was not suited for extended wear, especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Glim suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees-steps purposefully taken to punish the exercise of religious rights.

270

980.    Plaintiff Roy Chu Gocuan:  On August 29, 2021, Mr. Gocuan notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to Mr. Gocuan's strongly held religious beliefs and deep-seated faith that all human life is sacred. Mr. Gocuan believes that it is morally unconscionable and reprehensible to ingest a product derived from aborted fetal tissue cell lines. Doing so would be a grave violation of Mr. Gocuan's core beliefs, the sanctity of human life, and the Commandments of his God. On September 9, 2021, United acknowledged Mr. Gocuan's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Gocuan employed for some time, but once it expired, the Company followed through on its promise to put all unvaccinated workers out of a job even if they had an exemption. Mr. Gocuan was forced to either take the vaccine (at the cost of his religious beliefs) or be forced into the position wherein he would not be able to provide for his family's sustenance (an equally important religious belief). As a result of United's coercion, Mr. Gocuan acquiesced and took the vaccine. Moreover, Mr. Gocuan would have been willing to mask and test regularly for COVID-19, to show his fellow co-workers that he was not a danger to them (as was allowed by other airlines.)

981.    Plaintiff Kellyn Marie Goeken:  In August 2021, Ms. Goeken notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that a person's body is their temple that God has bestowed upon each unique and special human.  As such, she believes she cannot ingest a product derived from aborted fetal tissue cell lines, introducing sinful contaminants to her sacred temple. On September 10, 2021, United acknowledged Ms. Goeken's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms.

271

Goeken only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Goeken to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Goeken suffered harassment/ridicule/etc. at work, was forced to each outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Goeken had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

982. Plaintiff Richard Goeller: In August 2021, Mr. Goeller notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he is tasked to care for body, mind, and soul as gifted by God. He believes that knowingly injecting products derived from aborted fetal tissue cell lines is contrary to the aforementioned, as it contaminates his gift from God. In early September 2021, United acknowledged Mr. Goeller's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Goeller employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Goeller was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Goeller acquiesced and

took the vaccine. This was an especially pointless violation of Mr. Goeller's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Mr. Goeller would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

983. Plaintiff Veniamin Ananyevich Goncharov: In August 2021, Mr. Goncharov notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a devoted Christian, he believes the Bible is the word of God and is the utmost authority. The Bible teaches that his body is the Temple of God. He believes that ingesting vaccines, especially those derived from aborted fetal tissue cell lines, would defile his body. So strong are his beliefs none of his three children have received any vaccines. On September 9, 2021, United acknowledged Mr.Goncharov's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Goncharov only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Goncharov to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Goncharov suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed,

273

United would not even consider that Mr. Goncharov had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

984. Plaintiff Stuart Gordon: On August 28, 2021, Mr. Gordon notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God is the creator and all life is sacred. Mr. Gordon's belief will not allow him to be associated, directly or indirectly, with the taking of human life. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting them conflicts with GOD'S Commandment to not be complicit in killing another. Mr. Gordon's body is God's temple of the Holy Spirit, and he cannot harm his body, as that will be a sin on God. Mr. Gordon believes his body must remain pure in God's name. On September 15, 2021, United acknowledged Mr. Gordon's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Gordon only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Gordon to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Gordon suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

985. Plaintiff Marie Elizabeth Gorham: In September 2021, Ms. Gorham notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she believes life begins at conception and that abortion is wrong and a sin against God. Therefore, it would violate her faith to ingest any product derived from aborted fetal tissue cell lines. Ms. Gorham also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. In September 2021, United granted Ms. Gorham's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. They would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Gorham employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Gorham was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Ms. Gorham would have been willing to mask and test regularly for COVID to show that she was not a danger to their co-workers (as was allowed by other airlines).

986. Plaintiff Andrea Kaye Gorter: In August, 2021, Ms. Gorter desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is the temple of God. Abortions are against her religious beliefs because it is murdering children which is not by their choice of not being able to be given a chance of life. The COVID-19 vaccine was derived using aborted fetus tissue, making it tainted, so she cannot take it in her body. Ms. Gorter was able to submit a request for a Medical Accommodation due to a health condition that rendered

275

her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Gorter's desire to also acquire a religious accommodation. Through no fault of Ms. Gorter, United deemed the attempts to notify the company through Help Hub unsuccessful and administratively denied the exemption requests. A temporary restraining order against United kept Ms. Gorter employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Gorter was fired. Indeed, her Supervisor, Ms. Kurita, notified Ms. Gorter that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Gorter had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Gorter would have been willing to test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines). The attempts to notify United of her sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Gorter's need for accommodation, which was denied without any process.

987. Plaintiff Marianne Gotsoulia: In August 2021, Ms. Gotsoulia desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This is due to the sincerely held religious belief that God is like an invisible hand, keeping her out of harm's way. Greek Orthodoxy believes in ethics, and morals, but it objects to unethical, immoral actions such as abortion. Therefore, she cannot ingest a product derived from aborted fetal tissue cell lines for fear of being complicit in the act. Ms. Gotsoulia was able to submit a request for a medical accommodation due to a health condition that rendered

276

her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Gotsoulia's desire to also acquire a religious accommodation. In September 2021, United granted Ms. Gotsoulia's request for Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Gotsoulia employed for some time, but once it expired the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Gotsoulia was forced to either take the vaccine (at the cost of her religious beliefs) or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Gotsoulia acquiesced and took the vaccine. This was an especially pointless violation of Ms. Gotsoulia's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Gotsoulia would have been willing to mask. And test regularly for COVID to show that she was not a danger to her co- workers (as was allowed by other airlines).

988.   Plaintiff Amber Graham:  In August 2021, Ms. Graham attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief that all life is sacred to God starting from conception. She also believes her body belongs to God and is the temple of His Holy Spirit. Because the vaccine was derived from aborted fetal tissue cell lines, she believes that ingesting the product would violate these faith beliefs.  Through no fault of Ms. Graham, United deemed the attempt to notify the company through Help

Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Ms. Graham employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Graham was fired. Indeed, her Supervisor, Mike Spagnuolo, notified Ms. Graham that she would lose her benefits/retirement if she persisted in her religious belief and did not comply with the mandate. This was especially unreasonable since Ms. Graham had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Graham would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines). The attempts in August and September of 2021, to notify United of her sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Graham's need for an accommodation, which was denied without any process. Furthermore, Ms. Graham was terminated just three months before she was eligible to retire, losing all benefits, a financial savings for United Airlines.

989. Plaintiff Lisa Joy Greeley: In August 2021, Ms. Greeley notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that that she is created in the image of God. As such she cannot ingest any product that could potentially alter his creation or add external contaminants into her body, especially into her bloodstream. These would include aborted fetal cells, as well as vaccines containing other ingredients such as several types of animal and insect cells. Greeley also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. In early September 2021, United granted Greeley's request for a Medical Accommodation. United also acknowledged her Religious

beliefs, but determined, without input from Greeley, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Greeley employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Greeley was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Greeley would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

990. Plaintiff Karen Lynn Green: In August 2021, Ms. Green notified United of her religious conflict with receiving a COVID19 vaccine. This was due to her sincerely held religious belief, and as a practicing and confirmed Catholic, she cannot ingest a product derived from aborted fetal tissue cell lines. Doing so would make her complicit in the act of abortion which is a violation of her faith. Ms. Green also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 14, 2021, United granted Ms. Green's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request, but determined without input from Ms. Green, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Green employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Green was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Ms.

279

Green would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

991. Plaintiff Catherine Greenlee: In August 2021, Ms. Greenlee desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she cannot ingest foreign substances. She believes that because the vaccine was derived from aborted human fetal tissue cell lines it could be harmful to both her body and her soul. God commands Ms. Greenlee to treat her body as a temple, and violating that commandment is a sin. Therefore, she cannot ingest the vaccine for fear of sinning against God. In August 2021, Ms. Greenlee was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Greenlee's desire to also acquire a religious accommodation. United granted Ms. Greenlee's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Greenlee employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Greenlee was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Greenlee's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Greenlee would have been willing

to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

992.   Plaintiff Brian Greer:  In Fall of 2021, Mr. Greer notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs.  While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

281

993. Plaintiff John Gregus: In August 2021, Mr. Gregus notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that to ingest a vaccine that is derived from aborted fetal tissue cell lines would go against his sincerely held religious beliefs that have been instilled in him over the years. Going against his conscience would be going against his creator, God, by condoning the taking of innocent life. On September 8, 2021, United acknowledged Mr. Gregus sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Gregus only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Gregus to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Gregus suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Gregus had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

994. Plaintiff Paula Gresham: In September 2021, Ms. Gresham notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious pro-life belief in the sanctity of the unborn. Therefore, she believes that

282

ingesting a product derived from aborted human fetal tissue cell lines is sinful. She believes doing so would make her complicit and violates her faith and religious conscience. On September 8, 2021, United acknowledged Ms. Gresham's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Gresham employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Gresham was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Gresham acquiesced and took the vaccine. This was an especially pointless violation of Ms. Gresham's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Gresham would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

995. Plaintiff Bonnie Griffin: In Fall of 2021, Ms. Griffin notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and

which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

996. Plaintiff Shelly Denice Grissom: In September 2021, Ms. Grissom notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the COVID-19 vaccines were derived from aborted fetal tissue. This goes against her Christian faith/principles which do not support abortion in any way. On September 15, 2021, United acknowledged Ms. Grissom's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Grissom only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Grissom to wear an N-95 respirator that the company knew was not suited for extended wear (especially when

284

working as a Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Grissom suffered /ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposely taken to punish the exercise of religious rights.

997.    Plaintiff Michael Ryan Gross:  In August 2021, Mr. Gross notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as the traditional right of the Catholic Church dictates, Mr. Gross has the right to refuse a vaccination, if his informed conscience comes to this judgment. The Church holds that vaccination is not of God and the Holy Spirit; to inject these COVID shots would violate these sincerely held religious beliefs and would be a sin against God. On September 10, 2021, United acknowledged Mr. Gross' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Gross only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Gross to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working outside as a Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Gross suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, was not allowed to participate in regular company activities.  All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of

285

religious rights. Indeed, United would not even consider that Mr. Gross had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

998. Plaintiff Karyn Gruber: In August 2021, Ms. Gruber notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she was made in the image of God, exactly as he intended. Taking a vaccine that could possibly change or defile her body would be an affront to her God, and a sin. On September 1, 2021, United acknowledged Ms. Gruber's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Gruber employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Gruber was forced to retire under duress. Indeed, her Supervisor, Sandi Sills, notified Ms. Gruber that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Gruber had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Gruber would have been willing to mask and test regularly for COVID to show she was not a danger to her co-workers (as was allowed by other airlines).

999. Plaintiff Dennis Grzesiak: In August 2021, Mr.Grzesiak notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that all life is sacred. Because the vaccine was derived from aborted fetal tissue cell lines, he believes that he cannot ingest the product. Doing so would cause him to sin by being complicit in the taking of innocent lives. In September, 2021 United

acknowledged Mr. Grzesiak's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Grzesiak only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Grzesiak to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Equipment Service Equipment Mechanic) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Grzesiak suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1000. Plaintiff Johnny Pierre Guecamburu:  On August 30, 2021, Mr. Guecamburu attempted to notify United of his religious conflict with receiving a COVID-19 vaccine by contacting United Airlines Human Resources. He indicated that the last he knew, he needed a statement from a recognized religion written on church letterhead. He explained that the Catholic Church in the San Francisco Area was not giving signed letters to those seeking religious exemptions and requested information regarding what he should do. The United Human Resource agent gave the same exact answer he had received from his repeated inquiries at the local San Francisco Human Resource office during the previous three weeks—that all religious exemptions were on a case by case basis.  Over the course of these three weeks, and during two specific conversations with Human Resources, no person corrected Mr. Guecamburu's belief that he would be denied

287

an exemption if he did not have a letter on church letterhead, even when he specifically asked if that was a requirement. As a result, Mr. Guecamburu did not turn in a religious exemption through the Help Hub system for fear of rejection. However, he holds firm in his religious beliefs that using aborted fetal cell lines during the creation, testing, and/or implementation of the COVID vaccines is immoral and a violation of the tenets of the Catholic Faith which stands firm against abortion and the murdering of innocent children. Mr. Guecamburu was then taken out of work on September 30, 2021, and suspended with pay. He inquired of Human Resources regarding early retirement and was told that he would need 6 more months of service. He also complained about the lack of information for the religious exemption process, and what he believed was intentionally misleading information on the part of Human Resources. He also asked to be granted an unpaid leave of absence. United replied that no leaves of absence were being offered. Mr. Guecamburu would have complied with the religious submission process if he had been given clear information/directions. He would have also complied with masking and testing to prove that he was not a threat to co-workers, the accommodation given to others Ramp Service Agents. Instead, Mr. Guecamburu was terminated via a FedEx letter on October 16, 2021. On October 21, 2021, United offered to let Mr. Guecamburu retire with flight benefits only if he agreed not to sue the Airline. He declined.

1001. Plaintiff Arnoldo Guerra: In August Mr. Guerra notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a Temple of the Holy Spirt. Because the vaccine was derived from aborted fetal tissue cell lines, he could not take the vaccine; his faith, consciousness, and pro-life stance could not be compromised. In September 2021, United

288

acknowledged Mr. Guerra's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Guerra employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Guerra was forced to retire under duress. Indeed, his supervisor, Chad McGee, notified Mr. Guerra that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. Guerra had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Guerra would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1002. Plaintiff Robert Eugene Guetzow:  In August 2021, Mr. Guetzow notified United of his religious conflict with receiving a COVID19 vaccine. This was due to the sincerely held religious belief that God created everyone in His own perfect image. Mr. Guetzow believes that by injecting a man-made, artificial substance, in to his body, he is saying that God is not perfect. This undermines Mr. Guetzow's faith in God's wisdom. Mr. Guetzow also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. In September 2021, United granted Mr. Guetzow's request for a Medical Accommodation without input from Mr. Guetzow. United refused to acknowledge his Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Guetzow only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of

289

the pandemic, United forced Mr. Guetzow to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Guetzow suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Guetzow had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1003. Plaintiff Matthew Gutierrez: In September 2021, Mr. Gutierrez attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to his sincerely held religious belief that he is to regard his body as a temple of God's Holy Spirit. The use of cells, cellular debris, protein, and DNA from aborted human children used in Covid 19 vaccine testing development and/or manufacturing, violate scriptures, including the Commandment not to murder. Further, Mr. Gutierrez is to honor God, his Creator and possessor of his body, by not defiling the temple which is his body. Through no fault of Mr. Gutierrez, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Gutierrez employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Gutierrez was fired. Indeed, his Supervisor, Gwen Taylor, notified Mr. Gutierrez that he would lose his benefits/retirement if he persisted in his religious belief and did not leave

290

the company. This was especially unreasonable since Mr. Gutierrez had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Gutierrez would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on or about August 28, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Gutierrez's need for an accommodation, which was denied without any process.

1004. Plaintiff Franklin Guzman: In September 2021, Mr. Guzman notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief abortion is a sin. Because the vaccine is derived from aborted fetal tissue cell lines, his faith prohibits him from ingesting the product, based on its sinful origin. On September 10, 2021, United acknowledged Mr. Guzman's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Guzman only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Guzman to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Guzman suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company

291

activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1005. Plaintiff David Lawrence Gwynn: In September 2021, Mr. Gwynn notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the only decider of who lives and dies is God. He believes it is not his place, or that of anyone else, to second guess God's plan. He trusts God as only He can heal Mr. Gwynne and keep him safe from disease, if it is God's will. Taking the vaccine would violate God's will and God's plan. On September 10, 2021, United acknowledged Mr. Gwynn's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Gwynn only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Gwynn to wear an N-95 respirator that the company knew was not suited for extended wear especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Gwynn suffered harassment/ridicule/etc. at work, was required to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Gwynn had just recovered from COVID-19 and, therefore, possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1006. Plaintiff Joseph Haddad:  In August 2021, Mr. Haddad notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he was not morally obligated to receive any vaccine, including those derived from aborted fetal tissue cell lines, if his informed conscience deemed it wrong. He believes the Catholic Church emphasizes that vaccination should be voluntary and that the judgment of therapeutic proportionality—balancing the benefits and burdens of any vaccine—is a personal decision. He believes the Catechism of the Catholic Church upholds the right to act according to one's conscience, especially in religious matters. On September 25, 2021, United acknowledged Mr. Haddad's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Haddad only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Haddad to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Field Planner) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Haddad suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Haddad had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. While masked at work, Mr. Haddad suffered skin barrier damage from prolonged mask use.

293

1007. Plaintiff Zach Hadley: In Fall of 2021, Mr. Hadley notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1008. Plaintiff Daniel Patrick Hagan: In September 2021, Mr. Hagan notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the

sincerely held religious belief that God has created Mr. Hagan unique in His image, and that Mr. Hagan cannot defile his body for any circumstance. Mr. Hagan believes the vaccine violates his body, the Temple of the Holy Spirit, as it does not conform with his Pro-Life beliefs, as aborted fetal cell tissue lines are used in its development and testing. On September 01, 2021, United acknowledged Mr. Hagan's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Hagan only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hagan to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Hagan suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1009. Plaintiff Maryellen Hahn-Bongiovanni: In August 2021, Ms. Hahn-Bongiovanni notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body belongs to God and is the temple of His Holy Spirit. The vaccine was derived from aborted human fetal tissue cell lines, and abortion (taking the life of an unborn human) is a mortal sin. Ms. Hahn-Bongiovanni cannot ingest products derived from abortion for fear of being deemed complicit in that sin. In September 2021, United acknowledged Ms. Hahn-Bongiovanni's

sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Hahn-Bongiovanni only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Hahn-Bongiovanni to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Hahn-Bongiovanni suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Hahn-Bongiovanni had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1010. Plaintiff Michael Edward Hajnos: In August 2021, Mr. Hajnos attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious pro-life beliefs. His faith prohibits him from participating or benefitting from any product derived from aborted fetal tissue cell lines. He believes that doing so would make him complicit in the act of abortion and is a mortal sin. Mr. Hajnos was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify

296

the company of Mr. Hajnos' desire to also acquire a religious accommodation. On September 11, 2021, United granted Mr. Hajnos' request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Hajnos employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Hajnos was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Hajnos' faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Hajnos would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1011. Plaintiff Edie Frances Hall: In August 2021, Ms. Hall attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief that, human life is sacred to God, who created it, and the taking of that life would be murder. That said, Ms. Hall cannot and would not put anything into her body that would defile it, specifically the fetal cell lines used in the creation of the Covid-19 Vaccine. To do so would put her at enmity with God. In September 2021, United acknowledged Ms. Hall's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Hall employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Hall was forced to retire under

297

duress. Ms. Hall would have been willing to test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1012. Plaintiff Dean Allan Halverson: On August 18, 2021, Mr. Halverson notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs as a Christian, in opposition to abortion and the taking of innocent lives in any form. Because the COVID-19 vaccine was derived from aborted fetal tissue cell lines, he was opposed to ingesting the product, as it would be considered a rebellion against God. In September 2021, United acknowledged Mr. Halverson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Halverson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Halverson was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Halverson acquiesced and took the vaccine. This was an especially pointless violation of Mr. Halverson's faith given the fact that he had, during this same timeframe, recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Halverson would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1013. Plaintiff Keith Randall Hamaker: In August 2021, Mr. Hamaker notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that it is against his faith to commit sin. Because the vaccine was derived from aborted fetal tissue cell lines, and because he believes that abortion is

298

murder, he believes he would be going against the Holy Spirit and not be able to receive God's direction and blessings in life and thereafter if he ingested the vaccine. On September 21, 2021, United acknowledged Mr. Hamaker's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Hamaker employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Hamaker was forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, Mr. Hamaker acquiesced and took the vaccine. This was an especially pointless violation of Mr. Hamaker's faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Hamaker would have been willing to mask and test regularly for COVID to show that he was not a danger to co-workers (as was allowed by other airlines).

1014.  Plaintiff Jintana Hampton:  Ms. Hampton was on approved Long Term Disability Leave from December 30, 2020 through January 31, 2022. On September 19, 2021, Ms. Hampton proactively attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief that she is a child of God. The Lord created her with an immune system, and it is her responsibility, as a child of Christ, to protect her body, soul, and spirit. Her body is a temple of the Holy Spirit.  She states that the spirit of God dwells within her; therefore, it is her Christian she beliefs that in the responsibility, through God, to protect the integrity of her body against injections derived from aborted fetal tissue cell

lines. Thus, she is obligated to protect her body from unclean food and injection as she is held accountable to God. Taking the Covid-19 vaccines is not an option. Even though Ms. Hampton was on an approved leave of absence at the time of the mandate, she was denied the opportunity to be granted a reasonable accommodation because her return was past the company imposed deadline. In January 2022, United acknowledged Ms. Hampton's sincerely held religious belief but threatened termination due to the date lapse. Ms. Hampton was fired on February 22, 2022. Moreover, Ms. Hampton would have been willing to test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines). The attempt on September 19, 2021, over 4 months before her return from approved Long Term Disability Leave and before she was required to submit an exemption request, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Hampton's need for an accommodation, which was denied without any process.

1015. Plaintiff Ali Favero Handy: In August 2021, Ms. Handy notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is an extension of God and any contaminants that may be introduced to her should be through natural exposure and not injected into her body, as written in the Bible and Divine Law. She states that the spirit of God dwells within her; therefore, it is her Christian responsibility, through God, to protect the integrity of her body against ingesting products derived from aborted fetal tissue cell lines. In September 2021, United acknowledged Ms. Handy's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Handy only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the

300

masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Handy to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Ramp Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Handy suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1016. Plaintiff Peter Carl Hanegan: In August 2021, Mr. Hanegan notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple to God. Because the vaccine was derived from aborted fetal tissue cell lines, as a Christian, Mr. Hanegan, who does not agree with or support abortion, believes that ingesting the product would make him complicit in abortion, a sin. On September 10, 2021, United acknowledged Mr. Hanegan's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Hanegan only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hanegan to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aviation Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). In October 2021, Mr. Hanegan got severe frostbite on his feet while camping, putting him in the ICU and

301

ultimately leading to metatarsal and toe amputations from both feet. While suffering in the ICU, HR called him to remind him that he is required to submit two negative COVID tests every week. Additionally, Mr. Hanegan suffered further harassment/ridicule/etc. when he returned to work, as he was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1017.   Plaintiff Lisa Haney:  On August 31, 2021, Ms. Haney notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is her temple per God's teachings. She believes that she cannot have unclean substances in her body which could contaminate her holy temple. The COVID vaccine would violate that direction. On September 10, 2021, United acknowledged Ms. Haney's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Haney only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Haney to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Haney suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was

302

part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1018. Plaintiff Gregory John Hanouw:  In August 2021, Mr. Hanouw notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a Christian, Mr. Hanouw believes that the Bible is the Word of God and a place to turn to for truth and wisdom. Mr. Hanouw believes that his body is the Temple of the Holy Spirit and that He was bought at a price and must glorify God in his body and in his Spirit which is God's. Mr. Hanouw is a steward of the body that God gave him and it is his responsibility to take care of it and honor God with it. Mr. Hanouw believes that the shots have numerous additives and would alter the way his immune system that God gave him works. As a Christian He also believes that life begins at conception, and because the vaccine is derived from aborted fetal tissue cell lines, he cannot ingest the product as abortion is a sin.  On September 9, 2021, United acknowledged Mr. Hanouw's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Hanouw only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hanouw to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Hanouw suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was

part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1019. Plaintiff Melissa Harding: In August 2021, Ms. Harding notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred. Harding, a pregnant mother at the time, could not ingest a product derived from aborted fetal tissue cell lines as she believes abortion is a sinful act. In September 2021, United acknowledged Harding's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. Although Harding was, by now, on maternity leave, the threat of the unreasonable accommodation placed undue stress on her. As a result of United's coercion, Harding quit her job in approximately May, 2021, fearful that when she returned she would be forced to vaccinate as she was breast feeding her child. Moreover, Harding would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1020. Plaintiff Rosilyn Harlan: In August 2021, Ms. Harlan notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief as a Catholic, that God chooses a path for everyone. The path chosen for her was to not get vaccinated because she feels it would do harm. She does not agree to the use of aborted fetal tissue cell lines in the development, testing, and/or manufacturing of the vaccine. And, as her body is her temple, she believes God is the guiding spirit. He is the judge and jury, and she answers only to Him for her deeds and choices. She does not want to be judged for being complicit. On September 9, 2021, United acknowledged Ms. Harlan's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company

304

determined that it could accommodate Ms. Harlan only by a masking/ testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Harlan to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Harlan suffered harassment/ridicule at work, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Harlan recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1021.   Plaintiff Angela Harper:  In August 2021, Ms. Harper notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she believes faith is a personal choice. She believes God has created science and the art of medicine to bring healing to his people. Ms. Harper does not believe all followers of Jesus will use science or medicine in every situation of life. There are many areas where the science is available, but the use of that science does not meet her faith, belief, or the need of usage. If an individual believer feels their beliefs will be compromised by the use of a drug, medicine or procedure, she believes it is her responsibility, as directed by God, to forego their use.  In September 2021, United acknowledged Ms. Harper's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Harper only by a

305

masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Harper to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Harper suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Harper had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1022. Plaintiff Charice Dawn Harrell: In August 2021, Ms. Harrell notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God molded her in His image and designed her body with the ability to heal itself. Immunizations violate her belief in the complete power of faith healing, and to take the COVID-19 vaccine would be against God's will. In September 2021, United acknowledged Ms. Harrell's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Harrell only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Harrell to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Baggage Resolutions

306

Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Harrell suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Harrell had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1023. Plaintiff Charles Miller Harrell: In August 2021, Mr. Harrell notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God's directives are essential and paramount in his life choices. He is pro-life and believes that life begins at conception. His faith teaches that life is precious to God, Who knows us and forms us in the womb. The promotion of and use of cell lines that originated from aborted fetuses in manufacturing and and/or testing of the vaccine is in direct conflict with his religious beliefs. Due to the importance of his faith, his daily decisions are determined by God's commands in all ways, such as eating choices that align with God's guidelines, because these decisions are far more than physical acts, they are spiritual ones on many levels. He believes that for every physical act, a spiritual response is manifest, so in taking the vaccine he would be violating his faith and God. Be it physical or spiritual, each affecting the other in many profound ways, he firmly believes these go hand in hand, whereas both are directives of God, and are the eternal decrees put forth that guide his life. On September 13, 2021, United acknowledged Mr. Harrell's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that

307

it could accommodate Mr. Harrell only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Harrell to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Harrell suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1024. Plaintiff Kevin Harrington: In August 2021, Mr. Harrington notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his blood is of Jesus Christ and injecting a vaccine derived from aborted fetal tissue cell lines would taint the blood. He also believes that God commands he makes his own decisions about what goes in his body to ensure he follows his religious conscience. In September 2021, United acknowledged Harrington's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Harrington only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Harrington to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally,

308

Harrington suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Harrington had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1025. Plaintiff Nils Hart: In August 2021, Mr. Hart notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that he will not use any product that takes its origin in abortion. He opposes using fetal cell lines from an aborted fetus as this violates his belief in the right to life, a basic tenet of his faith. Additionally, he believes that only God has the right to modify human RNA/DNA. On September 13, 2021, United acknowledged Mr. Hart's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Hart only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hart to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Avionics Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Hart suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this

309

was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1026. Plaintiff Starlene Hart: In Fall of 2021, Ms. Hart notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

310

1027.   Plaintiff Gisselle Hartsfield:  Ms. Hartsfield desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that being a knowing and willing participant to injecting products derived from aborted fetal tissue cell lines goes against her conscience when she stands before God on Judgement Day. Because she would be complicit in the act of abortion, she would be guilty of a mortal sin. Ms. Hartsfield was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Hartsfield's desire to also acquire a religious accommodation. On September 15, 2021, United granted Ms. Hartsfield's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Hartsfield employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Hartsfield was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Ms. Hartsfield would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1028.   Plaintiff Beverly Lynn Havens:  In August 2021, Ms. Havens notified United Airlines of her religious conflict with receiving a COVID-19 Vaccine through the United "Help Hub" System. This was due to the sincerely held religious beliefs against ingesting products derived from of aborted fetal tissue cell lines.  Through prayer she knew ingesting such products would be a grave sin.  On August 18, 2021, United acknowledged

311

Ms. Havens' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. Ms. Havens withdrew her religious exemption request solely due to the unreasonableness of the accommodation. Ms. Havens attempted to resubmit or request her already-approved religious exemption be reinstated. Through no fault of Ms. Havens, United administratively denied the previously approved exemption request. A temporary restraining order against United kept Ms. Havens employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Havens was forced to retire under duress. On November 4, 2021, Supervisor Shannon and union representative Beth Rogers told her that she would be getting a letter of termination in the mail in a few days if she did not retire prior to receipt. This was especially unreasonable since Ms. Havens had already recovered from COVID-19 and possessed the natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Havens would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). Ms. Havens' attempt to reinstate her approved exemption in September 2021, and again notify United of the sincerely held religious belief in conflict with the vaccination requirement, put United on notice of her need for an accommodation, which was denied without any process.

1029. Plaintiff Gregory Josef Heli: In August 2021, Mr. Heli notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief as a devout Catholic, that using vaccines derived from aborted human fetal tissue cell lines and injecting it into his body is immoral and is a desecration of his body, a temple of the Holy Spirit. On September 13, 2021, United acknowledged Mr. Heli's

312

sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Heli employed for some time, but once expired, the Company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Heli was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Heli acquiesced and took the vaccine. Moreover, Mr. Heli would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other major airlines).

1030. Plaintiff Ronald Hencey: In August 2021, Mr. Hencey notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is murder and a violation of the Ten Commandments. Mr. Hencey believes ingesting a product derived from aborted fetal tissue cell lines would make him complicit in the act of abortion. On September 26, 2021, United acknowledged Mr. Hencey's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United, kept Mr. Hencey employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Hencey was forced to retire under duress. Indeed, his Supervisor, George Gamaldi, notified Mr. Hencey, that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Hencey, would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers, (as was allowed by other airlines).

313

1031. Plaintiff Mariah Martanae Charon Henderson: In August 2021, Ms. Henderson notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God will take care of her needs. She believes God is her healer and her protector and that she is a creation of God and follows his teachings, and that her faith will protect her health needs. On September 13, 2021, United acknowledged Ms. Henderson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Henderson only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Henderson to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Henderson suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1032. Plaintiff LaKia Hendricks: In October 2021, Ms. Hendricks notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God created her in His image. She believes God gave her a perfect immune system, and she is bestowed with His gift. Receiving the vaccines demonstrates that she trusts man more than the His holy words of protection, a sin against God. She believes Jesus will protect her health so long as she places her trust in Him. On October

314

18, 2021, United acknowledged Ms. Hendricks' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. Indeed, rather than wearing the masks that had been provide by the company for the previous 18 months of the pandemic, United forced Ms. Hendricks to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Hendricks suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1033. Plaintiff Elsa Henriquez: In August 2021, Ms. Henriquez notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she is made in the image of God, and her body is sacred—a temple. She believes abortion is against God's will and injecting a vaccine derived from aborted fetal tissue cell lines would be a sin. In September 2021, United acknowledged Ms. Henriquez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Henriquez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Henriquez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later

315

showed). Additionally, Ms. Henriquez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Henriquez had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1034. Plaintiff Angel Hernandez: In August 2021, Mr. Hernandez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God dictates that he was wonderfully and fearfully made, pure and whole. Therefore, he believes his body is a temple of God, where the Holy Spirit dwells and must be honored as such. In accordance with these beliefs, and because the vaccine was tested, produced, and/or manufactured by the use of aborted fetal cell lines, Mr. Hernandez cannot ingest the vaccine because he believes that abortion is a sin, an act in which he cannot knowingly be complicit. On September 13, 2021, United acknowledged Mr. Hernandez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate M. Hernandez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hernandez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Hernandez suffered harassment/ridicule/etc. at work, was

316

forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1035. Plaintiff Paul Matthew Hernandez: In September 2021, Mr. Hernandez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs as a Christian and in the God of Nature which forbade him from submitting to potentially gene-altering medical interventions. Mr. Hernandez's personal faith in the virtues of Natural Law and God's Natural Design severely conflict with ingesting the vaccine. Mr. Hernandez believes that he is created in God's image and by His holy design. Therefore, participating in the vaccine violates God's instruction to protect His design. It is Mr. Hernandez' religious duty to protect God's gift to him and his body from all potential toxins. On September 8, 2021, United acknowledged Mr. Hernandez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Hernandez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hernandez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Hernandez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was

317

part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1036. Plaintiff Sergio Hernandez: On August 11, 2021, Mr. Hernandez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious Catholic beliefs. He sought information from the national Catholic Bioethics Center (Advisory to the U.S. Catholic Bishops), the Colorado Catholic Conference, The Catechism of the Catholic Church, and his Priest. Ingesting products derived from aborted fetal cell lines violates his conscience. The Catechism instructs that he is morally obligated to follow his conscience; therefore, he cannot accept the vaccine. On September 10, 2021, United acknowledged Mr. Hernandez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Hernandez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hernandez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Hernandez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Hernandez had just recovered from COVID-19

318

and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1037. Plaintiff Kimberly Anjanette Herring: In September, 2021, Ms. Herring notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God is her highest power. Because His Son sacrificed his life then rose, the Guiding Holy Spirit lives within her. She believes that her medicine comes from God to heal her body. Because the vaccine is derived from aborted fetal tissue cell lines and could alter her God-made body and mind, ingesting the product would be dishonorable in God's sight. On September 9, 2021, United acknowledged Herring's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Herring's last only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Herring to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Herring suffered harassment/ridicule/isolation at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1038. Plaintiff Mark Heverly: In August 2021, Mr. Heverly notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

319

religious belief in the sanctity of life. Mr. Heverly believes that because the vaccine was derived from aborted fetal tissue cell lines, ingesting products derived from aborted baby parts would make him complicit in their death. Doing so would violate his covenant with God, the Father, to find guidance in his personal prayer and ensure he maintains his body as the Holy Temple God intended. On September 17, 2021, United acknowledged Mr. Heverly's held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Heverly only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Heverly to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Inspector) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Heverly suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Heverly had just recovered from potential COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1039. Plaintiff Maile Lok Hewett: In September 2021, Ms. Hewett notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is filled with the Holy Spirit and is a vessel for God's word and love. As such, she believes that she must follow God's command to keep her

320

body pure. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would destroy the foundation of trust her relationship with the Lord is built upon. She must follow the path God has laid out before her to ensure she remains pure and does not defile his vessel. Violating this covenant will doom her salvation. Ms. Hewett also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On or about September 4, 2021, United granted Ms. Hewett's request for a Medical Accommodation. United also acknowledged her request for Religious Accommodation, but without input from Ms. Hewett, would only process her Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Hewett employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Hewett was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Hewett's faith. Moreover, Ms. Hewett would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1040. Plaintiff Terry Barnes Hight: In August 2021, Mr. Hight notified United Airlines of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs as a Christian with a very strong dedication to the Lord. He believes that his body is a temple of the Holy Spirit and that it is his God-given responsibility and requirement to protect his body's integrity against foreign substances and/or injections. Ingesting the vaccine violates his covenant to maintain that temple because they were derived from aborted fetal tissue cell lines. On September 10, 2021,

321

United Airlines acknowledged Mr. Hight's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A\er legal action was taken against United Airlines, the company determined that it could accommodate Mr. Hight only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hight to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation. later showed). Additionally, Mr. Hight suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Hight had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1041. Plaintiff Taryn Hildreth: In Fall of 2021, Ms. Hildreth notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and

which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1042. Plaintiff Jon Hill: In August 2021, Mr. Hill notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to Mr. Hill's sincerely held religious belief that life begins at conception. He stands opposed to abortions based upon his faith. Because the vaccine was derived from fetal cell lines gathered from abortions, ingesting products created or tested using these fetal tissue lines is an affront to Mr. Hill's sincere religious beliefs. In September 2021, United acknowledged Mr. Hill's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Hill only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hill to wear an N-95 respirator

that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Hill suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1043. Plaintiff Darrel Hill:   In August 2021, Mr. Hill notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred.  Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would be a sin against God, Christ Jesus, and the Holy Spirit.  Hill states that he has prayed to God for guidance with the vaccine and in doing so cannot go against what the Lord is telling him. On September 10, 2021, United acknowledged  Hill's sincerely held religious belief but promised only the unreasonable accommodation of leave. After legal action was taken against United, the company determined that it could accommodate  Hill only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced  Hill to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Service Equipment Mechanic) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Hill suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this

324

was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1044. Plaintiff Kristie Thi Hoang: In August 2021, Ms. Hoang notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief pro-life beliefs. She believes that she cannot not support abortions in any way, especially by ingesting products derived from aborted fetal tissue cell lines. That would be a sin. On September 9, 2021, United acknowledged Ms. Hoang's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Hoang by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Hoang to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Hoang suffered harassment/ridicule at work, was isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Hoang had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1045. Plaintiff Lesli Marlo Hobek: In August 2021, Ms. Hobek notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the research, development, and/or manufacturing of the vaccine,

using cells/cell lines from unborn/aborted fetuses, greatly conflicted with her anti-abortion beliefs, due to her strong Catholic faith. On September 13, 2021, United acknowledged Ms. Hobek's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Hobek employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Hobek was forced to retire under duress. Indeed, her Supervisor, Newark Chief Pilot Captain Fabian Garcia, as well as Mr. Landis Howard from the Houston Chief Pilot Office, notified Ms. Hobek that she would lose her benefits/retirement, if she persisted in her religious beliefs and did not leave the company. This was especially unreasonable since Ms. Hobek had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Hobek would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1046. Plaintiff Lemuel David Hogan: In August 2021, Mr. Hogan notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the vaccine was a defilement to the human body. This is his personal belief, and he has practiced this belief for his entire adult life. Because he understands that the vaccine choices listed by United Airlines have been confirmed to be tested, developed, and/or manufactured using protein tests that were abortion-derived, he cannot be part of the taking of a human life, be it directly or indirectly through partaking in a substance derived from the willful termination of a human life. In early September 2021, United acknowledged Mr. Hogan's sincerely held religious belief but

326

promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Hogan only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hogan to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Serve Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Hogan suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Hogan had just recovered from COVID-19 and therefore, possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1047. Plaintiff Lara Bristine Hogans: In September 2021, Ms. Hogans desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple and should be protected, avoiding any impurities. The COVID vaccine was designed to alter God's creation, which would be sinful, as God created her body to be perfect. Ms. Hogans relies on her Faith and prayer for healing through God, and could not violate this faithful commitment to God by taking the COVID vaccine. Ms. Hogans was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no

guidance as to how to notify the company of Ms. Hogans' desire to also acquire a religious accommodation. On September 15, 2021, United granted Ms. Hogans' request for a Medical Accommodation but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Hogans employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Hogans was forced to either take the vaccine (at the cost of her religious belief and risking her medical health) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Hogans acquiesced and took the vaccine. This was an especially pointless violation of Ms. Hogans' faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity. Ms. Hogans would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1048. Plaintiff Glenna Marie Holcomb-Roberts:  In September 2021, Ms. Holcomb-Roberts notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God created all human life with a life spirit, and she believes that taking away that life spirit by killing is violating God's Commandments and destroying God's creation. She believes that no good comes from murdering live babies, including the use of their bodies, in part or whole, for medical science. She believes that the Holy Spirit resides in her, and she does not want to aggrieve the spirit by ingesting products derived aborted fetal tissue cells. Ms. Holcomb-Roberts also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 23, 2021, United granted Ms.

