**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRACY BROWN, et al., | |
| Plaintiffs, | Case No. 1:26-cv-07487 |
| v. | Hon. Manish S. Shah |
| UNITED AIRLINES, INC., | |
| Defendant. | |

**UNITED AIRLINES, INC.'S BRIEF IN SUPPORT OF
<u>RENEWED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

**INTRODUCTION**

This case packages 709 Plaintiffs' individual Title VII and ADA claims into a single complaint. But joinder does not aggregate Plaintiffs' rights or relieve any Plaintiff of the obligation to satisfy threshold requirements, such as filing on time, exhausting administrative remedies, and plausibly pleading their claims.[1] The Plaintiffs have failed in those obligations, so United moves to dismiss the claims in the Second Amended Complaint ("Complaint") on the following grounds:[2]

*1. Untimely Claims.* 464 Plaintiffs' claims are time-barred under the 90-day limitations period for filing a lawsuit under Title VII and the ADA because (i) they filed in the initial complaint 94 days after class action tolling ended, (ii) and/or joined in a later-filed amended complaint more than 90 days after they received their right-to-sue notice from the EEOC.

*2. Failure to Exhaust.* 195 Plaintiffs must have their claims entirely dismissed because they failed to exhaust administrative remedies for their Title VII and ADA claims, including 193 who lack an EEOC charge. Another 56 Plaintiffs assert claims in this lawsuit that exceed the scope of their EEOC charge.

*3. Failure to Plead Adverse Action or Disability.* At least 570 Plaintiffs fail to allege an actionable adverse employment action, including those Plaintiffs who kept working with pay while being accommodated with masking and testing (362), those who chose to be vaccinated (133), those who voluntarily retired (64), and those for whom the Complaint provides *no facts* to support their claims (11). Claims also fail for 137 ADA Plaintiffs who do not plausibly allege a disability.

*4. Legally Deficient Retaliation Claims.* All 709 retaliation claims fail because, among

---

[1] *See* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1652 (4th ed. 2019) ("each plaintiff's right of action remains distinct, as if it had been brought separately").

[2] Exhibit A identifies, plaintiff by plaintiff, the specific grounds for dismissal, and Appendix 1 to this brief summarizes those bases for the Court's convenience.

other reasons, Plaintiffs do not (because they cannot) allege that the accommodation made them worse off than any employee who likewise objected to the vaccine but who did not seek an accommodation.

5. ***No Standalone Disparate Treatment Claims.*** Any disparate-treatment claims fail since the differential treatment is allegedly based on *vaccination status*, not a protected characteristic.

## BACKGROUND

**Procedural History.** Plaintiffs allege they were all members of the putative class in *Sambrano v. United Airlines,* No. 4:21-cv-01074-P, a class action that was filed in 2021. ECF 21 ("Compl.") ¶¶ 14, 24. On June 21, 2024, the court in *Sambrano* certified a class of United customer-facing employees who received a religious accommodation of unpaid leave, but it declined to certify two other subclasses. *Sambrano v. United Airlines, Inc.*, 347 F.R.D. 155 (N.D. Tex. 2024). Plaintiffs here are not members of the certified class in *Sambrano*. Compl. ¶¶ 14, 24.

On September 23, 2024—94 days after the *Sambrano* Court's class certification order— Plaintiffs filed this action. ECF 1. This case was then stayed pending appeal of the class certification order in *Sambrano*. ECF 17. Plaintiffs filed the current Complaint on January 6, 2026, ECF 21, having previously amended their complaint on January 10, 2025, ECF 6. Following the Fifth Circuit's ruling affirming the district court's class certification order in *Sambrano*,[3] the district court reopened this case and later ordered the case transferred to this district. ECF 26, 44.

**Factual History.** United required employees to receive the first dose of the COVID-19 vaccine by September 27, 2021. Compl. ¶ 750. United announced its policy on August 6, 2021, and "required all employees to submit requests for accommodation by August 31, 2021." *Id.* ¶¶ 748, 777. On September 9, 2021, United began granting accommodations that allowed each

---

[3] United is petitioning the Supreme Court for review of the class certification decision.

employee who received one to remain unvaccinated and to continue employment by United; accommodations varied based on many factors, including the feasibility of masking-and-testing and the customer-facing nature of employees' roles. *See id.* ¶¶ 788–806.