Holcomb-Roberts's request for a Medical Accommodation. United also acknowledged her religious beliefs, but determined, without input from Ms. Holcomb-Roberts, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Holcomb-Roberts only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Holcomb-Roberts to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Holcomb-Roberts suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1049. Plaintiff Brian Keith Holtane: In August 2021, Mr. Holtane notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs presented in the Bible that commands him to not murder or be complicit in the act of murder. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make him complicit in violating that command. Doing so would go against Mr. Holtane's religious and moral beliefs. In September 2021, United acknowledged Mr. Holtane's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against

329

United, the company determined that it could accommodate Mr. Holtane only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Holtane to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Holtane suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Holtane had just recovered from COVID-19, and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1050. Plaintiff Tammy Jo Hook: In August 2021, Ms. Hook notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a Christian, and through scripture and daily prayer, she is guided to do God's will. She believes that because the vaccine was derived from aborted fetal tissue cell lines, she cannot ingest the product. She believes that fetal cell usage and abortion are not God's will. It is against her faith to commit sin or violate the will of God. On September 27, 2021, United acknowledged Ms. Hook's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Hook employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Hook was forced to either take the vaccine (at

330

the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Hook acquiesced and took the vaccine. This was an especially pointless violation of Ms. Hook's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Hook would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1051. Plaintiff Margret Hoppe: In August 2021, Margret Hoppe notified United Airlines of her religious conflict with receiving a Covid 19 vaccine. This was due to the sincerely held religious belief that her body is a Temple of God and that she was created in God's image. Through prayerful consideration she determined that ingesting products derived from fetal tissue cell lines would violate her religious convictions to not be complicit in the taking of another life. On September 2021, United acknowledged Hoppe's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Hoppe employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers on out of a job even if they had an exemption. Hoppe was forced to endure unpaid leave until such time United decided to recall all customer-facing employees they put out of work. Moreover, Ms. Hoppe would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1052. Plaintiff Nicholas Howe: In August 2021, Mr. Howe notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is a sin. These COVID-19 vaccines take their origin in

331

abortion. He believes that because fetal cell lines were used in the creation of the vaccine, he could not knowingly participate in the process to use such products that violate the right to life and dishonor the lives of the unborn. On September 21, 2021, United acknowledged Mr. Howe's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Howe employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Howe was forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, Mr. Howe acquiesced and took the vaccine. This was an especially pointless violation of Mr. Howe's faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Mr. Howe would have been willing to mask and test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1053. Plaintiff Lonnie Howell: In August 2021, Mr. Howell notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple of the Holy Spirit and is to be kept clean. Because the vaccine was derived from aborted fetal tissue cell lines, and because Mr. Howell believes life begins at conception, ingesting products derived from abortion violates his faith. Taking these vaccines would make him complicit in the sin of abortion and would dirty his temple of the Holy Spirit. In September 2021, United acknowledged Mr. Howell's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company

332

determined that it could accommodate Mr. Howell only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Howell to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Howell suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Howell had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1054. Plaintiff Roxanne Mae Hoye: In August 2021, Ms. Hoye notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of the Holy Spirit. Because the vaccine was derived from aborted fetal tissue cell lines, injecting medical products that have any connection whatsoever to aborted fetal cell lines would be defying the temple of the Holy Spirit. As a Christian, Ms. Hoye believes that life begins at conception in the womb and ends at natural death. If she took the vaccine, she would be complicit in abortion which ends an innocent human life. This is a Sin against God, her Heavenly Father, and His Commandments for which she would be held accountable. On September 13, 2021, United acknowledged Ms. Hoye's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against

United kept Ms. Hoye employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Hoye was forced to retire under duress. Indeed, her Supervisor Melinda Riddle and Base Director Crystal Heckman both notified Ms. Hoye that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Hoye would have been willing to mask and test regularly for COVID and show that she was not a danger to her co-workers (as was allowed by other airlines).

1055. Plaintiff Michael Gerard Hudgins: In August 2021, Mr. Hudgins notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred from conception to natural death. Because aborted fetal tissue cell lines were used in the development, testing, and/or manufacturing of the vaccine, knowingly ingesting the product is something he cannot justify to his God. In early September 2021, United acknowledged Mr. Hudgins's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Hudgins only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hudgins to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Quality Control Inspector) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Hudgins suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company

334

activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1056. Plaintiff Marcy Huggins:  In September 2021, Ms. Huggins notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of God.  Knowingly ingesting any potentially DNA altering substances, such as RNA vaccinations, are forbidden as they defile the body, God's Holy Temple.  On September 2021, United acknowledged Ms. Huggins sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Huggins employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Huggins was forced to retire under duress.  Indeed, her Supervisor, Charlette Norfleet, notified Ms. Huggins that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Huggins would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines.)

1057. Plaintiff Richard Alton Hume:  In August 2021, Mr. Hume notified United Airlines of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that it is essential, within his core Christian values, to maintain a state of self-governance in regards to any and all medical decisions. He maintains that as a Christian, he should always stay true to his faith, and remember that he was created in the image of God. He believes it would be a sin to use any medical treatment derived from aborted fetal tissue cell lines.  In early September United Airlines acknowledged Mr. Hume's sincerely held religious beliefs but only promised the

335

unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Hume only by a masking/testing regimen that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Hume to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Hume suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from coworkers, and was not allowed to participate in regular company activities. This was especially unreasonable since Mr. Hume had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1058. Plaintiff Francia Hurtado: In August 2021, Ms. Hurtado attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held Christian beliefs that her body is a temple of God. Further, she believes she is commanded to not introduce foreign substances into her body. She strongly upholds this and other related Biblical teachings, so much so, she submitted a letter from her pastor who has known her as a practicing member of her faith for over 25 years that stated Ms. Hurtado is unwilling to introduce any foreign any substances (not even tattoos) into her body, which she believes is God's body. Doing so would be an affront to her faith. She originally submitted her request to United by the deadline. However, because United publicly stated they would terminate

336

anyone who submitted a RAP without a letter on Church letterhead, she panicked and withdrew her request. Once she was able to get a letter from her Pastor, she resubmitted. Unbeknownst to Ms. Hurtado, United quietly rescinded the requirement to be a member of an organized church that disavows vaccines, but did not make that publicly known. Through no fault of Ms. Hurtado, United deemed the second attempt to notify the company unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Ms. Hurtado employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Hurtado was forced to retire under duress. Indeed, her Supervisor, Lori Cleveland, notified Ms. Hurtado that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Hurtado would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as allowed by other airlines). Her attempt in August and again in September 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Hurtado's need for an accommodation, which was denied without any process.

1059. Plaintiff Lisa Hutchins: In Fall of 2021, Ms. Hutchins notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to

wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1060. Plaintiff Jennifer Lynn Iiams: August 2021, Ms. Iiams notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs that her body is a temple of God and belongs to Him. Ingesting any product derived from the use of aborted fetal tissue cell lines, and benefiting from a process connected to abortion, would be a sin. Through prayer and fasting, her conscience was moved to not receive the vaccine. She believes that going against her conscience is a direct sin against God. On September 10, 2021, United acknowledged Ms. Iiams's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Iiams only by a masking/testing regime that was intended to

338

be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Iiams to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Iiams suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1061. Plaintiff Eric Imhoff: In August 2021, Mr. Imhoff notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious pro-life beliefs. Mr. Imhoff actively works against the abortion agenda and cannot accept in his conscience the affiliation with a product derived from aborted fetal tissue cell lines. He believes, as a child of God, that his body is a Temple of the Holy Spirit. Ingesting such products cause him Spiritual harm, and possibly, bodily harm. To knowingly do something, that is an offense to God is a sin. Therefore, Mr. Inhoff could not ingest the product. On September 9, 2021, United acknowledged Mr. Imhoff's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Imhoff only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Imhoff to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Facility Maintenance Technician) and which the company did not

339

provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Imhoff suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Imhoff had recovered from COVID-19 in and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1062. Plaintiff Matthew Imhoff: In August 2021, Mr. Imhoff notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that opposes abortion. Knowingly ingesting a product derived from aborted fetal tissue cell lines violates Mr. Imhoff's religion and his personal conscience. He believes doing so is against the will of his God and therefore be deemed a sin. In September 2021, United acknowledged Mr. Imhoff's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Imhoff only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Imhoff to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Service Equipment Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Imhoff suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was

340

part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1063. Plaintiff Tariq Knrukma Jabri: In September 2021, Mr. Jabri notified United of his Religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs of the Islamic faith which provide strict requirements as to what he can ingest. He believes the vaccine does not qualify because it could potentially contain substances which may be of animal origin including swine or derivatives, dead animals, blood, or human fetal tissue cells. All these things are forbidden by the Islamic faith. Mr. Jabri would be committing a grave sin if he knowingly accepted a biological product of the nature. On Sep 26, 2021, United acknowledged Mr. Jabri's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Jabri only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Jabri to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Jabri suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Jabri had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

341

1064. Plaintiff Joshua Jackson: In August 2021, Mr. Jackson notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is his temple and he must be a good custodian of it. Mr. Jackson believes God trusts him with the freedom of choice to care for his body; similarly, he must trust in God. Mr. Jackson believes in God above all. Ingesting products derived from aborted fetal tissue cell lines would violate his custodianship. In September 2021, United acknowledged Mr. Jackson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Jackson only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Jackson to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Jackson suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. While away from his Denver base, on temporary assignment to Dulles Airport in 2022, through no fault of his own, Mr. Jackson had difficulty fulfilling his RAP-mandated COVID testing as test kits were not available. The Dulles station did not have similar on-site testing facilities as his home station (Denver), and he was unable to access testing sites or testing kits. He spoke about this with on site management in Dulles, who told Mr. Jackson they do not have testing facilities, but that it was not a problem. He was returned to Denver early, three weeks into his temporary assignment in February 2022, where he was informed that he would be terminated due

to noncompliance with the accommodation terms. He was terminated April 19, 2022. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1065.   Plaintiff Robert John Jackson:  In August 2021, Mr. Jackson notified United of his religious conflict with receiving a COVID19 vaccine. This was due to the sincerely held religious belief that ingesting a product derived from aborted human tissue cell lines could damn his could to Hell. This is due to the sincerely held religious belief that receiving a product derived from aborted human fetal tissue cell lines could cause harm to his soul and spirit. In accordance with the Catholic teachings of good conscience and therapeutic proportionality, he could not allow a spiritually unclean product to be injected into his body as he is taught that abortion is sin. Because the vaccine was derived from aborted fetal tissue cell line, Mr. Jackson believed the product to be unclean.  Mr. Jackson also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 15, 2021, United granted Mr. Jackson's request for a Medical Accommodation. United also acknowledged his religious beliefs, but determined, without input from Mr. Jackson, that they would only grant the Medical Accommodation, discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Jackson only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Jackson to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Flight Simulator Technician) and which the company did not provide guidance/training on wearing (as its

343

OSHA violation later showed). Additionally, Mr. Jackson suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Jackson had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1066. Plaintiff Tessa Jacques: On August 22, 2021, Ms. Jacques desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that life is sacred. She believes ingesting a product derived from aborted fetal tissue cell lines makes her complicit in the vile act of abortion, the taking of another life. She also believes that ingesting such would defile her body. Ms. Jacques was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Jacques's desire to also acquire a religious accommodation. In September 2021, United granted Ms. Jacques's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave which also expunged all her sick time pay. A temporary restraining order against United kept Ms. Jacques employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Jacques was forced to endure unpaid leave until such time United decided to recall all customer-facing employees they put out of work. Moreover, Ms. Jacques would have been

344

willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1067. Plaintiff Maryann Jamieson: In August 2021, Ms. Jamieson notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is the temple of the Holy Spirit and that all life is precious. Because the vaccine is derived from aborted fetal tissue cell lines, she believes that ingesting the product would make her complicit, and would defile her body. She believes doing so would be a sin, and act that violates the will of God. Because he commands that no one commit murder, especially against the children, this would be a grave sin. She believes Jesus Christ, her Lord and Savior, who has all authority over her body, who will keep her safe from harm. On September 13, 2021, United acknowledged Jamieson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Jamieson only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Jamieson to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Station Operations Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Jamieson suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Jamieson had just recovered from

345

COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1068. Plaintiff Lorraine Jarrett: In August 2021, Ms. Jarrett attempted to notify united of her religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that as a believer in the Messianic Hebrew Israelite faith, she believes that injecting vaccinations which are produced from the use of unclean animals and vectors, as well as those that include foreign synthetic materials and unclean/harmful adjuvants and ingredients is a violation of Divine Law as outlined in the Torah and at the Tanakh. Receiving the COVID-19 vaccination is a violation these sincerely held beliefs. Through no fault of Jarrett, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Jarrett employed for some a time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they hand an exemption. Jarret was fired. Indeed, her Supervisor, Rico Gallni notified Jarrett that she would lose their benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Jarrett would have been willing to mask and test regularly for COVID to show that she was not a danger to herco-workers (as was allowed by other airlines). The attempt on August 25, 2021 to notify United of the sincerely held religious belief in conflict with the vaccination put United on notice of Jarret's need for an accommodation, which was denied without any process.

1069. Plaintiff Mary Therese Jean: Jean was on a company offered leave of absence (COLA) until October 30, 2021, and received no direct correspondence when United rescinded the requirement to be a member of an organized religion that

346

disavowed vaccines. Jean was recalled from COLA on October 31, 2021. Jean's Religious and spiritual beliefs prohibited her from participating in or benefiting from any medical treatments that involved the use of embryonic cells, as she believes life begins at conception and must be protected from that moment forward. Since the COVID-19vaccines were developed or tested using cells derived from aborted fetal tissue, receiving this vaccine would have violated her deeply held religious/spiritual convictions. Therefore, she respectfully declined to get the COVID-19 vaccination in accordance with her deep faith. However, Jean did not submit a request for religious accommodation to United Airlines because she believed that United Airlines would deny her request because she was not a member of an organized religion. Even though Jean was on an approved leave of absence at the time of the mandate, she was denied the opportunity to be granted a reasonable accommodation because it was past the company imposed August 31, 2021 deadline. Similarly, she was not informed that United had changed their policy, and did not require one to be a member of an organized religion. On or about November 5, 2021, Jean was notified that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Jean was forced into retirement under duress. Moreover, Jean would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1070. Plaintiff Adam Jelonek: In August 2021, Mr. Jelonek notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the Bible does not allow him to dirty his blood with any material from sources such as humans, bacteria, viruses, etc., because it will cause his body to be impure. Doing so, he believes, is an affront to God's teachings. He believes that the human body is created in the image of God to experience life on Earth and must be treated as a temple

347

of God. Only through preserving his body and keeping it free from impure material can he achieve physical, emotional, and spiritual enlightenment and be brought into the Kingdom of Heaven. In September 2021, United acknowledged Mr. Jelonek's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Jelonek only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Jelonek to wear an N-95 respirator that the company knew was not suited for extended wear especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Jelonek suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1071. Plaintiff Betsy Marie Jenkins: On August 26, 2021, Ms. Jenkins notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she cannot ingest any product derived from aborted fetal tissue cell lines. Doing so would violate her faith's doctrines and principles. On, or about, September 8, 2021, United acknowledged Ms. Jenkins' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Jenkins employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Jenkins was forced to retire under duress.

Indeed, her Human Resource representative and her Supervisor, Bob Parker, notified Ms. Jenkins that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Jenkins would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1072.   Plaintiff James Jay Jennelle:  In August 2021, Mr. Jennelle notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the Christian faith and the Church teaches a person may refuse a medical intervention, including a vaccination, if his or her conscience leads them to that decision. Mr. Jennelle believes vaccination is not morally obligatory and must be voluntary. His faith commands that he possess a personal moral duty to refuse the use of medical products, including certain vaccines, that are derived from aborted fetal tissue cell lines, as the act of abortion conflicts with the tenets of his faith.  Therefore, he is morally required to obey his conscience and his faith and not ingest such products.  Mr. Jennelle also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. In September 2021, United granted Mr. Jennelle's request for a Medical Accommodation without input from Mr. Jennelle. United refused to acknowledge his Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Jennelle employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Jennelle was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr.

349

Jennelle would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1073.    Plaintiff Jeffrey Scott Jeskie:  In August 2021, Mr. Jeskie notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that sin is anything that violates the will of God, as set forth in the Bible, and is impressed upon the heart of the believer by the Holy Spirit. In order to keep himself from sin, and receive God's direction in life, he prays and asks God for wisdom and direction each day. As part of his prayers, he asked God for His direction regarding the vaccine requirement. As he prayed for guidance, the Holy Spirit moved on his heart and conscience that he must not accept any of the vaccines. If he had gone against the moving of the Holy Spirit, he would have sinned and jeopardized his relationship with God. Mr. Jeskie also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine.  On September 21, 2021, United granted Mr. Jeskie's request for a Medical Accommodation and refused to even acknowledge his Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Jeskie employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Jeskie was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Jeskie was willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1074.    Plaintiff Edwin De Jesus:  In August 2021, Mr. De Jesus notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

350

religious Evangelical Christian belief in God to live according to His will and conviction according to the Holy Scriptures. Mr. De Jesus' religious belief prohibits him from accepting the COVID-19 vaccination as it would compromise his Faith and dishonor his God. As a believer in Christ Jesus, accepting the COVID-19 vaccine would violate Mr. De Jesus' biblical responsibility to maintain his body as the temple of the Holy Spirit. On September 9, 2021, United acknowledged Mr. De Jesus' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. De Jesus employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. De Jesus was forced to retire under duress. Indeed, he was told that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. De Jesus had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. De Jesus would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1075. Plaintiff Carolina Johartchi: In August 2021, Ms. Johartchi notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a devoted Muslim, she believes she must practice her faith with sole direction and inspiration of the God, the only merciful and compassionate. She follows God's instruction as described in Holy Quran. She believes only God provides protection and ingesting the product would jeopardize her relationship with God. On August 17, 2021, United acknowledged Ms. Johartchi sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was

351

taken against United, the company determined that it could accommodate Ms. Johartchi only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Johartchi to wear a KN-95 respirator that the company knew was not suited for extended wear (especially as a Baggage Performance Agent) and the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Johartchi suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1076. Plaintiff Christopher Johnson: In September 2021, Mr. Johnson notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God is the creator of all things, to include Mr. Johnson. God created Mr. Johnson's body as a Holy temple and resting place of the Holy Spirit and of His word. Through faith and prayer, Mr. Johnson believes that God will protect him. God instructs Mr. Johnson to stay in his purest form to receive God's highest blessing. He believes the impurities of the vaccine (specifically that it was derived from aborted fetal tissue cell lines) would violate this instruction and relationship with God. On September 10, 2021, United acknowledged Mr. Johnson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Johnson only by a masking testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the

352

pandemic, United forced Mr. Johnson to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Johnson suffered harassment/ridicule/etc. at work, was forced to eat outside/alone isolated from co-workers and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees - steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Johnson had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine induced immunity.

1077. Plaintiff Darci Dee Johnson: In August 2021, Ms. Johnson notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is God's sanctuary of the Holy Spirit and that Holy Spirit guides her conscience and decision making. Going against this belief is going against God. Because the Holy Spirit directed her not to ingest the product, she could not violate God's will. On September 9, 2021, United acknowledged Ms. Johnson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Johnson only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Johnson to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms.

353

Johnson suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1078. Plaintiff Jeanne Johnson: In August 2021, Ms. Johnson notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life begins at conception and ends at natural death. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would violate her belief that she cannot participate directly or indirectly condone or authorize the taking of innocent human life. On September 9, 2021, United acknowledged Ms. Johnson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Johnson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Johnson was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Johnson acquiesced and took the vaccine. This was an especially pointless violation of Ms. Johnson's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. In fact, Ms. Johnson was diagnosed with COVID-19 on August, 25, 2021 and was absent from work until September 14, 2021, at which time her doctor told her that she must wait until November 28, 2021, to take any vaccines, but that she should not take the COVID-19 vaccine because she had antibodies and immunity. She contacted United Airlines on September 16, 2021,

354

presenting her doctor's note to be excused from the vaccine, but United refused to acknowledge this medical directive from her doctor, stating it was too late to request a Medical Accommodation. United demanded she be vaccinated by September 27, 2021, or be terminated, putting her life at risk. Moreover, Ms. Johnson would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1079. Plaintiff Keith Eric Johnson: In September 2021, Mr. Johnson notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is murder and that his body is a Holy Temple of the Spirit of God. Because the vaccine was derived from aborted fetal tissue cell line, Mr. Johnson believes he cannot partake for fear of being complicit in the act of abortion. He also believes that any gene-based therapy, including the mRNA technology, violates God's command to maintain the purity of his Temple. Because God is the creator of his genes, Mr. Johnson may not tamper with them through artificial means without violating God's command. In September 2021, United acknowledged Mr. Johnson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Johnson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Johnson was forced to retire under duress. Indeed, his Administrator, Bob Admunson, notified Mr. Johnson that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Johnson would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1080. Plaintiff Markeyta Johnson:  In September 2021, Ms. Johnson notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that because the vaccine was derived from aborted fetal tissue cell lines, and because Ms. Johnson believes that ingesting the product goes against God who commands that abortion is murder, doing so would make her complicit in abortion, and therefore, murder.  On September 16, 2021, United acknowledged Ms. Johnson 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Johnson only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Johnson to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Johnson suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1081. Plaintiff Mechelle Johnson:  On August 23, 2021, Ms. Johnson notified United of her religious conflict with receiving a COVID19 vaccine. This was due to the sincerely held religious belief that does not allow her to have the vaccines injected into her body. She believes her blood is Sacred and her life is found in her blood. She believes her salvation was bought and paid for by the blood of Jesus Christ. Therefore, because her body is a gift of God, and she is the caretaker of that gift, a Temple of the Holy Spirit, she

cannot defile her blood with products that are derived from aborted fetal tissue cells. Doing so would be abhorrent and a violation of her faith. Ms. Johnson also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 14, 2021, United granted Ms. Johnson's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Johnson only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Johnson to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Johnson suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1082. Plaintiff Theron Eugene Johnson:  On August 18, Mr. Johnson notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a Christian, his body belongs to God and is the temple of His Holy Spirit. He also believes that innocent life is sacred to God, from conception, to birth, to natural death. He understands that the vaccines were derived from aborted fetal cell lines as part of their development or testing, testing, and/or manufacturing. His faith prohibits him from participating in or benefiting from an

357

abortion, no matter how remote in time that abortion occurred. Receiving the shot would be against God's will and therefore is a sin. It is against his faith and his conscience to commit sin. Mr. Johnson also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. In September 2021, United granted Mr. Johnson's request for a Medical Accommodation, without input from Mr. Johnson, refusing to acknowledge his request for a Religious Accommodation, thereby discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Johnsons employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Johnson was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Johnson's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Mr. Johnson would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1083. Plaintiff Anthony Edward Jones: In August 2021, Mr. Jones notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his physical body is a temple and belongs to God. As such, he is obligated to keep it pure and not introduce impurities into his body that would taint his temple and weaken his relationship with God thereby jeopardizing his soul for eternal life. He feels that God can protect and heal his body, and he holds strongly that the COVID vaccine being mandated by his company is not what God would want. On September 9,

2021, United acknowledged Mr. Jones' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Jones employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Jones was forced to retire under duress. Indeed, his Supervisor, Shawn Cook, Assistant Chief Pilot, notified Mr. Jones via voicemail that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Jones would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1084. Plaintiff David Jones: In August 2021, Mr. Jones notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief, as a Christian, in the Biblical sanctity of life. Because the vaccine was derived from aborted fetal tissue cell lines, he could not ingest the product without violating his faith. Additionally, he believes the vaccine also comingles or may alter the human body, and that only God has the right to tamper with human DNA, if he so chooses. On September 10, 2021, United acknowledged Mr. Jones' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Jones only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Jones to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Serviceman) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Jones suffered harassment/ridicule/etc. at work, was

forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1085. Plaintiff Michael Jones: On August 31, 2021, Mr. Jones notified United of his religious conflicts with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, based on his upbringing in the Catholic faith, he believes that life is sacred to God, from conception to death. Further, his faith guides him to object to injecting properties into his body derived from the demise of an aborted fetus. He cited the refusal by certain religious leaders to give communion to people who support abortions which is necessary for his salvation. Jones also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United never notified that on September 20, 2021 both his requests were denied. Jones, was slated for termination and requested proof that his requests were denied and that he was properly notified. Because he was not properly notified, United offered to enter into a Settlement Agreement that included him signing an "Agreement Not to File A Grievance, General Waiver & Release of The Company, and Covenant Not to Sue" if he would violate his faith and acquiesce to the vaccine, which he declined. On November 16, 2024, United granted Jones' Medical Accommodation, refusing to acknowledge Jones' Religious Accommodation request. Jones was placed on unpaid leave until he was allowed to retire on January 2, 2022. United could have accommodated Jones by a masking/testing regime that was given to others similarly situation. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1086. Plaintiff Penny Kaighen: In Fall of 2021, Ms. Kaighen notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1087. Plaintiff William George Kammerer: In the summer of 2021, before the employee mandate, but after United announced a mandate for new employees, Mr.

361

Kammerer notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that because the vaccine is derived from aborted human fetal tissue cells, endorsing such would be in opposition to God's divine knitting of human life inside the womb and thus a sinful violation of God's commands to regard our bodies as Temples and to love our neighbors as ourselves. Mr. Kammerer believes that the act of abortion is a sin and partaking of a product derived from such would make him complicit in the sinful act. United Human Resources approved Mr. Kammerer's request for a Religious Accommodation and welcomed him to New Hire Pilot Indoctrination training on August 31, 2021. Upon arrival, he was abruptly sent home by Flight Operations Manager Rob Strickland, when Mr. Strickland discovered that Mr. Kammerer completed the religious accommodation process during his pre-employment onboarding, and that he was unvaccinated. Mr. Kammerer was told that pilots do not receive religious accommodations and that an accommodation is only a pathway for ground personnel. Mr. Kammerer was told that he could regain employment and return to training at a later date if he chose to get vaccinated. Indeed, on September 1, 2021, United fired Mr. Kammerer from New Hire Pilot Indoctrination training, removed him from the pilot seniority list, ceased his pay, and told him that he could regain employment at a later time, when vaccinated. Mr. Kammerer was forced to take the vaccine (at the cost of his religious beliefs) or be in a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Kammerer acquiesced and took the vaccine. This was an especially pointless violation of Mr. Kammerer's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1088. Plaintiff Robert Victor Kampa: In September 2021, Mr. Kampa desired to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that through prayer and understanding the Bible, Mr. Kampa received clear direction from God to refrain from taking the vaccine. Mr. Kampa objects to ingesting products derived from aborted fetal tissue cell lines. He believes in the sanctity of life and cannot benefit from the taking of such. Mr. Kampa believes his decision is in alignment with the spiritual direction he received from God, and he felt called to be obedient to that guidance and to God's sovereign authority over his life. Mr. Kampa was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Kampa's desire to also acquire a religious accommodation. On or about September 23, 2021, United granted Mr. Kampa's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Kampa employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Kampa was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Kampa's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Kampa would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

363

1089. Plaintiff David R. Karns: In October 2021, Mr. Karns desired to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a sacred temple for the Holy Spirit. Karns objects to receiving vaccines because he is commanded to and follow God and the principles that are spoken in His word. He believes it is his obligation to protect and nurture this temple of the Holy Spirit. Karns was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Karns's desire to also acquire a religious accommodation. On September 14, 2021, United granted Karns 's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Karns employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Karns was forced endure unpaid leave until such time that United decided to recall all customer facing employees they put out of work. This was an especially pointless violation of Karns's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Karns would have been willing to mask and test regularly for COVID to show that he was not a danger to his coworkers (as was allowed by other airlines).

1090. Plaintiff Thomas Katchisin Jr: In August 2021, Mr. Katchisin notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held belief that ingesting materials derived from the remains of electively

aborted children in the research, development, testing, and/or production of any vaccine is immoral and constitutes formal cooperation in evil, a crime against humanity, and a most unvirtuous sin. He believes that man has the right to act in conscience and in freedom so as personally to make moral decisions, and that from the first moment of its existence, a human being must be recognized as having the rights of a person, among which is the inviolable right of every innocent being to life. On September 14, 2021, United acknowledged Mr. Katchisin's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Katchisin only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Katchisin to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Katchisin suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1091. Plaintiff Daniel Richard Kauten:  In August 2021, Mr. Kauten notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is the temple of God and ingesting something derived from aborted fetal tissue cell lines would violate his faith. He stands strong against taking a life, especially abortion, and not being complicit in that act. In September 2021,

365

United acknowledged his sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate him only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Kauten to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Kauten suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that he had just recovered from COVID- 19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1092. Plaintiff Edward Kelley: In August 2021, Mr. Kelley attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that his body belongs to God and is the temple of His Holy Spirit. He believes that innocent life is sacred to God, from conception to birth to natural death. His faith prohibits him from participating in or benefiting from an abortion, and because the vaccine was derived from aborted fetal tissue cell line, he cannot ingest the product. Through no fault of Mr. Kelley's, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. Mr. Kelley was forced to retire under

366

duress. Indeed, his Supervisor, Ms. Kathy Abbott, told Mr. Kelley that if he did not take the vaccine or retire by September 27, 2021, he would not be able to retire and would lose all his benefits. Moreover, Mr. Kelley would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on August 31, 2021, to notify United of his sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Kelley's need for an accommodation, which was denied without any process.

1093. Plaintiff David Arthur Kelly: In September 2021, Mr. Kelly notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that if he willfully acts against his conscience Mr. Kelly would be sinning. Mr. Kelly believes he is created in God's image and therefore is bestowed a conscience—a God-given internal faculty that guides moral decision-making. He believes the role of his conscience is to convict him when he does something wrong. He believes his conscience inflicts distress, in the form of remorse, whenever he violates what he believes is a morally appropriate course of action. As a Christian, he believes that to willfully act against his conscience is sinful. Because the vaccine was derived from aborted human fetal tissue cell lines, and he believes that being complicit in the act of abortion is against his conscience, he cannot ingest the product. On September 13, 2021, United acknowledged Mr. Kelly's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Kelly employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Kelly was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally

367

important religious belief). As a result of United's coercion, Mr. Kelly acquiesced and took the vaccine. Moreover, Mr. Kelly would have been willing to mask and test regularly for COVID to show that he was not a danger to his co- workers (as was allowed by other airlines).

1094. Plaintiff Chad Kemp: In August 2021, Mr. Kemp notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that decisions regarding vaccination must be determined by the individual, as humans are made in the image and likeness of God. As a Christian, he believes he has a duty to honor and care for the body God has given him as a temple of the Holy Spirit. Forcing or coercing a person to administer a substance into their body against their will is a violation of their personhood which is protected in scripture and a sin against God. On September 13, 2021, United acknowledged Mr. Kemp's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Kemp only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Kemp to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Kemp suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not

368

even consider that Mr. Kemp had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity.

1095. Plaintiff Timothy Patrick Kennedy: In August 2021, Mr. Kennedy notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious pro-life belief that all life is sacred. As a practicing Catholic who does not believe in abortion, Mr. Kennedy cannot ingest a product that was derived from aborted fetal tissue cell lines. He believes that doing so would be sinful and make him complicit in the taking of the innocent aborted lives. On September 10, 2021, United acknowledged Mr. Kennedy's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United the company determined that it could accommodate Mr. Kennedy only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Kennedy to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Support Equipment Mechanic) and which the company did not provide guidance/training on Wearing (as its OSHA violation later showed). Additionally, Mr. Kennedy suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1096. Plaintiff Glen Kenneth Kieft: In August 2021, Mr. Kieft notified United of his religious conflict with receiving a Covid-19 vaccine due to the sincerely held religious belief that his body belongs to God and is a temple of the Holy Spirit, made in His image.

369

Mr. Keift desires to take care of his body, as it belongs to God, not him. Harming his body is a sin against God. Mr. Keift also believes that innocent life is sacred to God, from conception, to birth, to natural death. His faith prohibits him from participating in or benefitting from abortion, directly or indirectly. Because the vaccines were derived from fetal tissue cell lines, he believes ingesting the vaccine would be a sin. In September 2021, United acknowledged Mr. Kieft's sincerely held religious belief but promised only reasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Kieft only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Kieft to wear an N-95 respirator the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on (as its OSHA violation later showed). Additionally, Mr. Kieft suffered harassment/ridicule daily at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees – steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Kieft had just recovered from Covid-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1097. Plaintiff Jennifer Kiernan: On August 6, 2021, Ms. Kiernan, notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of the Holy Spirit that God created; she was bought with a price. She cannot inject anything into her body that can potentially harm

370

it, as that would be a direct sin against God. Scripture tells her she is accountable to God for what she puts in her body and how she takes care of it. Ingesting the vaccine derived from aborted fetal tissue cell lines would introduce many impurities and violate her promise to God. Her body belongs to God and she has a duty to protect it. On September 13, 2021, United acknowledged Ms. Kiernan's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. In mid-September, following the approval of her religious accommodation, Ms. Kiernan also submitted a request for a medical accommodation due to a health condition that rendered her unable to receive the vaccine. While fighting for the approval of the medical accommodation, Ms. Kiernan's approved religious accommodation inexplicably dropped out of the system sometime in September. At the time this occurred, United's Help Hub system was not designed to allow a person to submit both a Medical and Religious Accommodation request, which is discriminatory itself. Ms. Kiernan submitted many requests to United to reinstate her already-approved Religious Accommodation, but they refused, through no fault of Ms. Kiernan. Ms. Kiernan's Medical Accommodation request was also denied. A temporary restraining order against United kept Ms. Kiernan employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Kiernan was fired. This was especially unreasonable since Ms. Kiernan had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as a vaccine-induced immunity. Moreover, Ms. Kiernan would have been willing to test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). On August 6, 2021, Ms. Kiernan successfully notified United of the sincerely held religious belief in conflict with the vaccination requirement, putting United on notice of Ms. Kiernan's need

371

for an accommodation, which although initially approved, was dropped without any process or explanation.

1098. Plaintiff Justin Philip King: In August 2021, Mr. King notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief as a practicing Christian created by God, that his body is a temple of the Holy Spirit, and therefore, he cannot subject it to products derived from aborted fetal cell lines. It is his sincere and deeply held religious belief that it is unconscionable and immoral to use any medicine that has utilized aborted fetal cells in its testing, development and/or or production. Ingesting the vaccine, he believes, would jeopardize his eternal salvation. On September 9, 2021, United acknowledged Mr. King's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. King employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. King was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. King acquiesced and took the vaccine. Moreover, Mr. King would have been willing to mask and test regularly for COVID to show he was not a danger to his co-workers as was allowed by other airlines.

1099. Plaintiff Susan Klassen: In August of 2021, Ms. Klassen notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to sincerely held religious belief that have been with her throughout her life. Due to her faith, she never received childhood vaccines or any other type of vaccine, nor have her children. She believes a physical body is given to each by our loving Heavenly Father. She believes He

372

created it as a tabernacle for her spirit to assist each in their quest to fulfill the full measure of our creation. On or about September 2021, United acknowledged Ms. Klassen's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Klassen employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Klassen was forced to retire under duress. Indeed, her General Manager, Gary Thomas, notified Ms. Klassen that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Klassen had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1100. Plaintiff Linda Kay Klingberg: On August 22, 2021, Ms. Klingberg notified United Airlines of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held Christian religious belief against ingesting any product derived from aborted human fetal tissue cell lines. She believes doing so is an affront to her God. In September 2021, United acknowledged Ms. Klingberg's sincerely held religious belief but promised only the unreasonable accommodation of an indefinite unpaid leave. A temporary restraining order against United Airlines kept Ms. Klingberg employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an approved exemption. Ms. Klingberg was forced to retire under duress. Indeed, her Supervisor, Ms. Bell, notified Ms. Klingberg that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Klingberg would have been willing to mask and

test regularly for COVID as proof that she was not a danger to her co-workers (as was allowed by other airlines).