**Claims Asserted.** The Complaint includes claims asserted individually by 709 Plaintiffs who raise numerous objections to United's COVID-19 policies. The Plaintiffs consist of 478 non-flight crew employees (such as ramp workers, operations personnel, and Customer Service Representatives), 87 pilots, and 144 flight attendants. *Id.* ¶¶ 807–1514. In Counts I and III, each "Religious Plaintiff" and "Disability Plaintiff" claims that United violated Title VII and the ADA, respectively, by "failing to engage in the interactive process or offer any reasonable accommodation." *Id.* ¶¶ 1524, 1542. In Count II, the "Religious Plaintiffs" allege that United "retaliate[d]" against them when Plaintiffs "requested … religious accommodations." *Id.* ¶¶ 1527, 1529. In Count IV, the "Disability Plaintiffs" allege that United "retaliat[ed]" against them when Plaintiffs "requested medical accommodations." *Id.* ¶¶ 1544, 1548.

### DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A]llegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). When deciding a motion under Rule 12(b)(6), the court reviews the complaint, "documents attached to the complaint, and documents that are referenced in and central to its claims." *Gill v. CEC Emp. Gp., LLC*, 2020 WL 5909068, at *1 (N.D. Ill. Oct. 6, 2020) (Shah, J.).

I.    **Claims of 464 Plaintiffs Who Failed to File Within the 90-Day Statutory Limitations Period Following the *Sambrano* Class Decision Must Be Dismissed with Prejudice.**

Title VII and ADA plaintiffs have 90 days from the date of their right-to-sue notice to file

claims. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a); *see also Dent v. Charles Schwab & Co., Inc.*, 121 F.4th 1352, 1353–54 (7th Cir. 2024) (per curiam) (affirming dismissal of Title VII claim filed five days after 90-day deadline); *Hightower v. Will County Health Dep't*, 2025 WL 296329, at *3 (N.D. Ill. Jan. 24, 2025) (holding claims from first EEOC charge were "not timely filed" and dismissing claims with prejudice as time-barred) (Shah, J.).

Here, each Plaintiff alleges being a member of a putative class in *Sambrano*. Compl. ¶ 24. If true, the 90-day period to bring a lawsuit would have been tolled only until the district court's June 21, 2024 ruling rejecting Rule 23 certification of their claims as part of the *Sambrano* class.[4] *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 561 (1974); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 347–48, 354 (1983) (applying *American Pipe* tolling to Title VII claim). As the Seventh Circuit explains, a "decision against [class] certification, or a limited certification, ends the tolling and the time resumes running." *Lewis v. City of Chicago, Ill.*, 702 F.3d 958, 961 (7th Cir. 2012). "Resumption [of the time to file suit] is automatic" and does not "depend[] on anyone's knowledge that class certification had been denied or the scope of a class limited." *Id.*[5] Indeed, Plaintiffs acknowledge in their Complaint that the certification order in *Sambrano* triggered the running of their time to file suit. *See* Compl. ¶ 24.

The 90-day deadline from the *Sambrano* class certification decision was on September 19, 2024, and the vast majority of the Plaintiffs missed it. The *Brown* complaint was originally filed on September 23, 2024, **94 days** after the class certification order. *See* ECF 1. Therefore, for any Plaintiff who received a right-to-sue notice before June 25, 2024 (*i.e.*, 90 days before the original

---

[4] United assumes, for the purpose of this motion only, that Plaintiffs can take advantage of *American Pipe* tolling and that no other defenses to timeliness apply.

[5] Though notice is irrelevant, it undisputedly occurred here since Plaintiffs' counsel is also counsel in *Sambrano*, and he received an ECF notification of the class certification decision.

complaint was filed), their claims are untimely. *See* Ex. A, B, D.

Additional Plaintiffs first filed their claims in one of two subsequent amended complaints. For any Plaintiff who received a right-to-sue notice before October 12, 2024 (*i.e.*, 90 days before the January 10, 2025 First Amended Complaint) and who first appeared in the First Amended Complaint, their claims are also untimely. *See* ECF 6; Ex. B, D. Likewise, for any Plaintiff who received a right-to-sue notice before October 8, 2025 (*i.e.*, 90 days before the January 6, 2026 Second Amended Complaint) and who first appeared in the Second Amended Complaint, their claims are untimely. *See* Compl.; Ex. B, D. 464 Plaintiffs' claims are untimely (455 of whom had claims that were untimely when the original complaint was filed).[6] *See* Ex. A, B. The claims of those Plaintiffs must be dismissed with prejudice. *See Riley v. Sonova USA Inc.*, No. 25 CV 11454 (N.D. Ill. June 24, 2026) (Ex. F) (dismissing ADA claims with prejudice where plaintiff filed one day after 90-day deadline) (Shah, J.); *Hightower*, 2025 WL 296329, at *3 n.3.