1101. Plaintiff Timothy Lee Knight: In August 2021, Mr. Knight notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a Temple of the Holy Spirit. He believes God gave him a conscience and self-determination to ensure he does nothing that will harm his body as his body. Because the vaccine is derived from unclean things, to include aborted fetal tissue cell lines, he believes that ingesting the product will defile God's Temple. As a Christian and follower of Jesus, Mr. Knight feels compelled to live his life in accordance with the Bible's teachings and to not engage in actions that contradict God's teachings, especially with regards to how he honors God's Temple. On September 9, 2021, United acknowledged Mr. Knight's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Knight employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Knight was forced to retire under duress. Moreover, Mr. Knight would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1102. Plaintiff George Anton Kohlmann: In August 2021, Mr. Kohlmann notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that abortion is sinful. Therefore, he could not partake in any product that is derived from aborted fetal tissue cell lines as that would be complicit in the sin. On September 9, 2021, United acknowledged Mr. Kohlmann's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A

374

temporary restraining order against United kept Mr. Kohlmann employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Kohlmann was forced to retire under duress. Indeed, his Supervisor, Mr. Lawrence Ellis, notified Mr. Kohlmann that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. Kohlmann had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Mr. Kohlmann would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1103. Plaintiff Brian Joseph Kolberg: On August 23, 2021, Mr. Kolberg, attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that he could do no harm to his body and his convictions against abortion. He could not, without violating his faith, ingest a product developed with or containing fetal tissue cell lines. Mr. Kolberg's attempt to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice that Kolberg needed an accommodation, which was denied without any process. Through no fault of Mr. Kolberg, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Kolberg employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Kolberg was terminated because he was denied an exemption. This was especially unreasonable since Mr. Kolberg had already recovered from COVID-19 and

375

possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Kolberg would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on August 23, 2021 to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Kolberg's need for an accommodation, which was denied without any process.

1104. Plaintiff Ronald Steven Komin: In August 2021, Mr. Komin attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that he has a right to bodily autonomy through his connection with the divine higher power which guides him in his decision making regarding his health and to which he is committed to following. By exercising caution and discernment he is able to honor both his spiritual path and the autonomy that is central to his beliefs. Through no fault of Mr. Komin, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Komin employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Komin was fired. Indeed, his Supervisor, Gary Zeman, notified Mr. Komin that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Komin would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on August 31, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Komin's need for an accommodation, which was denied without any process.

376

1105. Plaintiff Wiktor Kopacz: On August 24, 2021, Mr. Kopacz notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that he was created in the image of God and his body is the temple of the Holy Spirit. He is unwilling to defile such a perfect creation by ingesting a product derived from aborted fetal tissue cell lines, which would be an abomination and affront to his beliefs. On September 8, 2021, United acknowledged Mr. Kopacz's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Kopacz only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Kopacz to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Kopacz suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Kopacz had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1106. Plaintiff Rona Kory: In Fall of 2021, Ms. Kory notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held

377

religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1107.  Plaintiff Steven Kosik:  In August 2021, Mr. Kosik notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple created by God. It is his religious duty to cherish and protect this holy gift by nurturing it, cleaning it and protecting it. Man-made impurities shall not taint it. God created Mr. Kosik in His image with all the necessary

378

tools to combat infections and disease. Taking the vaccine would show a lack of faith in God and would also be a willful failure to protect his holy temple, violating God's will. On September 6, 2021, United acknowledged Mr. Kosik's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Kosik employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Kosik was forced to retire under duress. Indeed, his Manager, Robert Amundsen, notified Mr. Kosik that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. Kosik had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1108. Plaintiff Anastasia Kourkoulos: In August 2021, Ms. Kourkoulos notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her baptism is her gateway into the Christian Church, allowing her to experience God in her life. She believes her pro-life position, prevents her, in good conscience, from ingesting any product that is derived from aborted fetal tissue cell lines. She believes she cannot participate it or benefit from abortion, no matter how remote in time that abortion occurred. If Ms. Kourkoulos were to ingest the vaccine, she believes she would be willfully guilty of sin. On October 30, 2021, United acknowledged Ms. Kourkoulos' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Kourkoulos only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been

379

provided by the company for the previous 18 months of the pandemic, United forced Ms. Kourkoulos to wear an N-95 respirator that the company knew was not suited for extended wear (especially as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Kourkoulos suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Kourkoulos had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity.

1109.   Plaintiff Richard Emmet Kranz:  In August 2021, Mr. Kranz notified United of his religious conflict receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs, as a person of Christian morals and a Christian world view, that he is required to follow Divine Law. Mr. Kranz believes God has created him in His image, and injecting something derived from aborted fetal tissue cell lines violates his Christian pro-life beliefs. Further, he believes that taking the vaccine would be an expression of a lack of faith in his God-given immune system, and therefore in his Creator.  On September 17, 2021, United acknowledged Mr. Kranz's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave.  A temporary restraining order against United kept Mr. Kranz employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Kranz was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-

important religious belief). As a result of United's coercion, Mr. Kranz acquiesced and took the vaccine. Moreover, Mr. Kranz would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1110. Plaintiff Daniel Kulchytsky: In August 2021, Mr. Kulchytsky notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious pro-life beliefs. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product is an affront to his faith. Mr. Kulchytsky finds this practice deeply disturbing and cannot be complicit in the termination of human life through abortion. On September 13, 2021, United acknowledged Mr. Kulchytsky's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Kulchytsky only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Kulchytsky to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Kulchytsky suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1111. Plaintiff Louis Kulchytsky: On August 21, 2021, Mr. Kulchytsky notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the

sincerely held religious belief that abortion is wrong, human life is sacred, and human beings are made in the very image of God. He believes that killing of children is especially heinous and being complicit in killing children is condemned by God through God's word. Therefore, ingesting a product derived from aborted fetal tissue cell lines would make him complicit and is sinful. In September 2021, United acknowledged Mr. Kulchytsky's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Kulchytsky only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Kulchytsky to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Service Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Kulchytsky suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Kulchytsky had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1112. Plaintiff Michele Ladd: In Fall of 2021, Ms. Ladd notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid

382

leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1113. Plaintiff Frank Christopher Kuzel: In August 2021, Mr. Kuzel notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that ingesting the vaccine, which was developed using aborted fetal cell tissue lines, was in clear violation of God's commandment to not kill. Additionally, the Bible teaches of absolute sovereignty of God in all things and His delegation of the authority and responsibility of Mr. Kuzel to have control over his own

383

mind and body. Mr. Kuzel's body is the temple of God and the spirit of God dwells in him. To take the vaccine would be to defile his body causing him to sin against and dishonor God. Which Mr. Kuzel was unwilling to do. In September 2021, United acknowledged Mr. Kuzel's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. At the time, Mr. Kuzel was on occupational injury leave and shortly after was placed on extended illness leave. He was advised he would be placed on unpaid leave of absence upon returning from extended illness status. Mr. Kuzel returned from extended illness leave in June 2022.

1114. Plaintiff Cesar Lagares: In August 2021, Mr. Lagares notified United off his religious conflict with receiving COVID-19 Vaccine. This was due to the sincerely held religious belief that his body is the temple of God and his temple must remain clean and pure. Lagares believes God gave him the choice, found in his faith, to protect and maintain this Temple. Lagares believe ingesting a vaccine derived of aborted fetal tissue cell lines would violate his covenant with God to keep his temple clean and pure. Early September 2021, United acknowledged Lagares sincerely held religious belief but promised only that unreasonable accommodation off unpaid leave. The legal action was taken against United the company determine could accommodate Lagares only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the mask they have been provided by the company for the previews 18 months of the pandemic, United forced Lagares to wear an N-95 respirator that a company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (a as its OSHA violation later). Additionally, Lagares suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular

company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1115. Plaintiff Linda Lahens:  In August 2021, Ms. Lahens notified Untied of her religious conflict with reviving a COVID-19 vaccine. This was due to the sincerely held religious belief that all human live is sacred and created by God.  Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make her complicit in the taking of in innocent life, something she believes is a sin. On September 9, 2021, United acknowledged Lahens sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Lahens only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Lahens to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as Customer Service Representative)and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Lahens suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Lahens had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induce immunity.

1116. Plaintiff Mark Allen Lair:  In, August 2021, Mr. Lair notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

385

religious belief that his body is a temple of God. He believes his body and soul were wholly and wonderfully made in God's own image and, as such, should be treated with the respect and reverence that it deserves. Further, he believes that life begins at conception and strongly disagrees with the use of an aborted fetus stem cells or tissues in the creation, research, testing, and/or manufacturing of anything that he puts in his body, as doing so would constitute a sin. On September 10, 2021, United acknowledged Mr. Lair's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Lair only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Lair to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Lair suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Lair had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1117. Plaintiff Lisa Lalkowski:   In Fall of 2021, Ms. Lalkowski notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs.  While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable

386

accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1118. Plaintiff Donna Sue Lantz: In August 2021, Ms. Lantz notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life is sacred. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the produce would be immoral and a violation of her faith as she believes all life is precious, made in God's image, and must be protected. On

387

September 10, 2021, United acknowledged Ms. Lantz 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Lantz only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Lantz to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Fleet Technical Instructor) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Lantz suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Lantz had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1119.    Plaintiff Andrew Larson:  In August of 2021, Mr. Larson notified United of his religious conflict with receiving a Covid-19 vaccine. This was due to the sincerely held religious belief that his body is the temple of the Holy Spirit. He also believes all life is sacred.  Ingesting products derived from aborted fetal tissue cell lines would make him complicit in the act of abortion/murder which he views as sinful.  On September 10, 2021, United acknowledged Mr. Larson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was a taken against United, the company determined that it could accommodate Mr. Larson only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the

388

masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Larson to wear a N- 95 respirator that the company knew was not suited for extended wear (especially when working as a Move Team employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Larson suffered harassment/ridicule/etc. at work, was forced to eat outside/ alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Larson had just recovered from Covid-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1120. Plaintiff Julie W Latham: In August 2021, Ms. Latham notified United of her religious conflict with receiving a COVID-19 vaccine. This was due her sincerely held religious belief that her body is a temple for the Holy Spirit and that she is not to defile that temple. She believes that the Covid-19 vaccines are a direct violation of that Godly directive because they are derived from aborted fetal tissue cell lines. She believes that because God teaches that all life is sacred, her faith prohibits her from benefitting from innocent death and thus ingesting this product. On September 13, 2021, United acknowledged Ms. Latham's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Latham employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Latham was forced to retire under duress. Indeed, United management personnel stated that Ms. Latham would lose her benefits/retirement if she

persisted in her religious belief and did not leave the company. Moreover, Ms. Latham would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1121. Plaintiff Stephanie Lax: On August 31, 2021, Ms. Lax notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her body is a temple of the Holy Spirit. She believes she must honor her body and that God created her body to naturally fight disease and infection through her immune system. Therefore, she cannot cause harm to it. Additionally, she believes that life begins at conception and that all are created by God and set apart in the womb, and that she is not to murder or be complicit in the act. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would be sinful. On September 13, 2021, United acknowledged and approved Ms. Lax's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Lax only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Lax to wear an N-95 respirator that the company knew was not suited for extended wear (especially as a Lead Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Lax suffered harassment and ridicule at work and on co-worker's social media, was told to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms.

Lax had already recovered from COVID-19 and, therefore, possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1122. Plaintiff Romeo Leal: In August 2021, Mr. Leal notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred. Mr. Leal believes the Holy Spirit has moved on his heart and conscience. Because the vaccine was derived from aborted fetal tissue cell lines, accepting the product would make him complicit in abortion. He believes he would be sinning and violating his relationship with God and his faith. On September 8, 2021, United acknowledged Mr. Leal's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Leal only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Leal to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Leal suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1123. Plaintiff Susan Lynn Lee: In August 2021, Ms. Lee notified United of her religious conflict with receiving a COVID-19 vaccine because of her sincerely held religious belief that abortion is sinful. Ms. Lee believes that Life is considered sacred by

391

God, and God's word teaches that taking any life is detestable and a sin against God. Because the vaccines were derived from aborted fetal cell lines in their development and/or testing of the vaccines, and because God created all life, Ms. Lee could not ingest the vaccine knowing that doing so would make her complicit in taking a life which would be considered a sin against God. Ms. Lee also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. Ms. Lee was originally granted a Religious Accommodation. Upon inquiry as to why the Medical Accommodation was not also granted, and without explaining their decision to only grant one accommodation, on September 20, 2021, United changed Ms. Lee's accommodation to a Medical Accommodation, without input from Ms. Lee, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Lee employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Lee was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Ms. Lee would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1124. Plaintiff Brady Lefler: In August 2021, Mr. Lefler notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he cannot ingest or benefit from the wrongful death of an innocent child or innocent child cells lines from aborted innocent human life. He believes that his life is in the hands of God and that Jesus taught him that God will forgive his sins if he repents of them and follows him. He believes to repent means to change and turn away

from the sin. Ingesting a product derived from aborted fetal tissue cell lines would be actively sinning in the face of God resulting in the fact that he would not be forgiven and would be held accountable on judgement day. In September 2021, United acknowledged Mr. Lefler's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Lefler only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Lefler to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Lefler suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Lefler had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1125.   Plaintiff Andrew William Lemke:  In August 2021, Mr. Lemke attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that vaccination is not a universal obligation, and a person must obey his or her conscience. Mr. Lemke is baptized Catholic. He believes the Catholic Church requires that he follow this judgement of conscience to make moral decisions. Mr. Lemke complied with his

393

religious conscience and was unable to take the vaccine due to the fact that it was derived from aborted fetal tissue cell lines. Through no fault of Mr. Lemke, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Lemke employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Lemke was fired. Indeed, his Supervisor, Erin Holland, notified Mr. Lemke that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. Lemke had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Lemke would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt in August 2021 to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Lemke's need for an accommodation, which was denied without any process.

1126. Plaintiff John Steven Lende: In September 2021, Mr. Lende returned from sick leave and notified United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that taking the vaccine goes against his religion, as he understands they were developed/tested using aborted fetal tissue cell lines. He will not introduce that into his body as the Bible states his body is his temple. Since he does not know exactly what is in the vaccine, he cannot appropriately determine that it is safe for his body or religious conscience. He loves God, and the Holy Spirit lives in him and guides his life. Even though Mr. Lende was on an approved leave of absence at the time of the mandate, he was denied

394

the opportunity to be granted a reasonable accommodation because it was past the company imposed August 31, 2021 deadline. In September 2021, United acknowledged Mr. Lende's sincerely held religious belief but threatened termination due to the date lapse. A temporary restraining order against United kept Mr. Lende employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job, even if they had an exemption. Mr. Lende was fired — indeed, his Supervisor, Erin Holland, notified Mr. Lende that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Lende would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1127.    Plaintiff Terry Lee Lepard II:  In August 2021, Mr. Lepard notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to Mr. Lepard's sincerely held religious belief that innocent life is sacred to God, from conception, to birth, to natural death. Mr. Lepard understood that the manufacturers of the COVID vaccines or shots have used aborted fetal cell lines as part of their development or testing of the vaccines. His faith prohibits him from participating in or benefiting from an abortion, no matter how remote in time that abortion occurred, either directly or indirectly. He has been a Christian for many years and prayed asking for wisdom and direction regarding the United Airlines COVID vaccine mandate. He realized through prayer that he must not accept the COVID shot as doing so would be committing sin and jeopardizing his relationship with God. On September 14, 2021, United acknowledged Mr. Lepard's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Lepard only by a masking/testing regime that was intended to

395

be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Lepard to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a storekeeper) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). In fact, Mr. Lepard suffered minor injury after tripping on a lift platform while stepping up onto it. His vision was obscured due to the N95 respirator and he fell onto the platform, requiring examination by the United Clinic. Additionally, Mr. Lepard suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1128. Plaintiff Shawn Kenneth Lewin: In August 2021, Mr. Lewin notified United of his religious conflict with receiving COVID-19 vaccine. This was due to the sincerely held religious belief that he always maintained a deeply felt opposition to abortion as the taking of human life. The vaccines used fetal cell lines descended from tissue taken from elective abortions in their development and testing. Also, the mRNA technology has been discussed as being able to alter the human genome. Whether by design or "unintended consequences," changing the genome also violates his religious beliefs by the alteration of God's design. On September 10, 2021, United acknowledged Mr. Lewin's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Lewin only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company

for the previous 18 months of the pandemic, United forced Mr. Lewin to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Lewin suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1129. Plaintiff Neal Linch: In Fall of 2021, Mr. Linch notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could

397

not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1130. Plaintiff Ryan Rugel Long: In October 2021, Mr. Long notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a Christian, he does not fear disease or place his hope in man-made medication. He fears the one and only who controls death and places his faith in God's only Son, Jesus Christ. Because of his fear of God and faith in Jesus Christ, he has not received any vaccines since becoming a Christian in 2005. He firmly believes that God, alone, controls and decides life and death. Mr. Long was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Long's desire to also acquire a religious accommodation. On September 14, 2021, United granted Mr. Long's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Long employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job, even if they had an exemption. Mr. Long was forced endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless

violation of Mr. Long's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Long would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers, as was allowed by other airlines.

1131.   Plaintiff Glen Losurdo:  In August 2021, Mr. Losurdo notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief, grounded in his Catholic Faith, that his body is a temple. God is his Creator and he strives to comply with God's will and looks to God to guide him through his existence. It directly violates his religious beliefs to ingest any drug that could subject him to life-altering complications and problems, and damage his good healthy body that God has given him. On September 12, 2021, United acknowledged Mr. Losurdo's sincerely held religious belief but promised only the accommodation of unpaid leave. A temporary restraining order against United kept Mr. Losurdo employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Losurdo was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Losurdo acquiesced and took the vaccine. This was an especially pointless violation of Mr. Losurdo's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Mr. Losurdo would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

399

1132. Plaintiff Martin David Louthan: In August 2021, Mr. Louthan notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief in the Bible as the word of God. As a Christian, he believes his body is a temple, dwelt in by God's spirit, and is a sacred place. To violate that sanctity with the impurities of the COVID-19 vaccine is tantamount to sin. On September 9, 2021, United acknowledged Mr. Louthan's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Louthan employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Louthan was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Louthan acquiesced and took the vaccine. Moreover, Mr. Louthan would have been willing to mask test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1133. Plaintiff Marissa Lovingfoss: In August 2021, Ms. Lovingfoss proactively, while on COLA, attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief in the sacredness of the body as a temple of the Holy Spirit. Also, the development of the vaccine involved aborted fetal cell lines. As a devout Catholic in opposition to abortion, she could by no means consciously take an abortion tainted vaccine. On October 30, 2021, Ms. Lovingfoss was recalled from COLA. Even though Ms. Lovingfoss was on an approved leave of absence at the time of the mandate, she was denied the opportunity to be granted a reasonable accommodation because her input was

completed past the company-imposed August 31, 2021 deadline. Ms. Lovingfoss had initiated her request in August 2021to advise the company she would need an accommodation on her return. On return from leave, she was not given the promised opportunity to complete her accommodation request. Ms. Lovingfoss was fired effective November 10, 2021. This was especially unreasonable since Ms. Lovingfoss had been on COLA less than two weeks prior to this termination. Additionally, she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Lovingfoss would have been willing to test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1134. Plaintiff Eva Lowe: On August 20, 2021, Ms. Lowe notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that, as a Catholic, abortion is a sin. She could not, in keeping with her conscience, ingest a medical product derived through aborted fetal tissue cell lines. According to her Catholic Catechism, she must not act contrary to her conscience, especially in religious matters. On September 10, 2021, United acknowledged Ms. Lowe's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Lowe only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Lowe to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Flight Dispatcher) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms.

Lowe suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Lowe had already recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1135. Plaintiff Patrick Lucco: In August 2021, Mr. Lucco notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred. He believes it is morally reprehensible to ingest any product derived from aborted fetal tissue cell lines. Additionally, he firmly believes God has tasked him with a calling in life to be the father for a special needs daughter and it is his responsibility to provide for her. Mr. Lucco's faith tells him taking care of his health for her sake is a divine providence. Purposefully ingesting products derived, as detailed above and which would be seen by God as jeopardizing his responsibility to his daughter, violates his faith beliefs. On September 9, 2021, United acknowledged Mr. Lucco's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Lucco employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Lucco was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Lucco acquiesced and took the vaccine. Moreover, Mr. Lucco

would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1136. Plaintiff Geoffrey Scott Luna: In September and October 2021, Mr. Luna attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to his sincerely held religious beliefs which teach that the body must be preserved in the way it was created, and any interference with this natural order is prohibited by God. Any medical intervention that alters or interferes with the natural state of the human body, a sacred creation of God, violates Mr. Luna's sincerely held religious beliefs. The COVID-19 vaccine introduces substances into the body that may alter its natural immune response. This is a violation of God's design, and is against Mr. Luna's religious beliefs. Through no fault of Mr. Luna, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Luna employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Luna was fired. Indeed, his Supervisor, Anthony Chin, notified Mr. Luna that he would lose his benefits if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. Luna had already recovered from COVID-19 in and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Luna would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on October 24, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Luna's need for an accommodation, which was denied without any process.

403

1137. Plaintiff Erik Lupo: In August 2021, Mr. Lupo notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious Christian belief that the benefits of a medical intervention, should not outweigh the undesirable side effects on his spiritual and psychological health. He believes God granted him a conscience to be able to discern the moral obligation the has to refuse a vaccine derived from aborted fetal tissue cell lines and that contain other impurities that could defile his body and soul. On September 14, 2021, United acknowledged Lupo's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Lupo only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Lupo to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Lupo suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Lupo had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1138. Plaintiff Alana Williams Lynch: In August 2021, Ms. Lynch attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is a sin. Because the vaccine is derived

404

from aborted fetal tissue cell lines, she believes ingesting the product would signal that she agrees with abortion and would make her complicit in the act. Ms. Lynch had previously submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Lynch's desire to also acquire a religious accommodation. Ms. Lynch called Human Resources and was told that she could not have more than one accommodation. In September 2021, United granted Ms. Lynch's request for a Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Lynch employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Lynch was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Ms. Lynch would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). After being recalled, with the other employees, Ms. Lynch endured a several-month battle to ward off termination because United insisted that her Medical Accommodation had expired, and therefore because she did not have an accommodation, she was in violation of the vaccine mandate. To avoid termination, she was told that she needed to immediately get vaccinated, even though all the unvaccinated employees had been recalled. On multiple occasions she notified United of her desire/need for a religious accommodation which was subsequently denied for not being complete by the August 31, 2021, arbitrary

405

deadline. Finally, in February 2023, United simply stopped pursuing Ms. Lynch without reason.

1139. Plaintiff Loren Mack: In August 2021, Ms. Mack notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a Christian, she is fearfully and wonderfully made in God's image and that her body is God's temple and that He lives in her. To ingest the vaccine after having survived COVID-19 could damage the Temple and to do this would be a grievous sin against God. Her faith teaches that if anyone knowingly damages God's temple, they will be destroyed by God which she fears. In September 2021, United acknowledged Ms. Mack's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Mack only by a masking/testing regime was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Mack to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Mack suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees-steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Mack had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1140. Plaintiff Frank MacUmber: In September 2021, Mr. MacUmber attempted to notify United Airlines of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that he is created in the image of God. Therefore, his body belongs to God and is the temple of His Holy Spirit. He believes that innocent life is sacred to God, from conception, to birth to natural death. Because the vaccine was derived from aborted fetal cell lines, and because his faith prohibits him from participating in or benefitting from abortion, no matter how remote in time that abortion occurred, he cannot ingest the product. He believes doing so would be intentionally sinning and would violate his conscience. Through no fault of Mr. MacUmber, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. MacUmber employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. MacUmber was fired. Indeed, his Supervisor, Cheryl, notified Mr. MacUmber that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. MacUmber would have been willing to mask and test regularly for COVID-19 as a show that he was not a danger to his co-workers (as allowed by other airlines). The attempt on September 20, 2021 to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. MacUmber's need for an accommodation, which was denied without any process.

1141. Plaintiff Shawn Mahoney: In August 2021, Mr. Mahoney notified United of his religious conflict with receiving a COVID-19 vaccine. He believes that he would be condemned for committing a mortal sin by ingesting a product derived from aborted fetal

407

tissue cell lies. Mr. Mahoney's religious beliefs, taught by his Church, unequivocally condemn abortion as a grave moral and social wrong. United acknowledged Mr. Mahoney's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Mahoney only by a masking/testing regime that was intended to be punitive, Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Mahoney to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed),. Additionally, Mr. Mahoney suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1142. Plaintiff Jose Maisonet: In August 2021, Mr. Maisonet notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a Christian, he opposes the commodification of human beings at all stages of life. He believes he has a duty to honor and care for the body God has given him, a temple of the Holy Spirit. To force or coerce a person to administer substances into their body against their will is a violation of their personhood and human dignity, especially substances derived from aborted human fetal tissue cells. Mr. Maisonet believes that he has a duty to prevent God's Temple from being defiled in this manner. In September 2021, United acknowledged Mr. Maisonet's sincerely held religious belief but

promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Maisonet only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Maisonet to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aviation Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Maisonet suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1143. Plaintiff Brian Malek: In August 2021, Mr. Malek notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that Mr. Malek opposes the COVID-19 vaccines because they are derived from aborted fetal cell lines. He has been a faithful Christian his entire life and believes abortion to be a sin and that it directly violates the will of God. It is against his faith and conscience to willfully commit sin, and his faith strictly prohibits him from using any product that takes its origin in abortion, no matter how remote in time that abortion occurred. Mr. Malek also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 20, 2021, United granted Mr. Malek's request for a Medical Accommodation. United also acknowledged his religious beliefs but determined, without input from Mr. Malek, that they would only grant the Medical Accommodation, discounting his sincerely held

409

religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Malek employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Malek was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Malek's faith, given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1144. Plaintiff John Christopher Mallory:   On August 31, 2021, Mr. Mallory notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that if he received the COVID-19 vaccination it would violate God's trust in His Immunity, specifically, by ingesting products derived from historic aborted fetal cell lines, from proof of concept to efficacy. He considers abortion murder and a violation of God's Commandment to not commit murder.  Accepting a vaccine that was derived from an abortion would make him complicit in murder and sin. On September 10, 2021, United acknowledged Mr. Mallory's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Mallory only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Mallory to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Flight Dispatcher) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed).   Additionally,   Mr.   Mallory   suffered

410

harassment/ridicule/etc. at work, was forced to eat alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Mallory had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1145. Plaintiff Mio Manita: In August 2021, Ms. Manita notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her faith in God provides sufficient protection from illness and that divine intervention is a more reliable safeguard than medical interventions. Ms. Manita's faith tells her to trust in God first; to take the vaccine would be a violation of God's will and would show a lack of faith in the perfect body He created. On September 9, 2021, United acknowledged. Ms. Manita's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Manita only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Manita to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Manita suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully

411

taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Manita had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1146. Plaintiff Andrew Marmorato:  In August 2021, Mr. Marmorato notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is sin and that the Lord Jesus Christ created him as He wants Mr. Marmorato to be.  Mr. Marmorato believes in the sanctity of life and, therefore, cannot ingest any product derived from aborted fetal tissue cell lines.  Doing so would make him guilty of benefiting from abortion, thus sinning against God.  In September 2021, United acknowledged Mr. Marmorato's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Marmorato only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Marmorato to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Move Team Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Marmorato suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Marmorato had just recovered from COVID-19 and, therefore, possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

412

1147. Plaintiff Marc Maroney: In August 2021, Mr. Maroney notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a Christian, he was uniquely created in the image of God. His soul, his genetic makeup, his sovereign autonomy, and free will were endowed upon him by the Creator alone. He was given an immune system by the hand of God at the moment of conception. He is created in the image of God and would be committing a grievous sin against the Almighty, and his sincerely held religious beliefs, by altering his immune system in ways God did not intent. Mr. Maroney tested positive for COVID-19 on April 8, 2021, and recovered. This, Mr. Maroney believes, proves that God gave his immune system everything that it needed to defeat and recover from the virus. Ingesting this manmade substance would show doubt in God's greatness. On September 6, 2021, United acknowledged Mr. Maroney's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Maroney only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Maroney to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Technical Operations Maintenance Line Planner) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Maroney suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider

413

that Mr. Maroney had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1148. Plaintiff Jorge Marques: On September 11, 2021, Mr. Marques attempted to notify United of his religious conflict with receiving a Covid-19 vaccine through the United Help Hub system. This was due to his sincerely held religious belief in the divine and healing powers of God, his Lord Savior, Jesus Christ, and the Holy Spirit. Because the vaccine was derived from aborted fetal tissue cell lines, and because Mr. Marques believes that abortion is murder, he cannot ingest the product without violating his faith and Biblical teachings. Partaking in a vaccine made from aborted fetuses cells makes Mr. Marques complicit in this sin. Mr. Marques' body is a temple of God with an immune system created by God. He believes that God entrusted him to care for that temple and assure it is not altered or defiled. Through no fault of Mr. Marques, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Marques employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Marques was fired on December 10, 2021. Moreover, Mr. Marques would have been willing to mask and test regularly for covid as a show that he was not a danger to his co-workers. The repeated attempts in September 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Marques's need for an accommodation, which was denied without any process.

1149. Plaintiff Matthew Xavier Martinez: On September 8, 2021, Mr. Martinez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to Mr. Martinez's sincerely held religious belief that based on his Christian faith and

414

Biblical teachings, his body is a temple of God. He believes that God commands him to protect his physical integrity. He believes God also commands that he prevent harm to his body from potential reactions and health challenges due to vaccines. Therefore, it is his duty to remain obedient in his Christian faith and avoid the vaccines. On September 8, 2021, United acknowledged Mr. Martinez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Martinez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Martinez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Martinez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Martinez had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity.

1150. Plaintiff Michele Martinez: In August 2021, Ms. Martinez notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that according to the Church's tenets, her body is the Temple of the Holy Spirit. She believes God created her in His image and He would not want her to put something in her body that would harm or alter her image, in His eyes. She believes that

415

because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would violate God's commands. On September 9, 2021, United acknowledged Ms. Martinez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Martinez employed for some time. The company determined that it could accommodate Ms. Martinez only by masking and testing that was intended to be punitive. United forced Ms. Martinez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) in which the company did not provide guidance/training on wearing (as an OSHA violation later showed). Additionally, Ms. Martinez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1151. Plaintiff Ana Esther Martinez: In August 2021, Ms. Martinez notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred to God from conception to natural death. God is the giver of life and only He has the right to take it. The vaccines were derived, developed from, and/or tested using cell lines from aborted babies. She could not be complicit in the direct or indirect taking of human life. On September 9, 2021, United acknowledged Martinez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Martinez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the

masks that had been provided by the company for the previous 18 months of the pandemic, United forced Martinez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representativet) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Martinez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1152. Plaintiff Pedro Lucas Martinez: In September 2021, Mr. Martinez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that Mr. Martinez did not believe the testing methods of the vaccines were aligned with his religious beliefs. Mr. Martinez's religious beliefs also forbade submitting to experimental drugs and gene altering shots. Mr. Martinez's personal beliefs align with God's natural design. Mr. Martinez was raised in a religious home and continues to practice the word of God. This drug was not only experimental, but was also not proven to be effective. Testing methods from aborted fetus cells were exercised in the development of these mentioned vaccines, therefore, Mr. Martinez strongly opposed due to its conflict with the word of God. Mr. Martinez's beliefs in God requires him to remain with pure blood and not tainted with an experimental drug which has the impure aborted fetus cells. On September 10, 2021, United acknowledged Mr. Martinez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Martinez only by a masking/testing regime

417

that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Martinez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Line Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Martinez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. Indeed, United would not even consider that Mr. Martinez had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1153. Plaintiff Maria Luisa Martire-Pittman: In August 2021, Ms. Martire-Pittman notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is a sin. Because the vaccine was derived from that aborted fetal tissue cell lines, she could not forsake her Lord and Savior by ingesting the product for fear of being complicit in the sinful act, as she believes life begins at conception. On September 9, 2021, United acknowledged Ms. Martire-Pittman's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Martire-Pittman only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Martire-Pittman to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation

418

later showed). Additionally, Ms. Martire-Pittman suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Martire-Pittman had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1154. Plaintiff Marilyn Martyres: In Fall of 2021, Ms. Martyres notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an

419

equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.  Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1155.   Plaintiff Nathan Paul Mattos:  In August 2021, Mr. Mattos notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is a sin. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make be deemed sinful.  Because he views his body as a Temple of the Holy Spirit, Mr. Mattos is also morally obligated by his religious beliefs to refrain from ingesting any foreign substance, especially unknown entities, that could defile his temple. Mr. Mattos could not and will not break faith in his religious beliefs, especially since he was raised to respect and protect life. On September 10, 2021, United acknowledged Mr. Mattos's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Mattos only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Mattos to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Powerplant Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Mattos suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to

420

participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposely taken to punish the exercise of religious rights.

1156. Plaintiff Timothy Michael Matuszewski: In September 2021, Mr. Matuszewski attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that it was a sin to be complicit in the act of abortion by ingesting a product derived from aborted fetal tissue cell lines. Through no fault of Mr. Matuszewski, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Matuszewski employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Matuszewski was fired. Indeed, his supervisor notified Mr. Matuszewski that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Matuszewski would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines). The attempts on September 20, 2021, September 22, 2021, and September 23, 2021, to notify United of his sincerely held religious beliefs in conflict with the vaccination requirement put United on notice of Mr. Matuszewski's need for an accommodation, which was denied without any process.

1157. Plaintiff Lauren McCauley: In September 2021, Ms. McCauley desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief in the sanctity of life. Ms. McCauley believes her conscience is a God-given internal faculty that guides her decision making and to willfully

421

act against her conscience is sinful. She also believes her is a temple of the Lord. She is called to be a steward of her bodies, and her stewardship should be exercised in line with her conscience. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make her complicit in the sin of abortion and defile God's temple. Ms. McCauley was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. McCauley's desire to also acquire a religious accommodation. On or about September 13, 2021, United granted Ms. McCauley 's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. McCauley employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. McCauley was forced to endure unpaid leave until such time that United decided to recall all customer facing employees they put out of work. This was an especially pointless violation of Ms. McCauley's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. McCauley would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1158. Plaintiff Tyler McCauley:  In September 2021, Mr. McCauley desired to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that in the sanctity of life.  As a Christian, he believes

422

God gave him a conscience to guide his decision making and to alert him when doing something wrong. He believes that willfully acting against his conscience is sinful. He also believes his body is the temple of the Lord. Therefore, because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make him complicit in the sin of abortion and would defile God's temple. Mr. McCauley was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. McCauley's desire to also acquire a religious accommodation. On or around September 13, 2021, United granted Mr. McCauley's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. McCauley employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. McCauley was forced to endure unpaid leave until such time that United decided to recall all customer facing employees they put out of work. This was an especially pointless violation of Mr. McCauley's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. McCauley would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1159. Plaintiff Nancy Irene McCloy: In August 2021, Ms. McCloy notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held pro-life religious beliefs. She believes abortion is a sin against God. Therefore, she

is unable to ingest any product derived from fetal tissue cell lines as she cannot benefit from the sin of abortion. In September 2021, United acknowledged Ms. McCloy's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. McCloy employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. McCloy was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. McCloy acquiesced and took the vaccine. Moreover, Ms. McCloy would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1160. Plaintiff Denise Wiederkehr McDonald: In September 2021, Ms. McDonald notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is murder, and therefore, is a sin. Ingesting a vaccine derived from aborted fetal tissue cell lines would make Ms. McDonald complicit in abortion, clearly violating her religious beliefs. Ms. McDonald also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. In early September 2021, United granted Ms. McDonald's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. McDonald employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. McDonald was forced to endure unpaid leave until such time United decided to recall all customer facing

employees they put out of work This was an especially pointless violation of Ms. McDonald's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. McDonald would have been willing to mask and test regularly for COVID to show that she was not a danger to their co-workers (as was allowed by other airlines).

1161. Plaintiff Elaine M. McDonnell: Ms. McDonnell notified United of her religious conflict with receiving a Covid-19 vaccine. This was due to the sincerely held religious belief that life is sacred. Because the vaccine was derived from aborted fetal tissue cell lines, in direct conflict with her conscience, she cannot ingest the substance into her body. She believes her body is her temple, and that both her body and spirit are God-given. The covid shot is derived from the taking of human life - a mortal sin, something with which she cannot be complicit. On September 5, 2021, United acknowledged McDonnell's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept McDonnell employed for some time. But, once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. McDonnell was forced into retirement under duress. Indeed, her Supervisor, Lisa Pizzimenti, notified McDonnell that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since McDonnell had already recovered from Covid-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, McDonnell would have been willing to mask and test

425

regularly for Covid to show she was not a danger to her co-workers (as was allowed by other airlines).

1162.   Plaintiff Kurt Richard McGary:  In September of 2021, Mr. McGary notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that Jesus taught him that he has free agency over what he ingests. He believes Jesus came to earth to set an example and invited all to follow Him. Jesus did not require Mr. McGary to follow him; rather, Jesus granted him the gift of choice. Throughout his life, Mr. McGary strives to make the choices Jesus invites him to make. It is his responsibility to follow Jesus' example. To that end, he feels a religious commitment to keep his body clean, avoiding drugs, alcohol, and any substance that would violate Jesus' example. The COVID vaccine was derived through the use of aborted fetal cells, which is not is not aligned with Jesus' teaching. Mr. McGary cannot risk corrupting his relationship with Jesus by taking this vaccine. On September 8, 2021, United acknowledged Mr. McGary's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. McGary only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. McGary to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. McGary suffered harassment/ridicule/ etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against

426

unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. McGary had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1163. Plaintiff Mark Gerard Mckenzie: In August 2021, Mr. Mckenzie notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a devout Catholic, abortion is wrong and sinful. Because the vaccine was derived from aborted fetal tissue cell lines, he could not ingest the product as he would be deemed complicit in the act. In September 2021, United acknowledged Mr. McKenzie's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Mckenzie employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Mckenzie was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Mckenzie acquiesced and took the vaccine. Moreover, Mr. Mckenzie would have been willing to mask and test regularly for COVID to show the he was not a danger to his co-workers (as was allowed by other airlines).