## II. The Court Should Dismiss Plaintiffs Who Failed to Administratively Exhaust.

### A. 195 Plaintiffs Do Not Have a Right-to-Sue Letter.[7]

Title VII and the ADA expressly provide that each plaintiff-employee must "exhaust his administrative remedies" by both "filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); 42 U.S.C. §§ 2000e-5(e), 2000e-5(f)(1), 12117(a); *see also Leggette v. Dr Pepper/Seven Up, Inc.*, 2022 WL 6750261, at *1 (N.D.

---

[6] Copies of all right-to-sue notices referenced in the Complaint are provided in Exhibit D. Courts are permitted to rely on EEOC right-to-sue notices and charges in ruling on motions to dismiss under Rule 12(b)(6). *See Hernandez v. Partners Warehouse Supplier Servs., LLC*, 890 F. Supp. 2d 951, 958 (N.D. Ill. 2012); *Adams*, 742 F.3d at 729. As such, in *Sambrano*, the court granted Rule 12(b)(6) motions for claims being untimely and for exceeding the scope of their EEOC charge. *See Sambrano*, 707 F. Supp. 3d at 675–78.

[7] If the Court dismisses the 464 untimely Plaintiffs, only 245 remain. Of those, 193 lack an EEOC charge, and 2 lack a right-to-sue notice, leaving only 50 remaining Plaintiffs, whose claims should still be dismissed for reasons discussed *infra.*

Ill. Oct. 11, 2022) (Shah, J.) ("Filing suit before receiving [an EEOC right-to-sue] letter isn't a jurisdictional problem, but is a reason to dismiss a Title VII claim under Rule 12(b)(6)."). Here, Plaintiffs offer only the collective and conclusory allegation that "[af]ter making a charge against United with the EEOC, Plaintiffs have been issued Right to Sue letters." Compl. ¶ 24. But the Complaint does not plausibly allege that *each* Plaintiff received a right-to-sue notice or identify any specific Plaintiff's exhaustion status. Those omissions are telling, as United lacks a record of any EEOC charge being filed for 192 Plaintiffs, and 1 Plaintiff withdrew her charge (Jane Debus). Ex. B ¶ 6.[8] In addition, 2 Plaintiffs have pending charges but appear not to have received a right-to-sue notice yet, and thus have not exhausted. *Id.* ¶¶ 6, 8. As in prior cases, this Court should dismiss all of these 195 Plaintiffs' claims because they "ha[ve] not yet received a right-to-sue letter from the EEOC." *Leggette*, 2022 WL 6750261, at *1–2.

### B. 56 Plaintiffs' Claims Exceed the Scope of the EEOC Charge.

A plaintiff "may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Chaidez*, 937 F.3d at 1004. This requires, "at minimum," that the charge and complaint "describe the *same conduct* and implicate the *same individuals*." *Id.* Applying this principle, the court in *Sambrano* dismissed a plaintiff's Title VII claims because her charge lacked any mention of religious discrimination, referring only to her ADA claim. *Sambrano v. United*

---

[8] Because EEOC regulations require the EEOC to notify the charging party's employer "[w]ithin ten days after the filing of a charge," United's lack of notification presumptively establishes the absence of a charge. *See* 29 C.F.R. § 1601.14(a). United previously requested EEOC files for all Plaintiffs, but the EEOC did not provide any records for these Plaintiffs. In response to such request, the EEOC stated that "if any entity is a respondent to a charge of discrimination, that entity would have been given notice of that fact by the Commission. Our office would encourage you to consider the above regulation since you state that your client has no record of a charge of discrimination, and no record of receiving the statutory required notice from the EEOC that a charge was filed." *E.g.*, Ex. C, App. 0056–59 (Jan. 31, 2025 FOIA Response).

*Airlines, Inc.*, 707 F. Supp. 3d 652, 677–78 (N.D. Tex. 2023). Courts in the Seventh Circuit do the same. *See Summerland v. Exelon Generation Co.*, 455 F. Supp. 3d 646, 660–61 (N.D. Ill. 2020) (dismissing Title VII retaliation claims where the plaintiff's EEOC charge checked "Disability" and "Retaliation" boxes and the charge's narrative "sa[id] nothing about discrimination based on race, color, sex, religion, or national origin"); *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (upholding dismissal on this basis).