1164. Plaintiff Michael John McNamara: In August 2021, Mr. McNamara notified United Airlines of his religious conflict with receiving a COVID-19 vaccine. This was because of his sincerely held religious beliefs. He maintains that it is essential within his faith to keep a strict allegiance to God's path of holiness, and that he follows this path to maintain his moral high ground as a Christian. He also states that it would be a sin to use

427

any medical treatment that was created using human fetal cell lines. In September United Airlines acknowledged Mr. McNamara's sincerely held religious beliefs but only promised the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. McNamara only by a masking/testing regimen that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. McNamara to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. McNamara suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from coworkers, and was not allowed to participate in regular company activities. This was especially unreasonable since Mr. McNamara had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1165. Plaintiff Nelson Medina: In Fall of 2021, Mr. Medina notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to

428

wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1166. Plaintiff Amy Michelle Mees: Ms. Mees was on Occupational Injury Leave from July 2021, through October 2022. In August 2021, Mees notified United Airlines of her religious conflict with receiving a COVID-19 vaccine due to her sincerely held religious belief, based on teachings in the Holy Bible, that her body is the temple of the Holy Spirit who is within her. Further she is commanded to honor God with her body. She also believes that to defile the temple of God, him/her shall God destroy for the temple of God is Holy which temple she is. Because the vaccine is derived from aborted fetal tissue cell lines, she cannot ingest the product. Mees, believes that she is to purify herself from everything that contaminates body and spirit. To ingest the vaccine would be considered a sin and would put her in disobedience of God. The Bible is clear to Mees that the wages

429

of sin is death. On September 21, 2021, United acknowledged Mees's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mees employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mees was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. For some unknown reason, on November 16, 2021, Mees' Occupational Injury leave was converted to an unpaid leave which was eventually rescinded. In October 2022, Mees was returned to work from an Occupational Job Injury. Moreover, Meier would have been willing to mask and test regularly for COVID to show that she was were not a danger to her co-workers (as was allowed by other airlines).

1167. Plaintiff Margie Lu Meier: In August 2021, Ms. Meier notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that humans are made in the image of God and that abortion is wrong. She believes in God's commandment to not kill. It is an affront to God, and her faith, to ingest products derived from fetal tissue cell lines. She believes that because the vaccine employed such, she would be complicit in the sin of abortion, violating God's commandment. Ms. Meier also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 30, 2021, United granted Ms. Meier's request for a Medical Accommodation. United also acknowledged her religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Meier employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms.

430

Meier was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Meier's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Meier would have been willing to mask and test regularly for COVID to show that she was were not a danger to her co-workers (as was allowed by other airlines).

1168. Plaintiff Lenny Mejia-Bradford: In September 2021, Ms. Mejia-Bradford desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held Catholic religious beliefs that her faith is the foundation of her daily life. She stands strongly against abortion and ingesting a product derived from aborted human fetal tissue cell lines because she believes abortion is a mortal sin. Ms. Mejia- Bradford was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Mejia-Bradford's desire to also acquire a religious accommodation. On November 2, 2021, United granted Ms. Mejia-Bradford's request for a Medical Accommodation but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Mejia-Bradford employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Mejia-Bradford was forced to either take the vaccine (at the cost of her religious belief and risking her medical health) or be forced into a position where she could not provide for

431

her family (an equally-important religious belief). As a result of United's coercion, Ms. Mejia-Bradford acquiesced and took a dose of the vaccine. This was an especially pointless violation of Ms. Mejia-Bradford's faith. Moreover, Ms. Mejia-Bradford would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1169. Plaintiff Blanca Lisse Melendez: In August 2021, Ms. Melendez notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is the Temple of the Holy Spirit. She believes that ingesting a product derived from aborted fetal tissue cell lines would offend the Holy Spirit and violate her religious convictions. In September 2021, United acknowledged Ms. Melendez sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Melendez employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Melendez was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Melendez acquiesced and took the vaccine. Moreover, Ms. Melendez would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1170. Plaintiff Billie Arlene Melhorn: In August 2021, Ms. Melhorn notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that due to her pro-life stance, innocent life is extremely sacred and precious to God, from conception, to birth and to natural death. Because the

432

vaccine was derived from aborted fetal tissue cell lines, her faithful relationship with God forbids her from benefiting, in any way, from an abortion, no matter how much time has elapsed since the abortion occurred. As a believer in God and Christ, she is sure this is a sin against God, against her faith, and her conscience. On September 9, 2021, United acknowledged Ms. Melhorn's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Melhorn employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Melhorn was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Melhorn acquiesced and took the vaccine. Moreover, Ms. Melhorn would have been willing to test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1171. Plaintiff Gale Marie Mellaci: In August 2021, Ms. Mellaci notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her body is a Temple of The Holy Spirt. She believes a core tenet of her Christian faith is God's commandment to not kill. Because the vaccine is derived using aborted fetal tissue cell lines, she believes it is against her beliefs to inject into her body any substance tainted by the sin of abortion. On September 27, 2021, United acknowledged Ms. Mellaci's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Mellaci employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had

an exemption. Ms. Mellaci was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Mellaci acquiesced and took the vaccine. This was an especially pointless violation of Ms. Mellaci's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Mellaci would have been willing to mask and test regularly for COVID to show she was not a danger to her co-workers (as was allowed by other airlines).

1172. Plaintiff Todd R. Merrill: In August 2021, Mr. Merrill notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God is to be honored by taking care of the physical body. Because the vaccine is derived from aborted fetal tissue cell lines and Merrill believes that abortion is a sin, ingesting the product would also be a sin. In September 2021, United acknowledged Merrill's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Merrill only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Merrill to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aviation Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Merrill suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular

434

company activities. All this was part of United's continued coercion against unvaccinated employees- steps purposefully taken to punish the exercise of religious rights.

1173.   Plaintiff Louis Meyer:  In September 2021, Mr. Meyer notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held Catholic religious belief that that a person must not be forced to act contrary to his conscience, especially in religious matters. Because the vaccine was derived from aborted fetal tissue cell lines, and because he believes that abortion is a sin, it would be unconscionable to knowingly ingest the product. This would result in Mr. Meyer directly violating his personal religious beliefs. Mr. Meyer also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 14, 2021, United granted Mr. Meyer's request for a Medical Accommodation. United refused to acknowledge his Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Meyer only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Meyer to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Building Maintenance Mechanic) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Meyer suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees - steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider

435

that Mr. Meyer had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1174. Plaintiff Jeanna Michaels: In September 2021, Ms. Michaels notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that receiving a vaccine that was developed from or contained aborted fetal tissue cell lines violates her faith. Ms. Michaels prayed about how to respond to the COVID shot directive, concerned with her pro-life and other religious beliefs. Ms. Michaels believes her body belongs to God and is a temple of his Holy Spirit. She also believes that innocent life is sacred to God, from conception, to birth, to natural death. From these religious beliefs Ms. Michaels therefore believes she is prohibited by her faith from ingesting any product derived from aborted fetus cells. On September 9, 2021, United acknowledged Ms. Michael's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Michaels only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Michaels to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Michaels suffered harassment/ridicule/etc. at work, was forced to eat alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Michaels

had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1175. Plaintiff George Michalos: In August 2021, Mr. Michalos notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple of the Holy spirit and as such is not permitted to treat the body in a way that will harm it. Because the vaccine is derived from aborted fetal tissue cell lines and other genetic matter, he believes he would be defiling God's Holy temple if he were to ingest the product. On September 21, 2021, United acknowledged Michalos sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Michalos employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Michalos was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Michalos acquiesced and took the vaccine moreover, Michalos would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines.)

1176. Plaintiff Gabriella San Miguel: In August 2021, Ms. San Miguel notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her moral and religious obligation is to refuse medical treatment, including vaccines, that are derived from human fetal tissue cell lines. Not doing so would make her complicit in the act of abortion. On September 9, 2021, United acknowledged Ms. San Miguel's sincerely held religious belief but promised only the

437

unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. San Miguel only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. San Miguel to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Safety Advocate) which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. San Miguel suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. After months of threats, intimidation, anxiety, and unnecessary pressure from United Airlines, Ms. San Miguel resigned under duress in January of 2022. Ms. San Miguel had completed 27 years with the company; however, she did not meet United's minimum retirement age of 50 years old to retire.

1177. Plaintiff Joseph Charles Miller: In August 2021, Mr. Miller notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the universe and all of nature is sacred. He experiences God as a Divine Spirit in whose image he was created. His body is the temple in which the Divine Spirit dwells, and through his body he experiences God's activity in the world. He believes that preemptive medical interventions for a healthy individual, exemplified by vaccines, presumes that humans are not perfect and divine in their natural state. He believes this is flawed and unnatural, and goes against his firmly held religious beliefs. On September 9, 2021, United acknowledged Mr. Miller's sincerely held religious belief but promised

438

only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Miller employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Miller was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Miller acquiesced and took the vaccine. Moreover, Mr. Miller would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1178. Plaintiff Lillian Yuk Yin Miller: In August 2021, Ms. Miller notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that abortion is murder. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would be a sin. As a Catholic, she objects to abortions and anything connected to such. In September 2021, United Airlines acknowledged Ms. Miller's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United Airlines, the company determined that it could accommodate Ms. Miller only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United Airlines forced Ms. Miller to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Miller suffered harassment/ridicule/etc. at work, was forced to eat alone, isolated from co-workers, and

439

was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights

1179.   Plaintiff Paul Robert Miller:  In September 2021, Mr. Miller desired to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that ingesting products derived from the use of aborted fetal tissue cells violates his belief that all life is sacred, from conception to natural death. He believes that aborting babies is a sin, and he cannot be complicit with that practice. He believes it would be a sin for him to accept a vaccine created in this way. The use of these products goes against Mr. Miller's conscience and he believes would lead him away from God, the end and purpose to life. Mr. Miller was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Miller's desire to also acquire a religious accommodation. On or about September 8, 2021, United granted Mr. Miller's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Miller employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Miller was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Miller's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that has shown to be at least as strong as vaccine-

440

induced immunity. Moreover, Mr. Miller would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1180. Plaintiff Robert Daniel Miller: In September 2021, Mr. Miller notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a gift from God and that God claims it as His. Mr. Miller believes that life begins at conception in the womb, and that all life is created by God and deserves to be protected. Since the vaccine was derived from aborted fetal tissue cell lines, he cannot ingest the product. If he did, Mr. Miller believes he would be violating the physical body that God claims as His. On September 10, 2021, United acknowledged Mr. Miller's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Miller employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Miller was forced to retire under duress. Indeed, his Supervisor, Clyde Spero, notified Mr. Miller that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Miller would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1181. Plaintiff Ronald Michael Miller: In September 2021, Mr. Miller attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that abortion is sinful. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make him complicit in the act of abortion, and therefore sinful in the

441

eyes of God. Through no fault of Mr. Miller, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Miller employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Miller was fired. Indeed, his supervisor notified Mr. Miller that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Miller would have been willing to test regularly for COVID-19 as a show that he was not a danger to his co-workers (as allowed by other airlines). The attempt on September 20, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Miller's need for an accommodation, which was denied without process.

1182. Plaintiff Matthew Charles Millward: In May, 2022, Mr. Millward returned from a company approved medical leave of absence and notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body represents God's Holy Temple. Mr. Millward believes his body is God's Holy Temple and that God commands him to keep his body free and pure. Ingesting a vaccine derived from aborted fetal tissue cell lines would violate God's commandment and make him complicit in the act taking the life of another. Even though Mr. Millward was on an approved leave of absence at the time of the mandate and until after those who were put on unpaid leave were recalled, he was denied the opportunity to be granted a reasonable accommodation because it was past the company imposed August 31, 2021 deadline. In May, 2022, United acknowledged Mr. Millward's sincerely held religious belief but only threatened termination due to the date lapse if he did not take the COVID-

19 vaccine. Mr. Millward was fired on September 27, 2022, for not receiving the vaccine. Mr. Millward would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on May 11, 2022, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Millward 's need for an accommodation, which was denied without any process.

1183. Plaintiff Kyle Andrew Minarik:  In August 2021, Mr. Minarik notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a pro-life supporter, Mr. Minarik cannot ingest a product derived from aborted fetal tissue cell lines.  Mr. Minarik also believes that he has been blessed by God with a healthy body complete with a strong immune system.  It is his responsibility to protect God's creation. On September 9, 2021, United acknowledged Mr. Minarik's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Minarik employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Minarik was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Minarik acquiesced and took the vaccine. Moreover, Mr. Minarik would have been willing to test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1184. Plaintiff Shahannah Gemora Miranda:  In August 2021, Ms. Miranda notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is holy and one with God.  She believes

443

it is her duty to do whatever is necessary to keep it such and does not ingest unclean foods, toxins, and pharmaceuticals. Because the vaccine was derived with both genetic and synthetic materials, she believes that ingesting the product would break her covenant with God to keep her body pure.

1185. Plaintiff Piotr Tomasz Mojak: In August 2021, Mr. Mojak notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple of the Holy Spirit that he must maintain from contaminants in body and in spirit. He also believes that because the vaccine was derived from aborted fetal tissue cell lines he cannot ingest the product. His faith prohibits him from participating in or benefiting from an abortion, no matter when that abortion occurred. Accepting any vaccination developed or tested with use of aborted fetal cell lines would be going against the teachings and directions of God and therefore he would be committing a sin against God. On September 27, 2021, United acknowledged Mojak's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mojak only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mojak to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mojak suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company

444

activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1186. Plaintiff Brenda Montes: On August 9, 2021, Ms. Montes notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body and soul belong to God, Jesus Christ. She believes that her body is the temple of his Holy Spirit. She also believes God's creation is a sacred temple from conception, to birth, to natural death and spiritual healing is the core/engine for all healings. Ms. Montes also believes that abortion is a sin, and a byproduct of that sin are aborted fetal cell tissue. Knowing the vaccine was derived from aborted fetal tissue cell lines, Ms. Montes believes ingesting a vaccine created through sin is the same as sinning herself. She cannot knowingly sin against her Father and jeopardize her relationship with Him. On September 26, 2021, United acknowledged Ms. Montes' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Montes only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Montes to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative-Interpreter) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, she suffered harassment/ridicule/etc. at work isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

445

1187. Plaintiff Dana Mooney: In August 2021, Ms. Mooney notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs and unwavering faith that prohibit her from participating in or benefiting from abortion, no matter when it occurred. Because the vaccine was derived from aborted fetal tissue cell lines, she could not take the vaccine for fear of being complicit in the act, thereby committing a grave sin. On September 13, 2021, United acknowledged Ms. Mooney's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Mooney by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Mooney to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Station Operations Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Mooney suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Mooney had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1188. Plaintiff Brent Elery Moore: In August 2021, Mr. Moore notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is sinful. Because the vaccine was derived from aborted fetal

tissue cell lines, benefitting from abortion violates his faith. He believes that sin is anything that violates the will of God, and it is against his faith and conscience to sin. On September 21, 2021, United acknowledged Mr. Moore's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Moore employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Moore was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Moore acquiesced and took the vaccine. Moreover, Mr. Moore would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1189. Plaintiff Scott Eric Moore: On August 18, 2021, Mr. Moore notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a sacred temple of God's Holy Spirit. Bible reading, prayer, and relying on the power of the Holy Spirit together help him live according to God's perfect and holy will. His sincerely held religious beliefs prohibit him from participating in or benefiting from an abortion, a sin. Because the vaccine was derived from fetal tissue cell lines, he believes he cannot ingest the product without violating his faith. All human life is a creation of God, made in God's image, and sacred from conception to natural death. Therefore, to avoid sin and to receive God's trustworthy and unfailing guidance in life, he must not accept the COVID-19 vaccine as it would jeopardize his relationship with God. Mr. Moore also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the

447

vaccine. On September 15, 2021, United granted Mr. Moore's request for a Medical Accommodation. United also acknowledged his religious beliefs, but determined, without input from Mr. Moore, that they would only grant the Medical Accommodation, discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Moore employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Moore was forced to endure unpaid leave until such time that United decided to recall all customer-employees they put out of work. This was an especially pointless violation of Mr. Moore's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity. Moreover, the fact that he would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1190.  Plaintiff Jeffrey Stephen Moredich:  In August 2021, Mr. Moredich notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief against abortion. He understands that the vaccine was derived from aborted fetal tissue. In accordance with his religious beliefs, human life begins at conception, and therefore, abortion is murder, something in which he could not be complicit. On September 6, 2021, United acknowledged Mr. Moredich's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Moredich only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company

448

for the previous 18 months of the pandemic, United forced Mr. Moredich to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Moredich suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1191. Plaintiff Julio Morel: On August 18, 2021, Mr. Morel notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God is perfection, therefore Mr. Morel's body is perfectly created. He believes his body is the vessel used by divine spirit to facilitate a human life experience. He also believes it is imperative that he strives to be as pure as possible in body, mind, and spirit to the best of his ability so that the divine spirit can dwell in greater measure. He believes ingesting a product derived from aborted fetal tissue cell lines would destroy his purity. On August 27, 2021, United acknowledged Mr. Morel's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Morel only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Morel to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Morel suffered

449

harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Morel had just recovered from COVID- 19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity.

1192.   Plaintiff Angel Infante Morel:  In August 2021,  Mr. Infante Morel notified United Airlines of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held Catholic religious belief that his body is a temple of the Holy Spirit which lives within him and is a gift from God.  Therefore, he is unable to ingest products derived from aborted fetal tissue cell lines.  Mr. Infante Morel not only believes that abortion is a sin, anything he ingests that could possibly defile or alter his Temple would also constitute a sin.  On August 28, 2021, United acknowledged Mr. Infante Morel's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that is could accommodate Mr. Infante Morel only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for previous 18 months of the pandemic, United forced Mr. Infante Morel to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company knew they did not provide guidance/training on wearing (as its OSHA violation later showed).  Additionally, Mr. Infante Morel suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against

450

unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Infante Morel had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1193. Plaintiff Bethzamaveth Moreno: In August 2021, Ms. Moreno notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God is the only one who can give and take away life. She believes she cannot ingest products that take their origin in abortion and she will not knowingly participate in the process to use a product that violates the right to life and dishonors the lives of the unborn. Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product would be a terrible violation of her faith. Mr. Moreno believes that God's word tells her to keep her body pure. Ms. Moreno, also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 21, 2021, United granted Ms. Moreno 's request for a Medical Accommodation. United also acknowledged her religious beliefs, but determined, without input from Ms. Moreno, that they would grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Moreno, only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Moreno to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing

451

(as its OSHA violation later showed). Additionally, Ms. Moreno suffered harassment/ridicule/etc. at work, was forced to eat isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Moreno, had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1194. Plaintiff Jose Moreno: In October of 2021, Mr. Moreno intended to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that ingesting any product derived from aborted fetal tissue cells is sinful. He believes in the sanctity of life, and cannot partake or benefit from anything that involves the taking of a life. Mr. Moreno was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Moreno's desire to also acquire a religious accommodation. On September 10, 2021, United granted Mr. Moreno's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Moreno employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Moreno was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Moreno's faith given the fact that he had already

recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1195. Plaintiff Bradley Morris: In August 2021, Mr. Morris notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that because the vaccine was derived from aborted human fetal tissue, ingesting such products would make him complicit in the destruction of the aborted children. He considers abortion murder and cannot participate in such an act which violates his religious beliefs. On September 5, 2021, United acknowledged Mr. Morris's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Morris employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Morris was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Morris acquiesced and took the vaccine. Moreover, Mr. Morris would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines.)

1196. Plaintiff Kristin Morris: In August 2021, Ms. Morris notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of God and requires a clean spirt. She believes God created Ms. Morris with all she needs to fight diseases and that her body can create a natural immunity. Because the vaccine was derived from aborted fetal tissue cell lines, and as a Catholic who stands against abortion, she cannot, in good conscience, ingest any product connected, in any way, to the act of abortion. In September, 2021, United

453

acknowledged Ms. Morris' belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Morris only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Morris to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Morris suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Morris had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1197. Plaintiff Tommy Ray Morris: In August 2021, Mr. Morris notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple of the Holy Ghost. He believes that by ingesting products derived of aborted fetal tissue cell lines, he would be offending God and defiling his temple. Further, he believes that because God dwells in his temple, and he would be committing a sin towards God. In early September 2021, United acknowledged Mr. Morris' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Morris employed for some time, but once it expired, the company

454

followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Morris was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Morris acquiesced and took the vaccine. Moreover, Mr. Morris would have been willing to mask and test regularly for COVID to show that he would not be a danger to his co-workers (as was allowed by other airlines).

1198. Plaintiff Coldridge Marcus Morris: In August 2021, Mr. Morris attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to his sincerely held religious belief in the Most-high God, the Creator (JAH), who walked upon this earth in the personality of Jesus Christ. Mr. Morris' journey is nature's law, nature's God, which is a personal relationship between him and the divine and cannot be dictated by anyone. As set forth in the Bible, Mr. Morris works to keep from committing sin or violating the will of God. His body is a temple and the COVID vaccine would defile it as it is not aligned with his journey of nature's God, and would violate the will of God. Through no fault of Mr. Morris, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Morris employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Morris was fired. Indeed, his Supervisor Aircraft Maintenance Manager, Dory Blazina, notified Mr. Morris that he would lose his benefits/retirement if they persisted in his religious belief and did not leave the company. The attempt in August 2021, to notify United of the sincerely held religious belief in conflict with the vaccination

455

requirement put United on notice of Mr. Morris' need for an accommodation, which was denied without any process.

1199. Plaintiff Lindsay Moser: In September 2021, Ms. Moser desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her relationship with her Lord is higher than anything and anyone on earth. She believes that changing the nature of her body violates God's law because to reject God's image is to reject God himself. She believes her body belongs to God because Jesus paid for her body when he died for her. She believes her soul takes precedence over her body because her body is not everlasting. Therefore, knowingly ingesting a product into her body that is unclean and/or derived from aborted human fetal cell lines would taint her body and harm her soul because it could change the nature of her body. Ms. Moser was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Moser's desire to also acquire a religious accommodation. On or about September 22, 2021, United granted Ms. Moser's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Moser only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Moser to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the

company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Moser suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Moser had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1200. Plaintiff Kurt William Mueller: On August 23,2021, Mr. Mueller notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that the COVID vaccine violates his covenant and his relationship with God. He believes that the Lord had given him a robust immune system. To alter his body, in any way, he believes, would be a sin against God and his beliefs. He believes that ingesting products derived from aborted fetal tissue cell lines and which may contain human or artificial gene-altering DNA/RNA could put him at risk of committing a sin against God. On September 10, 2021, United acknowledged Mr. Mueller's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Mueller only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Mueller to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr.

457

Mueller suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1201. Plaintiff Angela Muhammad: In August of 2021, Ms. Muhammad notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a member of The Nation of Islam, under the direction of Master W. Fard Muhammad, and through His Messenger, The Honorable Elijah Muhammad, she was given a complete program to achieve and maintain optimal health by protecting her God-given immune system. This includes what to do to heal oneself if ever afflicted with internal sickness or confronted with any pathogen. As a member of The Nation of Islam, she believes vaccines have been deployed in direct contradiction to the Will and Commandments of the God she serves. As a result, Ms. Muhammad sincerely holds this belief both religiously and spiritually. On September 9, 2021, United acknowledged Ms. Muhammad's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Muhammad, only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Muhammad to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Muhammad suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-

458

workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. In fact, United forced Ms. Muhammad to comply with the N-95 mask mandate against direct instructions from her cardiologist. As a result, Ms. Muhammad experienced respiratory issues which caused her to require an angiogram on February 7, 2022. Even After these difficulties were reported, the only option United offered Ms. Muhammad was to take an indefinite leave of absence, which she declined.

1202. Plaintiff Ellery Mullins: In August 2012, Mr. Mullins notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is a sin, and he cannot ingest a vaccine that was developed/tested using aborted fetal cell lines, as that would make him complicit in the sin. In September 2021, United acknowledged Mr. Mullins sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Mullins only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Mullins to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Service Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Mullins suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was

459

part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1203. Plaintiff Shari Marie Mund: In In August 2012, Mr. Mund notified United of his religious conflict with receiving a COVID-19. This was due to her sincerely held religious belief that abortion is a sin. She believes ingesting a product, derived from aborted fetal tissue cell, as is the vaccine, would make her complicit in that sin. On September 9, 2021, United acknowledged Ms. Mund's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Mund only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Mund to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance or training on wearing (as its OSHA violation later showed). Additionally, Ms. Mund suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Mund had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1204. Plaintiff David Myers: In Fall of 2021, Mr. Myers notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely

held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1205.  Plaintiff Alva Nardine:  In August 2021, Ms. Nardine notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of the Lord. She believes it is morally and ethically wrong to ingest any product derived from aborted fetal tissue cell lines. God is her ultimate healer, doing so would be an affront to her faith. In September 2021, United

461

acknowledged Ms. Nardine's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Nardine only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Nardine to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Nardine suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Nardine had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1206. Plaintiff Daniel Nastyn: On August 31, 2021, Mr. Nastyn notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief, as a Catholic, that life begins at conception. His faith commands he oppose abortion. Because the vaccine is derived from aborted fetal tissue cell lines, Mr. Nastyn is unable to ingest the product without violating his sincere pro-life beliefs. On September 13, 2021, United acknowledged Mr. Nastyn's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Nastyn only by a masking/testing regime that was intended to be punitive. Indeed, rather than

462

wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Nastyn to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Nastyn suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1207. Plaintiff Patricia Needham: In Fall of 2021, Ms. Needham notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of

religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1208. Plaintiff Rebecca June Nehlsen: In September 2021, Ms. Nehlsen notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body was created by God, and is the way He intends it to be, without adaptation or genetic manipulation. She does not believe God desires that she take unnecessary risks with her body. She believes she is fearfully and wonderfully made by God, and He will take care of and protect her, including strengthening her immune system because He built the protection naturally into her body. Additionally, she believes ingesting products derived from aborted fetal cells, makes her complicit in the murder of an unborn life, which is a sin. Ms. Nehlsen also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. In October, 2021, United granted Ms. Nehlsen's request for a Medical Accommodation. United also acknowledged her religious beliefs, but determined, without input from Ms. Nehlsen, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Nehlsen employed for some time, but once it expired, the company

followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Nehlsen was forced to endure unpaid leave until such time that United decided to recall all customer- facing employees they put out of work. This was an especially pointless violation of Ms. Nehlsen's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Nehlsen would have been willing to mask and test regularly for COVID to show that she was not a danger to their co-workers (as was allowed by other airlines).

1209. Plaintiff Kurt Nelson: In Fall of 2021, Mr. Nelson notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could

not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1210. Plaintiff Jonathan Force Newcomb: In September 2021, Mr. Newcomb notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God created Jonathan in His image and Jonathan's immune system is complete as it was created. Therefore, Mr. Newcomb believes he would be violating God's command by ingesting any product derived from aborted fetal tissue cell lines, including vaccines. In September 2021, United acknowledged Mr. Newcomb's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Newcomb employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Newcomb was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Newcomb acquiesced and took the vaccine. Moreover, Mr. Newcomb would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1211. Plaintiff Sharon Nielsen: In August 2021, Ms. Nielsen notified United of her religious conflict with receiving the Covid-19 vaccine. This is due to a sincerely held

466

religious belief that it is necessary to distance herself from things that destroy the body and embrace things which are healthful and life-imparting as God charges her. Because the vaccine was derived from aborted fetal tissue cell lines and/or other human or animal cells, ingesting the product would be in strict violation of her religious imperative that she is to treat her body as a Holy temple of the Spirit of God. On September 9, 2021, United acknowledged Ms. Nielsen's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Nielsen only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Nielsen to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Neilsen suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Nielsen had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1212.    Plaintiff Kim No-ke:  In August 2021, Ms. No-ke notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her body is fearfully and wonderfully made by a Creator who knows what He is doing. Ms. No-ke believes He created an immune system, that when properly

467

fed and cared for, will be strong enough to defeat viruses, bacteria, and diseases with which one comes in contact. Ms. No-ke also believes that should her immune system be altered by antibiotics, medications, or vaccinations, it will no longer function as it was originally designed by her Creator. On September 9, 2021, United acknowledged Ms. No-ke's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. No-ke only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. No-ke to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. No-ke suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. No-ke had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1213.    Plaintiff Sofia Cortez Nolte:  On August 19, 2021, Ms. Nolte notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs that her body belongs to God and it is the Temple of His Holy Spirit. She also believes that innocent life is sacred to God, from conception, to birth until natural death. Because the vaccine was derived from fetal tissue cell lines, her faith in God

prohibits her from participating in and/or benefitting from a fetal abortion, regardless of how remote in time that abortion occurred, prohibiting her from taking the vaccine. In September 2021, United acknowledged Ms. Nolte's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Nolte only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Nolte to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Nolte suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Nolte had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1214. Plaintiff Dale Nordhausen: On August 30, 2021, Mr. Nordhausen notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to Mr. Nordhausen's sincerely held religious belief that abortion is a sin. He believes that because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would require his cooperation and complicity in abortion—the ending of an innocent human life—and as such would constitute a sin against God and a violation of His Commandments, for which Mr. Nordhausen would be held morally accountable by God.

On September 9, 2021, United acknowledged Mr. Nordhausen's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Nordhausen employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Nordhausen was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Nordhausen acquiesced and took the vaccine. This was an especially pointless violation of Mr. Nordhausen's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Nordhausen would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1215. Plaintiff Eric Robert Nordheim: In August of 2021, Mr. Nordheim, notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that all life is sacred. Knowing the vaccine was derived from aborted fetal tissue cell lines, ingesting the product violates his religious beliefs as a practicing Catholic. As a practicing Catholic, he does not support abortion or the use of aborted fetal cells in creating vaccines or other medical interventions. In September 2021, United acknowledged Mr. Nordheim's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Nordheim employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job, even if they had an exemption. Mr. Nordheim was forced to either take the vaccine (at the cost of his

470

religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Nordheim acquiesced and took the vaccine. This was an especially pointless violation of Mr. Nordheim's faith given the fact that he had recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced-immunity.

1216. Plaintiff Dean Nordstrom: In October of 2021, Mr. Nordstrom attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that his body is a temple of the Holy Spirit, and that life is sacred from conception to death when he is returned to heaven to be with his savior. Because of his pro-life faith views and because the vaccine was derived from aborted fetal tissue cell lines, he cannot ingest the product without being complicit in abortion (murder) which he believes is a grievous sin. Through no fault of Mr. Nordstrom's, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Nordstrom employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job. Indeed, his Supervisor, John Vogt, notified Mr. Nordstrom that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Mr. Nordstrom was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result, Mr. Nordstrom acquiesced and took the vaccine. Mr. Nordstrom would have been willing to mask and test regularly for COVID-19 to show that he was not a danger to his co-workers (as was allowed by other airlines). The situation was especially unreasonable since Mr. Nordstrom had already recovered from COVID-19

471

and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1217. Plaintiff Nelson Jose Novo: In August 2021, Mr. Novo notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that Mr. Novo ingesting the vaccine would be disobeying God's will and thus sinning against his creator. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting such would be defiling his body and make him complicit in the act of abortion. As a supporter of Focus on the Family's 'Operation Ultrasound' program which funds free counseling and fetal ultrasounds for women contemplating abortion, he believes life is sacred to God. He believes taking this vaccine would defile its sanctity. Mr. Novo also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 25, 2021, United granted Mr. Novo's request for a Medical Accommodation. United also acknowledged his religious beliefs, but determined, without input from Mr. Novo, that they would only grant the Medical Accommodation, discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Novo employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Novo was forced to either take the vaccine (at the cost of his religious belief and at great risk to his health) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Novo acquiesced and took the vaccine. Moreover, Mr. Novo would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

472

1218. Plaintiff Angelique Monteiro Nunez:  On August 26, 2021, Ms. Monteiro Nunez notified United Airlines of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that due to her traditional Catholic teachings against abortion, her commitment to conscience freedom should be honored. The Doctrine of Faith States that vaccination is not a moral obligation and must be voluntary. Because these vaccines were developed with fetal tissue cell lines, she cannot ingest these products without violating tenets of her faith. On August 30, 2021, United requested that Ms. Monteiro Nunez specify the manner in which the COVID- 19 vaccine contradicted with her religious beliefs, even though she had already stated them. She is against abortion and believes that it is a moral obligation to refuse the use of medical products, including certain vaccines, which are derived from aborted fetal tissue cell lines. Ms. Monteiro Nunez moral duty required her to refuse such COVID-19 vaccine based on her informed judgement of conscience.  On September 8, 2021, United acknowledged Ms. Monteiro Nunez's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United Airlines, the company determined that it could accommodate Ms. Monteiro Nunez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Monteiro Nunez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Monterio Nunez suffered harassment/ridicule/etc. at work, was forced to eat alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's

continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Monterio Nunex had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1219. Plaintiff Erin Mary O'Brien: On August 20, 2021, Ms. O'Brien notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held Messianic religious belief that God created all. She believes that he is the true giver and sustainer of life and that man cannot usurp his authority. She also believes she is created unique and in His image. She believes in the sanctity of life and that ingesting any product derived from aborted human fetal tissue cell lines violates those sincere beliefs. Ms. O'Brien also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 27, 2021, United granted Ms. O'Brien's request for a Medical Accommodation. United refused to acknowledge her religious beliefs, but determined, without input from Ms. O'Brien, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. O'Brien employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. O'Brien was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. O'Brien's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. O'Brien would have been willing to mask and test

474

regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1220.  Plaintiff Israel Michael Ochoa:  In August 2021, Mr. Ochoa notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a Christian who believes in the Holy Scriptures, he is compelled to submit to Divine Law. Mr. Ochoa believes his body is a temple for the Holy Spirit, and he is required to protect his Body against unclean food and injections. The additives in the vaccines are considered contaminants, from a biblical standpoint, and thus, defile the body and the conscience. He cannot ingest anything that would so alter his body as that violates his religious beliefs. On September 10, 2021, United acknowledged Mr. Ochoa's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Ochoa only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Ochoa to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Mr. Ochoa believes the respirator caused safety concerns for a person working in a safety-critical maintenance function.  Specifically, he suffered dizziness, headaches, and impaired cognitive function. Additionally, Mr. Ochoa suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully

475

taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Ochoa had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1221.  Plaintiff Molli Duskin Oliver:  In September 2021, Ms. Oliver attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her body is God's temple. Ms. Oliver has strong faith in divine protection and healing.  She believes the impurities in the vaccine could defile the temple she has promised God she would protect. Because the vaccine was derived from aborted fetal tissue cell lines, she cannot risk ingesting products she believes would be offensive to God.  Her obligation to God is to do no harm to this temple.  Ms. Oliver was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. However, United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Oliver's desire to also acquire a religious accommodation. On September 30, 2021, United granted Ms. Oliver's request for a Medical Accommodation. They promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Oliver employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Oliver was forced to endure unpaid leave through January 25, 2022, when the financial hardship of unpaid leave forced Ms. Oliver to decide between taking the vaccine (at the cost of her religious belief and risking her medical health) or continue to be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of

476

United's coercion, Ms. Oliver acquiesced and took the vaccine. Moreover, Ms. Oliver would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1222. Plaintiff Donna Kaye Olson: Louis. In September 2021, Ms. Olson desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of the Holy Spirit. She believes ingesting the vaccine violates God's laws and is a mechanism for altering her body—the equivalent of a prohibited "unclean food" that causes harm to her conscience. She believes that the mandated vaccines violate God and the principles laid out in His Word and therefore she cannot ingest the product so as to ensure she maintains her Temple. Through no fault of her own, United's Help Hub system denied her the ability to file her request on time, on August 31, 2021. After the technical difficulty was resolved, Ms. Olson also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 23, 2021, United granted Ms. Olson's request for a Medical Accommodation. United also acknowledged her religious beliefs, but determined, without input from Ms. Olson, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Olson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Olson was forced to retire under duress. Indeed, United Management notified Ms. Olson that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company.

477

Moreover, Ms. Olson would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1223. Plaintiff Carlos Esteban Ordonez: In August 2021, Mr. Ordonez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that prohibits him from defiling his body. He advised United that his body is the temple of the Holy Spirit and he is also Pro-Life in his faith. Therefore, ingesting a product that was derived from aborted fetal tissue cell lines would be a sin against God. He also presented a letter from his pastor to support his beliefs, as initially required by United. On September 13, 2021, United acknowledged Mr. Ordonez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Ordonez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Ordonez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Ordonez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Ordonez had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

478

1224. Plaintiff Agustin Oropeza: In August 2021, Mr. Oropeza notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God made him free through, the Blood of Jesus Christ to live, to live according to his conscience. While he lived in fear of losing his job, he could not ingest a product derived from the sinful act of abortion. Because the vaccine was derived from aborted fetal tissue cell lines, Oropeza knew that he could not violate his conscience and be complicit in the act of abortion. On September 21, 2021, United acknowledged Oropeza 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Oropeza only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Oropeza to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Oropeza suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Oropeza had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1225. Plaintiff Jorge Ortiz: On August 22, 2021, Mr. Ortiz notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

religious belief that Mr. Ortiz follows regarding the doctrinal concept of "Creed and Right to Life." He also believes that his body is the Temple of the Holy Spirit and belongs to God. Ingesting products derived from aborted fetal tissue cell lines used in the research, development, or manufacturing of the vaccines are a direct violation of his religious, pro-life convictions. He believes God's Law prohibits any participation in innocent human termination. The Holy Spirit commands him to not commit sin, and because God commands he not be complicit in murder, ingesting these products would cause him an eternal (Spiritual ) death. Mr. Ortiz also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 24, 2021, United granted Mr. Ortiz's request for a Medical Accommodation. On September 09, 2021, United (acknowledged his Religious beliefs), but determined, without input from Mr. Ortiz that they would only grant the Medical Accommodation, discounting his sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Ortiz employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Ortiz was forced to either take the vaccine (at the cost of their religious belief and at great risk to their health) or be forced into a position where they could not provide for their family (an equally important religious belief). As a result of United's coercion, Mr. Ortiz acquiesced and took the vaccine. This was an especially pointless violation of Mr. Ortiz's faith given the fact that Mr. Ortiz would have been willing to mask and test regularly for COVID to show that they were not a danger to their co-workers (as was allowed by other airlines).