Plaintiffs bring 56 claims that are "beyond the scope of [the Plaintiffs'] EEOC charges."[9] *Sambrano*, 707 F. Supp. 3d at 676–78; *compare* Compl. *with* Ex. E; *see also* Ex. A; Ex. B ¶¶ 12, 13. Here, all Plaintiffs assert a Title VII claim, but 45 failed to adequately exhaust the claim, either because they did not include a basis for a Title VII claim in their EEOC charge or now allege entirely different conduct from their charge. *See* Ex. B ¶¶ 12, 13. For example, Karlene Pattenaude only asserted disability discrimination in her charge, but now alleges Catholic beliefs and a Title VII claim, *compare* Ex. E, App. 1404 *with* Compl. ¶ 1287, and Gisselle Hartsfield solely asserted in her charge that she had an unspecified "impairment" under the ADA, while now alleging a religious conflict with vaccination, *compare* Ex. E, App. 1181 *with* Compl. ¶ 1066. And of the 137 Plaintiffs who appear to bring ADA claims, at least 11 lack any allegations related to an impairment or related to the ADA in their charges. *Compare* Ex. E, App. 1140 *with* Compl. ¶ 1025 (Maria Gorham). The Court should dismiss these 56 claims.

## III.    Every ADA Claim and Most Title VII Claims Lack Sufficient Allegations.

### A.    None of the ADA Claims Plausibly Alleges a Disability.

Each ADA Plaintiff must plausibly allege that they are "a qualified individual with a

---

[9] This Court may take judicial notice of the EEOC charges. *See Saud v. DePaul Univ.*, 2020 WL 5702165, at *4, *10 (N.D. Ill. Sept. 24, 2020) ("The Court may take judicial notice of the charge that Plaintiff filed with the EEOC, which Defendants attach to the motion to dismiss[.]").

disability." *Schoper v. Bd. of Trs. of W. Ill. Univ.*, 119 F.4th 527, 532 (7th Cir. 2024). The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities . . . , (B) a record of such an impairment, or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). No Plaintiffs' allegations refer to any "record" of impairment or to being "regarded as" disabled. Plaintiffs' ADA claims should be dismissed because they fail to satisfy prong (A): nearly all fail to identify any impairment and all fail to allege substantial limitations of a major life activity.

Here, 130 ADA Plaintiffs fail to plausibly allege an "impairment," which is a 'physiological disorder or condition.'" *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 889 (7th Cir. 2019) (citing 29 C.F.R. § 1630.2(h)(1)). Nearly every ADA Plaintiff (120 of 137) offers the identical boilerplate statement that they have an unspecified "health condition that rendered [him or her] unable to receive the vaccine." *See, e.g.*, Compl. ¶ 808; *see also* Ex. A. Another 10 Plaintiffs deviate from the template language but still fail to specify any impairment.[10] Thus, the conclusory allegations of these 130 Plaintiffs fall far short of alleging a "physical or mental impairment," and are subject to dismissal.[11]

That said, even if these Plaintiffs pleaded an "impairment," "the existence of a medical condition alone is insufficient to satisfy the ADA." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 607 (7th Cir. 2012). Plaintiffs must also allege that the impairment "substantially limited" a "major

---

[10] Isboset Caraffa, Jr., Tina Cohenour, Timothy Plevniak, and Salim Smith merely say they sought a medical accommodation from United. Compl. ¶¶ 893, 912, 1304, 1402. The other six—Raymond Byers, Susan Devoy, Brian DuLong, Jeanne Johnson, Sara Panton, and Lisa Reynolds—discuss medical-related issues, such as work injuries, without alleging any impairment. Compl. ¶¶ 883, 941, 955, 1120, 1283, 1323.

[11] The other 7 ADA Plaintiffs are Kanisha Clark, Bryant Dockray III, Jorge Ortiz, Norbert Rock, Helena Shoup-Ruby, Christa Strang, and Seth Turnbough. These Plaintiffs identify a health condition or medical event that, for purposes of this motion only, United does not challenge as sufficient to allege an "impairment." *See* Compl. ¶¶ 907, 947, 1274, 1334, 1381, 1423, 1451.