480

1226. Plaintiff James Ronald Orwig: In August 2021, Mr. Orwig notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is created to heal itself because he was created in Gods image. He also believes that because the vaccine was derived from aborted fetal tissue cell lines, ingesting that foreign substance is unholy and against everything that in which he believes regarding the sanctity of life. On September 21, 2021, United acknowledged Mr. Orwig's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Orwig only by a masking and weekly testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Orwig to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Line Maintenance Planner) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Orwig suffered harassment and ridicule/etc. at work, was forced to eat outside or alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1227. Plaintiff Carla Osorto: In August 2021, Ms. Osorto notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of the Holy Spirit. As such, she is commanded to keep it pure and sacred to honor her personal relationship with God. She believes ingesting a vaccine derived from aborted fetal tissue cell lines would be violating her Lord's command to trust Him and would defile His perfect immune system. Ms. Osorto

481

also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 9, 2021, United granted Ms. Osorto's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Osorto only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Osorto to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Osorto suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Osorto had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1228. Plaintiff Joseph Otoya: In August 2021, Mr. Otoya notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that, as a Christian who believes in the Bible, ingesting the vaccine would infringe on his Christian worldview. He believes this perspective recognizes that faith and conscience compel an individual to submit to the proper jurisdiction within the rule of law—in this case, Divine Law. Mr. Otoya believes in and follows God and the principles

laid out in His Word. He believes his body is a temple for the Holy Spirit. He believes ingesting the vaccine, with its numerous additives and its mechanism for altering his body, is the equivalent of prohibited, "unclean food" that causes harm to his conscience. On September 14, 2021, United acknowledged Mr. Otoya's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Otoya only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Otoya to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Otoya suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1229. Plaintiff Chrissy Mary Paguandas: In September 2020, Ms. Paguandas notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief against abortion. Because the vaccine is derived from aborted human fetal cell lines, she cannot ingest the product. Doing so would be an affront to her faith. On September 1, 2020. United acknowledged Ms. Paguandas's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Paguandas only by a masking/testing regime that was intended to be

punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Paguandas to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms.Paguandas suffered harassment/ ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1230. Plaintiff Sergey Palamarchuk: In August 2021, Mr. Palamarchuk notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs as a Christian of faith who adheres to the teachings of the Bible. Mr. Palamarchuk's Christian worldview prohibits the injection of unclean substances such as this vaccine into his body. Because the vaccine was derived from aborted fetal tissue cell lines, Mr. Palamarchuk believes the product is unclean to God. Mr. Palamarchuk believes that his body is the temple of God and is very sacred. He believes it is his responsibility to protect the integrity of his body from the unclean. On Sept. 12, 2021, United acknowledged Mr. Palamarchuk's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Palamarchuk only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Palamarchuk to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a

484

Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Palamarchuk suffered harassment/ridicule/etc. at work, was forced to eat isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1231. Plaintiff Dana Marie Palsgraf: In August 2021, Ms. Palsgraf notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious beliefs that abortion is sinful. Because the vaccines were derived from aborted fetal tissue cell lines, she could not ingest the product. She believes that life starts at conception and is given by God the Father. By ingesting the vaccine, she would be complicit in taking away from the rights of the unborn and taking an innocence life. On September 9, 2021, United acknowledged Ms. Palsgraf's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Palsgraf employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Palsgraf was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Palsgraf acquiesced and took the vaccine. This was an especially pointless violation of Ms. Palsgraf's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Palsgraf would have been willing to mask and test regularly for

485

COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1232.   Plaintiff Jacqueline Panick:  In September 2021, Ms. Panick notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the  sincerely held religious belief that Ms. Panick's body is her Holy Temple. One of her Catholic faith's most sacred commandment's states she is not to kill or be complicit in the act. It is against Ms. Panick's faith to ingest any product that is tainted, in any way, by the sin of abortion. Because the vaccine was derived from aborted fetal tissue cell lines, she believes she would be complicit in the sin of abortion by consuming the product. On September 17, 2021, United acknowledged Ms. Panick's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Panick employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Panick was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Panick acquiesced and took the vaccine. This was an especially pointless violation of Ms. Panick's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Panick would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1233.   Plaintiff Sara Panton:  In August 2021, Ms. Panton notified United of her religious conflict with receiving a COVID- 19 vaccine. This was due to the sincerely held religious belief that Her body is the Temple of the Holy Spirit. She is Pro-Life and believes

486

life begins at the time of conception. Since the vaccines were derived from aborted fetal tissue cell lines, it would be a violation of God's spirit, as it lives within her, to ingest the vaccine and defile Him. Ms. Panton also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. In September 2021, United granted Ms. Panton's request for a Medical Accommodation. United also acknowledged her religious beliefs but determined, without input from Ms. Panton, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Panton employed for some time, until she was subsequently injured at work. Once the restraining order expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Panton was placed on disability for a portion of the time others similarly situated were placed on unpaid leave. When Ms. Panton recovered, she was then forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Panton's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity.

1234.   Plaintiff Joseph Mario Parker:  On September 8, 2021, after returning from vacation, Mr. Parker attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that the Holy Spirit instructed him to not ingest the vaccine.  His faith requires that he follow the commands of the Holy Spirit, at all times, else he will be guilty of sin against his redeemer. Mr. Parker believes that the Holy Spirit is one with God the

487

Father and God the Son, Jesus, who is the inerrant Word of God incarnate. As such, disobedience to the Holy Spirit is disobedience to God and is sin. Mr. Parker did not want to be viewed by God as a sinner. Through no fault of Mr. Parker, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Parker employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Indeed, Mr. Parker's Supervisor, Eric Guard, notified Mr. Parker to work from home on October 20, 2021, because he was unvaccinated. Mr. Parker worked remotely until November 13, 2021, when he took emergency leave to care for his elderly, sick parents who resided in another state. Mr. Parker later returned to work remotely and submitted an FMLA filing to care for his parents' health and estate. On December 16, 2021, his FMLA filing was ignored by United and he was informed that his employment had been terminated. This was especially unreasonable since Mr. Parker had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Parker would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on September 8, 2021 to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Parker's need for an accommodation, which was denied without any process.

1235. Plaintiff Michael Parrish: In August 2021, Mr. Parrish notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he must submit to Divine Law. With a Christian world, Mr. Parrish's view recognizes that faith and conscience compel him to live according to God's will. Mr.

488

Parrish believes he was created in God's image and cannot, in any way, intentionally harm or defile his body. Within his Christian world view he holds a sincere pro-life stance morally opposed to abortion. Because the vaccine was derived from aborted fetal tissue cell lines, consuming the product would be sinful. He cannot participate or benefit in any way from an abortion, as doing so would jeopardize his relationship with God and violate his conscience. Mr. Parrish also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. On September 12, 2021, United granted Mr. Parrish's request for a Medical Accommodation. United refused to acknowledge his Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Parrish employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Parrish was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Parrish would have been willing to mask and test regularly for COVID to show that he was not a danger to their co-workers (as was allowed by other airlines).

1236. Plaintiff Yenny Pascacio: In August 2021, Ms. Pascacio notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she was born and raised trusting God and his promise to us. Her mom always says to her believe in Jesus Christ and your house and yourself will be saved. If you believe in God he will heal you. The lord promise to restore her health and heal her wounds, which he has done in many occasions. During the pandemic the Lord protected and healed her entire family without visiting a doctor. Her family overcame COVID just believing the savior and thanks to his mercy. She trusts that God will continue to protect

her if she obeys God's Holy Laws of which the protection of her body is one those that supersedes all man made laws in her religious conscience. In Christianity religion your body is your temple and we must maintain it as pure as possible away from all impurity On September 2021, United acknowledged Pascacio's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Pascacio only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Pascacio to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Pascacio suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Pascacio had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1237. Plaintiff L Karlene Pattenaude: On August 21, 2021 Ms. Pattenaude desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held Catholic religious belief regarding the sanctity of life from conception. Because the vaccine was derived from aborted fetal tissue cell line, she cannot ingest the product without violating the basic tenets of her faith. Indeed, she believes she would be complicit in the taking of an innocent life if she condones ingesting the product,

490

a grave sin. Ms. Pattenaude was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Pattenaude's desire to also acquire a religious accommodation. On or about September 14, 2021, United granted Ms. Pattenaude's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Pattenaude employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Pattenaude was forced to retire under duress. Indeed, Brenda Urbie, AFA Representative, and Roslyn Bishop, a third-party representative, notified Ms. Pattenaude that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Pattenaude had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Ms. Pattenaude would have been willing to mask and test regularly for COVID to show that they were not a danger to their co-workers (as was allowed by other airlines).

1238. Plaintiff Christian Baltazar Estrada Paz: In August 2021, Mr. Estrada Paz notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief, as a Christian, that Mr. Estrada Paz's body is a temple of God. As such, to inject any substance which would alter the state into which Mr. Estrada Paz was born would be to criticize the Lord and question His divine omnipresence. Mr. Estrada Paz cannot question his Lord and God, nor challenge His divine power. Mr.

491

Estrada Paz also objects to any vaccine that has an association with fetal cells from abortions, again based on his faith. On September 2021, United acknowledged Mr. Estrada Paz's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Estrada Paz only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Estrada Paz to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Estrada Paz suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1239. Plaintiff Darci Rene Pennington: In early September 2021, Ms. Pennington desired to notify United of her religious conflict with receiving a COVID19 vaccine. This was due to the sincerely held religious belief that all human life is sacred and her spiritual education is to preserve human life. Due to her religious conviction that the vaccine ingredients are religiously impure—by nature, or by preparation having been derived from aborted fetal tissue cell lines—she is unable to consciously sway from her teachings to devalue the worth of a precious life. In early September 2021, Ms. Pennington also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed

to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Pennington's desire to also acquire a religious accommodation. On or around September 10, 2021, United granted Ms. Pennington's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Pennington only by a masking and testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Pennington to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Pennington suffered harassment/ridicule/etc. at work, was forced to eat alone, isolated from co- workers and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1240. Plaintiff Victoria Rae Pennington-Sorensen:  In September 2021, Ms. Pennington-Sorensen desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her God's love transcends boundaries and embraces all of humanity, including those who society deems unwanted or unworthy. She believes the ones who were not wanted, deeply loved by God are the foundation of the vaccine as it was derived from aborted fetal tissue cell lines. Due to her sincerely held beliefs, she will cannot ingest any products derived from abortion. She believes she would be consciously swaying from the teachings of Unconditional Love

from her God if she did so. She also believes any justification for harm or neglect towards the ones who were not wanted is irreconcilable with the teachings of a loving God. Ms. Pennington-Sorensen was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Pennington-Sorensen's desire to also acquire a religious accommodation. On September 10, 2021, United granted Ms. Pennington-Sorensen's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Pennington-Sorensen only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Pennington-Sorensen to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Pennington-Sorensen suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1241. Plaintiff Cecilia Yvonne Perez: In August 2021, Ms. Perez notified United of her religious conflict with receiving a COVID- 19 vaccine. This was due to the sincerely held religious belief that she could not, in any way, participate in any vaccine, medicine

or any other device that is derived from aborted fetal tissue cell lines. She also would not allow anything in her body that could possibly alter her DNA which her Father in Heaven created in his image, as that would not be honoring his creation as it was made. Ms. Perez also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 13, 2021, United granted Ms. Perez's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Perez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Perez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Perez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1242. Plaintiff Teresa DeJesus Perez:  In September 2021, Ms. Perez notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life starts at conception and her sincere pro-life convictions prevent her from ingesting products derived from aborted fetal tissue cell lines.  She believes her body is God's temple in which the Holy Spirit dwells. Ingesting products derived from abortion would be a grievous sin and would defame that temple.

Ms. Perez also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 9, 2021, United granted Ms. Perez's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Perez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Perez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Perez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1243. Plaintiff Sarah La Perle: In August 2021, Ms. La Perle notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all human life is precious in God's eyes and the use of aborted human embryo cells in the development, testing, and/or manufacturing of medical products is wrong. Ingesting such would make her complicit in this practice and wrongful deaths. On September 10, 2021, United acknowledged Ms. La Perle's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. La

Perle only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. La Perle to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. La Perle suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. La Perle had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1244. Plaintiff Elbia Pesantes: In Fall of 2021, Ms. Pesantes notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in

497

regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1245. Plaintiff Olwyn Peters: In August 2021, Ms. Peters notified United Airlines of her religious conflict with receiving the COVID-19 vaccine. This was due to the sincerely held religious belief that human life is sacred, created by God from the time of conception until natural death. The COVID-19 vaccines use human cells derived from aborted fetuses in their manufacturing and testing which violates her religious beliefs and would make her complicit in the act of destroying an innocent life. On September 9, 2021, United acknowledged Peters sincerely held beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it would accommodate Peters only by masking/testing regime that was intended to be punitive. Indeed, rather wearing the mask that was provided by the company for the previous 18 months of the pandemic, United forced Peters to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guiding/training on wearing (as its OSHA violation later showed). Additionally, Peters

suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Peters had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1246. Plaintiff Amy Theresa Petrov: On August 23, 2021, Ms. Petrov notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that it is intrinsically evil and unethical to ingest products derived from aborted fetal tissue cell lines, because abortion is sinful. Her faith teaches that she cannot realize any personal gain from the death of another, especially an innocent child. On September 9, 2021, United acknowledged Ms. Petrov's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Petrov employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Petrov was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Petrov acquiesced and took the vaccine. Moreover, Ms. Petrov would have been willing to test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1247. Plaintiff David Lance Pettyjohn: In August 2021, Mr. Pettyjohn notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that his body is a temple of God. In affirming the

499

Creatorship of God, he lives in dependence on the immune system that God created and put in place. In good faith and following his conviction shaped by his trust in God, he fully placed his health and life into God's divine hands. The Bible states that individuals are to guard what they put in their bodies that may contaminate. Because the vaccine is derived from aborted fetal tissue cell lines and other unclean product, he cannot, in good faith, ingest the product. On September 10, 2021, United acknowledged Mr. Pettyjohn's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Pettyjohn employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Pettyjohn was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Pettyjohn acquiesced and took the vaccine. Moreover, Mr. Pettyjohn would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1248. Plaintiff Alexandra Plascencia: On August 23, 2021, Ms. Plascencia notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she cannot be complicit in the act of abortion. Because the vaccines are derived from aborted fetal tissue cell lines and because she believes that life begins at conception and ends at natural death, she cannot ingest the product. She believes that abortion is murder, a violation of one of God's Commandments. On September 3, 2021, United acknowledged Ms. Plascencia's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms.

500

Plascencia only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Plascencia to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Plascencia suffered harassment/ridicule/humiliation/discrimination etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Plascencia had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1249. Plaintiff Leaf Bernard Plested: In August 2021, Mr. Plested notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as an Evangelical Christian, abortion is a great sin. Because the vaccine was derived from aborted fetal tissue cell lines, Mr. Plested considers ingesting this product a sin against God, then the use of this tissue is fruit of a poisonous tree. In September 2021, United acknowledged Mr. Plested's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Plested employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Plested was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide

501

for his family (an equally-important religious belief). As a result of United's coercion, Mr. Plested acquiesced and took the vaccine. Mr. Plested would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1250.  Plaintiff Oak Warren Plested:  In August 2021, Mr. Plested notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief, as an Evangelical Christian, that human life is a sacred gift created by God at conception and, while innocent, must not be destroyed. Because the vaccine was derived from aborted fetal tissue cell lines that destroyed an innocent human life, ingesting the product would condone the practice of destroying innocent life, making him complicit in an act he morally opposes and which violates the tenants of his faith.  On September 13, 2021, United acknowledged Mr. Plested's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Plested employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Plested was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Plested acquiesced and took the vaccine. This was an especially pointless violation of Mr. Plested's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Plested would have been willing to mask and test regularly for COVID-19 as a show that he was not a danger to his co-workers (as was allowed by other airlines).

502

1251. Plaintiff Timothy Plevniak: Mr. Plevniak filed a medical accommodation in August 2021. That request could not be completed as Mr. Plevniak's medical representative failed to meet the requirement for additional information by United's arbitrary deadline. United did not inform him until after the deadline that that he could have filed both Medical and Religious accommodation requests, even though Help Hub had no functionality to do so. In November 2021, Mr. Plevniak immediately submitted a request for a religious accommodation, which he certainly would have done at the outset had he known it was an option. This was due to his sincerely held religious belief that abortion is a grave sin, tantamount to murder. Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product would make him complicit in the murder of an innocent life. Through no fault of Mr. Plevniak, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Plevniak employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an accommodation. Mr. Plevniak was fired. Indeed, his Supervisor, Hector Calderon, notified Mr. Plevniak that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Plevniak would have been willing to mask and test regularly for COVID-19 as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1252. Plaintiff Luis De Jesus Mejia Polanco: In August 23, 2021, Mr. Mejia Polanco notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs, as a practicing member of the Christian faith, based on the teachings of the Bible. He believes in healing by prayer and faith in

503

God. He also believes that because the vaccine was derived from aborted fetal tissue cell lines, he would be violating his faith by ingesting such. On September 10, 2021, United acknowledged Mr. Mejia Polanco's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Mejia Polanco only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Mejia Polanco to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Storekeeper) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Mejia Polanco suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1253. Plaintiff Brenda L. Power:  In August 2021, Ms. Power notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred.  She believes she has a moral obligation to refuse medical products derived from aborted fetal tissue cell lines. Her faith also teaches that she has a moral obligation to obey her conscience.  She cannot face judgement knowing she was complicit in the taking of an innocent life.  In August, On September 16, 2021, United acknowledged Power's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Power employed for some time, but once it expired, the company followed

504

through on its promise to put unvaccinated workers out of a job even if they had an exemption. Power was forced into retirement under duress. Indeed, her Supervisor Jon Gooda notified Power that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Powers had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Power would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1254. Plaintiff Melanie Powers: In September 2021, Ms. Powers desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her body is a temple of God. Human life is God's ultimate creation. Abortion blatantly transgresses the boundaries of God and destroys God's ultimate creation. Ingesting products derived from aborted fetal tissue cell lines would be offensive to God, which would be a violation of her religious beliefs. Ms. Powers was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Powers desire to also acquire a religious accommodation. In September 2021, United granted Ms. Powers request for a Medical Accommodation. After legal action was taken against United, the company determined that it could accommodate Ms. Powers only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Powers to wear an N-95 respirator that the company knew

505

was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Powers suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposely taken to punish the exercise of religious rights.

1255. Plaintiff Karen Lynn Proctor:  In August 2021, Ms. Proctor notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief as a practicing Evangelical, she cannot participate in the act of abortion, directly or indirectly. Because the vaccine was derived from aborted human fetal tissue cell lines, ingesting the product would make her complicit in that act, which would be a direct threat to her religious obligations and her salvation. On September 9, 2021, United acknowledged Ms. Proctor's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Proctor employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Proctor was forced to retire under duress. Indeed, the Company notified Ms. Proctor that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Proctor would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers, (as was allowed by other airlines).

1256. Plaintiff Yvonne Evlyn Quandt:  In August of 2021, Ms. Quandt attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the

United Help Hub system. This was due to the sincerely held pro-life religious beliefs. Because the vaccine was derived from aborted fetal tissue cell lines, she cannot ingest the product. She believes her Lord and Savior, Jesus Christ, commands that she stand against the taking of innocent lives used to make medical products. Through no fault of Ms. Quandt's, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption requests. A temporary restraining order against United kept Ms. Quandt employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Quandt was forced to retire under duress. Indeed, her Supervisor, Chelsea Lopez, notified Ms. Quandt that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Quandt had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Quandt would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). The attempt on Monday, September 13, 2021, to notify United of her sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Quandt's need for an accommodation, which was denied without any process.

1257. Plaintiff Anna Quartuccio: In August 2021, Ms. Quartuccio notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that Scriptures informs her she is made in God's image and that her body is the temple of the Holy Spirit. Therefore, she cannot ingest anything that would pollute her body. She also believes in the sanctity of human life. Her faith commands her

507

not to be complicit in the taking of innocent human life. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting that product would be a violation of her faith. Ms. Quartuccio also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On August 31, 2021, United granted Ms. Quartuccio's request for a Medical Accommodation without input from Ms. Quartuccio. In fact, United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Quartuccio employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Quartuccio was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Quartuccio faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Quartuccio would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1258. Plaintiff Selena Quick: In September 2021, Ms. Quick notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a Temple of the Holy Spirit and should be protected from defilement. She believes that, as a Christian, she has a moral duty to refuse to ingest certain medical products, including certain vaccines, that are derived from aborted fetal tissue cell lines. She believes that ingesting the vaccine would most definitely defile her body and make her complicit in the act of abortion. In September 2021, United acknowledged Ms. Quick's sincerely held religious beliefs but promised only the

508

unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Quick employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Quick was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Quick acquiesced and took the vaccine. This was an especially pointless violation of Ms. Quick's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Quick would have been willing to mask and test regularly for COVID to show she was not a danger to her co-workers (as was allowed by other airlines).

1259. Plaintiff Michele Elvire Rachal: In August 2021, Ms. Rachal attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that her body is a temple for the Lord. Ms. Rachal is convicted to not put the foreign vaccine with questionable ingredients into her body. Because the vaccine was derived from aborted fetal tissue cell lines, she could not ingest the product. She was strongly convicted by the Holy Spirit to fully trust in God to deliver her from this disease. Through no fault of Ms. Rachal, United deemed the attempt to notify the company through Help Hub system unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Ms. Rachal employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Rachal was fired. Indeed, her Supervisor, Jay Bradberry, notified Ms. Rachal that she would lose her benefits/retirement if she persisted in her

religious belief and did not leave the company or comply. Her attempt on August 13, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Rachal's need for an accommodation, which was denied on September 29, 2021, without any process.

1260. Plaintiff Thomas Radziewicz: In September 202, Mr. Radziewicz notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that because the vaccine was derived from aborted fetal tissue cell lines and because the act of abortion or being complicit in abortion is immoral and reprehensible, he would be committing a grave sin by ingesting the product. Mr. Radziewicz believe that all humans are created in God's image and are precious. He could not participate in destroying God's creation. In September 2021, United acknowledged Mr. Radziewicz' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Radziewicz only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Radziewicz to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Radziewicz had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced. immunity.

1261. Plaintiff Clyde Joseph Amos Rael: In August 2021, Mr. Rael notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious pro-life beliefs. Mr. Rael believes that because the vaccine was derived from aborted human fetal tissue cell lines, ingesting the product would be a grave sin. On September 22, 2021, United acknowledged Mr. Rael 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Rael only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Rael to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Rael suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Rael had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1262. Plaintiff Juanita Lucille Rael: In August 2021, Ms. Rael notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that in the word of God, the Scriptures reveal that God knows us even before we are conceived. She believes her faith condemns abortion. Because the vaccine was derived from aborted fetal tissue cell lines, she cannot ingest the product. She

believes God created her body and has given her everything she needs to battle the disease. On September 24, 2021, United acknowledged Ms. Rael's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Rael only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Rael to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). United made no provisions for technicians who wore glasses, working in inclement weather, to remove their respirators. In fact, due to disciplinary threats for being caught without the respirator, even momentarily, Ms. Rael suffered immensely during the winter of 2021-22. The respirators retained her aspirations and trapped moisture on her glasses causing them to ice over, restricting her vision. In one incident, she was so blinded from the ice, Ms. Rael walked directly into the tail cone of an aircraft engine causing bruising and other injuries. The safety of the individual wearer seemed of no concern. Additionally, Ms. Rael suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Rael had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

512

1263. Plaintiff Michael Ragucci: In Fall of 2021, Mr. Ragucci notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1264. Plaintiff Jordan Rakestraw: In Fall of 2021, Mr. Rakestraw notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine.

513

This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1265. Plaintiff Lisa Raucci: On August 28, 2021, Ms. Raucci notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held pro-life religious beliefs that oppose abortion. Because the vaccine was derived from aborted fetal tissue cell lines, she could not ingest the product. Her faith forbids her from

514

participating in, or benefiting from an abortion, no matter how remote in time that abortion occurred. On September 10, 2021, United acknowledged Ms. Raucci's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Raucci only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Raucci to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Raucci suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1266. Plaintiff William Lee Raun: In August 2021, Mr. Raun notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held Catholic religious belief that life begins at conception. Because the vaccine was derived from aborted fetal tissue cell lines, he could not, in good conscience, receive the COVID shot for it would be a sin violating and jeopardizing his good conscience and personal spiritual relationship with God and the Lord Jesus Christ his savior. On September 10, 2021, United acknowledged Mr. Raun's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Raun only by masking/testing regime that was intended to be punitive. Indeed, rather than wearing the

515

masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Raun to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Raun suffered harassment/ridicule/etc.at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees-steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Raun had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity.

1267. Plaintiff Gregory A Raymer: In August of 2021, Mr. Raymer notified United Airlines of his religious conflict with receiving a Covid-19 vaccine. This was due to the sincerely held religious beliefs that his body cannot be defiled. Because the COVID-19vaccines were derived from aborted fetal tissue cell lines, he cannot, in good conscience, allow the product to be placed in his body as it is an admonition of God's law on many fronts. His RAP was submitted on or about August 18, 2021, and was approved shortly thereafter. United Airlines acknowledged Mr. Raymer's sincerely held religious beliefs but only promised the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Raymer only by a masking regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Raymer to wear an N-95 respirator that the company knew was not suited for extended wear (especially by Ramp

516

Service Agent), and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Raymer suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1268. Plaintiff Cassandra Regalado: In September 2021, Ms. Regalado notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of the Holy Spirit and that she is called to honor God in how she cares for her body. The use of aborted fetus cells in the development, testing, and/or manufacturing of the vaccines violates her sincere pro-life religious beliefs. On September 9, 2021, United acknowledged Ms. Regalado's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Regalado only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Regalado to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Regalado suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

517

1269. Plaintiff Adam James Resendez:  In August 2021, Mr. Resendez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a holy temple that only God created, in a perfect design, to fight off sickness and disease naturally. Mr. Resendez truly believes ingesting the vaccine would be a complete betrayal to God, showing a lack of faith in God's perfect gift to him. Mr. Resendez believes if he ingested the product, and so betrayed God, that it would be a sin and he would be less protected by God. On September 10, 2021, United acknowledged Mr. Resendez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Resendez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Resendez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Resendez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Resendez had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1270. Plaintiff Siaosi Vi Afoa:  In August 2021 Mr. Afoa notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

religious belief that his body is the temple of God, and as such, it must remain clean and pure. He believes it his religious duty to protect this physical and spiritual gift. He also believes God has given all the gift of free agency which enables Mr. Afoa to make choices, founded in faith, to protect his body, the temple; to treat it with respect, and to keep it clean. Mr. Afoa believes ingesting the vaccine would violate his covenant with God to keep his temple clean and pure. In early September 2021, United acknowledged Mr. Afoa's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Afoa only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Afoa to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Afoa suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1271. Plaintiff Lisa Reynolds: In August 2021, Ms. Reynolds desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs as a follower of Jesus Christ. Jesus Christ is the magnificent healer and protector. Ms. Reynolds firmly believes in Jesus Christs' infinite healing, and places all her faith with Him. Taking the COVID-19 vaccine would demonstrate a lack of faith in her savior, Jesus Christ, and that would be sinful. Ms. Reynolds also believes God

created her in His likeness; ingesting the COVID 19 vaccine would taint the purity of God's creation, a sin. Ms. Reynolds was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to be fully vaccinated. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Reynolds's desire to also acquire a religious accommodation. On September 14, 2021, United granted Ms. Reynolds's request for a Medical Accommodation but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Reynolds only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Reynolds to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Airport Support Desk Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Reynolds suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. October 25, 2021, Ms. Reynolds was hospitalized as a result of wearing the required N-95 respirator. At that time, doctors directed her not to wear the N-95 respirator. United forced Ms. Reynolds to unpaid leave until such time she convinced United to allow her to return to work with only a surgical mask, a mere one week before United recalled all who were on unpaid leave. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

520

1272. Plaintiff Stacy Jo Anna Reynolds: In August 2021, Ms. Reynolds desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a follower of Jesus Christ, her faith informs all aspects of her life, including decisions related to healthcare and medical treatments. She believes in the sanctity of life and that God forms each person in the womb. Additionally, she believes that her body is a temple of the Holy Spirit and that she honors God with her body. Therefore, ingesting a product that was derived from aborted fetal tissue cell lines goes against the principles of her faith and would make her complicit in violating the sanctity of life. She believes that God has endowed her with the responsibility to seek His guidance in making decisions that impact her body. Ms. Reynolds was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Reynolds' desire to also acquire a religious accommodation. On or about September 9, 2021, United granted Ms. Reynolds' request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Reynolds employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Reynolds was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Reynolds' faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Reynolds would have been willing

521

to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1273. Plaintiff Roger Joseph Rezac: In August 2021, Mr. Rezac notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life is sacred to God from conception to birth to natural death. Mr. Rezac was raised with and has always been a man of deeply held religious beliefs and convictions. The mandate violated Mr. Rezac's religious beliefs as well as his pro-life convictions. He believes human life begins at conception and abortion is the direct killing of an innocent human being. No matter how far removed the abortion has occurred, the use of aborted fetal tissue cell lines as part of the development, testing, and or manufacturing of the vaccines prohibited Mr. Rezac from ingesting the product. On September 10, 2021, United acknowledged Mr. Rezac's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Rezac only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Rezac to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Rezac suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

522

1274. Plaintiff Shanta Rheams: In September 2021, Ms. Rheams notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is the temple of God, and she is to remain pure and Holy. Because her body does not belong to her, she cannot to put an unnatural substance in her temple. As a believer of the Bible, Ms. Rheams' religious convictions dictate she must follow the precepts and principles of God and not ingest products derived of aborted fetal tissue cell lines. Doing so would make her temple impure. In September 2021, United acknowledged Ms. Rheams' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Rheams only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Rheams to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Rheams suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Rheams had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1275. Plaintiff John Scott Richey: In August 2021, Mr. Richey notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

523

religious belief that from conception to natural death, all human life is sacred, but especially the innocent lives of children yet to be born. The fact that these vaccines were derived from aborted fetal tissue cell lines, is an abomination to Mr. Richey's core values and beliefs. On September 13, 2021, United acknowledged Mr. Richey's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Richey only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Richey to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Fleet Technical Instructor) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Richey suffered harassment/ridicule/etc. at work, and was forced to eat his meals isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1276. Plaintiff Jennifer LaBritt Rievert: In September 2021, Ms. Rievert was on Medical Leave and notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple to the Holy Spirit. Rievert has pro-life convictions which support all life as being sacred. Because the vaccine was derived from aborted human fetal tissue cells, she opposes ingesting product derived from an act that God sees as sinful. On September 24, 2021, United acknowledged Rievert's sincerely held religious belief but was told her she would be on unpaid leave with no benefits. Rievert was forced to either take the vaccine (at the cost of

her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Rievert acquiesced and took the vaccine. Moreover, Rievert would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1277. Plaintiff Jorge Rincon: On August 25, 2021, Mr. Rincon notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that he was created by God, from conception, to birth, to natural death and that his body is the temple of the Holy Spirit. Mr. Rincon believes that every human life is sacred and that abortion is a murder and a violation of God's Commandments. Because the vaccine was derived from aborted fetal tissue cell lines, Mr. Rincon cannot ingest the product as he would be a party to that sin of abortion, violating his conscience and jeopardizing his relationship with God. On September 9, 2021, United acknowledged Mr. Rincon's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Rincon only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Rincon to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Rincon suffered harassment/ridicule/discrimination/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion

525

against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1278. Plaintiff Elizabeth Dyer Ring: In August 2021, Ms. Ring notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that she is instructed not to murder or be complicit therein. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make her complicit in the act. She also believes that her body as a gift from God and is a temple of the Holy Spirit. As such, she cannot ingest products created with the aforementioned process. On September 10, 2021, United acknowledged Ms. Ring's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Ring only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Ring to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Ring suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees-steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Ring had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1279.  Plaintiff Luis Enrique Rivera:  In August 2021, Mr. Rivera desired to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that his body is a sacred temple of the Holy Spirit, and that he cannot abide by any process to treat his body in an injurious manner by introducing impurities into it. Because the vaccine was derived from aborted human fetal tissue cell lines, he believes the product is unclean (impure) and sinful. Furthermore, he believes that ingesting the product would make him knowingly complicit in the act of abortion, a sin. Mr. Rivera's virtue is to follow and obey God, and any belief or action contrary to that, strictly violates his faith. Mr. Rivera was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Rivera's desire to also acquire a religious accommodation. On September 2021, United granted Mr. Rivera's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Rivera, only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Rivera to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Rivera suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in

527

regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of medical and religious rights. A temporary restraining order against United kept Mr. Rivera employed for some time under the masking/testing regime as a Customer Service Representative, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Rivera was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Rivera's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Rivera would have been willing to continue masking and testing regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1280. Plaintiff Michelle Robinson: In September 2021, Ms. Robinson desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that health and illness are determined by a higher power, and that vaccines interfere with this divine plan. She believes that her body is sacred and should not be altered or injected with substances that are not considered natural or ordained, particularly if they were derived from aborted fetal tissue cell lines or other ethically contentious materials. She believes in natural remedies and has faith in God's ability to heal without medical intervention. Ms. Robinson was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Robinson's

desire to also acquire a religious accommodation. On September 12, 2021, United granted Ms. Robinson's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Robinson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Robinson was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Robinson's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1281. Plaintiff Norbert Rock: In August 2021, Mr. Rock attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he was born again after having almost died from vaccine poisoning at a younger age. During this time, Mr. Rock came to know Jesus and realized nothing should be placed in his body given to him by God. He believes his body is a temple and it is his responsibility to maintain its purity. Mr. Rock was able to submit a request for a medical accommodation, due to a health condition that rendered him unable to receive the vaccine. United's Help Hub System was not designed to allow a person to submit both medical and religious accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Rock's desire to also acquire a religious accommodation. On September 16, 2021, United granted Mr. Rock's request for a medical accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Rock employed for some time, but once it was expired, the company

529

followed through on its promise to put unvaccinated workers out of a job even if they had an exception. Mr. Rock was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Rock's faith given the fact that he had already recovered from Covid-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Additionally, Mr. Rock offered to mask and test regularly for covid to show that he was not a danger to his co-workers (as was allowed by other airlines).

1282. Plaintiff Gilbert Rodriguez: In August 2021, Mr. Rodriguez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a true and faithful Christian, his body belongs to God and is the temple of the Holy Spirit. He trusts in the power of the Holy Spirit to guide him in God's will. Through prayer, Mr. Rodriguez was anointed by the Holy Spirit, who lives in him through Jesus Christ, sanctifying the decision that he must not accept the COVID-19 vaccine. Injecting his body with this substance and ignoring the anointing he received from the Holy Spirit are direct sins against God. On September 6, 2021, United acknowledged Mr. Rodriguez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Rodriguez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Rodriguez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on

530

wearing (as its OSHA violation later showed). Additionally, Mr. Rodriguez suffered harassment and ridicule at work, was segregated from his peers, and ordered to present twice-weekly negative COVID-19 test results. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1283.   Plaintiff Jeniffer Rodriguez:  In August 2021, Ms. Rodriguez notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious and moral belief that all human life is sacred and created by God from the time of conception and ends at natural death. Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product would make her complicit in murder.  Ms. Rodriguez holds sincere religious beliefs that abortion is murder, a violation of one of God's Commandments, and that she would be morally accountable by God if she ingested the product. On September 9, 2021, United acknowledged Ms. Rodriguez sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Rodriguez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Rodiguez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Rodriguez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated

531

employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Rodriguez had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1284. Plaintiff Talibah E'jaaz Rodriguez: In August 2021, Ms. Rodriguez notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple and that she must treat it as such. She believes through her relationship with God, and having faith in His word, she is protected. She believes He is the true healer of all. Because the vaccine was derived from aborted fetal tissue cell lines, she could not, in good conscience, ingest the product for fear she would be complicit in the loss of life. On September 9, 2021, United acknowledged Ms. Rodriguez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Rodriguez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Rodriguez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Rodriguez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

532

1285. Plaintiff Lonna Kaye Rodriquez:  In August 2021, Ms. Rodriquez notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a matter of conscience, it is her duty to refuse a vaccine derived from aborted fetal tissue cell lines.  Moreover, because she is a faithful follower of Jesus, she believes that her body is the temple of the Holy Spirit. On September 9, 2021, United acknowledged Ms. Rodriquez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Rodriquez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Rodriquez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Rodriquez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1286. Plaintiff Trivie Rodriguez:  In Fall of 2021, Ms. Rodriguez notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs.  While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime

533

that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1287. Plaintiff Andrea Jane Rohlf: In August 2021, Ms. Rohlf notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that the Bible speaks of the body being the temple of the Holy Spirit, and God personally tells His followers to care for their bodies as it belongs to God because He paid a high price for it. She felt that not honoring His direction to avoid the Covid-19 shot was a sin. On September 9, 2021, United acknowledged Ms. Rohlf's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A

534

temporary restraining order against United kept Ms. Rohlf employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Rohlf was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Rohlf acquiesced and took the vaccine. This was an especially pointless violation of Ms. Rohlf's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity.

1288. Plaintiff Tod Barclay Rosenthal:  In August 2021, Mr. Rosenthal notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that life begins at conception and ends at natural death. Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product would be a violation of Mr. Rosenthal's religious convictions making him complicit in the taking of human life. On September 9, 2021, United acknowledged Mr. Rosenthal's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Rosenthal employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Rosenthal was forced to retire under duress.  Indeed, his Supervisor Rob Biddle notified Mr. Rosenthal that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Rosenthal would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

535

1289.  Plaintiff Steven Mitchell Ropa:  In September 2021, Mr. Ropa attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that the body is a temple and a sacred place.  Therefore, his conscience would not allow him to defile his body with an outside foreign substance.  His belief is that to inject something unnatural into his healthy body is on par with substance abuse. He believes God gave him the responsibility for bodily health that is under his control.  Through no fault of Mr. Ropa, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Ropa employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Ropa was fired.  Indeed, his Supervisor, Karen Davis, notified Mr. Ropa that he would be held out of service and suspended beginning the next day. This was especially unreasonable since Mr. Ropa had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Ropa would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on September 27, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Ropa's need for an accommodation, which was denied without any process.

1290.  Plaintiff Rick Steven Rubin:  In August 2021, Mr. Rubin notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he is created in the image and likeness of God and as a child of God, he is a temple of His Holy Spirit.  Rubin believes that innocent life is sacred to God, from

conception, to birth, to natural death and he opposes abortion. Because the vaccine was derived from aborted fetal tissue cell lines, he cannot ingest the product without violating the tenants of his faith. He believes his faith prohibits him from participating in or benefiting from an abortion, no matter how remote in time that abortion occurred. On September 30, 2021, United acknowledged Rubin sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Rubin, employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Rubin was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Rubin acquiesced and took the vaccine. This was an especially pointless violation of Rubin's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity. Moreover, Rubin would have been willing to mask and test regularly for COVID top show that he was not a danger to his co-workers (as was allowed by other airlines).