life activity." *Cassimy v. Bd. of Educ. of Rockford Pub. Schs., Dist. No. 205*, 461 F.3d 932, 936 (7th Cir. 2006); *Prince v. Ill. Dep't of Revenue*, 73 F. Supp. 3d 889, 893 (N.D. Ill. 2010) (dismissing where no allegations of how medical conditions "restricted [ ] major life activities"); *Grindling v. Cathay Pac. Airways, Ltd*., 2025 WL 1892564, at *4 (N.D. Ill. July 9, 2025) (dismissing vaccine-exemption ADA claim where not "alleged how his allergy to the Covid-19 vaccine substantially limited a major life activity such as his ability to work"); *Davis v. PowerStop, LLC*, 2024 WL 4894284, at *3 (N.D. Ill. Nov. 26, 2024) (no allegations regarding how "eye impairment" restricted "major life activity"). No ADA Plaintiff (even those who arguably identify an "impairment," (*supra* n.11)) meets this requirement. *See* 42 U.S.C. § 12102(2) (listing "major life activities"). Rather, they allege that their impairments preclude vaccination or wearing masks, but fail to connect their impairment to a major life activity. *See* Ex. A. All 137 ADA claims must therefore be dismissed. *See Haag v. Cook Cnty. Adult Prob.*, 2018 WL 5249228, at *3 (N.D. Ill. Oct. 22, 2018) (Plaintiffs "must provide some *factual* (instead of conclusory) explanation on the effect [their] disability has had on [their] major life activities").

**B.      Title VII Claims Without an Adverse Action or any Factual Basis Fail.**

There are 570 Title VII claims that fail to plausibly allege an adverse action or individualized facts. For a Title VII failure-to-accommodate-religion claim, a plaintiff must allege "(1) the observance or practice conflicting with an employment requirement is religious in nature; (2) the employee called the religious observance or practice to the employer's attention; and (3) the religious observance or practice was the basis for the employee's discharge or other discriminatory treatment." *Fron v. City of Chicago*, 2024 WL 4871373, at *2 (N.D. Ill. Nov. 22, 2024). For the third prong—"otherwise called an adverse employment action"—a Title VII plaintiff must allege "some harm respecting an identifiable term or condition of employment." *Id.* (citing *Muldrow v. City of St. Louis*, 601 U.S. 346, 355 (2024)). In other words, a plaintiff must

allege the accommodation "left him 'worse off' with respect to the terms and conditions of his employment." *Phillips v. Baxter*, 2024 WL 1795859, at *3 (7th Cir. Apr. 25, 2024) (quoting *Muldrow*, 601 U.S. at 359). Applying *Muldrow*, the Seventh Circuit has held that "some changes in [one's] daily responsibilities" are insufficient, particularly where "compensation, benefits, [and] vacation times . . . were not affected." *Arnold v. United Airlines, Inc.*, 142 F.4th 460, 471 (7th Cir. 2025). And in the COVID-context, a reassignment "to enable social distancing" likewise "did not constitute an adverse employment action"—even where the plaintiff's working hours and job location were altered. *Paterakos v. City of Chicago*, 147 F.4th 787, 797 (7th Cir. 2025); *McKay v. Wisconsin Dep't. of Revenue*, 2026 WL 1020625, at *16–17 (W.D. Wis. Apr. 15, 2026) (mask requirement not adverse action for hostile work environment claim).

The Complaint alleges 6 categories of Title VII Plaintiffs (Compl. ¶ 23), but Plaintiffs' claims in categories 2, 3, 4, and 5 must be dismissed: "(2) those who were demoted for refusal to take the COVID-19 vaccine; (3) those who were forced to retire early for refusal to take the COVID-19 vaccine; (4) those who were subjected to United's punitive masking-and-testing protocol for refusal to take the COVID-19 vaccine; [and] (5) those who took the COVID-19 vaccine under duress." In addition, Title VII Plaintiffs with no individualized facts fail to plausibly allege any adverse action and must also be dismissed.

***Category (2): Unidentified "Demoted" Employees.*** The Complaint contains a single allegation that "United allowed certain employees within this group [of non-customer facing employees] to work briefly in different roles, but the new roles were clear demotions. For example, Plaintiffs were moved from roles such as gate agents to non-customer facing roles—Agent on Demand—where their job duties changed and they were penalized with reduced hours, overtime opportunities, shift differentials, and pay." Compl. ¶ 799 n.6. The Complaint does not identify

10

which Plaintiffs were put in different roles, why this was a "demotion," or the circumstances of any "demotion." *See Adams*, 742 F.3d at 729 (pleading facts merely consistent with liability is insufficient to demonstrate plausibility); *see also Paterakos*, 147 F.4th at 797 (employee accommodated during COVID with a new assignment did not clear *Muldrow* adverse-action bar).