1291. Plaintiff Jesus Jose Ruiz: In August 2021, Mr. Ruiz notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief all human life is sacred. Because the vaccine was derived from human fetal tissue cell lines, ingesting the product would make him complicit in the taking of human life. On September 29, 2021, United acknowledged Mr. Ruiz's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Ruiz employed for some time, but once it expired, the company followed through on its promise to put unvaccinated

537

workers out of a job even if they had an exemption. Mr. Ruiz was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Ruiz acquiesced and took the vaccine, one of the hardest and most painful decisions of his life—one that still hurts him to this day. This was an especially pointless violation of Mr. Ruiz's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Ruiz would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1292. Plaintiff Lorena Alvarez Ruiz: In August 2021, Ms. Alvarez Ruiz notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that it is ordained by God that she must protect her body from the impurities of the physical world. Because the vaccine was derived from aborted fetal tissue cells, ingesting the product goes against her own conscience as she would be complicit in murder/abortion. She also believes her body is a temple of the Holy Ghost. Consuming the mandated vaccine, with its numerous additives and its mechanism for altering her body, would result in violating her deeply held belief in the principles laid out by God. Ms. Alvarez Ruiz also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 15, 2021, United granted Ms. Alvarez Ruiz's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Alvarez Ruiz employed for some time, but once it expired, the company

538

followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Alvarez Ruiz was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Alvarez Ruiz's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Alvarez Ruiz would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1293. Plaintiff Dean Richard Rumfola: On September 15, 2021, Mr. Rumfola notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life begins at conception, and that abortion constitutes the murder of an innocent life. Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product would make him complicit the murder of fetuses while still in the womb, violating God's Holy commandment. He believes the Scriptures, dating back to the earliest of times, contain many verses condemning the act of abortion as a sin against God. On September 15, 2021, United acknowledged Mr. Rumfola's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Rumfola employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Rumfola was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Rumfola acquiesced and took the vaccine. This was an especially pointless violation of Mr. Rumfola's faith given the fact

539

that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity. Moreover, Mr. Rumfola would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1294. Plaintiff Peter Sabatini: In September2021, Mr. Sabatini notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that, as a Catholic, he could not receive a vaccine derived from human fetal tissue cell lines. He sincerely believes that the sanctity of human life must not be violated. Doing so would be a grave sin. Therefore, he cannot, in good conscience, ingest the product. In September 2021, United acknowledged Mr. Sabatini's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Sabatini only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Sabatini to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Sabatini suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1295. Plaintiff Carlton Sallis: In Fall of 2021, Mr. Sallis notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to

his sincerely held religious beliefs.  While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1296.  Plaintiff Louis George Samaras:  In September 2021, Mr. Samaras notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that taking the vaccine would violate his religious moral beliefs as the vaccine was derived from aborted fetal tissue cell lines.  Mr. Samaras

believes abortion is sinful and a direct violation of his faith. His priest instructed him to follow his conscience and adhere to his faith. The vaccine conflicted with his moral beliefs, so he could not ingest the product. In September 2021, United acknowledged Mr. Samaras' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Samaras only by a masking/testing regime that was intended to be punitive. Mr. Samaras required to complete biweekly testing, even while on vacation, regardless of testing availability at the destination, or he would be terminated. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Samaras to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Samaras suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Samaras had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1297. Plaintiff Donald Sanders: In September 2021, Mr. Sanders notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God is the supreme and highest authority in his life. Mr. Sanders is a Christian and honors and holds an unwavering belief in the Sovereign God who is the

542

Creator and sustainer of life. Mr. Sanders believes God has all authority over his life and decisions he makes about his life, body, and health. Mr. Sanders also believes that he cannot condone, submit to, or otherwise be a party to an abortion or receive any products derived from an abortion. Because the vaccine was derived from aborted fetal tissue cell lines, consenting to the vaccination would be a sin against God and his body. On September 13, 2021, United acknowledged Mr. Sanders's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Sanders only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Sanders to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Storekeeper) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Sanders suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Sanders had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1298. Plaintiff Erin Marie Sanders: On August 21, 2021, Ms. Sanders notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her blood is her core, and her faith is founded in blood. Because the vaccine is derived from human aborted fetal tissue cell lines and contains

543

cellular debris, protein, and DNA from willfully aborted human children, ingesting the product violates the very basic commands found in her faith. She believes that blood represents the life force of human and animal species and that human blood is to be kept pure under all circumstances and free from contaminants to include foreign substances, synthetic chemicals, animal cells, parts, and blood. On September 9, 2021, United acknowledged Ms. Sanders sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Sanders employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Sanders was forced to either take the vaccine (at the cost of her religious beliefs) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Sanders acquiesced and took the vaccine. Moreover, Ms. Sanders would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1299. Plaintiff Hege Sanford: In Fall of 2021, Mr. Sanford notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and

544

which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1300. Plaintiff Nidia Santana: In August 2021, Ms. Santana notified United of her religious conflict with receiving the COVID-19 vaccine. This was due to the sincerely held religious pro-life beliefs. Ms. Santana's faith prohibits her from benefiting from or being complicit in abortion in any way. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make her complicit with the act of abortion, a grave sin. She believes that if she were to go against the Holy Spirit, she would be jeopardizing her relationship with God and violating her conscience. On September 9, 2021, United acknowledged Ms. Santana's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Santana only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing

545

the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Santana to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Santana suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1301. Plaintiff Leonela Santiago: On August 25, 2021, Ms. Santiago notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held Catholic religious pro-life beliefs. Ms. Santiago supports life, a position not limited to opposing abortion, but which also includes fertility. Because the vaccine was derived from aborted fetal tissue cell lines, and because Ms. Santiago believes ingesting the product may increase a risk of infertility and cause her to be complicit in the act of abortion. She believes her body is a temple of God. She cannot risk defiling her body with these impurities. On September 10, 2021, United acknowledged Ms. Santiago's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Santiago only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the mask that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Santiago to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide

546

guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Santiago suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees-steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Santiago had recovered from COVID-19, and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1302. Plaintiff Eduardo Manuel Sarrico: On August 27, 2021, he notified United Airlines of his religious conflict with receiving a Covid-19 vaccine. This was due to a sincerely held religious belief that receiving this vaccine would violate his moral conscience as commanded by God. Because the vaccine was derived from aborted fetal tissue cell lines, he cannot ingest the product. Doing so would make him complicit in the taking of innocent life, a mortal sin. On September 9, 2021, United acknowledged Mr. Sarrico's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Sarrico only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Sarrico to wear an N-95 respirator that the company knew was not suited for extended wear (especially by an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Sarrico suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company

547

activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United did not even consider that Mr. Sarrico had just recovered from Covid-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine induced immunity.

1303. Plaintiff Margaret Scalise: In August 2021, Ms. Scalise notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life begins at conception. Because of her religious views regarding the sanctity of life and because the vaccine was derived from aborted fetal tissue cell lines, Ms. Scalise believes ingesting the product would be a grievous sin. She believes she would be violating the written commandments of her God regarding life, the shedding of innocent blood, and her sincerely held religious belief of inviolability of life. This act would create sin in her life, violate her conscience, and cause a barrier between her relationship with God and His written commands. Ms. Scalise also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 13, 2021, United granted Ms. Scalise's request for a Medical Accommodation. United also acknowledged her religious beliefs, but determined, without input from Ms. Scalise, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Scalise employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Scalise was forced to endure unpaid leave until such a time that United decided to recall all customer-facing employees they put out of work. This was an

especially pointless violation of Ms. Scalise's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Scalise would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1304. Plaintiff Kirby Schaub: In August 2021, Ms. Schaub notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the human body is a temple of the Holy Spirit, and she is called to protect it from harm. She believes that because fetal cells were used in the development, testing and/or manufacturing of the Covid vaccine she cannot ingest the substance and honor the sanctity of her body as created by God. In September 2021, United acknowledged Ms. Schaub's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Schaub employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Schaub was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Schaub acquiesced and took the vaccine. Moreover, Ms. Schaub would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines.)

1305. Plaintiff Walter David Schaub: In August 2021, Mr. Schaub notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that his body belongs to God, and is the Temple of His Holy Spirit.

549

He believes that innocent life is sacred to God from conception, to birth, to natural death. And, as a Christian, he is Pro-Life. Because the vaccine was derived from aborted fetal tissue cell lines, he cannot go against God and ingest the product. Doing so would make him complicit in the sinful act of abortion. On September 10, 2021, United acknowledged Mr. Schaub's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Schaub employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Schaub endured unpaid leave until the financial hardship forced him to decide between taking the vaccine (at the cost of his religious belief and risking his medical health) or continue to be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Schaub acquiesced and took the vaccine. He remained on unpaid leave until United scheduled his return to work training on March 29, 2022, one day after United recalled all they had put out of work. In other words, Mr. Schaub conceded his faith for no reason. This was an especially pointless violation of Mr. Schaub's faith given the fact that he had already recovered from Covid-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1306. Plaintiff Karl Scheele: In Fall of 2021, Mr. Scheele notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be

punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1307. Plaintiff Brian Keith Schertz: In September 2021, Mr. Schertz desired to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that all products arising from abortion are immoral and would contaminate and desecrate his body. Schertz's belief is that his religious duty is to maintain his body in purity and, to the absolute extent possible, in the image of God. Since the COVID-19 vaccines were derived from aborted fetal tissue cell lines, the vaccine represents a contaminate to his body that would be impermissible to ingest under his beliefs. Schertz was able to submit a request for a Medical Accommodation due to a health

condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of  Schertz's desire to also acquire a religious accommodation. On September 25, 2021, United granted  Schertz's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Schertz only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced  Schertz  to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Fleet Technical Instructor) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally,  Schertz suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Furthermore,  Schertz was not allowed to perform his primary job duties of teaching or interacting with fellow workers and students.  Instead, he was isolated and  required to work only in training program content development.  Schertz resigned under duress after being informed by management that he would jeopardize his future work as a United Pilot and/or participant in the Aviate Program if he insisted on being removed from the project that was beyond his workgroup's contract scope.

552

1308. Plaintiff Frederick Schram:   In Fall of 2021, Mr. Schram notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs.  While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1309.  Plaintiff Jason McLain Schroeder:  In August 2021, Mr. Schroeder notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his

sincerely-held religious belief that he is created by God, which includes the fact that he has God's Holy Spirit living within him. Therefore, he must treat his body with honor. Not doing so would be an affront to his God. Furthermore, he believes benefitting from a substance derived from aborted fetal tissue cell lines would be considered a sin. Other vaccine ingredients can be harmful and would also go against God's mandate to honor one's body, too. On September 9, 2021, United acknowledged Mr. Schroeder's sincerely-held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Schroeder employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Schroeder was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Schroeder acquiesced and took the vaccine. Moreover, Mr. Schroeder would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1310. Plaintiff John Schuett: In September of 2021, Mr. Schuett notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that taking the vaccination would violate his religious belief in the sanctity of life. Because the vaccine was derived from aborted fetal tissue cell lines, and because he believes life begins at conception, ingesting the product would be a violation of God's Commandment to not kill or to not be complicit in murder. On September 15, 2021, United acknowledged Mr. Schuett's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Schuett employed for some time, but once it expired, the

554

company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Schuett was forced to retire under duress. Indeed, his Supervisor, Chicago Chief Pilot James Bono, notified Mr. Schuett that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Schuett would have been willing to mask and test regularly for COVID to show he was not a danger to his co-workers (as was allowed by other airlines.)

1311. Plaintiff Daniel Schultz: In August 2021, Mr. Schultz notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief in the sanctity of life. Because the vaccine was derived from aborted human fetal tissue cell lines, he could not ingest the product for fear of sinning by benefitting from the termination of human life. On August 31, 2021, United acknowledged Mr. Schultz's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Schultz employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Schultz was forced to retire under duress. Indeed, his Chief Pilot, Captain Ernie Aller, notified Mr. Schultz that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable since Mr. Schultz had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Schultz would have been willing to mask and test regularly for COVID-19 to show that he was not a danger to his co-workers (as was allowed by other airlines).

1312. Plaintiff David Evan Scott: In September 2021, Mr. Scott notified United of his religious belief in the sanctity of life. Mr. Scott believes that benefiting from a product

555

derived from the killing of babies through abortion is wrong. Because the vaccine was derived from aborted fetal tissue cell lines, it would be a sin to ingest the product. On September 27, 2021, United acknowledged Mr. Scott's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Scott only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Scott to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Scott suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1313. Plaintiff Jennifer Jayne Scott: In August 2021, Ms. Scott notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that Ms. Scott's body belongs to God and is the temple of His Holy Spirit. Ms. Scott faithfully embraces her responsibility to carefully tend to this holy temple daily, striving to keep her body clean in all she does. The possibility that vaccine could cause harm to her body would be sinful to God's work and would be a violation of her promise to God to keep her temple clean. She could not violate this promise. On September 10, 2021, United acknowledged Ms. Scott's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was

taken against United, the company determined that it could accommodate Ms. Scott only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Scott to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Flight Dispatcher) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Scott suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Scott had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity.

1314.   Plaintiff Glenda Sue Scott:  In August 2021, Ms. Scott notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred.  Because the vaccine is derived from aborted fetal tissue cell lines, she believes it would be sinful to ingest the product.  She also trusts God's protection and healing, and does not want to be complicit in the act of abortion..  On September 14, 2021, United acknowledged Scott's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Scott employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Scott was forced to either take the vaccine at the cost of her religious belief, or be forced into a position where she could not provide for her family

557

(an equally-important religious belief). As a result of United's coercion, Scott acquiesced and took the vaccine. This was an especially pointless violation of Scott's faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1315. Plaintiff James Edward Seitz: In August 2021, Mr. Seitz attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that life begins at conception and that abortion is murder, a violation of one of God's Commandments. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would violate Mr. Seitz' sincerely held religious beliefs that to cooperate with or be complicit in abortion in any way is sinful. That would be a sin against God for which he would be held morally accountable. Through no fault of Mr. Seitz, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Seitz employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Seitz was fired. Indeed, his manager, Andy Boots, notified Mr. Seitz at the initial hearing on November 2, 2021, that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. Moreover, Mr. Seitz would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on August 31, 2021, to notify United of his sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Seitz's need for an accommodation, which was denied without any process.

1316. Plaintiff Teresa Lynn Self: In August of 2021, Ms. Self notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body belongs to God and is a temple of the Holy Spirit. Based on her relationship with God and the fact that the vaccines were derived from aborted human fetal tissue cell lines, she could not ingest them. It is her sincere religious belief that a baby is a life before it has been born. Therefore, ingesting the vaccine make her complicit in the act of abortion and violate her sincerely held religious beliefs. United acknowledged Ms. Self's sincerely held religious belief September 9, 2021, but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Self only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Self to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Self suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Self had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1317. Plaintiff Terri Dawn Serene: In September 2021, Ms. Serene notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely

held religious belief that abortion is sinful.  Because the vaccine was derived from aborted fetal tissue cell line, ingesting the product would be sinning against God. On September 9, 2021, United acknowledged Ms. Serene's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Serene only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Serene to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Serene suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees-steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Serene had just recovered from COVID0-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1318.   Plaintiff Teri Ann Serpico:  In August 2021, Ms. Serpico notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief in the sanctity of life.  Because the vaccine is derived from aborted fetal tissue cell lines, ingesting such a product makes her complicit in the act of abortion. This goes against her Christian convictions.  She believes she would be committing terrible sin.  In September, United acknowledged Ms. Serpico's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal

action was taken against United, the company determined that it could accommodate Ms. Serpico only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic. United forced Ms. Serpico to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Serpico suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees – steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Serpico had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as the vaccine-induced immunity.

1319. Plaintiff Jacques van Seters: On September 13, 2021, Mr. Van Seters notified United of his religious conflict with receiving a Covid-19 vaccine. This was due to the sincerely held religious belief in the sanctity of life. Because the vaccine is derived from aborted fetal tissue cell lines, he cannot ingest the product. Mr. van Seters believes the sanctity of life is a central tenet in his Christian faith. His stance is that life is sacred from conception as stated in the Scriptures, and that any association with abortion, no matter how distant, undermines his Christian commitment to defending and preserving all human life, and is sinful. On September 22, 2021, United notified Mr. Van Seters acknowledging his sincere religious beliefs but administratively dismissed his request. A temporary restraining order against United kept Mr. Van Seters employed for some time, but once it expired, the company followed through on its promise to put unvaccinated

561

workers out of a job even if they had an exception. Mr. Van Seters was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Van Seters acquiesced and took the vaccine. Moreover, Mr. Van Seters would have been willing to mask and test regularly for Covid to show that he was not a danger to his co-workers (as was allowed by other airlines).

1320. Plaintiff Grace Kam Sham: On August 30 2021, Ms. Sham notified United of her Buddhist faith conflicts with receiving a COVID-19 vaccine. Because the vaccine is derived from aborted fetal tissue cell lines, the product is morally problematic. The First Precept of Buddhism – not to kill – is violated in the act of abortion. Ingesting the COVID vaccine would thus generate bad karma and it would affect her spiritual, psychological, and bodily goods. The body and mind are sacred areas where any negative notion should be avoided. In September 2021, United acknowledged Ms. Sham's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Sham only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Sham to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Sham suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was

562

part of United's continued coercion against unvaccinated employees–steps purposefully taken to punish the exercise of religious rights.

1321.  Plaintiff Saly Maher Shawky:  On August 30, 2021, Ms. Shawky attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that her body is the temple of The Holy Spirit and she cannot defile the temple of God as it is holy. Because the vaccine was derived from aborted fetal tissue cell lines, and because Ms. Shawky believes abortion and the use of aborted fetal tissue for any purpose is violation of Ms. Shawky's faith, Ms. Shawky cannot ingest the product.  Ms. Shawky believes she is accountable to God alone and she must honor Him by living in obedience to Him. Being complicit in the act of abortion or benefitting from it would be a grave sin.  Through no fault of Ms. Shawky, United deemed her attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Ms. Shawky employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Shawky was fired. Indeed, her Supervisor Dessa Romasanta notified Ms. Shawky that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Shawky would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). The attempt on August 30, 2021, to notify United of her sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Shawky need for an accommodation, which was denied without any process.

1322. Plaintiff Peter Shearer:  In September 2021, Mr. Peter Shearer notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple of God. Because the Holy Spirit dwells in him, Mr. Shearer believes that honoring God, with his body, which is sacred and given to him by God must, be treated with reverence. Because vaccines were derived from aborted fetal tissue cell lines and other foreign material, ingesting the product would be in violation of his religious belief due to the loss of life in producing the vaccines and possible contaminants that are not in line with his faith beliefs. Mr. Peter Shearer considers this an extreme betrayal of the love, grace, faith, and trust afforded to him by His Lord and Savior. On September 16, 2021, United acknowledged Mr. Peter Shearer's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Peter Shearer only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Peter Shearer to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Peter Shearer suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Peter Shearer had just recovered from COVID-

564

19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1323. Plaintiff Katherine Ann Sheppard: In August 2021, Ms. Sheppard notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to sincerely held religious belief that, as a pro-life Catholic, she believes life is sacred. Because the vaccine was derived of aborted fetal tissue cell lines, and because her faith teaches that she cannot be complicit in the killing of innocent children, she cannot ingest the vaccine without committing a grave sin. She believes that if forced to ingest the product, she will violate her moral conscience and her duty to God. On September 20, 2021, United acknowledge Ms. Sheppard's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Sheppard only by a masking/testing that was intended to be punitive. Indeed, rather than wearing the mask that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Sheppard to wear a N-95 respirator that the company knew was not suited for extended wear(especially when working as a Customer Service Representative) and which the company did not provide guidance or training on wearing (as OSHA violation showed). Additionally, Ms. Sheppard suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees-steps purposefully taken to punish the exercise of religious rights.

1324. Plaintiff Akyta Kari Lyngholm Sherwood: In September 2021, Ms. Lyngholm attempted to notify United of her religious conflict with receiving a COVID-19

565

vaccine. This was due to her sincerely held religious belief that all life is sacred and that her body is a temple of God and the Holy Spirit. As such, it is also her belief that her body should be kept pure in His image. She feels that she is morally obligated to reject any injection, shot or vaccination that was derived from aborted fetal tissue cell lines. It is her belief that life begins at conception and it ends at death, and to use these cells is to be complicit in the murder of the infant. Ms. Lyngholm was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Lyngholm's desire to also acquire a religious accommodation. September 14, 2021, United granted Ms. Lyngholm's request for a medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Lyngholm only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Lyngholm to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Lyngholm suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1325. Plaintiff Helena Nellie Shoup-Ruby:  In August 2021, Ms. Shoup-Ruby desired to notify United of her conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple. Her faith requires she practice due diligence in knowing what ingredients are in her food, personal hygiene, and cleaning products, as well as in medications and pharmaceuticals. Her sensitivities and adverse reactions to all of the above over her lifetime have strengthened and increased this belief. She is guided by her faith to know the ingredients of what she ingests, to help prevent adverse reactions and sensitivities. She believes she must protect her body as a temple and cannot ingest any products derived from aborted fetal tissue cell lines. She is commanded to preserve and protect life, not to participate in the harm of another or utilize products or substances created by the harm or murder of another, which is a grave sin. Ms. Shoup-Ruby was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Shoup-Ruby's desire to also acquire a religious accommodation. On September 14, 2021, United granted Ms. Shoup-Ruby's request for Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Shoup-Ruby employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Shoup-Ruby was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Shoup-Ruby's faith given the fact that she had already recovered from

COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Shoup-Ruby would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1326. Plaintiff Mark Shulman: In September 2021, Mr. Shulman informed United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his faith compels him not to take the "mark of the beast;" this forced inoculation was exactly that. He believes that if he defied his religious conscience and voluntarily accepted the "mark" he would be sinning against God. He trusts in God's protection and plan for his life. God created his body, a holy Temple of God. It is Mr. Shulman's duty to protect it. On September 24, 2021, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. United offered only termination or proof of vaccination. Mr. Shulman was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Shulman acquiesced and took the vaccine on September 27, 2021. He did not realize that at that time, he was under court protection. Moreover, Mr. Shulman would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1327. Plaintiff Andrzej Siczek: On August 30, 2021, Mr. Andrzej Siczek attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that according to Catholic Church teaching, an individual must exercise his properly informed conscience. He believes he is commanded to always obey a certain judgment of his

568

conscience. If he were deliberately to act against it, he would condemn himself. Mr. Siczek's religiously informed conscience compelled him to refuse the vaccine because they are derived from aborted fetal cell lines. Mr. Siczek believes abortion is sinful and cannot ingest the product for fear of being complicit in the act. Through no fault of Mr. Siczek, United deemed his attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United did not stop United Airlines from terminating Mr. Siczek's employment. He was fired on October 29, 2021. Indeed, his Supervisor, Earl Hudlin, notified Mr. Siczek he would lose his benefits if he persisted in his religious beliefs and did not get vaccinated. This was especially unreasonable since Mr. Siczek had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Siczek would have been willing to mask and test regularly for COVID to show that he wase not a danger to his co-workers (as was allowed by other airlines). The attempt on August 30, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Siczek's need for an accommodation. Additionally, Mr. Siczek received several harassing calls from Union representatives and United managers urging him to violate his faith by acquiescing, up until the day of his termination. After his termination, Mr. Siczek's name and employee number were posted at the security window entrance to the hangar for several days for other United employees to see the outcome (termination) should they choose to follow their faith

1328. Plaintiff Debbie Siebenthal: In August 2021, Ms. Siebenthal notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred to God. She believes that God knows and creates

each of us even before we are in the womb. She also believes that murder violates God's Commandments, and abortion is murder. Therefore, she cannot ingest a vaccine derived from aborted fetal tissue cell lines or she will be complicit in murder. In September 2021, United acknowledged Ms. Siebenthal sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United Airlines kept Ms. Siebenthal employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Siebenthal was forced to either take the vaccinate the cost of her religious beliefs or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Siebenthal acquiesced and took the vaccine This was especially pointless violation of Ms. Siebenthal's faith, given that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as the vaccine-induced immunity Moreover, Ms. Siebenthal would have been willing to mask and test regularly for COVID-19 as to show there was no danger to her co-workers (as was permitted by other airlines).

1329. Plaintiff Christopher Daniel Siemer: In September 2021, Mr. Siemer attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that Mr. Siemer's authority and rights of bodily integrity are inherent from God. Mr. Siemer believed he could not ingest the vaccine for fear that it would irreparably alter and/or damage his God-given natural immune system, thereby violating his bodily integrity. Because the vaccine is derived from aborted fetal tissue cell line, and because it is Mr. Siemer's duty to protect his mind, body, and soul from all that is evil and ungodly, he cannot ingest the product. Through no fault of Mr. Siemer, United deemed the attempt

570

to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Siemer employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Siemer was fired. The attempts on September 15, 16 and 21, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Siemer's need for an accommodation, which was denied without any process.

1330. Plaintiff Catia Raquel Silva: On August 16, 2021, Ms. Silva notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she considers her body a temple of God. Therefore, as knowingly ingesting carcinogens, neurotoxins, animal viruses, animal blood, heavy metals, and products derived from aborted fetal tissue cell lines violates this premise, she must not ingest the product and defile the temple. She believes that God is all-knowing, and He will continue to protect her so long as she keeps her body Holy and pure. On September 9, 2021, United acknowledged Ms. Silva's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Silva only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Silva to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Silva suffered

harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1331.  Plaintiff Kent Jeffrey Simnitt:  In August 2021, Mr. Simnitt notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief regarding the sanctity of human life and that the available Covid vaccines had been derived from aborted fetal tissue cell lines. Ingesting the product would make him complicit in the sin of abortion.  In early September, 2021, United acknowledged Mr. Simnitt's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Simnitt employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Simnitt endured unpaid leave until March 2022 when he was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Simnitt acquiesced and took the vaccine. This was an especially pointless violation of Mr. Simnitt's  faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Unfortunately, Mr. Simnitt conceded his faith a mere week before United recalled all who were effectively terminated.

1332. Plaintiff Tory Sims:  In August 2021, Mr. Sims notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that his body belongs to God and is the temple of his Holy Spirit. Mr. Sims

believes that God has given him tools to keep his body healthy and fight illness. As such, he cannot, in good conscience and in accordance with his faith, ingest any product derived from aborted fetal tissue cell lines because doing so could defile the temple God gave him. On September 10, 2021, United acknowledged Mr. Sims's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Sims only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Sims to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Sims suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1333. Plaintiff Skobel Skobelev: In August 2021, Mr. Skobelev notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he is created in the image of God, and that his body is a temple of the Holy Spirit. He believes that life is sacred to God from conception to birth to natural death. Because the vaccine is derived from aborted fetal tissue cell lines, his faith prohibits him from participating in such abortion no matter how remote in time that abortion occurred. As a believer in Jesus Christ the Holy Spirit lives in him. On September 10, 2021, United acknowledged Mr. Skobelev's sincerely held religious belief but promised

573

only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Skobelev only by a masking and testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Skobelev to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance or training on wearing (as its OSHA violation later showed). Additionally, Mr. Skobelev suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1334. Plaintiff Timothy John Skolar:  In August 2021, Mr. Skolar notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held pro-life religious belief that all life is precious.  Ingesting a product derived from aborted fetal tissue cell lines would make him complicit in the act of abortion which would offend God.  As such, Mr. Skolar cannot risk his salvation. On September 15, 2021, United acknowledged Mr. Skolar's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Skolar only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Skolar to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Service

574

Equipment Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Skolar suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1335. Plaintiff Jeffrey John Sladko: In August 2022, Mr. Sladko intended to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple of the Holy Spirit. He believes he must do all in his power to preserve and honor the Lord with his body. As "owner" of his body, God holds him uniquely and solely responsible for its use and its purpose of honoring Him. As such, to submit his body to medications, medical treatments, or even consumption of foods or participating in behaviors that would dishonor God would be to violate one of his most important responsibilities before the Lord, that of maintaining a God-honoring body. Because the vaccine was derived from aborted fetal tissue cell lines, and because he believes the murdering of innocent children is one of the most egregious sins a man can commit, the use of any vaccine or other product associated with this practice is unconscionable, sinful, and a violation of his sacred duty before God. Mr. Sladko was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Sladko's desire to also acquire a religious accommodation. In September 20, 2021, United granted Mr. Sladko's request for a Medical Accommodation.

575

This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Sladko employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Sladko was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Sladko would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1336.  Plaintiff Agnieszka Skorut:  In August 2021, Ms. Agnieszka Skorut notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the Covid-19 vaccine violates her imperative to treat her body as a Holy temple of the Spirit of God. She believes introducing foreign substances such as adjuvants, preservatives, and aborted fetal tissue cell lines, will defile her body, which she considers a sacred trust.  She firmly believes that the sanctity of human life is inviolable, and the exploitation of aborted fetal tissue for medical purposes is morally reprehensible.  To her, the use of these cells constitutes complicity in the destruction of innocent human life, violating her deeply held convictions about the value and dignity of every human being.  On September 13, 2021, United acknowledged Ms. Agnieszka Skorut's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Skorut employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms.Skorut was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where shey could not provide for her family (an equally-important

religious belief). As a result of United's coercion, Ms. Skorut acquiesced and took the vaccine against her belief. Moreover, Ms. Skorut would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1337. Plaintiff Mitchell Patrick Scott Slater: In August 2021, Mr. Slater notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is the temple of the Holy Spirit. As a Christian, he believes his DNA is his body and his temple, and allowing something into his body that could alter that DNA would be a damnable sin. Further he states that the Bible tells him he is created in the image of God. He believes that he was born with the DNA that God wanted him to have, and that it would be blasphemous to alter that DNA. Additionally, he follows the commandment to not take another human life. He believes that abortion is a sin. Ingesting products derived from aborted human fetal tissue would be a sin that would make him complicit in taking of human life and would damn his soul for all eternity. United acknowledged Mr. Slater's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Slater only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Slater to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Slater suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate

577

in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1338.  Plaintiff Tracy Slusher:  In August 2021, Ms. Slusher notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her body belongs to God and the Holy Spirit dwells within her. She believes that God created life. Ingesting something that is derived from aborted fetal tissue cell lines violates her adamant pro-life stance. She believes that life starts at conception, and the taking of a life is a grave sin.  Ingesting a product derived in that manner would be defiling her body in which the Holy Spirit dwells.  On September 15, 2021, United acknowledged Ms. Slusher's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Slusher only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Slusher to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Ms. Slusher has asthma.  Wearing the respirators and inhaling the chemicals from which they are made, triggered several asthma attacks. Additionally, Ms. Slusher suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed,

United would not even consider that Ms. Slusher had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1339. Plaintiff Brandon Edward Smith:  In August 2021, Mr. Smith notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that innocent life is sacred to God, from conception, to birth, to natural death. As a practicing Christian he believes he has a moral obligation to avoid ingesting products derived from aborted fetal tissue cell lines.  Mr. Smith also believes his body belongs to God and is the temple of his Holy Spirit.  Ingesting such products would defile God's temple. In September 2021, United acknowledged Mr. Smith's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Smith employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Smith was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Smith acquiesced and took the vaccine. Moreover, Mr. Smith would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1340. Plaintiff Dewaun Smith:  In September 2021, Mr. Smith notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is the Temple of God. As such, He believes he was called to honor God in how he cares for his body. Because the vaccine was derived from aborted fetal tissue cell lines, and possibly unclean animals and other contaminants, he believes

it would be sinful to ingest the product. He is careful to be sure he does not harm his soul by defiling God's Temple. On September 9, 2021, United acknowledged Mr. Smith's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Smith only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Smith to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Serviceman) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Smith suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1341. Plaintiff James David Smith: In September 2021, Mr. Smith intended to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held beliefs that his body is the Temple of God. As such, he is commanded to keep and preserve his Temple Holy and pure. His faith commands that he live a holistic life employing natural medicine practices. Therefore, he cannot ingest medical products containing foreign substances or derived from the cells of another human or animal. Because the vaccine was derived from aborted fetal tissue cell lines, Mr. Smith believes ingesting the product would defile his Temple and violate the basic tenets of his faith and relationship with God. Mr. Smith was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable receive the vaccine.

580

United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation. September 29, 2021, United granted Mr. Smith's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Smith only by a masking/testing regime that was intended to be punitive 18 months of pandemic, United forced Mr. Smith to wear an N-95 respirator that the company knew was not suited for extended wear especially when working (especially as a Lead Storekeeper) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Smith suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Smith had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1342. Plaintiff Julia Smith: On September 19, 2021, Ms. Smith attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that her body is a temple of the Holy Spirit. In his honor, she believes she cannot willfully ingest chemicals that could harm her already strong immune system, nor will she be complicit in or in any way connected to aborted fetal tissue cell lines derived from an innocent child who was murdered. Ingesting such a product, she believes, will defile her temple and violate her sincerely held religious and moral beliefs that abortion/murder is a sin. Through no fault of Ms. Smith, United deemed the attempt to notify the company through Help Hub

unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Ms. Smith employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Smith was forced to retire under duress. Indeed, her Supervisor, Paula Reppas, notified Ms. Smith that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Smith would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). The attempt on September 19, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Smith's need for an accommodation, which was denied without any process.

1343. Plaintiff Kurt Edward Smith: In August 2021, Mr. Smith notified United of his religious conflict with receiving a COVID 19 vaccine. This was due to the sincerely held religious belief that his body is a temple and the Holy Spirt dwells within it; that all life is sacred; and that abortion is murder which is a sin. He believes that ingesting a sinful substance derived from aborted fetal tissue cell lines would destroy that temple and forever weaken or end his relationship with the Holy Spirt that dwells within him. Mr. Smith believes that there are those that would use this to drive a wedge in his relationship with God by having him be complicit in abortions. By refusing the vaccine, Mr. Smith is protecting the purity of the temple that dwells within. Mr. Smith also submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. In November 2021, United granted Mr. Smith's request for a Medical Accommodation and refused to acknowledge his Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary

582

restraining order against United kept Mr. Smith employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Smith was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Smith was willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). Indeed, United would not even consider that Mr. Smith had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1344. Plaintiff Mary Therease Smith: In August 2021, Ms. Smith notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious Catholic belief that her body is a temple of the Holy Spirit and that she has an obligation to honor this God-given gift. She believes that abortion breaks God's commandment and violates the beautiful and sacred formation of a person by God in the womb. Therefore, she cannot accept a vaccine derived from aborted fetal tissue cell lines. Doing so would make her sinful and complicit in the act. Additionally, doing so would defile God's temple in her, in which He dwells. On September 22, 2021, United acknowledged Ms. Smith's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Smith only by a masking/testing regimen that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Smith to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Employee)

583

and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Smith suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Smith had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1345.  Plaintiff Melissa Ann Smith:  In August 2021, Ms. Smith notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief, as an Evangelical Christian, that abortion is a sin.  Because the vaccine is derived from aborted fetal tissue cell lines, ingesting a product which relied on immortalized human cell lines taken against the will of the person (aborted) is an indirect engagement and participation in abortion. Thus, she believes taking the vaccine would pose a direct threat to her religious and moral obligations and adherence, compromising her salvation. In September 2021, United acknowledged Ms. Smith's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Smith only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Smith to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally,

584

Ms. Smith suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1346. Plaintiff Theodore John Snyder: On August 31 2021, Mr. Snyder notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred to God. Because the vaccine was derived from aborted fetal tissue cell lines, he cannot ingest a product that sacrificed innocent unborn souls as this would be sinful. On September 9, 2021, United acknowledged Snyder's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Snyder employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Snyder was forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where je could not provide for his family (an equally-important religious belief). As a result of United's coercion, Snyder acquiesced and took the vaccine.

1347. Plaintiff Jody Kay Soares: In September 2021, Ms. Soares notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief in Jesus Christ. She believes it is He to whom she answers and who guides her decisions. She believes the vaccine, derived from aborted human fetal tissue cell lines, violates her Christian values. She believes that ingesting the product would make her complicit in the taking of innocent lives which is a mortal sin. She cannot jeopardize her relationship with Jesus Christ by doing so. On September 2021, United

585

acknowledged Ms. Soares's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Soares employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Soares was forced to retire under duress. Indeed, United's Human Resources Department notified Ms. Soares that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Soares would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1348. Plaintiff Matthew Sortwell:  On August 18, 2021, Mr. Sortwell notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life, from conception to death, is a precious gift from God. He also believes that his body is a temple to God. To ingest a product derived from human aborted fetal tissue cell lines would make him complicit in the taking of innocent life which violates the basic tenet of his faith.  On September 9, 2021, United acknowledged Mr. Sortwell's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Sortwell only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Sortwell to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Sortwell suffered

586

harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. Unsure of his future after being placed on indefinite, unpaid leave in February 2022, Mr. Sortwell surrendered twenty-five years of seniority to work as a Ramp Serviceman, a non-customer-facing role. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Sortwell had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1349. Plaintiff Roosevelt Sergio Chong Sosa: In September 2021, Mr. Chong Sosa notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all human life, whether born or unborn, is sacred and precious to God. Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product would directly contradict his strong pro-life convictions and make him complicit in the deaths of innocent children. He believes that this would be seen by God as a grave sin. On or about September 16, 2021, United acknowledged Mr. Chong Sosa's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Chong Sosa only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Chong Sosa to wear a N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Move Team Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed).