*Category (3): Employees Who Voluntarily Separated.* There are 64 Plaintiffs who allege they voluntarily separated from employment via early retirement, which fails to plausibly state an adverse action. *See, e.g.*, Compl. ¶¶ 836, 1037. A plaintiff who voluntarily separates must allege constructive discharge to establish adverse action. *See Fron*, 2024 WL 4871373, at *3. The bare allegations that Category (3) Plaintiffs were "forced to retire early" due to the prospect of their accommodation and/or future loss of benefits cannot support a claim of constructive discharge, because there are no particularized facts showing intolerable conditions beyond the existence of the vaccination requirement. And significantly, the *future* prospect of termination (and thus loss of pay)—due to a refusal to get vaccinated—has been held insufficient to demonstrate an adverse action. *See id.* at *4 (a "working condition does not become intolerable or unbearable merely because a prospect of discharge lurks in the background") (internal quotation omitted).

*Category (4): Masking and Testing.* There are 362 Plaintiffs who plead identical boilerplate allegations that they "suffered harassment/ridicule/etc. at work, [were] forced to eat outside/alone, isolated from co-workers, and [were] not allowed to participate in regular company activities." *E.g.*, Compl. ¶ 807; *see also id.* ¶ 5 (alleging employees were "subjected to a draconian masking-and-testing accommodation…"). Before transfer, the Texas court dismissed *Sambrano* plaintiffs who made identical allegations, applying the *Muldrow* standard (or its equivalent). *See Sambrano*, 707 F. Supp. 3d at 664–65; *Sambrano*, 347 F.R.D. at 173 ("The Supreme Court's recent ruling in *Muldrow v. City of St. Louis* underscores [the] point" that "masking and testing is not, by

11

itself, an adverse action.”). Seventh Circuit authority is in accord. *See McKay,* 2026 WL 1020625, at *16–18 (masking not adverse action for hostile work environment).[12] Moreover, Plaintiffs offer identical allegations without specific facts, which is insufficient to plead an identified “harm.”

***Category (5): Vaccinated Employees.*** There are 133 Plaintiffs who got vaccinated, and therefore cannot show “some injury respecting [their] employment terms or conditions,” *Muldrow*, 601 U.S. at 359, because nothing about their job changed. Such Plaintiffs allege they were “forced to either take the vaccine (at the cost of [their] [religious belief and/or health risk]) or be forced into a position where [they] could not provide for [their] family (an equally important religious belief).” *See, e.g.*, Compl. ¶¶ 1068, 1361. But no vaccinated Plaintiff alleges *any* change in a term or condition of *employment*. Nor was the prospect of unpaid leave or other accommodation an adverse action, because unfulfilled threats causing no material harm are not adverse employment actions under Title VII. *See Hottenroth v. Vill. of Slinger*, 388 F.3d 1015, 1030 (7th Cir. 2004); *Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 647 (7th Cir. 2005) (“[A] suspension without pay that is never served does not constitute an adverse employment action.”); *Lewis v. Wilkie*, 909 F.3d 858, 869 (7th Cir. 2018) (same); *Burton v. Bd. of Regents of Univ. of Wis. Sys.*, 851 F.3d 690, 696 (7th Cir. 2017) (unfulfilled threats of discipline not adverse).

***Title VII Claims Without Individualized Facts Must Be Dismissed.*** Finally, 11 Plaintiffs fail to allege even basic facts to support their claims. For example, Plaintiff Robin Wallner alleges that “some” employees were accommodated with masking and testing; “[o]ther employees”

---

[12] In addition, courts recognize masking and testing as reasonable accommodations for employees who sought accommodations from COVID vaccine requirements. *See Jackson v. Methodist Health Servs. Corp.*, 2023 WL 2486599, at *4 (C.D. Ill. Feb. 10, 2023), *aff'd*, 121 F.4th 1122 (7th Cir. 2024); *Egelkrout v. Aspirus, Inc.*, 2022 WL 2833961, at *3 (W.D. Wis. July 20, 2022); *see Oberst v. Cnty. of Lane*, 2025 WL 318712, at *3 (D. Or. Jan. 28, 2025) (masking and testing was reasonable accommodation).

received unpaid leave; and "some" chose to get vaccinated, but she never discloses what happened *to her*. Compl. ¶ 1474; *see also* Ex. A; *e.g.*, *Anderson v. United Airlines, Inc.*, 2024 WL 1555496, at *4 (dismissing Title VII accommodation claims that "fail[ed] to specify whether [Plaintiffs] requested a religious accommodation, how United responded, and whether they suffered an adverse employment action"), *aff'd*, 140 F.4th 385 (7th Cir. 2025); *Kosenka-Pistell v. Cook Cnty.*, 697 F. Supp. 3d 784, 785–86 (N.D. Ill. 2023). Nor do these 11 Plaintiffs provide any individualized facts that plausibly allege a religious objection to vaccination; instead, each states only a legal conclusion: that he or she has a "sincerely held religious belief." *Compare* Compl. ¶ 1474 *with* ¶ 1475 (describing church teachings and other factual aspects of belief).