Additionally, Mr. Chong Sosa suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1350. Plaintiff Telma Sousa: August 17, 2021, Ms. Sousa notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the Lord created her body in His perfect image. As a result, she trusts in her body's ability to fight illness, through her God-given immune system, prayer, proper nutrition and hydration, and healthy living practices. She believes the Lord, her God, is the only source of protection over her body that she can accept. Additionally, she believes abortion is a sin. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make her complicit in the act of taking a life and subject to God's judgement. September 2021, United acknowledged Ms. Sousa sincerely held religious belief but promised only the unreasonable accommodation of non-facing position. After legal action was taken against United, the company determined that it could accommodate Ms. Sousa only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Sousa to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Sousa suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this

was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1351. Plaintiff Clifton Spence: In September 2021, Mr. Spence notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that in preserving his spirituality and faith. As an Israelite Christian, his beliefs are founded in the teachings that says the herbs of the earth is for the healing of the nation. He has followed this spiritual path for over 25 years, and it is very sacred to his existence. On September, 2021, United acknowledged Spence's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Spence only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Spence to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Spence suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1352. Plaintiff Vernon Frank Stamm, Jr: In September 202, Mr. Stamm attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief that he believes life begins at conception and that experimental use of an aborted fetus

589

cell tissue lines is contrary to the will of God and he cannot benefit from any product derived through abortion. Through no fault of Mr. Stamm, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Stamm employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Stamm was fired -indeed, his Supervisor, Maritza Villafane, notified Mr. Stamm that he would lose his job ifhe persisted in his religious belief. This was especially unreasonable since Mr. Stamm had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Stamm would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on September 5, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Stamm's need for an accommodation, which was denied without any process.

1353. Plaintiff Rhonda Michelle Stanelle:  In September 2021, Ms. Stanelle notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is sinful.  She believes that ingesting a product derived from aborted fetal tissue cell lines would make her complicit in the taking of innocent lives.  This, she believes, would be a grave sin and violate her Christian. On September 15, 2021, United acknowledged Ms. Stanelle's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Stanelle only by a masking/testing regime that was intended to be punitive. Indeed, rather

590

than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Stanelle to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Serviceman) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Stanelle suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1354. Plaintiff Karen Laurae Stanley: In August 2021, Ms. Stanley notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is the temple of the Holy Spirit. She believes that by ingesting a product derived from aborted fetal tissue cell lines, she would be violating the instructions of the Holy Bible. Doing so would be defiling God's temple. On September 13, 2021. United acknowledged Ms. Stanley's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Stanley employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Stanley was forced to retire under duress. Indeed, her Supervisor, Talia Espinosa, notified Ms. Stanley that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Stanley had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Ms. Stanley would

591

have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1355. Plaintiff Cory Steele: On November 8, 2021, well after United's company-imposed arbitrary deadline to request religious accommodations, Mr. Steele was recalled from an approved Leave of Absence that he had be on since March 2020 and during which he has no obligation to remain in contact with United Airlines. On November 9, 2021, Mr. Steele notified United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to Mr. Steele's sincerely held Buddhist faith. These practices, especially that of Ahimsa (doing no harm) and the belief of trusting in the body's natural ability to heal, conflict with United's vaccine mandate. Mr. Steele's beliefs around reincarnation and the role of karma also came into question when he applied for accommodations. Even though Mr. Steele was on an approved leave of absence at the time of the mandate, he was denied the opportunity to be granted a reasonable accommodation because it was past the company-imposed, arbitrary August 31, 2021, deadline. His supervisor, Ms. Holland, notified Mr. Steele that he would lose his benefits/retirement if he persisted in his religious belief and did not leave the company. On November 15, 2021, United formally acknowledged Mr. Steele's sincerely held religious belief but fired him for being unvaccinated because his accommodation application was untimely (submitted after August 31, 2021). This was especially unreasonable since Mr. Steele had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Steele would have been willing to test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt November 9, 2021, merely one day after being recalled from an approved absence, to

592

notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Steele's need for an accommodation, which was denied without any process.

1356. Plaintiff Craig Steele: In September 2021, Mr. Steele notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that all life is sacred and created by God. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product violates Mr. Steele's belief in the sanctity of life. He believes it would be sinful to be complicit in the taking of innocent life. On September 21, 2021, United acknowledged Mr. Steele's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Steele only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Steele to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Move Team Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Steele suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1357. Plaintiff Giuseppe Stefanese: In August 2021, Mr. Stefanese notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that, as a practicing Catholic and staunch pro-life supporter, he has a

duty to refuse products that are derived from aborted human fetal tissue cell lines. Mr. Stefanese believes a person is morally required to obey his sure conscience because the Catechism of the Catholic Church, instructs that following one's own conscience is following Christ Himself. Therefore, Mr. Stefanese must follow his faith and not accept the vaccine. On September 10, 2021, United acknowledged Mr. Stefanese's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Stefanese only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Stefanese to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Stefanese suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities, to include. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Stefanese had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1358. Plaintiff John Stefanou: In August 2021, Mr. Stefanou notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is the temple of God. He believes that no member of the Congregation shall have injected, ingested, or infused into the body any foreign materials

of unhealthy or unnatural composition. Because the vaccine was derived from aborted fetal tissue cell lines, he is unable to ingest the product and remain true to his faith. On September 3, 2021, United acknowledged Mr. Stefanou's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Stefanou employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Stefanou was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally important religious belief). As a result of United's coercion, Mr. Stefanou acquiesced and took the vaccine. Moreover, Mr. Stefanou would have been willing to mask and test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines).

1359. Plaintiff Lauren Steigerwalt: In August of 2021, Ms. Steigerwalt notified United of her religious conflict with receiving a COVID-19 vaccination through the Help Hub system. This was due to the sincerely held religious belief that her body is a temple and a vessel for good. Her faith commands that she not be complicit in the act of abortion. Because the vaccine is derived from aborted human fetal tissue cell lines and possibly animal byproducts, ingesting them would violate both her commands to preserve her body as a temple and oppose abortion. Likewise, doing so would violate her sincerely held vegan calling, also a tenet of her faith. In September 2021, United acknowledged Ms. Steigerwalt's sincerely held religious beliefs but promised only the unreasonable accommodations of unpaid leave. A temporary restraining order against United kept Ms. Steigerwalt employed for some time, but once expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms.

Steigerwalt was forced to retire under duress. Indeed, her supervisor, Rhonda, told Ms. Steigerwalt she would lose her benefits/retirement if she persisted in her religious beliefs and did not leave the company. This was especially unreasonable since Ms. Steigerwalt had already recovered from a COVID-19 and possessed natural immunity that was shown to be at least as strong as a vaccine-induced immunity. Moreover, Ms. Steigerwalt would have been willing to mask and test for COVID-19 regularly to show that she was not a danger to her co-workers.

1360. Plaintiff Colleen Marie Stevens: In August 2021, Ms. Stevens desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held beliefs that, she was created in the holy image of God, that her body belongs to Him, and with God as her savior, guide, and moral compass, she has vowed to follow Him in faith. This belief requires her to honor and protect the sanctity and holiness of His Holy Spirit that lives within her. Ms. Stevens' religious beliefs and deeply held faith prohibit her from introducing an unknown material into her body; to do so would cause her to break her vow and commitment to protect God's Holy Spirit. As such, it is Ms. Stevens sincerely held religious beliefs that to accept or receive the Covid-19 vaccine would be a sin against God, a violation of her faith and conscience, and would cause irreparable emotional, bodily and spiritual harm in her relationship with God. Ms. Stevens was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Stevens desired to also acquire a religious accommodation. On September 14, 2021, United granted Ms. Stevens request for a Medical Accommodation.

This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Stevens employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Stevens was forced to endure unpaid leave until such time that United decided to recall all customer- facing employees they put out of work. Moreover, Ms. Stevens would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1361. Plaintiff Bryon Ray Stewart: In August 2021, Mr. Stewart notified United Airlines of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that he should trust in God's guidance as written in the Bible and expressed through his conscience. It was clear to him that he should put his trust in God's power and the good health God had blessed him with and not the COVID vaccine. Trusting man over God would be seen as a sin of doubt in God's healing powers. On September 3, 2021, United Airlines acknowledged Mr. Stewart's request for an exemption based on sincerely held religious beliefs, but United promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Stewart employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Stewart was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Stewart acquiesced and took the vaccine. This was an especially pointless violation of Mr. Stewart's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be

at least as strong as vaccine induced immunity. Moreover, Mr. Stewart would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1362. Plaintiff Daniel Travis Stone: On August 8, 2021, Mr. Stone notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that his body belongs to God and is the temple of His Holy Spirit. He prayed about what God wanted him to do, and God did not want him to take the vaccine. He believes that by ingesting the product he would be committing a sin against God's will as told to him through prayer. On September 21, 2021, United acknowledged Mr. Stone's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. Only after legal action was taken against United, the company determined that it could accommodate Mr. Stone by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Stone to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Controller) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Stone suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Stone had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

598

1363. Plaintiff Lori Lynn Stout: In August 2021, Ms. Stout notified United her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a sacred temple and her soul belongs to God. Because the vaccine was derived from aborted fetal tissue cell lines, and because she believes abortion is a sin, she cannot ingest such a product. Ms. Stout believes that taking a vaccine created through sin would be the same as sinning herself and she will not knowingly sin against God and jeopardize her relationship with Him. Ms. Stout also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On or about September 5, 2021, United granted Ms. Stout's request for a Medical Accommodation. United also acknowledged her religious beliefs, but determined, without input from Ms. Stout that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Stout only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Stout to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Stout suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

599

1364.  Plaintiff Shauna Marie Stovall:  In August 2021, Ms. Stovall notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief of faith in divine protection and healing, and belief that her immune system is sacred. She believes her immune system, as created by God. should not be altered. Doing so, she believes is sinful.  It is her belief that ingesting the vaccine would alter her immune system, a sin against God. In fact, Ms. Stovall submitted a letter from her pastor requesting a Religious Exemption; however, United responded by accusing Ms. Stovall of purchasing or downloading her supporting documentation from the internet. On August 27, 2021, United finally acknowledged Ms. Stovall's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Stovall only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Stovall to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Stovall suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1365. Plaintiff Christa Marie Strang:  In September 2021, Ms. Strang notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as an active, practicing Messianic Jew, she follows the

tenets of her faith, and over the years and in the process of studying, she has developed a deep knowledge of the obligations of her religion. Specifically, she must follow the God of the Torah (Old and New Testament) with God and Divine law, given by God thousands of years ago. She believes that Law does not change to meet the times, to satisfy social mores as to what is acceptable or even to take advantage of medical and scientific progress. She considers these COVID-19 injections to represent a defilement of her body, blood and soul and a rejection of the trust she must have, as a Messianic Jew, in the natural healing powers bestowed upon the human body by her Creator. He had previously healed her from Covid and provided immunity. It is her strongly held belief that she must be diligent in caring for her body and health, and do nothing that may jeopardize her health. Additionally, her doctor, backed by a second opinion, advised Strang against receiving the vaccines due to her past reaction to vaccines that caused severe, life-threatening episodes. Knowing this, Strang believes it would be against her faith to receive vaccines that may potentially harm her. Her body belongs to God and is a vessel of God, as taught in Torah. It is her faithful duty to carefully protect her life. Thus, following her doctors' advice to protect this sacred vessel is indeed required by her religious beliefs. Ms. Strang also submitted a request for a Medical Accommodation due to the health condition that rendered her unable to receive the vaccine. On September 14, 2021, United granted Ms. Strang's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Strang employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Strang was forced endure unpaid leave until such time that United decided to recall all

601

customer-facing employees they put out of work. This was an especially pointless violation of Ms. Strang's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Ms. Strang would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). Ms. Strang resigned June 2022, shortly after being recalled, because United Airlines continued to retaliate against the unvaccinated by restricting their ability to work. On several occasions, United System Chief Pilot Mary Anne Schaeffer told Strang that unless she was vaccinated, she would never see another United Flight deck. Believing this to be true, while on unpaid leave, Ms. Strang applied, interviewed, was offered, and accepted another job, under duress. Ms. Strang would never have left United had she not felt she had no other options.

1366. Plaintiff Victor Steve Suarez: In August of 2021, Mr. Suarez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that a person's physical body is the temple of God's Holy Spirit. Because the vaccine was derived from aborted fetal tissue lines, he believes he cannot ingest the product without defiling his Holy temple. He believes abortion is a sin, and ingesting a product that takes its foundation from the death of children would be sinful and defile his Temple. In October 2021, United Airlines acknowledged Mr. Suarez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Suarez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Suarez to wear

an N-95 respirator that the company knew was not suited for extended wear (especially when working as a ramp agent) and which company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Suarez suffered harassment, ridicule among other actions against his persona and his beliefs at work, was forced not to eat in common areas, isolated from coworkers, and was not allowed to participate in regular company activities. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Suarez had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1367. Plaintiff Nancy Lee Swingle: In September 2021, Ms. Swingle notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a Christian, she does not want to put anything into her body that would violate the sanctity of the Lord's Temple, her body. She believes that her God is sovereign, and the Holy Spirit has told her to not take the vaccine due, in part, to its aborted fetal tissue cell-line origin. On September 9, 2021, United acknowledged Ms. Swingle's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Swingle only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Swingle to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative/Gate Agent/Trainer) and which the company did not provide guidance/training on wearing (as

603

its OSHA violation later showed). Additionally, Ms. Swingle suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees-steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Swingle had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1368. Plaintiff Toshihide Takekoshi:  In August 2021, Mr. Takekoshi notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that only the callings from the higher power dictate what goes into his body. Mr. Takekoshi's soul, his spirit, and his very existence is a continuation of his ancestors. The voices of his ancestors and the callings from his higher power guide his life each day. He believes ingesting the vaccine would be against the callings of his higher power. Not only would he be contaminating himself, but he would also be dishonoring his ancestors. On September 14, 2021, United acknowledged Mr. Takekoshi's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. United followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Takekoshi was forced to either take the vaccine (at the cost of his religious belief) or be forced into a position where he could not provide for his family (an equally-important religious belief). As a result of United's coercion, Mr. Takekoshi acquiesced and took the vaccine. This was an especially pointless violation of Mr. Takekoshi's faith given the fact that Mr. Takekoshi had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity. Moreover, Mr. Takekoshi would have been willing to mask

and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1369. Plaintiff Brandi Wilson Talbot:  In August 2021, Ms. Talbot notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of the Holy Spirit and she is are required to protect it. Because the vaccine was derived from aborted fetal tissue cell lines and contain DNA, synthetic mRNA, allergens, and/or heavy metals ingesting the product would cause Ms. Talbot to violate the sanctity of the body by defiling the temple of the Holy Spirit. Ms. Talbot believes she must obey and trust God and keep her soul, mind, and body clean. Ingesting the vaccine would violate these tenants of her faith. On September 2021, United acknowledged Ms. Talbot's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Talbot employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Talbot was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Talbot acquiesced and took the vaccine. This was an especially pointless violation of Ms. Talbot's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Talbot would have been willing to mask and test regularly for COVID to show that she was not a danger to her co- workers (as was allowed by other airlines).

1370. Plaintiff Grace Talkington:  In September 2021, Ms. Talkington attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through

United's Help Hub system. This was due to the sincerely held religious belief that her body is her temple and should be respectfully treated as such. Her faith allows her Lord and Savior, Jesus Christ, to protect her body from sickness and disease. She believes that ingesting vaccines, for any reason, demonstrates a lack of faith in her Lord and Savior, which is sinful. Therefore, she does not accept any vaccines. In September 2021, Ms. Talkington was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United denied Ms. Talkington's Medical Accommodation. She again attempted to submit a religious accommodation request in October, 2021. Through no fault of Ms. Talkington, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Ms. Talkington employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Talkington was forced to resign, in lieu of being fired. Indeed, her Supervisor, Dan Garcia, notified Ms. Talkington that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Talkington had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Talkington would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). The attempt in September 2021, to notify United of the sincerely held religious belief in conflict with the

606

vaccination requirement put United on notice of Ms. Talkington's need for an accommodation, which was denied without any process.

1371. Plaintiff Bruno Tardif: In August 2021, Mr. Tardif notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, first and foremost, his body belongs to God and is the temple of His Holy Spirit. Mr. believes in the sanctity of life from conception, to birth, to a natural death. Harvesting cells from an embryo and profiting from the cells from a non-consenting individual goes against God's word. Because the vaccine was derived from aborted fetal tissue cell lines, Mr. Tardif was not able to ingest the product. On September 10, 2021, United acknowledged Mr. Tardif 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Tardif only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Tardif to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Tardif suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1372. Plaintiff Pamela Rene Tassone: In August 2021, Ms. Tassone notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the

sincerely held religious belief that life begins at conception. Because the vaccines are derived from aborted fetal tissue cells and because she believes that abortion is murder, she believes that ingesting such products would make her complicit in the act of murder which is a sin. On September 9, 2021, United acknowledged Ms. Tassone's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Tassone only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Tassone to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Tassone suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1373. Plaintiff Stephanie Tatman:  On August 25, 2021, Ms. Tatman notified United of her religious conflict receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that as a Christian, she believes that the Bible is the inerrant Word of God and she must follow the biblical principles set forth in God's word, the Bible. The Bible instructs Ms. Tatman to honor God with her body. She is commanded not to murder and believes abortion is murder. Therefore, as a Christian, she cannot use ingest any product derived from aborted fetal tissue cell lines.  In September 2021, United acknowledged Ms. Tatman's sincerely held religious belief but promised only the

unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Tatman only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Tatman to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Tatman suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1374. Plaintiff Sylvia Tatman:  On August 25, 2021, Ms. Tatman notified United of her religious conflict receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of the Holy Spirit and she is commanded by God to honor it. Additionally, she is commanded by God to not participate in or be complicit in murder. She believes abortion is murder. Because aborted fetal cell lines were used in the testing, development, and making of the COVID-19 vaccine, she would be complicit in the act of murder and violating God's commandments if she ingested such a product. In September 2021, United acknowledged Ms. Tatman's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Tatman only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of

609

the pandemic, United forced Ms. Tatman to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Tatman suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—- steps purposefully taken to punish the exercise of religious rights.

1375. Plaintiff Courtney Lummus Tatum: In August 2021, Ms. Tatum notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God will provide for her as she takes refuge in the Lord. Her body is a temple of God and He lives inside of her, therefore she does not accept this path as a cure from worldly inflictions. Ms. Tatum also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On September 24, 2021, United granted Ms. Tatum's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Tatum employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Tatum was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees. However, as time drew on, Ms. Tatum was forced decide between taking the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Tatum

610

acquiesced and took the vaccine. This was an especially pointless violation of Ms. Tatum's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Ms. Tatum would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1376. Plaintiff Lemuel Thomas: In August 2021, Mr. Thomas notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that ingesting vaccines and other foreign and artificial substances into his body are against his Rastafarian religious beliefs and goes against the laws of Almighty God. Vaccines are considered foreign and unnatural substances capable of defiling the body, the "temple of the living God." As such, Rastafarians eat only the foods and use only the medicines prescribed by God that is outlined in the Holy Bible. On September 15, 2021, United Airlines acknowledged Thomas sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United Airlines, the company determined that it could accommodate Thomas only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Thomas to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent at that time) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Thomas suffered harassment/ridicule/etc. at work, was isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

611

1377. Plaintiff Lisa Ann Thompson:  In August 2021, Ms. Thompson notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that life is sacred.  Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product would violate her faith and make her complicit in the death of aborted children, a grave sin.  On September 9, 2021, United acknowledged Ms. Thompson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Thompson employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Thompson was forced to retire under duress.  Indeed, Mr. Curtis from the Employee Service Center notified Ms. Thompson that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Thompson had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity. Moreover, Ms. Thompson would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1378. Plaintiff Tammy Denise Thompson:  On August 18, 2021, Ms. Thompson notified United Airlines of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious pro-life beliefs.  As a faithful Christian, opposed to abortion, Ms. Thompson could not knowingly ingest any product derived from aborted fetal tissue cell lines.  Additionally, Ms. Thompson believes her body is a temple of the Holy Spirit.  As such, she must honor and protect it, glorifying God in her body.  Ingesting products that could potentially damage or alter God's creation would be an affront to her

faith and salvation. On September 14, 2021, United acknowledged Ms. Thompson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. The company did follow through on its promise to put unvaccinated workers out of a job even if they had an exemption. Throughout this time, Ms. Thompson had been on worker's compensation leave due to a work injury since November 2019. She was to be released from worker's compensation in February, 2022. As Ms. Thompson was still dealing with health issues, she requested to change worker's comp leave to medical leave. Her Supervisor, Donna Havens, denied the request, telling Ms. Thompson she would have to be vaccinated or she would be placed on indefinite unpaid leave with no ability to retire and no medical benefits. Thus, Ms. Thompson was forced to retire under duress. This was especially unreasonable since Ms. Thompson had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Thompson would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1379. Plaintiff Evelyn Timmons: In August 2021, Ms. Timmons notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a Messianic Jew, to live by the commandments detailed in the Torah. Because the vaccines were derived from aborted fetal tissue cell lines and the Torah details God's command not to murder or be complicit in murder, ingesting these products is not keeping kosher. She believes doing so would be a grave sin and is not in line with her commitment to God. In September 2021, United acknowledged Ms. Timmons' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms.

Timmons employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Timmons was forced to retire under duress. Indeed, Human Resource communications notified Ms. Timmons that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Timmons had just returned from working from home for over a year. She could have easily returned to working from home and maintained her active status. Moreover, Ms. Timmons would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1380. Plaintiff Kelli Kuuleilani Timoteo: In August 2021, Ms. Timoteo notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of God and should be treated with the utmost care and respect. Believing that her body is the temple of God, she is very mindful of everything she put into it. She has always made conscious choices to eat healthily and avoid all chemical medicines, so as to follow the basic tenets of her faith. She is committed to treating her body with the care and respect it deserves, in line with her faith. Receiving the COVID-19 vaccine would conflict with this principle because of the ingredients and development methods involved. She is particularly concerned about altering that which God created in his perfect image by ingesting products derived from human fetal tissue cell lines and genetic and synthetic genetic material such as mRNA. On September 14, 2021, United acknowledged Ms. Timoteo's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Timoteo's only by a masking/testing regime that was intended to be punitive. Indeed,

614

rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Timoteo to wear an N-95 respirator that the company knew was not suited for extended wear (especially as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Timoteo suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Timoteo had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1381. Plaintiff Timothy Tobias: On August 24,2021, Mr. Tobias notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief, as an Evangelical Christian and a member of the body of Jesus Christ, that his body is the temple of the Holy Spirit. His faith tells Mr. Tobias that he cannot use any product that takes its origin in abortion. Because the vaccine was derived from aborted fetal tissue cell lines, participation in the vaccination programs is an indirect engagement and participation in abortion. He believes that according to Scripture, this is morally compromising and poses a direct threat to Mr. Tobias' religious and moral obligations, adherence as an Evangelical Christian, and salvation. On September 10, 2021, United acknowledged Mr. Tobias's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Tobias only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the

615

masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Tobias to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Tobias suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Tobias had COVID-19 anti-bodies in his blood and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1382. Plaintiff William Tolbert: In September 2021, Mr. Tolbert notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that life begins at conception and ends when at death, and that abortion is murder and therefore a sin. He further believes that because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would make him complicit in the murder of innocent children, a grave sin. On September 10, 2021, United acknowledged Mr. Tolbert's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Tolbert only by a masking/testing regime that was intended to be punitive. Mr. Tolbert was placed on Family Medical Leave of Absence (FMLA) status on September 16, 2021, to have surgery. Before returning to work, he was required to test while at home recuperating on FMLA. He was medically cleared to return to full duty effective March 15, 2022. Indeed, upon his

return rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Tolbert to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Tolbert suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1383. Plaintiff Rachel Torres: In September 2021, Ms. Torres notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she cannot support abortion because the Bible says that one shall not kill. Because the vaccines were derived from aborted human fetuses this goes against her faith beliefs. She also believes God's word is true—that the Lord will keep her from harm and watch over her life. In September 2021, United acknowledged Ms. Torres's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Torres only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Torres to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent in high temperature weather) and the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Torres suffered harassment/ridicule/etc. at work, was forced to eat

617

outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1384. Plaintiff Richard Torres: In Fall of 2021, Mr. Torres notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

618

Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1385. Plaintiff Ramona Antonia Touchton:   In August 2021, Ms. Touchton notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that that due to her pro-life stance and respect for human life, she could not condone any vaccine or substance derived, in any way shape or form, from aborted human fetal tissue cell lines. She also believes she is created, fearfully and wonderfully, in the image of God Almighty, and she must refuse any substance, technology or created thing that may alter that image, no matter how slight. In September 2021, United acknowledged Ms. Touchton's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Touchton only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Touchton to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Ms. Touchton suffered from headaches, dizziness, the constant feeling that she was not getting enough oxygen, labored breathing, and abrasions and rashes where the respirator contacted her face. Additionally, Ms. Touchton suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

619

1386. Plaintiff Robert Charles Treiber:  In August 2021, Mr. Treiber notified United of his religious conflict with receiving the COVID-19 vaccine. This was due to the sincerely held religious belief in the Bible teachings and a Christian Worldview. Because the vaccine was derived from aborted human fetal tissue cell lines, and because. Mr. Trieber believes in God's guiding force and principles laid out in His Word, ingesting these products violates God's laws and therefore, Mr. Treiber's faith. In September 2021, United acknowledged Mr. Treiber's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Treiber only by a masking and testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Treiber to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Facility Maintenance Lead Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Treiber suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1387. Plaintiff Vladimir Tripolski:  In August 2021, Mr. Tripolski notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief in the sanctity of life.  Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product violates Mr. Tripolski's religious beliefs, practices, and church doctrine, as doing so would make him complicit in the taking of a

human life. In September 2021, United acknowledged Mr.Tripolski's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Tripolski only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Tripolski to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Base Specialty Hydraulic Mechanic) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Tripolski suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1388. Plaintiff Steven Blair Tripp: In September 2021, Mr. Tripp desired to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that human life is sacred from its inception until death. The use of aborted fetal tissue cell lines in the creation of a vaccine is anathema to this view of sacred life. Ingestion or injection of such a vaccine would irreparably sear his conscience in this matter. Tripp was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Tripp's desire to also acquire a religious accommodation. September 14, 2021, United granted Tripp's request for a Medical Accommodation. This

621

notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Tripp only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Tripp to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Care Manager) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Tripp suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Tripp had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1389. Plaintiff Kate Trochimiuk: In August 2021, Ms. Trochimiuk notified United of her religious conflict with receiving COVID-19 vaccine. This was due to sincerely held religious beliefs all life is sacred. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product violates her faith and would make her complicit in the death of aborted children. On September 9, 2021, United acknowledged Ms. Trochimiuk's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Trochimiuk only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the mask that had been provided by the company for the previous 18 months of the pandemic, United forced Ms.

Trochimiuk to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later shown). Additionally, Ms. Trochimiuk suffered harassment, ridicule, etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees – steps purposely taken to punish the exercise of religious rights. Later, United would not even consider that Ms. Trochimiuk had recovered from COVID-19 and therefor possessed natural immunity that was shown to be at least as strong as vaccine-induce immunity.

1390. Plaintiff Tom Thanh Truong: In September 2021, Mr. Truong attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief in the sanctity of life. Because the vaccine was derived from aborted fetal tissue cell lines, Mr. Truong believes that the concept of taking a life (abortion) in order to "provide life" violates his religious beliefs. Through no fault of Mr. Truong, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Truong employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption or sincere religious beliefs. Mr. Truong was forced to retire under duress. Indeed, his Supervisor, John Lucht, notified Mr. Truong that he would lose his benefits and retirement if he persisted in his religious belief and did not leave the company. Not only did United discriminate against Mr. Truong for his faith-based beliefs, they allowed his peers to treat ridicule him and

623

treat him as if he were a criminal. Mr. Truong immigrated to the United States to escape religious persecution. Yet, it seems to him that what he suffered at the hands of United management was not different than what he fled. Mr. Truong's attempt on September 25 to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Truong's need for an accommodation, which was denied without any process.

1391. Plaintiff Seth Adam Turnbough: In August 2021, Mr. Turnbough desired to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that, as a Christian, his body is considered the Temple of the Holy Spirit. He believes that the Holy Spirit lives in his body and therefore his body is not his own to make decisions with. He believes he needs to honor God with his body. He seriously considers what he puts in his body. Additionally, Mr. Turnbough has Multiple Sclerosis and was specifically told by his Neurologist to not take the COVID vaccine. Because his treating Doctor told him not to ingest the vaccine, he felt that he would not be honoring his body with God's Spirit living inside of him if he partook. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Turnbough's desire to also acquire a religious accommodation. Thus, Mr. Turnbough submitted a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. September 10, 2021, United granted Mr. Turnbough's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Turnbough employed for some time, but once it expired, the company followed through on its promise to put

624

unvaccinated workers out of a job even if they had an exemption. Mr. Turnbough was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Turnbough would have been willing to mask and test regularly for COVID to show that they were not a danger to their co-workers (as was allowed by other airlines).

1392. Plaintiff James Tuten: In Fall of 2021, Mr. Tuten notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed

625

natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1393.  Plaintiff Adrianna Uballe:  In October 2021, Ms. Uballe attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief God created her body and wonderfully made it to fight sicknesses and heal itself, in His image.  She puts all her faith in her Lord to protect her health. Because the vaccine was derived from aborted human fetal tissue cell lines and other impure contaminants, she believes ingesting the product or any altering substances would be an affront to her Lord. Through no fault of Ms. Uballe, United deemed the attempt to notify the company through Help Hub unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Ms. Uballe employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of work job even if they had an exemption. Ms. Uballe was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she as a single mother could not provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Uballe acquiesced and took the vaccine on November 3, 2021, only after Beth Rodgers, her union representative, promised her in writing that she would not be terminated. However, she suffered a severe reaction, which she reported to United Airlines. Inexplicably, after Ms. Uballe complied with the mandate, while still under the protection of the TRO, United Airlines demanded she sign a Consent Not to Sue form. Ms. Uballe refused. On November 18, 2021, her union representative, Beth Rogers, warned in writing that United Airlines would begin the termination process if she did not submit the

documentation they demanded. Ms. Uballe still refused to sign the Consent Not to Sue. She was terminated, effective November 26, 2021. The documented reason for termination was "failure to provide proof that (she) had received the ... COVID-19 vaccine," a blatant falsehood. The termination was especially unreasonable since Ms. Uballe had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity, and she had taken the vaccine. Moreover, Ms. Uballe would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines). The attempt on August 30, 2021, to notify United of her sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Uballe's need for an accommodation, which was denied without any cause.

1394. Plaintiff Ami Uehara: In August 2021, Ms. Uehara notified United of her Christian religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life begins at conception and ends with a natural death. She opposes abortion as the taking of any life is a sin. Because the vaccines were derived from aborted fetal tissue cell lines, she feels that ingesting them would be a sin. On September 9, 2021, United acknowledged Ms. Uehara sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Uehara only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the Pandemic, United forced Ms. Uehara to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as Customer Service Representative) and which the company did not provide guidance/training on wearing

627

(as its OSHA violation later showed). Additionally, Ms. Uehara suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1395. Plaintiff Kathleen Lehane Urbanek: In August 2021, Ms. Urbanek notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that all life is sacred, and that she cannot enhance her health at the cost of another's life, no matter what stage, past or present. This Catholic belief resides deep in her conscience and has always been adhered to. Because the vaccine was derived from aborted human fetal tissue cell lines, she is unable to ingest the product without violating the tenets of her faith. In September 2021, Ms. Urbanek submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On or about September 11, 2021, United granted Ms. Urbanek's request for a Medical Accommodation. United then canceled her previously approved Religious Accommodation, with no discussion or input from her, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Urbanek employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Urbanek was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Urbanek's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as

vaccine-induced immunity. Moreover, Ms. Urbanek would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines)

1396. Plaintiff Sergio Valadez: In August 2021, Mr. Valadez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is murder, a horrendous moral transgression. As a lifelong, devout Catholic Christian, he believes this is what the Bible teaches and what the Church echoes. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would be an implicit approval of, and cooperation with, the terrible moral crime of abortion. On August 27, 2021, United acknowledged Mr. Valadez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Valadez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Valadez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Move Team Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Valadez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1397. Plaintiff Maria Valencia: In Fall of 2021, Ms. Valencia notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due

to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1398. Plaintiff Juan Valois: In August 2021. Mr. Valois notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held Christian religious beliefs that because the vaccine was derived from aborted fetal tissue cells, and because he has strong beliefs that abortion is a sin, he could not knowingly

630

ingest the product. He cannot support or cooperate in any way the act of abortion, the taking of another life, or he would be viewed as sinning against God. On September 13, 2021, United acknowledged Mr. Valois' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Valois only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Valois to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Valois suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1399. Plaintiff Brenda Varela: In August 2021, Ms. Varela notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred. She believes God's commandment to not kill or murder applies to the practice of abortion. Since she believes that the practice of abortion should not be encouraged or supported in any way, she cannot ingest products derived from aborted fetal tissue cell lines for fear of violating God's command to her. In September 2021, United acknowledged Ms. Varela's sincerely held religious beliefs but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Varela

631

only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Varela to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Agent and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Varela suffered harassment and ridicule at work, was forced to eat alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Varela had just recovered from COVID-19 and, therefore, possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1400. Plaintiff Daniel A. Vasquez: In August 2021, Mr. Vasquez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple of the Holy Spirit that he received from God. As such, ingesting a product derived from aborted fetal tissue cell lines, he believes, would result in him committing a mortal sin and going against the Ten Commandments which would result in him being held accountable by God. He believes each person was uniquely created in God's image, and he cannot be complicit in ending any lives. On September 13, 2021, United acknowledged Vasquez' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Vasquez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the

pandemic, United forced Vasquez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Lead Ramp Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Vasquez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co- workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Vasquez had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1401. Plaintiff Viviana Della Vecchia: In August 2021, Ms. Della Vecchia notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that God is her Creator and she is unable to go against Him and her conscience. Ms. Della Vecchia believes in her God-given immunity and in God as the healer of her body. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would violate a basic tenant of her faith. On September 10, 2021, United acknowledged Ms. Della Vecchia's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Della Vecchia only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Della Vecchia to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide

guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Della Vecchia suffered harassment/ridicule/etc. at work, was isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1402.   Plaintiff Wendee Renae Veldkamp:  In August 2021, Ms. Veldkamp notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to Ms. Veldkamp's sincerely held religious belief that all life is sacred and that her body is a temple of God.  Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product violates her faith-based beliefs.  Ms. Veldkamp believes it is her duty to protect her temple from defiling sinfulness as God fearfully and wonderfully made her. On September 29, 2021, United acknowledged Ms. Veldkamp's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Veldkamp only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Veldkamp to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Veldkamp suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider

634

that Ms. Veldkamp had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1403.   Plaintiff Manuel Felipe Velez:  In August 2021, Mr. Velez notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that defines his relationship with God. Mr. Velez believes that God expects him to care for his body because it is the temple of the Holy Spirit. God gives Mr. Velez freedom so that he may choose what is good and be free and empowered to follow God. A mandatory instruction from man does not override God's mandates. Mr. Velez' religious conscience cannot allow him to receive a medical procedure or treatment that he believes will defile or cause his body harm, since disobedience to God is a sin. On September 10, 2021, United acknowledged Mr. Velez's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Velez only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Velez to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Velez suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

635

1404. Plaintiff Mariko Imai Venema: In August 2021, Ms. Venema notified United of her religious conflict with receiving a COVID-19 vaccine due to her sincerely held religious belief that ingesting a product derived from aborted fetal cell lines is a direct contradiction to her Christian beliefs. Because she stands strong in her beliefs against abortion, she believes consuming that product morally unjustifiable. Ms. Venema also submitted a request for a Medical Accommodation due to a health condition regarding which rendered her unable to receive the vaccine. On September 5, 2021, United granted Ms. Venema's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Venema employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Venema was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Ms. Venema would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1405. Plaintiff Patrick Del Vicario: In August 2021, Mr. Del Vicario notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to Mr. Del Vicario's sincerely held religious belief that he has a religious duty to refuse the use of medical products, including certain vaccines, that are produced using human cells lines derived from abortions. As a Catholic, he believes his informed judgments about the proportionality of medical interventions are to be respected unless they contradict authoritative Catholic teachings. As a religiously-led person, he is required to obey his sure conscience. On August 28, 2021, United acknowledged Mr. Del Vicario's sincerely

636

held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Del Vicario only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Del Vicario to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Technician), and which the company did not provide guidance/training on wearing (later shown to be an OSHA violation). Additionally, Mr. Del Vicario suffered harassment, ridicule, etc. at work and was forced to eat outside and alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1406. Plaintiff Debora Viego: On September 1, 2021, Ms. Viego notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief in the sanctity of every life. She believes that the adherence to God's Commandment to not kill is preeminent. Ms. Viego believes it is a mortal sin to participate, support, promote, facilitate or be complicit in any way, shape or form, of any abortion. Because the vaccine is derived from aborted fetal tissue cell lines, ingesting the product would make her complicit in the act of abortion. On September 17, 2021, United acknowledged Ms. Viego's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Viego only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the

637

pandemic, United forced Ms. Viego to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Viego suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1407. Plaintiff Cherise Marie Villar: In August of 2021, Ms. Villar notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is God's vessel. She is also convicted that the earliest stages of life begin in the womb. Because the vaccine is derived from aborted fetal cell lines, receiving the vaccine would violate her faith due to her pro-life convictions. Furthermore, in her personal faith and conviction, she believes that force upon another individual's mind body or soul, under threat of life or livelihood, is an inherent evil. She believes that Gods love equates to free will on allowing humanity to choose what they allow or do not allow into the mind, body, and soul of God's own creation. Ms. Villar also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. In September 2021, United granted Ms. Villar's request for a Medical Accommodation. United also acknowledged her religious beliefs, but determined, without input from Ms. Villar, that they would only grant the Medical Accommodation, discounting her sincerely held religious beliefs. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Villar employed for some time, but once it

638

expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Villar was forced to endure unpaid leave until the pressure to support her family exceed her financial means. Ms. Villar was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Villar acquiesced and took the vaccine. This was an especially pointless violation of Ms. Villar's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Villar would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1408. Plaintiff Kaileigh Breanne Vincent: In August 2021, Ms. Vincent desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of God, and thus, cannot accept any foreign substances that could harm or alter that temple. She believes God created her immune system perfectly. As a result, she is not to ingest anything that will defile God's perfect creation, especially not products derived from aborted human fetal tissue cells lines which she believes is morally wrong and an affront to God, or possibly genetic-altering mRNA which could permanently alter his Holy Temple. Ms. Vincent was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Vincent's desire to also acquire a religious accommodation. In September 2021, United

639

granted Ms. Vincent's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Vincent employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Vincent was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Vincent's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Vincent would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1409. Plaintiff Joreth Wagner: In September 2021, Ms. Wagner notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is the temple of God as quoted in the Bible. Because the vaccine was derived from aborted fetal tissue cell lines, she believed she could not ingest the product without defiling God's temple. On September 9, 2021, United acknowledged Ms. Wagner sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Wagner only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Wagner to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later

640

showed). Additionally, Ms. Wagner suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Wagner had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity.