* * *

The Court should dismiss the Title VII claims for these 570 Plaintiffs, as well as claims for any unidentified "demoted" Plaintiffs.

## IV. All of the Plaintiffs' Retaliation Claims Legally Fail.

Title VII and the ADA prohibit retaliation against an individual "because" the individual engaged in a protected activity. 42 U.S.C. §§ 2000e-3(a), 12203(a). To state a retaliation claim, the plaintiff must plausibly allege: "(1) [that she engaged in] a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 566 (7th Cir. 2019); *see also Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). Here, "Religious Plaintiffs" allege they "engaged in protected activity when they requested (or tried to request or desired to request . . .) religious accommodations from United's vaccine mandate," and "Disability Plaintiffs" allege they "engaged in protected activity when they requested medical accommodations from United's vaccine mandate." Compl. ¶¶ 1527, 1544. All 709 retaliation claims fail for three independent reasons:

**Duplicative.** Courts in this Circuit hold that a plaintiff "may not assert a retaliation claim

13

on the same grounds as his claim for failure to accommodate." *Bement v. United Airlines, Inc.*, 2025 WL 672952, at *3 (N.D. Ill. Mar. 3, 2025); *Pack v. Ill. Dep't of Healthcare & Family Servs.*, 2014 WL 3704917, at *4 (N.D. Ill. July 25, 2014); *Oka v. Air Line Pilots Ass'n*, 2024 WL 3888763, at *7 (N.D. Ill. Aug. 20, 2024).[13] Doing so would contravene interpretive canons and "erode the difference" between accommodation and retaliation claims. *Sambrano*, 707 F. Supp. 3d at 670.

*No Oppositional Activity.* Requesting an accommodation alone is not oppositional conduct under Title VII. *See* 42 U.S.C. § 2000e-3(a). A plaintiff must allege that he "actually communicated to [the] employer a belief that the employer has engaged in status-based discrimination." *Gomez v. Fed. Express, Inc.*, 72 F. Supp. 3d 902, 908 (N.D. Ill. 2014). Plaintiffs do not claim they opposed any practice—only that they sought an accommodation. *See Muhammad v. Chicago Transit Auth.*, 2024 WL 231436, at *2 (N.D. Ill. Jan. 22, 2024) ("submitting religious accommodation forms was not an act opposing religious or racial discrimination."); *Hertog v. 1002 Sister Barbara Way Prop., LLC*, 2025 WL 1190777, at *4 (S.D. Ind. Apr. 23, 2025) (collecting cases). Other Circuits agree. *See*, *e.g.*, *Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 358 (6th Cir. 2020).

*No Materially Adverse Treatment.* Plaintiffs do not (and cannot) allege that the accommodation made them worse off than employees with objections to the vaccine who did not seek accommodations. Requesting an accommodation, Compl. ¶¶ 1527, 1544, cannot form the basis of a retaliation claim because "[n]o reasonable worker would be deterred . . . from seeking an accommodation if they knew the alternative was termination." *Sambrano*, 707 F. Supp. 3d at

---

[13] *But see Reinauer v. United Airlines, Inc.*, 2026 WL 1430494, at *9, slip op. (N.D. Ill. May 21, 2026) (Kendall, C.J.) (declining to dismiss retaliation claim as duplicative without discussing contrary authority). A motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is pending.

670. As such, "the question is whether employees were treated materially worse than if they had not sought the accommodation at all, such that they would be deterred from seeking an accommodation." *Id.* at 669; *see Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); 42 U.S.C. §§ 2000e-3(a), 12203(a). Applying this requirement, courts have dismissed similar retaliation claims against United. *E.g.*, *Sambrano*, 707 F. Supp. 3d at 670; *Oka*, 2024 WL 3888763, at *7. Employees who requested or "tried to request" an accommodation but did not receive one were also not worse off than similarly-situated employees who did not have an accommodation. Instead, they were treated identically: all unvaccinated, non-accommodated employees were terminated.