1410. Plaintiff Melissa Wagoner-Vandall: In August 2021, Ms. Wagoner-Vandall notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is wonderfully designed by God, and her body is a human vessel for the Lord Jesus Christ to house the Holy Spirit within her. She is passionate about true health and believes ingesting the vaccine would not uphold her commitment of stewardship she was granted by God to ensure her body remains pure. On September 13, 2021, United acknowledged Ms. Wagoner-Vandall's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Wagoner- Vandall only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Wagoner-Vandall to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr./Ms. Wagoner-Vandall suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to

641

participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1411. Plaintiff Bradley Douglas Wallace: In August 2021, Mr. Wallace notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief in the sanctity of life. Because the vaccine is derived from aborted fetal tissue cell lines, Mr. Wallace believes ingesting the product, would make him complicit in the act of abortion and violate the tenets of his faith, thereby committing a grave sin. On September 10, 2021, United acknowledged Mr. Wallace's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Wallace only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Wallace to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ground Service Equipment Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Wallace suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Wallace had recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1412. Plaintiff Robin Wallner: In Fall of 2021, Ms. Wallner notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1413. Plaintiff Kelly Walls: In Fall of 2021, Ms. Walls notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to

643

her sincerely held religious beliefs. While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1414. Plaintiff James Walton: In August 2021, Mr. Walton notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that he was given rights by his Creator to discern what to ingest to protect his bodily gift from God. He is a Christian with a Christian worldview. His religious belief

644

recognizes that faith and religious-based conscience compel an individual to submit to Divine Law, also viewed as Natural Law. Mr. Walton follows God and his Word, and it is his sincere belief, based on his faith, that ingesting the vaccine would be a violation of God's Divine Law and an affront to his faith. His conscience compels him to submit to the proper jurisdiction as Divine Law exceeds all earthly law. On September 9, 2021, United acknowledged Mr. Walton's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Walton only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Walton to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Walton suffered harassment/ridicule/etc. at work, was forced to eat alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1415. Plaintiff Caley Ward: In August 2021, Ms. Ward notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is a temple of the Holy Spirit and that she is called to protect it from harm. The Covid vaccines are derived from fetal tissue cell lines. Ingesting those substances would violate the sanctity of her body, as created by God. She stands strongly against abortion and believes being complicit in that practice is a sin. In September 2021,

645

United acknowledged Ms. Ward's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Ward employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Ward was forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where she could not provide for their family (an equally-important religious belief). As a result of United's coercion, Ms. Ward acquiesced and took the vaccine. Moreover, Ms. Ward would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1416. Plaintiff Beverly Watson: In September 2021, Ms. Watson notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is God's temple. Because the vaccine was derived from aborted fetal tissue cell lines, animal products, and other contaminants, she could not ingest the product without defiling God's temple. On September 9, 2021, United acknowledged Watson's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Watson employed for some time, but once it expired the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Watson was forced to retirement under duress. Indeed, her Supervisors, Linda Helton, Jeanne Nelle, Flora Ness-Johnson, notified Watson that she would lose her benefits/retirement if she persisted in her religious belief. This was an especially pointless violation of Watson's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as

646

vaccine-induced immunity. Moreover, Watson would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1417. Plaintiff Amanda Mae Watters: In September 2021, Ms. Watters desired to notify United of her Religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that because the vaccine was derived from aborted human fetal tissue cells, and her Catholic beliefs oppose abortion, she could not ingest the product without being complicit in the act of abortion which she views as sinful. Ms. Watters was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Watters' desire to also acquire a religious accommodation. In September 2021, United denied Ms. Watters' request for a Medical Accommodation. Ms. Watters was fired. This was an especially pointless violation of Ms. Watters' faith given the fact that she had already recovered from COVID- 19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Watters would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1418. Plaintiff Brian Carl Watts: On August 26, 2021, Mr. Watts attempted to notify United of his religious conflict with receiving a COVI-19 vaccine. This was due to his sincerely held religious belief that life begins at conception. He also believes that because the vaccines were derived from aborted human fetal tissue cell lines, he could not ingest a product that would cause him to benefit from the murder of innocent human life

which he believes is immoral and sinful. Mr. Watts was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Watts' desire to also acquire a religious accommodation. On September 15, 2021, United granted Mr. Watts' request for a Medical Accommodation. United refused to acknowledge his Religious Accommodation request. After legal action was taken against United, the company determined that it could accommodate Mr. Watts only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Watts to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Flight Dispatcher) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Watts suffered harassment/ridicule/etc. at work, policy was to eat outside/alone, be isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Watts had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1419. Plaintiff Michael Jerome Weber: On August 18, 2021, Mr. Weber notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief that a person is morally required to obey his or her

conscience. Receiving the vaccination conflicted with his conscience for a variety of religious reasons, including the fact that the product was derived from aborted human fetal tissue cell lines. He also believes in religious teachings about therapeutic proportionality, the potential to permanently alter or modify his human body or DNA as created by his God, and that if determined by his informed intellect that an act should be avoided, not doing so would be sinful. His faith makes him believe he should follow his judgement of conscience to all ends. Mr. Weber also submitted a letter from his pastor to help explain some of his spiritual beliefs opposing his receipt of the vaccine. Mr. Weber also submitted a request for a Medical Accommodation before the announced deadline on August 31, 2021, due to a health condition that rendered him unable to receive the vaccine. On September 13, 2021, United granted Mr. Weber's request for a Medical Accommodation. United refused to acknowledge his Religious Accommodation request, even after multiple letters and Help Hub requests to have a religious accommodation as well. United ignored all such requests. The notice from United on September 12, 2021, promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Weber employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Weber was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Weber's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Weber would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

649

1420. Plaintiff Bobbi McCulloch Wells:  On August 23, 2021, Ms. Wells notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief in the sanctity of life. She believes only God decides when life begins and when it ends. Ms. Wells honors life at every stage, and she does not condone ending life at any point for any reason. Therefore, Ms. Wells cannot willingly or knowingly ingest a product, including the vaccine, derived from aborted fetal tissue cell lines. In September 2021, United acknowledged Ms. Well's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Wells employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Wells was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she, as a single mother, could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Wells acquiesced and took the vaccine. This was an especially pointless violation of Ms. Well's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Wells would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1421. Plaintiff Shirley Wells:  Ms. Wells notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred and the taking of a life is sinful. She believes abortion is the taking of a life in the womb. Knowing that the COVID vaccine was derived from aborted fetal tissue cell lines, she could not be complicit in the act of killing unborn children by ingesting the

650

product. In September 2021, United acknowledged Ms. Wells' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Wells employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Wells was forced to retire under duress. Indeed, through United company email from United Management, Ms. Wells was told she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Wells would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1422. Plaintiff Deirdre Denise Weston:  In August 2021, Ms. Weston notified United of her religious conflict with receiving a COVID–19 vaccine. This was due to the sincerely held religious belief that she cannot violate God's Holy Laws, which includes the protection of her body and the right to make choices to protect her own body.  She believes that the Word of God forbids her to accept certain things and entities into her body which include products derived from aborted fetal tissue cell lines.  Doing so would be sinful and a violation of His command to protect her body from defilement.  In September 2021, United acknowledged Ms. Weston's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Weston only but a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the mask that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Weston to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Represetative)

651

and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Weston suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1423. Plaintiff Jennifer Lynn Whitaker: In August 2021, Ms. Whitaker notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious pro-life beliefs that life begins at conception. Because the vaccine is derived from aborted fetal tissue cell lines, she is opposed to ingesting the product for fear of being complicit in the act of abortion and killing innocent children. In September 2021, United acknowledged Ms. Whitaker's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Whitaker employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Whitaker was forced to retire under duress. Indeed, her Supervisor, Lindsay Gabbard, notified Ms. Whitaker that she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. This was especially unreasonable since Ms. Whitaker had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Whitaker would have been willing to mask and test regularly for COVID-19 to show that she was not a danger to her co-workers (as was allowed by other airlines).

1424. Plaintiff Bernadette Whitney: In August 2021, Ms. Whitney notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that she must refuse the use of medical products, including certain vaccines, that are derived from human fetal tissue cell lines. Her Catholic Faith teaches that abortion is the killing of a human being, which is fundamentally wrong and sinful. Therefore, she cannot be complicit in that act. Ms. Whitney also submitted a request for a Medical Accommodation due to a health condition that rendered her unable to receive the vaccine. On August 31, 2021, United granted Ms. Whitney's request for a Medical Accommodation. United refused to acknowledge her Religious Accommodation request. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Whitney employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. During this time of employment, United determined that it could accommodate Ms. Whitney only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Whitney to wear an N-95 respirator that the company knew was not suited for extended wear (especially for a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Whitney suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Ms. Whitney was eventually forced to endure unpaid leave until such time that United decided

653

to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Whitney's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Ms. Whitney was willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1425. Plaintiff Erik Werner Wichmann:  In September 2021, Mr. Wichmann attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that his body is a temple of the Holy Spirit and that all life is sacred.  Ingesting a product derived from aborted fetal tissue cell lines violates his purity, healthy lifestyle and connection with God. He believes that doing so also makes him complicit in the taking of another life.  Through no fault of Mr. Wichmann, United deemed the attempt to notify the company through Help Hub was unsuccessful and, therefore, administratively denied the exemption request. A temporary restraining order against United kept Mr. Wichmann employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Wichmann was fired. Indeed, his Supervisor, Guam Chief Pilot Pierre Frenay, notified Mr. Wichmann that he would lose benefits/retirement if he persisted in his religious belief and did not leave the company. This was especially unreasonable as Mr. Wichmann had already recovered from COVID-19 and possessed natural immunity that was shown to be as strong at least as strong as vaccine-induced immunity. Moreover, Mr. Wichmann would have been willing to mask and test for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines). Mr. Wichmann's attempt in

September 2021, to notify United of his sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Wichmann's need for an accommodation, which was denied without any process.

1426. Plaintiff Margo Rae Wick: On or about September 10, 2021, Ms. Wick attempted to notify United Airlines of her desire to obtain a religious exemption from receiving the Covid-19 vaccine. This request was due to her sincerely held religious pro-life beliefs. Because the vaccine was derived from aborted fetal tissue cell lines, and because Ms. Wick believes that all life is sacred, she would be complicit in the act of abortion—the taking of an unborn baby's life, if she were to ingest the product. That would violate the biblical mandate against murder and make her an accomplice to that brutal act. Ms. Wick was able to submit a request for a medical accommodation due to a health condition that initially rendered her unable to receive the vaccine. United's Help Hub system was not designed to allow a person to request both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Wick's desire to also acquire a Religious Accommodation. In September, 2021, United granted Ms. Wick a request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Wick only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Wick to wear a N-95 respirator that the company knew was not intended for extended wear (especially while working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Ms. Wick suffered

655

harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Wick had previously recovered from Covid-19 and therefore possessed natural immunity that has been shown to be at least as strong as vaccine-induced immunity.

1427. Plaintiff Kevin Dale Wickstrom:  On October 4, 2021, Mr. Wickstrom attempted to notify United of his religious conflict with receiving a COVID-19 via email to Chief Pilot Brian Jackson. This was due to the sincerely held religious belief that guides Mr. Wickstrom to not put things in his body that can fundamentally change that which his faith teaches is made perfect. The COVID vaccine would have done just that, in violation of his faith. Through no fault of Mr. Wickstrom, United deemed the attempt to notify the company through Chief Pilot Jackson unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Wickstrom employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Wickstrom was fired.  Indeed, his Supervisor, Chief Pilot Brian Jackson, notified Mr. Wickstrom that he would lose his benefits/retirement if he persisted in his religious belief. Moreover, Mr. Wickstrom would have been willing to mask test regularly for COVID as a show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on October 4, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Wickstrom's need for an accommodation, which was denied without any process.

1428. Plaintiff Michelle Williams:   In Fall of 2021, Mr. Williams notified or attempted to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs.  While United may have acknowledged her sincerely held religious belief, she was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear  and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave.  All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.  Some were  forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief).  As a result of United's coercion, some acquiesced and took the vaccine.  This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.  Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

657

1429. Plaintiff Robert Paul Williamson: On August 31, 2021, Mr. Williamson notified United Airlines of his religious conflict with receiving a Covid-19 vaccine. This was due to his sincerely held religious belief that innocent life is sacred to God, from conception, to natural death. Mr. Williamson supports life. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product would violate Mr. Williamson's religious beliefs. On September11, 2021, United Airlines acknowledged Mr. Williamson sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United Airlines, the company determined that it could accommodate Mr. Williamson only by masking and testing regime that was intended to be punitive. He had to test twice a week, even on vacation. Rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Williamson to wear an N-95 respirator that the company knew was not suited to wear for extended wear (especially when working as a Storekeeper in a non airconditioned Texas warehouse) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Willianson suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Williamson had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1430. Plaintiff Daniel Willis: In August 2021, Mr. Willis notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

religious belief that forbids him to accept a vaccine that was derived from aborted fetal tissue cell lines. Ingesting such a product would make him complicit in the unholy act of abortion. On September 27, 2021, United acknowledged Mr. Willis' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Willis only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Willis to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Flight Dispatcher) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Willis suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Mr. Willis had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

1431. Plaintiff Jerry Dean Wills: In August 2021, Mr. Wills notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that it is an abomination and sin before God to ingest products derived from aborted fetal tissue cell lines. Doing so, he believes is sinful and makes him complicit in the act of abortion. In September 2021, United acknowledged Mr. Wills sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could

659

accommodate Mr. Wills only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Wills to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician), and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Mr. Wills was forced to wear the respirator even while working alone in the Sheet Metal shop. If he needed to perform a carbon fiber repair, per the Aircraft Maintenance Structural Repair Manual, the required Personal Protective Equipment included a cartridge filter, half mask, and protective eye wear. The procedure was not designed for a technician to wear both an N95 respirator and the 3M filters which only filtered intake air to prevent fiber ingestion. By forcing Mr. Wills to wear an N95 respirator under the 3M filter, United placed Mr. Wills' personal safety in jeopardy. Additionally, Mr. Wills suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1432. Plaintiff Barbara Wills:  In August 2021, Ms. Wills notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that it is an abomination and sin before God to condone the use of products derived from aborted fetal tissue cell lines.  Ingesting such a product would make her complicit in the act of abortion. In September 2021, United acknowledged Ms. Wills sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that

660

it could accommodate Ms. Wills only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Wills to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Line Maintenance Planner), and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Wills suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1433. Plaintiff Kawehilani Wills: In August, 2021,Ms. Wills notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the Bible calls the human body "a temple of the Holy Spirit" and by injection of the vaccine, which was derived from aborted fetal tissue cell lines, would defile the body's temple. On September 8, 2021, United acknowledged Wills's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Wills employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Wills was forced into retirement under duress. Indeed, her Supervisor notified Wills that she would lose her benefits/retirement if she persisted in their religious belief and did not leave the company. This was especially unreasonable since Wills had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Wills

661

would have been willing to mask and test regularly for COVID to show that she was not a danger to their co-workers (as was allowed by other airlines).

1434.  Plaintiff Naomi Wilshire:  In September 2021, Ms. Wilshire notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that her body is the temple of God and that she must be a good steward of his creation.  Knowingly ingesting products derived from aborted human fetal tissue cell lines, she believes, violates her command to not defile God's temple.  On September 9, 2021, United acknowledged Ms. Wilshire's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Wilshire only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Wilshire to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Wilshire suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Indeed, United would not even consider that Ms. Wilshire had just recovered from COVID-19 and therefore possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity.

662

1435. Plaintiff Natasha Winters: In August 2021, Ms. Winters notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious pro-life belief that all life is sacred to God. Because the vaccines were derived from aborted fetal tissue cell lines, by ingesting the product she would be complicit in the act of abortion and dishonoring the lives of the unborn, thereby committing sin. On September 14, 2021, United acknowledged Ms. Winters' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Winters only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Winters to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Customer Service Representative) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Winters suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1436. Plaintiff Dionne Nadine Witt: In August 2021, Ms. Witt notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that abortion is murder and a grievous sin. Ms. Witt believes that by ingesting products derived from aborted fetal tissue cell lines, she would be complicit in the act of abortion/murder. Based on her faith, she could not, in good conscience, inject anything into her body that is derived of these materials. On September 8, 2021, United

acknowledged Ms. Witt's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Witt only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Witt to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Fleet Service Employee) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Witt suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1437. Plaintiff Vola Womack: In August 2021, Ms. Womack desired to notify United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that life begins at conception as intended by God and therefore is sacred at any stage of development. Because the vaccine was derived from aborted fetal tissue cell lines, she believes ingesting the product is immoral and sinful. Further, she believes that her body represents the temple of God, and as such, it is equipped with a God-given immune system that works in a Divine manner through God to rid a human body of ailments, and that allowing for morally impure pharmaceutical products to enter a human body will interfere with God's Divine healing power and jeopardize and defile a God-given immune system. Ms. Womack was able to submit a request for a Medical Accommodation due to a health condition that rendered her unable

664

to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Ms. Womack's desire to also acquire a religious accommodation. In September 2021, United granted Ms. Womack's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Womack employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Womack was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Ms. Womack would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1438. Plaintiff Pooi Keun Wong: In September 2021, Ms. Wong attempted to notify United of her religious conflict with receiving a COVID-19 vaccine through the United Help Hub system. This was due to the sincerely held religious belief that life is sacred from the moment of conception and the killing of innocent life is the murder of an innocent human in violation of Scripture. She believes her body is temple of the Holy Spirit, and to inject medical products that have any connection, whatsoever, to aborted fetal cell lines would be sinful and defiling the temple of the Holy Spirit. Ms. Wong was away from work suffering from COVID-19 over the arbitrary August 31, 2021 deadline, and attempted to submit her accommodation as soon as she was well enough to complete the process. Through no fault of Ms. Wong, United deemed the attempt to notify the company through Help Hub on September 2, 2021 unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Ms.

665

Wong employed for a short time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Wong was suspended from flying without pay for two months and terminated in February 2022. Her Supervisor, Lina Slack notified Ms. Wong that she would lose her benefits, retirement, and employment if she persisted in her religious belief and did not receive the vaccination. This was especially unreasonable since Ms. Wong had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Wong would have been willing to mask and test regularly for COVID-19 to show that she was not a danger to her co-workers (as was allowed by other airlines and within United employees base in in the United Kingdom). The attempt on September 2, 2021 to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Ms. Wong's need for an accommodation, which was denied without any process.

1439. Plaintiff Jennifer Kay Woodburn: In August 2021, Ms. Woodburn notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious beliefs that her body was created by God as a perfect, unique, temple, and it should not be desecrated by injecting foreign substance, especially products derived from aborted fetal tissue cell lines. Doing so, she views, would be sinful. On September 10, 2021, United acknowledged Ms. Woodburn's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Woodburn employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Woodburn was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not

provide for her family (an equally-important religious belief). As a result of United's coercion, Ms. Woodburn acquiesced and took the vaccine. This was an especially pointless violation of Ms. Woodburn's faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine- induced immunity. Moreover, Ms. Woodburn would have been willing to mask and test regularly for COVID to show that she was not a danger to her co-workers (as was allowed by other airlines).

1440. Plaintiff Dana Woodward: Ms. Woodward notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to her sincerely held religious belief that her body is The Temple of GOD Himself. Therefore, she is unable to eat, ingest, inhale, or be inoculated by any substance of unknown or impure origins. Having no information as to the contents of the Covid Vaccine, or its effects on her body, God's Temple, she determined that ingesting the vaccine would cause her to defile her Temple thereby committing sin against God. On August 18, 2021, United acknowledged Ms. Woodward's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Ms. Woodward only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Ms. Woodward to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Inspection Assistant Manager), and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Ms. Woodward suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate

667

in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1441. Plaintiff Jamie Wright: In August 2021, Ms. Wright was on maternity leave and notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that the COVID-19 vaccine was derived from aborted fetal tissue cell lines and that by ingesting the product she would be promoting the murder of unborn babies. Because of her sincere faith, she believes that murder is wrong. She also believes that accepting the vaccine would make her complicit in that sin. Even though Ms. Wright was on an approved leave of absence at the time of the mandate, she was granted a reasonable accommodation because she pro-actively submitted her request before the company-imposed August 31, 2021, deadline. On September 9, 2021, United acknowledged Ms. Wright's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. Ms. Wright was forced to endure unpaid leave at the end of her maternity leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Ms. Wright's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Ms. Wright would have been willing to mask and test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1442. Plaintiff Joseph Wright: In August 2021, Mr. Wright desired to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a divine temple. Because the vaccine was

668

derived from aborted human fetal stem cell lines and genetic material from animals deemed unclean, he cannot ingest the product. He believes that it is sinful and rejects aborting human children while growing in their mother's womb. The knowing consumption of any product that contains any part of an aborted human child's genetic material makes him complicit in the act, an action that violates the basic tenets of his faith. Mr. Wright was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Wright's desire to also acquire a religious accommodation. September 16, 2021, United granted Mr. Wright's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Wright employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Wright was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. Moreover, Mr. Wright would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines.)

1443. Plaintiff William Wright: In Fall of 2021, Mr. Wright notified or attempted to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious beliefs. While United may have acknowledged his sincerely held religious belief, he was promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could

accommodate some employees only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous eighteen months of the pandemic, United forced certain employees to wear an N-95 respirator that the company knew was not suited for extended wear and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). These employees suffered harassment/ridicule/etc. at work, were forced to eat outside/alone, isolated from co-workers, and were not allowed to participate in regular company activities. Other employees were put on unpaid leave. All of this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights. Some were forced to either take the vaccine (at the cost of their religious belief) or be forced into a position where they could not provide for their family (an equally-important religious belief). As a result of United's coercion, some acquiesced and took the vaccine. This was an especially pointless violation of their faith given the fact that they had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, they would have been willing to test regularly for COVID as a show that they were not a danger to their co-workers (as was allowed by other airlines).

1444. Plaintiff Maria Wynn: In August 2021, Ms. Wynn notified United of her religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that all life is sacred. Ms. Wynn believes that God commands her to protect her body and to control what she puts into it. She believes life begins at conception, and abortion ends an innocent life. As such, ingesting products derived from aborted fetal tissue cell lines violates her moral and religious beliefs, and makes her complicit in the vile act of abortion which she believes is sinful. On August 24, 2021,

670

United acknowledged Ms. Wynn's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Wynn employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Ms. Wynn was forced to either take the vaccine (at the cost of her religious belief) or be forced into a position where she could not provide for her family (an equally important religious belief). As a result of United's coercion, Ms. Wynn acquiesced and took the vaccine. This was an especially pointless violation of Ms. Wynn's faith given the fact that she had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine induced immunity. Moreover, Ms. Wynn would have been willing to test regularly for COVID as a show that she was not a danger to her co-workers (as was allowed by other airlines).

1445. Plaintiff David Yoder: In September 2021, Mr. Yoder attempted to notify United of his religious conflict with receiving a COVID-19 vaccine through the United "Help Hub" system. This was due to the sincerely held religious belief in the sanctity of life. Because the vaccine was derived from aborted fetal tissue cell lines, ingesting the product is in direct violation of his fact. In fact, doing so would be viewed by his God as a grave sin. Mr. Yoder's faith command that he cannot be complicit in the killing of any soul, especially not innocent children, and not for personal or material gain. Through no fault of his own, United deemed the attempt to notify the company through "Help Hub" unsuccessful and administratively denied the exemption request. A temporary restraining order against United kept Mr. Yoder employed for some time, but once it expired, the company followed through on its promise to unvaccinated workers out of a job even if they had an exemption. Mr. Yoder was forced into retirement, under duress. Indeed, his

Station Manager, Steve Tanzella, notified Mr. Yoder that he would lose his retirement/benefits if he persisted in his religious beliefs and did not leave the company. This was especially unreasonable since Mr. Yoder had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Yoder would have been willing to test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines). The attempt on September 29, 2021, to notify United of the sincerely held religious belief in conflict with the vaccination requirement put United on notice of Mr. Yoder need for an accommodation, which was denied without any process.

1446. Plaintiff Steven Duane Young: In August 2021, Mr. Young notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is the temple of His Spirit. He also believes that all life, including his, is precious to God, sanctified, set apart, and declared holy. Knowingly ingesting a vaccine that is derived from aborted fetal tissue cell lines would make him complicit in the act of ending a life, defile His temple, and would violate Mr. Young's deeply held religious beliefs. Mr. Young's faith, in good conscience does not allow him to do so. On September 15, 2021, United acknowledged Mr. Young 's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Young only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Young to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on

wearing (as its OSHA violation later showed). Additionally, Mr. Young suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1447. Plaintiff Thomas Aaron Young: In August 2021, Mr. Young notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that his body is a temple of the Holy Spirit. As such he believes he is to abstain from COVID vaccines as he is prohibited from injecting biological substances in order to remain pure. On September 30, 2021, United acknowledged Young's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Young only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Young to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as a Ramp Service Agent) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Young suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1448. Plaintiff Kwok Fai Yuen: In August 2021, Mr. Yuen notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held

religious belief that GOD blessed him with an immune system to help battle diseases. It should be kept at its purest form and shall not be altered. Vaccines contains foreign DNA, neurotoxins, cells, animal parts, albumin from human blood, aborted fetal tissue cells, attenuated viruses, and chemical waste. Yuen's faith requires that these impurities not be introduced into his immune system to taint or modify it. On September 10, 2021, United acknowledged Mr. Yuen's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Yuen only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Yuen to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Yuen suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employee—steps purposefully taken to punish the exercise of religious rights.

1449. Plaintiff Jason Anthony Zaremba: In August 2021, Mr. Zaremba notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held religious belief that every life is sacred. Therefore, he could not in, good faith or good conscience, ingest anything derived from aborted fetal tissue cell lines or built with the blood of the innocent. To accept any one of those vaccine would be a grave sin and would taint the temple of the Holy Spirit, jeopardizing his relationship with God.

674

On September 13, 2021, United acknowledged Mr. Zaremba's sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Zaremba only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Zaremba to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Zaremba suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

1450. Plaintiff Robert John Zerr:  In August 2021, Mr. Zerr desired to notify United of his religious conflict with receiving a COVID-19 vaccine. This was due to his sincerely held religious belief in the of sanctity of life. His life-long Catholic faith guides his belief that human life begins at conception and ends at natural death. Mr. Zerr believes it is morally objectionable to his faith tenets to ingest a product that was derived from aborted human fetal tissue cells, as that would make him complicit in violating the sanctity of life commitment of his faith. Mr. Zerr was able to submit a request for a Medical Accommodation due to a health condition that rendered him unable to receive the vaccine. United's Help Hub system was not designed to allow a person to submit both Medical and Religious Accommodation requests, which is discriminatory itself. United provided no guidance as to how to notify the company of Mr. Zerr's desire to also acquire

675

a religious accommodation. On or about September 15, 2021, United granted Mr. Zerr's request for a Medical Accommodation. This notice promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Mr. Zerr employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job even if they had an exemption. Mr. Zerr was forced to endure unpaid leave until such time that United decided to recall all customer-facing employees they put out of work. This was an especially pointless violation of Mr. Zerr's faith given the fact that he had already recovered from COVID-19 and possessed natural immunity that was shown to be at least as strong as vaccine-induced immunity. Moreover, Mr. Zerr would have been willing to mask and test regularly for COVID to show that he was not a danger to his co-workers (as was allowed by other airlines).

1451.    Plaintiff Mary Elizabeth Zimmerman:  In September 2021, Ms. Zimmerman notified United of her religious conflict with receiving a Covid 19 vaccination. This was due to sincerely held religious belief in the sanctity of life.  As a Christian, with a Christian Worldview, she believes God commands her to not take another life, or be complicit in the act which includes abortion.  She believes that because aborted fetal tissue cell lines were used in the testing, development, and/or manufacturing of the vaccines, ingesting them would make her complicit in the death of an unborn, aborted child which would be a grave sin. On September 25, 2021, United acknowledged Ms. Zimmerman's sincerely held religious belief, but promised only the unreasonable accommodation of unpaid leave. A temporary restraining order against United kept Ms. Zimmerman employed for some time, but once it expired, the company followed through on its promise to put unvaccinated workers out of a job, even if they had an exemption. Ms. Zimmerman was

676

forced to retire under duress. United management told Ms. Zimmerman was told she would lose her benefits/retirement if she persisted in her religious belief and did not leave the company. Moreover, Ms. Zimmerman would have been willing to mask and test regularly for Covid to show that she was not a danger to her co-workers (as was allowed by other airlines).

1452. Plaintiff Michael Zsilavetz: In August of 2021, Mr. Zsilavetz notified United of his religious conflict with receiving a COVID-19 vaccine. This was due to the sincerely held pro-life Roman Catholic religious beliefs. Based on church teachings and doctrine, Mr. Zsilavetz believes that all decisions must consider one's individual conscience and must be voluntary. Knowingly ingesting products derived from aborted fetal tissue cell lines, he believes, is morally reprehensible and a violation of his conscience as he would be complicit in the act of abortion—ending the life of an unborn child. Doing so involuntarily would be a sin. On September 16, 2021, United acknowledged Mr. Zsilavetz' sincerely held religious belief but promised only the unreasonable accommodation of unpaid leave. After legal action was taken against United, the company determined that it could accommodate Mr. Zsilavetz only by a masking/testing regime that was intended to be punitive. Indeed, rather than wearing the masks that had been provided by the company for the previous 18 months of the pandemic, United forced Mr. Zsilavetz to wear an N-95 respirator that the company knew was not suited for extended wear (especially when working as an Aircraft Maintenance Technician/Quality Control Inspector) and which the company did not provide guidance/training on wearing (as its OSHA violation later showed). Additionally, Mr. Zsilavetz suffered harassment/ridicule/etc. at work, was forced to eat outside/alone, isolated from co-workers, and was not allowed to participate in regular company activities. All this was part of United's continued coercion against

677

unvaccinated employees—steps purposefully taken to punish the exercise of religious rights.

## COUNT I

### Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*
### Religious discrimination—disparate treatment and failure to accommodate

### On behalf of all Religious Plaintiffs

1453.  Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

1454.  Title VII prohibits an employer from discriminating against an employee "because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1).  This "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." *Id*. § 2000e(j).

1455.  The Religious Plaintiffs hold sincere religious beliefs that preclude them from receiving a COVID-19 vaccine.

1456.  The Religious Plaintiffs informed United of those beliefs and requested (or tried to request) religious accommodations from the vaccine mandate.

1457.  United refused to engage in the interactive process with the Religious Plaintiffs regarding their religious accommodation requests and instead only responded to Plaintiffs with invasive questions or processes designed to deter Plaintiffs from exercising their religious beliefs.  Indeed, United never intended to provide a reasonable accommodation for any sincerely held religious beliefs.  Thus, whether the company "granted" the request for an accommodation or found a convenient way to dismiss the request as ultimately and/or irrelevant for United's purposes—the company was

678

determined to coerce any unvaccinated employee no matter what their status was with the company. This made the interactive process irrelevant as well.

1458. Irrespective of the interactive process, United failed to provide the Religious Plaintiffs with reasonable accommodations for their religious beliefs, as neither termination, demotion, forced early retirement, subjection to United's punitive mask-and-test protocol, nor the Hobbsian choice between violating ones faith or health by getting the vaccine and losing one's livelihood is a reasonable accommodation. Rather, each is an adverse employment action.

1459. Even those who were "accommodated" were treated worse by United, showing disparate treatment for employee's because of their religious beliefs.

1460. United thereby discriminated against the Religious Plaintiffs because of their religious beliefs.

1461. United's failure to provide religious accommodations has harmed and will continue to harm the Religious Plaintiffs.

1462. By failing to engage in the interactive process or offer any reasonable accommodation, United's discriminatory actions were intentional and/or reckless and in violation of Title VII.

## COUNT II

### Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*
### Religious discrimination—retaliation

### On behalf of all Religious Plaintiffs

1463. Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

1464. Title VII also makes it unlawful for "an employer to discriminate against any of [its] employees . . . because [s]he has opposed any practice made unlawful by this

679

subchapter." 42 U.S.C. § 2000e-3(a); *see Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 850 (9th Cir. 2004).

1465.   The Religious Plaintiffs engaged in protected activity when they requested (or tried to request or desired to request but were stiemed by United intentionally confusing, tilted, and severe policy) religious accommodations from United's vaccine mandate.

1466.   United responded almost immediately by announcing that it would formally or effectively terminate their employment.  This was so even though United has conceded that many of the requests for religious accommodation are legitimate by "granting" those requests.  In response to the litigation (and not out of a concern for Plaintiffs civil rights or their safety), United offered additional false accommodations, including demotion or a draconian mask-and-test protocol.

1467.   United's response to Plaintiffs' protected activity—termination, demotion, forced early retirement, subjection to United's punitive mask-and-test protocol—were each an adverse employment action intended to force employees to forgo their religious beliefs and receive the COVID-19 vaccine.  When its improper questioning of the employees' religious beliefs failed, United chose to retaliate by giving the employees the false choice between vaccination and an adverse employment action.

1468.  The Religious Plaintiffs' religious beliefs and protected activity were the causes of United's adverse employment action.  Indeed, United's derisive view of employees with religious beliefs has been documented.  Moreover, United's disparate treatment of religious accommodation requests—arbitrarily cutting off the deadline for submitting religious accommodations, while potentially still accepting requests for medical accommodation (even though the end result is basically the same)—only

confirms United's hostility to requests for religious accommodation. United did not bother engaging in an interactive process with accommodation seekers because it never intended to provide them with a reasonable accommodation.

1469. By retaliating against the Religious Plaintiffs for engaging in protected activity, United violated Title VII. This violation has harmed and continues to harm the Religious Plaintiffs.And, by defaulting to the medical accommodation over the religious accommodation, in an effort to get those who had both medical and religious objections to accept using their accrued medical benefits that were not normally allowed under company policy, United gained two advantages to the detriment of the employees. First, they were able to reduce their "on book" liability of accrued benefits thereby causing the medically accommodated to endure unpaid leave while effectively "paying themselves." Second, the policy of allowing those with medical RAPs to "cash in" their sick time was in direct violation of company policies that state that sick time can only be used when one is sick allowed United to discriminate against the religious employees who edured with no pay or benefits, further increasing the pressure to violate their faith and acquiesce to the mandate.

### COUNT III

### Violation of the ADA, 42 U.S.C. § 12101, *et seq.*
### Disability discrimination—disparate treatment and failure to accommodate

### On behalf of all Disability Plaintiffs

1470. Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

1471. The Disability Plaintiffs have disabilities that prevent them from receiving a COVID-19 vaccine but do not prevent them from performing the essential functions of

their jobs. Under the ADA, they are entitled to a reasonable accommodation from any employment requirement that would conflict with their disability.

1472. The Disability Plaintiffs informed United of their disabilities.

1473. The Disability Plaintiffs requested reasonable medical accommodations from United's vaccine mandate for their disabilities.

1474. United refused to engage in the interactive process with Plaintiffs regarding their medical accommodation requests.

1475. United violated the ADA when it denied or effectively denied Plaintiffs' accommodation requests.

1476. Where United offered termination, demotion, forced early retirement, or subjection to United's punitive mask-and-test protocol, it failed to provide a reasonable accommodation.

1477. Even those who were "accommodated" were treated worse by the company, as if they were permanently infected with COVID-19.

1478. United thereby discriminated against Plaintiffs because of their disabilities.

1479. United's failure to provide medical accommodations harmed and continues to harm Plaintiffs.

1480. By failing to engage in the interactive process or offer any reasonable accommodation, United's discriminatory actions were intentional and/or reckless, and in violation of the ADA.

## COUNT IV

### Violation of the ADA, 42 U.S.C. § 12101, *et seq.*
### Disability discrimination—retaliation

### On behalf of all Disability Plaintiffs

1481. Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

1482. The Disability Plaintiffs engaged in protected activity when they requested medical accommodations from United's vaccine mandate.

1483. United responded by taking an adverse employment action against each employee when it announced that it would formally or effectively terminate their employment. This was so even though United has conceded that many of the requests for medical accommodations are legitimate by "granting" those requests.

1484. United's response to Plaintiffs' protected activity with a draconian threat of termination, demotion, forced early retirement, or subjection to United's punitive mask-and-test protocol, including a threat of denied access to insurance or benefits, was an adverse employment action intended to force employees to forgo their medical reasons for not receiving the COVID-19 vaccine.

1485. Plaintiffs' medical disability and protected activity were the causes of United's adverse employment action. As discussed above, United's derisive view of employees with disabilities has been documented.

1486. By retaliating against Plaintiffs for engaging in protected activity, United has violated the ADA.

## PRAYER FOR RELIEF

Plaintiffs request that the Court:

a.　Declare that United has violated Title VII and the ADA by failing to engage in the interactive process and provide reasonable accommodations in response to requests for accommodations to its COVID-19 vaccine mandate.

b.　Declare that United has violated Title VII and the ADA by retaliating against employees who engaged in protected activity.

c.　Issue a permanent injunction, enjoining United from terminating, placing on unpaid leave, subjecting to a punitive mask-and-test protocol, or failing to promote/hire any employee who has a religious or medical basis for seeking an accommodation from a COVID-19 vaccine mandate.

d.　Award Plaintiffs damages, including: back pay, reinstatement or front pay, lost seniority credit, accrued benefits, retirement contributions, pre-judgment and post-judgment interest, punitive damages, and compensatory damages.

e.　Award Plaintiffs reasonable attorneys' fees and costs.

f.　Grant any other relief that the Court deems just, proper, and equitable.

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues upon which there is a federal right to a jury trial.

September 23, 2024

Respectfully submitted,

*/s/ John C. Sullivan*
John C. Sullivan
Texas Bar No. 24083920
Jace R. Yarbrough
Texas Bar No. 24110560
**S|L Law PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com
jace.yarbrough@the-sl-lawfirm.com

**COUNSEL FOR PLAINTIFFS**