## V.  Any Disparate Treatment Claims Should Be Dismissed.

To the extent Plaintiffs seek standalone disparate treatment claims, they legally fail. Compl. pp. 708, 712; *id.* ¶¶ 1521, 1539. A plaintiff must allege treatment worse than others "similarly situated"—*i.e.*, "directly comparable to [the plaintiff] in all material respects." *Bio v. Fed. Express Corp.*, 424 F.3d 593, 597 (7th Cir. 2005). Plaintiffs do not satisfy this standard. Their only alleged differential treatment is based on vaccination status, not disability or religion. And rather than identifying a proper comparator—a non-religious, non-disabled employee who also did not get vaccinated—Plaintiffs compare themselves to *vaccinated* employees, isolating vaccination status, not a protected characteristic. *See Anderson v. United Airlines, Inc.*, 2023 WL 5721594, at *6; *Leake v. Raytheon Techs. Corp.*, 2024 WL 1854287, at *1 (9th Cir. Apr. 29, 2024).[14]

### CONCLUSION

For the foregoing reasons, the Court should dismiss these Plaintiffs' claims.

---

[14] The Complaint alleges that "United violated Title VII and the ADA by failing to engage in an individualized interactive process to provide reasonable accommodations." Compl. ¶ 13. Before transfer, Plaintiffs admitted "they have not asserted such a claim." ECF 40 at 21.

15

Dated: August 3, 2026 Respectfully submitted,

/s/ *Jonathan M. Linas*

Jonathan M. Linas (Bar No. 6290055)
Jordan M. Matthews (Bar No. 6300503)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: 312.269.4245
Facsimile: 312.782.8585
jlinas@jonesday.com
jmatthews@jonesday.com

Alexander V. Maugeri (Bar No. 5062666)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212.326.3939
Facsimile: 212.755.7306
amaugeri@jonesday.com

Kristin M. Simonet (Bar No. 0399213)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: 612.217.8869
Facsimile: 312.782.8585
ksimonet@jonesday.com

**ATTORNEYS FOR DEFENDANT**
**UNITED AIRLINES, INC.**

16

**APPENDIX 1**
**SUMMARY OF DISMISSAL GROUNDS**

| Dismissal Grounds | Plaintiffs Affected | # of Plaintiffs or Claims[1] | Description of Basis for Dismissal |
|---|---|---|---|
| Untimely claims | Plaintiffs with right-to-sue notices issued more than 90 days before they filed their complaint | 464 Plaintiffs | Untimely because this suit was filed 94 days after any arguable tolling had ended, and/or because they received their right-to-sue notice more than 90 days before they were named as a plaintiff in this action. |
| Failure to exhaust | Plaintiffs with no record of an EEOC charge and/or no right-to-sue notice | 195 Plaintiffs | United has no record of an EEOC charge for 193 Plaintiffs, and 2 plaintiffs appear to have pending EEOC charges without right-to-sue notices. |
| | Plaintiffs who bring Title VII and ADA claims but failed to allege such claims in their EEOC charges | 56 Claims | There are 45 Title VII Plaintiffs and 11 ADA Plaintiffs who allege claims outside the scope of their EEOC charges. |
| Inadequately pleaded adverse action or disability | Unidentified "demoted" employees, Plaintiffs who voluntarily separated from employment, masking-and-testing Plaintiffs, vaccinated Plaintiffs, and Plaintiffs with no claim-specific facts | 570 Title VII Claims | These Plaintiffs do not plausibly plead an actionable adverse employment action for their Title VII claims. |
| | Plaintiffs who bring ADA claims but fail to plead a qualifying disability and substantial limitation | 137 ADA Claims | There are 120 Plaintiffs who rely on boilerplate allegations of a "health condition," and another 10 who allege other medical facts that do not rise to the level of an "impairment." All 137 Plaintiffs fail to allege that an impairment limited a major life activity. |
| Legally deficient retaliation claims | Plaintiffs who bring Title VII and ADA retaliation claims | All Retaliation Claims (709) | Plaintiffs cannot state a retaliation claim because such claims are duplicative of their failure to accommodate claims, and because they fail to allege protected activity and adverse treatment due to protected activity. |
| No standalone disparate-treatment claims | Plaintiffs who bring Title VII and ADA disparate-treatment claims | All Such Claims | Plaintiffs cannot state claims based on this theory because the asserted differential treatment is alleged to be based on vaccination status, not protected characteristics. |

---

[1] Plaintiff-tallies are not mutually exclusive; many Plaintiffs' claims fail on multiple independent grounds. United's Rule 12 motions, if granted, would lead to complete dismissal of all but 23 Plaintiffs (whose retaliation claims still fail as a matter of law).

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 3, 2026, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF filing system.

/s/ *Jonathan M. Linas*
Attorney for Defendant